# MATERIALS THE CLERK OF COURT IS TO PROVIDE TO PLAINTIFFS WHO FILE
# CIVIL ACTIONS
## IN THE NORTHERN DISTRICT OF IOWA ON OR AFTER JANUARY 1, 2008
(For Service on all other parties to the suit)

1. Local Rule 7.1

2. Corporate Disclosure Statement

3. Citizenship Disclosure Statement – Diversity FRCP 7.1(a)(2)*

4. Local Rule 10

5. Local Rule 16

6. Instructions and Worksheet for Scheduling Order and Discovery Plan

7. Proposed Scheduling Order and Discovery Plan

8. Local Rule 73

9. Notice, Consent and Order of Reference

10. Notice of Lawsuit and Request for Waiver

11. Waiver of Service of Summons

12. Local Rule 41

13. Instructions for CM/ECF registration through PACER.gov

14. Privacy Notice

*Citizenship Disclosure Statement – Diversity has been added to this case packet. See FRCP 7.1(a)(2)

Revised 3/5/2024

# LR 7.1 DISCLOSURE STATEMENT

a. **Plaintiff's Disclosure Statement.** Within 21 days after a civil complaint is filed, each nongovernmental plaintiff that is not a natural person must file with the Clerk of Court a disclosure form containing the following:

   1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the plaintiff's outcome in the case; and

   2. With respect to each such entity, a description of its connection to or interest in the litigation.

b. **Defendant's Disclosure Statement.** Within 30 days after service of a civil complaint on a nongovernmental defendant that is not a natural person, such defendant must file with the Clerk of Court a statement containing the following:

   1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the defendant as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the defendant's outcome in the case; and

   2. With respect to each such entity, a description of its connection to or interest in the litigation.

c. **Intervenor's Disclosure Statement.** Concurrently with the filing of a request to intervene, each nongovernmental intervenor that is not a natural person must file with the Clerk of Court a statement containing the following:

   1. The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the intervenor as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the intervenor's outcome in the case; and

   2. With respect to each such entity, a description of its connection to or interest in the litigation

d. **Disclosure Statement Forms.** The disclosure form is available on the courts' websites. The disclosure statement form is designed to enable the involved federal judges to evaluate possible bases for disqualification or recusal.

e. **Conflicts List.** After entering an appearance in a pending civil case, the lawyers for the parties must determine promptly if a presiding judge has filed a conflicts list with the Clerk of Court by doing one of the following:

   1. Inspecting the conflicts information on the courts' websites; or

   2. Inquiring of the Clerk of Court of the district.

   If a conflicts list for the presiding judge has been filed with the Clerk of Court, the lawyer must review the list and notify the Clerk of Court immediately if it appears a presiding judge

15

may have a conflict with any association, firm, partnership, corporation, or other artificial entity either related to any party or having a pecuniary interest in the case.

Case 1:24-cv-00082-CJW-KEM    Document 3-1    Filed 08/23/24    Page 3 of 27

Plaintiff(s),

Plaintiff(s),

vs.

Defendant(s),

Defendant(s).

CASE NO. Case Number

**CORPORATE**
**DISCLOSURE STATEMENT**

_____

As required by LR 7.1, Plaintiff/Defendant Party Name in this case, provides the following information to the court:

(a)   *The following are the names of all associations, firms, partnerships, corporations, and other artificial entities that are either related to the party as a parent, subsidiary, or otherwise, or have a directed or indirect pecuniary interest in the outcome of the case:*

Enter the name of the associated entities

(b)   *With respect to each entity named in response (a), the following describes its connection to or interest in the litigation, or both:*

Entity Description

Dated: Date

_____
Attorney signature block information

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### DIVISION

Plaintiff(s),

Plaintiff(s),

vs.

Defendant(s),

Defendant(s).

CASE NO. Case Number

**CITIZENSHIP DISCLOSURE STATEMENT**
**(Diversity Cases)**

_____

As jurisdiction in this case is based on diversity under 28 U.S.C. § 1332(a), pursuant to Federal Rule of Civil Procedure 7.1(a)(2), Plaintiff/Defendant Party Name provides the following information regarding its citizenship:

Name and citizenship for each individual and entity for this party

Dated:  Date

_____
Attorney signature block information

**INFORMATION ONLY – DO NOT FILE THIS ATTACHMENT**

The following citizenship information should be included for each party or intervenor:

***Individual persons***:  The state in which the individual is a *citizen*, *domiciled*, or *resides*; alleging an individual is a resident of a state is not sufficient.[1]

> Example:  *Individual party name* resides in and is a citizen of *state*.

***Corporations***:  The state(s) of incorporation and principal place of business.[2]

> Example:  *Corporate party* is incorporated in *state* with its principal place of business in *state*.

***Non-corporate entities*** (limited liability companies, partnerships, etc.):  The citizenship of *each* member of the entity. [3]  If a member of the non-corporate entity is a different non-corporate entity, the citizenship of each member of the underlying entity must also be listed (and so on and so forth).

> Example:   *Non-corporate entity*'s membership, and the citizenship of each of those members, is as follows:
>
> > *List each member and their citizenship.*

---

[1] *See **Reece v. Bank of New York Mellon***, 760 F.3d 771, 778 (8th Cir. 2014).

[2] **28 U.S.C. § 1332(c)(1)**.

[3] *See **GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.***, 357 F.3d 827, 828-29 (8th Cir. 2004); *see also **Americold Realty Trust v. Conagra Foods, Inc.***, 136 S. Ct. 1012, 1014-15 (2016).

## LR 10 FORM OF DOCUMENTS FILED WITH THE COURT; CITATIONS TO STATUTES; PERSONAL IDENTIFIERS

a. **Size.** All documents filed with the court in paper form must be on 8.5 inch x 11 inch size paper. All electronic filings must be similarly formatted.

b. **Form.** All documents filed with the court must be in the following form:

1. Double spaced;

2. Printed on only one side of the page; and

3. Have a top margin of at least 1 inch on each page.

4. A brief more than 10 pages in length must include, on the first page, a subject matter table of contents.

Documents more than 1 page in length must be numbered at the bottom of each page. Exhibits included in an appendix or attached to a pleading, motion, or brief must be imaged or reproduced in a clear, legible, and high-quality form.

c. **Documents Filed in Paper Form.** To facilitate electronic imaging, a document filed non-electronically must be delivered to the Clerk of Court with no tabs, staples, or permanent clips, but may be organized with paperclips, clamps, or some other type of temporary fastener, or delivered to the Clerk of Court in an expandable file folder, except as follows:

1. Transcripts may be bound.

2. Copies of exhibits may be provided to the court in a notebook.

3. If a motion, resistance, or reply, together with any supporting filings, totals more than 100 pages in length and is filed electronically, within 7 days after the document is filed, the filer must deliver to the Clerk of Court, for use by the presiding judge, a paper copy of the motion, resistance, or reply, together with any supporting filings, reproduced on one side of the page, bound or fastened at the left margin, and tabbed to facilitate ready reference.

d. **Captions.** Captions of filings must include the district and division in which the case is filed, the case number, the names of the litigants in the manner prescribed in Federal Rule of Civil Procedure 10(a), and a designation of the content, and must specify clearly the party filing the document.

e. **Consolidated Cases.** If 2 or more cases have been consolidated, the caption on all filings in the cases must be in the name of the lead case, but also must include the case numbers of all other member cases. If 2 or more cases have been consolidated for pretrial purposes only, the caption on all filings in the cases must include the full captions of all member cases.

f. **Return of Copies by Mail.** If a party requests that a copy of a document filed in paper form be returned by mail, the party must deliver to the Clerk of Court a self-addressed, stamped envelope, with proper postage, and large enough to accommodate the requested copy.

17

g. **Personal Data Identifiers.** Unless otherwise permitted or required by law, a party filing a document containing personal data identifiers should, unless the document is filed under seal, modify or partially redact the document to prevent disclosure of the identifiers. (*See* Fed. R. Civ. P. 5.2(a)). Personal data identifiers include the following:

1. Social Security numbers;

2. Dates of birth;

3. Names of minors (anyone under the age of 18);

4. Financial account numbers; and

5. Taxpayer identification numbers.

By way of example, and not limitation, if the Social Security number of an individual must be included in a document, only the last four digits of that number should be used. If an individual's date of birth is necessary, only the year should be used. If a minor must be mentioned, only that minor's initials should be used. If financial account numbers are relevant, only incomplete numbers should be recited in the document.

In addition, parties should exercise caution when filing unsealed documents that contain the following information:

6. Other personal identifying numbers, such as driver's license numbers;

7. Information concerning medical treatment or diagnosis (which includes mental health and substance abuse information);

8. Employment history;

9. Personal financial information;

10. Proprietary or trade secret information;

11. Information concerning a person's cooperation with the government;

12. Information concerning crime victims;

13. Sensitive security information;

14. Home addresses;

15. Telephone numbers;

16. Email addresses.

18

It is the responsibility of counsel and the parties to assure that appropriate redactions from documents have been made before they are filed; the Clerk of Court will not review filings to determine whether such redactions have been made.

Case 1:24-cv-00082-CJW-KEM    Document 3-1    Filed 08/23/24    Page 9 of 27

# LR 16 SCHEDULING ORDER AND DISCOVERY PLAN

a. **Timing of Proposed Order and Plan.** Within 90 days after the filing of the complaint or 60 days after the filing of a notice of removal (*see* LR 81(b)), all attorneys of record and all unrepresented parties must submit for approval by a magistrate judge a proposed Rule 16(b) and 26(f) scheduling order and discovery plan.

The parties must confer to complete the proposed scheduling order and discovery plan as soon as practicable, but at least 14 days before the proposed scheduling order and discovery plan is due.

b. **Completion of Proposed Order and Plan.** The attorneys of record and all unrepresented parties who have appeared in the case are jointly responsible for preparing a proposed scheduling order and discovery plan. The proposed scheduling order and discovery plan must be prepared using the form supplied by the Clerk of Court, and must contain all of the information requested in the form. The form may be downloaded from the courts' websites. The completed form must be filed.

c. **Dismissal for Failure to Submit Timely Proposed Order and Plan.** The failure to submit timely a proposed scheduling order and discovery plan may result in dismissal of the case.

d. **Cases Not Subject to Requirement.** A proposed scheduling order and discovery plan must be submitted in all civil cases, except for the following:

1. An action for judicial review based on an administrative record, such as a Social Security benefits case or a claim-review case brought under the Employee Retirement Income Security Act of 1974;

2. A petition, application, or motion for habeas corpus, or other proceeding to challenge a criminal conviction or sentence;

3. An action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

4. An action to enforce or quash an administrative summons or subpoena;

5. An action by the United States to recover benefit payments;

6. An action by the United States to collect on a student loan guaranteed by the United States;

7. A proceeding ancillary to proceedings in other courts;

8. An action to enforce an arbitration award;

9. A foreclosure or civil forfeiture action filed by the United States;

10. An IRS summons enforcement action; and

11. Any other class of cases so designated by order of the court.

e. **Scheduling Conference.** After reviewing the proposed scheduling order and discovery plan, the magistrate judge may issue the Rule 16(b) and 26(f) scheduling order and discovery plan, either as submitted or with revisions, or may set a scheduling conference. Nothing in this rule precludes the parties from requesting a scheduling or planning conference with the magistrate judge at any time.

f. **Requests for Extensions of Scheduling Order Deadlines.** A motion to extend a scheduling order deadline must demonstrate good cause for the requested extension and also must contain the following:

   1. A description of the discovery not completed;

   2. A description of the discovery that has been completed;

   3. An explanation of why all discovery cannot be completed by the existing deadline;

   4. A statement of when discovery will be completed; and

   5. The current trial date and a statement of whether the moving party believes the requested extension will affect any scheduled trial date.

g. **Dispositive Motion Deadline.** The deadline in the proposed scheduling order and discovery plan for filing dispositive motions must be at least 150 days before the proposed ready-for-trial date. Any request to extend a dispositive motion deadline must ensure 150 days remain between the new dispositive motion deadline and the scheduled trial date.

h. **Deadlines in Actions for Judicial Review Based on Administrative Record.** In actions for judicial review based on an administrative record, such as claim-review cases brought under the Employee Retirement Income Security Act of 1974, within 90 days after the filing of the complaint, all attorneys of record and all unrepresented parties must confer and submit to the Clerk of Court for approval by a magistrate judge a proposed scheduling order setting forth deadlines for the filing of the administrative record and briefs. This section does not apply to Social Security benefits cases, which are scheduled by the court.

i. **Sanctions.** The failure to comply with a deadline established in the Rule 16(b) and 26(f) scheduling order and discovery plan may result in sanctions, including the exclusion of evidence, the prevention of witnesses from testifying, the striking of pleadings or other documents, the denial of oral argument, and the imposition of attorney fees and costs.

24

### INSTRUCTIONS AND WORKSHEET FOR PREPARATION OF TRIAL SCHEDULE AND DISCOVERY PLAN

**Effective June 9, 2020**

Counsel for the parties shall confer, as required by Federal Rules of Civil Procedure 16 and 26 and Local Rules 16 and 26, and file in the court's CM/ECF system a stipulated proposed scheduling order and discovery plan, which is the two-page form that is attached to this worksheet. **Follow this worksheet during your Rule 16(b) and 26(f) conference. The deadlines referred to in this worksheet are suggested deadlines except for the dispositive motion deadline, which MUST be at least 150 days before the trial ready date, which must be within 18 months of the filing of the complaint or notice of removal. PLEASE DO NOT FILE this worksheet. PLEASE ONLY FILE the completed two-page proposed scheduling order and discovery plan in the court's CM/ECF system (under "Motions", please select "Proposed Scheduling Order and Discovery Plan").**

Please carefully review the Local Rules for a more complete description of the court's requirements for pretrial case management (*available at www.iand.uscourts.gov*). After the court receives the parties' proposed scheduling order and discovery plan, it will schedule a Rule 16(b) and 26(f) conference call with the parties to discuss the proposed scheduling order and discovery plan, along with other pretrial issues.

1

**WORKSHEET – DO NOT FILE – WORKSHEET**

1. **INITIAL DISCLOSURES AND ELECTRONICALLY STORED INFORMATION:**

State whether the parties (a) entered into an agreement during the Rule 26(f) conference resolving all issues relating to the Federal Rule of Civil Procedure 26(a)(1) initial disclosures in this action, and (b) discussed the preservation, disclosure, and discovery of electronically stored information: _____ yes _____ no

If any party objects either to making the initial disclosures or to the timing of the initial disclosures, then **within 14 days after the proposed scheduling order and discovery plan is filed in the court's CM/ECF system**, the objecting party must serve and file a document in which the objections are set forth with particularity.

If the parties have entered into an agreement concerning the timing of the initial disclosures, state the date by which the initial disclosures will be made: _____
(insert date)

Unless a different deadline is set by agreement of the parties or court order, or unless a party objects to making the initial disclosures or to the timing of the initial disclosures, Local Rule 26(a) requires that the initial disclosures be made **within 14 days after the parties' Rule 26(f) conference**.

Federal Rule of Civil Procedure 26(a)(1) describes the information the parties must, without awaiting a discovery request, provide to other parties. Parties are required to comply fully with Rule 26(a)(1).

If the parties have any other disputes concerning initial disclosures or the preservation, disclosure, or discovery of electronically stored information, or are aware of any other issues relating to scheduling or planning that might benefit from the early intervention of the court, the parties should raise the dispute with the Magistrate Judge during the pretrial discovery and planning conference.

**WORKSHEET – DO NOT FILE – WORKSHEET**

## 2. ADDING PARTIES:

State the deadline for filing motions to add parties: _____
(insert date)

This deadline should be **no more than 2 months after the date the proposed scheduling order and discovery plan is filed in the court's CM/ECF system**.

## 3. AMENDING PLEADINGS:

State the deadline for filing motions to amend pleadings: _____
(insert date)

This deadline should be **no more than 2 months after the date the proposed scheduling order and discovery plan is filed in the court's CM/ECF system**.

## 4. EXPERT WITNESSES:

State the deadlines for the parties to disclose, in accordance with Federal Rule of Civil Procedure 26(a)(2)(A), (B), and (C), all "expert witnesses" who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

Plaintiff's experts: _____
(insert date)

Defendant's experts: _____
(insert date)

Plaintiff's rebuttal experts: _____
(insert date)

The deadlines for the plaintiff to disclose experts, for the defendant to disclose experts, and for the plaintiff to disclose rebuttal experts should be no more than **3 months**, **5 months**, and **6 months**, respectively, after the date the proposed scheduling order and discovery plan is filed in the court's CM/ECF system. Except as otherwise stipulated by the parties or ordered by the court, the parties must, by these deadlines, provide full disclosure of expert information as required by Federal Rule of Civil Procedure 26(a)(2).

3

**WORKSHEET – DO NOT FILE – WORKSHEET**

### 5.  DISCOVERY:

State the date by which all discovery will be *completed*, not propounded:_____
(insert date)

Note that this is the date for completion of discovery, not the date when discovery is to be propounded.  This deadline should be **no more than 8 months after the date the proposed scheduling order and discovery plan is filed in the court's CM/ECF system**. Federal Rule of Civil Procedure 26(e) imposes a continuing duty to supplement discovery responses as soon as practicable.  **All discovery responses must be supplemented at least 30 days before the close of discovery**.

### 6.  DISPOSITIVE MOTIONS:

State the deadline for filing dispositive motions:  _____
(insert date)

This deadline **must be at least 150 days before the trial ready date**, but should be **no more than 9 months after the date the proposed scheduling order and discovery plan is filed in the court's CM/ECF system**.

### 7.  TRIAL READY DATE:

State the date on which the parties anticipate the case will be ready for trial: _____
(insert date)

This deadline should be **no more than 14 months after the date the proposed scheduling order and discovery plan is filed in the court's CM/ECF system**, but **must not be less than 150 days after the dispositive motion deadline and not more than 18 months after the filing of the complaint or notice of removal**.

### 8.  JURY DEMAND:

State whether a jury demand has been filed:      _____ yes      _____ no

4

**WORKSHEET – DO NOT FILE – WORKSHEET**

## 9. ESTIMATED LENGTH OF TRIAL:

State your estimate of the number of days required for trial:  _____

(insert number of trial days)

For jury trials, include in your estimate the time required for jury selection, opening statements, closing arguments, and instructions.  If circumstances change, the parties should immediately notify the court.  **In any event, the parties should notify the court of any change in the time required for trial and of their new estimated length of trial at least 30 days before the trial readiness date in paragraph 7.**

## 10. CONSENT TO MAGISTRATE JUDGE:

State whether the parties unanimously consent, or do not unanimously consent, to trial, disposition, and judgment by a United States Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals.

_____ yes, we unanimously consent        _____ no, we do not unanimously consent

You may consent in either a jury or non-jury case.  Cases consented to the United States Magistrate Judge will be set for trial on a **date certain**.

## 11. FILING OR DELIVERY OF FORM TO CLERK OF COURT:

Please print or type the requested information, including the dates, answers to questions, names, addresses, telephone numbers, and email addresses, on the proposed scheduling order and discovery plan; sign the proposed scheduling order and discovery plan, and file the proposed scheduling order and discovery plan in the court's CM/ECF system (under "Motions", please select "Proposed Scheduling Order and Discovery Plan").  **Please be sure to file _both_ pages of the proposed scheduling order and discovery plan.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
DISTRICT DIVISION

Plf Name(s),

Plaintiff(s),

vs.

Def Name(s),

Defendant(s).

CASE NO. Case #

PROPOSED SCHEDULING ORDER
AND
DISCOVERY PLAN

_____

Counsel have conferred and submit the following case information and proposed dates for case management:

1.  Did the parties both (a) enter into an agreement during the Rule 26(f) conference resolving all issues relating to initial disclosures, and (b) discuss the preservation, disclosure, and discovery of electronically stored information? ☐ **yes** ☐ **no**

    If the parties have agreed to a deadline for making the initial disclosures, state the date by which the initial disclosures will be made: **Initial Disclosures**

    *If any party objected during the Rule 26(f) conference to making or to the timing of the initial disclosures, then the objecting party must, within 14 days after this proposed scheduling order and discovery plan is filed in the court's CM/ECF system, serve and file a document in which the objections are set forth with particularity.*

2.  Deadline for motions to add parties:          **Add Parties**

3.  Deadline for motions to amend pleadings:      **Amend Pleadings**

4. Expert witnesses disclosed by: a) Plaintiff: **Plf Expert Witness**

b) Defendant: **Def Expert Witness**

c) Plaintiff Rebuttal: **Plf Rebuttal**

5. Deadline for *completion* of discovery: **Discovery Completion**

6. Dispositive motions deadline: **Dispositive Motions**
(*at least 150 days before Trial Ready Date*)

7. Trial Ready Date: **Trial Ready Date**
(*at least 150 days after Dispositive Motions Date*)

8. Has a jury demand been filed? ☐ **yes** ☐ **no**

9. Estimated length of trial: **Enter # of Days** days

10. Do the parties unanimously consent to trial, disposition and judgment by a U.S. Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3)? ☐ **yes** ☐ **no**

11. Are each of the attorneys in this case admitted to practice in the Northern District of Iowa pursuant to Local Rule 83? ☐ **yes** ☐ **no**

_____

Plaintiff(s): Name
Address: Address
Address
Telephone: Phone
Email address: Email

_____

Defendant(s): Name
Address: Address
Address
Telephone: Phone
Email address: Email

_____

Third-Party Defendant\Other:
Address: Address
Address
Telephone: Phone
Email address: Email

**LR 73 CONDUCT OF TRIALS AND DISPOSITION OF CIVIL CASES BY MAGISTRATE JUDGES UPON CONSENT OF THE PARTIES – 28 U.S.C. § 636(c)**

Upon consent of the parties and the entry of an order of referral by a district court judge, magistrate judges are hereby specifically designated, pursuant to 28 U.S.C. § 636(c), to conduct trials and otherwise dispose of any civil case filed in the court. After an order of referral is entered in a case, a magistrate judge may conduct all proceedings in the case, including the conduct of a jury or nonjury trial, and may order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). In the course of conducting such proceedings, a magistrate judge may hear and determine any pretrial and post-trial motions, including case-dispositive motions.

51

# UNITED STATES DISTRICT COURT
for the

_____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. _____ |
| _____ | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:    Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

# UNITED STATES DISTRICT COURT
## for the

|  |  |  |
|---|---|---|
| _____ | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. _____ |
| _____ | ) |  |
| *Defendant* | ) |  |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _____

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. _____ |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
 *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

|  |  |
|---|---|
|  | _____ |
|  | *Signature of the attorney or unrepresented party* |
| _____ | _____ |
| *Printed name of party waiving service of summons* | *Printed name* |
|  | _____ |
|  | *Address* |
|  | _____ |
|  | *E-mail address* |
|  | _____ |
|  | *Telephone number* |

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# LR 41 DISMISSALS OF ACTIONS

a. **Involuntary Dismissals.** After giving the parties the notice prescribed in section (c) of this rule, the Clerk of Court will, in the following circumstances, enter an order dismissing a civil action without prejudice:

1. Where service has not been made on any defendant within 90 days after the filing of the complaint, and the plaintiff has failed to file a statement in writing within 97 days after the filing of the complaint setting forth good cause for why service has not been made; or

2. As to a particular defendant, where service has been made upon that defendant and neither an answer nor a request for other action has been filed as to that defendant within 30 days after the date the answer was due; or

3. Where a default has been entered and a motion for entry of judgment by default in accordance with Federal Rule of Civil Procedure 55(b) has not been made within 30 days after the entry of default, unless the plaintiff advises the Clerk of Court that further court action is necessary before a default judgment can be sought; or

4. Where a deadline set for the performance of any act required by the Federal Rules of Civil Procedure, the Local Rules, or an order of the court has been exceeded by more than 30 days and an extension of time has been neither requested nor granted.

b. **Dismissal of Settled Cases.** The Clerk of Court may, for internal statistical purposes, immediately close a case upon being advised by one or more of the parties that the action has been settled. Within 30 days after advising the court that an action has been settled, the parties must file such documents as are required to terminate the action. If the parties fail to do so, the Clerk of Court may, after giving the parties the notice prescribed in section (c) of this rule, enter an order dismissing the action with prejudice.

Either party may seek reinstatement of a case dismissed under this section within 60 days after the date of the dismissal order by serving and filing a motion to reinstate the case. The motion must show good cause as to why the settlement was not consummated. This paragraph does not diminish any obligation of a party to perform under an otherwise enforceable settlement agreement.

c. **Notification by Clerk of Court.** At least 14 days before dismissing a case pursuant to section (a) or (b) of this rule, the Clerk of Court will mail or electronically transmit a notice and a copy of this rule to all counsel of record and any pro se parties. The notice will state that the case will be dismissed unless, by the deadline specified in the notice, either the required action is taken or good cause is shown for not dismissing the case.

This rule does not restrict the authority of the court to dismiss a case, with or without prejudice, for good cause. Good cause could include the failure of a party to comply with the Federal Rules of Civil Procedure, the Local Rules, or an order of the court.

## HOW TO REGISTER FOR A CM/ECF NEXTGEN ACCOUNT THROUGH PACER.GOV (with an individual or upgraded PACER account)

1. Navigate to PACER. gov
2. Click on My Account & Billing



3. Click on Manage My Account Login



4. Click Log in to Manage My Account



5. Enter your PACER Username and Password, click Login



6. Click on the Maintenance Tab



Click on Attorney Admissions/E-File Registration

7. Court Type - U.S. District Courts
   Court - Iowa Northern District – *make sure you do NOT select Bankruptcy Court*



Click Next

8. Click on E-File Registration Only



9. Complete all of the information requested on the following pages. When you have completed the questions and submitted your registration, PACER will send it to the court for set up.

   You will receive an email confirming your registration.

# Privacy Notice

**To Pro Se Litigants and Counsel of INTERNET Availability of Civil Case File Information**

The United States District Court for the Northern District of Iowa makes the content of cases available on PACER. Any subscriber to PACER will be able to read, download, store and print the full content of documents filed into the electronic docket

To comply with the policy of the Judicial Conference of the United States and the E-Government Act, **filing parties shall omit**, or, where inclusion is **necessary**, partially redact (remove) the following personal data information from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the assigned judge orders otherwise:

1) Minors' names: Use the minors' initials (Only Initials);
2) Financial account numbers: Identifying the financial institution and name Or type of account, but use only the last four numbers of the account number;
3) Social Security numbers: Use only the last four numbers;
4) Dates of birth: Use only the year; and
5) Other data as permitted by order of the court.

Additionally, you should not include confidential information in any document filed with the court **unless** such inclusion is necessary and relevant to the case. You must remember that any personal information not otherwise protected will be made available over the Internet via WebPACER. You may omit or partially redact (remove) the following confidential information from all pleadings, documents, and exhibits, unless the assigned judge orders otherwise:

1) Personal identifying number, such as driver's license number;
2) Medical records, treatment and diagnosis;
3) Employment history;
4) Individual financial information; and
5) Proprietary or trade secret information.

The parties are solely responsible for any personal information filed. **The clerk's office will not review documents for compliance with this rule, seal on its own motion documents containing personal information, or redact documents, whether filed electronically or on paper.**

**SEALING OF DOCUMENTS**
The clerk's office will not make electronically available documents that have been sealed or otherwise restricted by court order. Rules relating to the sealing of documents are controlled by Rule 5(c) of the Local Rules of Civil Procedure for the Northern District of Iowa. A party wishing to file a document containing the personal information specified above may move for leave to file and unredacted document under seal. In granting the motion, the assigned judge may require the party to file a redacted copy for the public file.