| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-00082-CJW-KEM |
| Plaintiffs, | Honorable Judge C.J. Williams |
| v. | |
| CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual | |
| Defendants. | |

**DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................ 2

    A.  The Defendants ...................................................................................... 2

        1.  CRST Specialized is an Indiana-based motor carrier specializing in high-touch and high-value deliveries across the United States. ................ 2

        2.  Some CRST Specialized contractors choose to lease equipment from a sister company, Lincoln Sales ........................................................ 3

        3.  CRST Expedited is a separate motor carrier that specializes in providing expedited deliveries for different customers. ............................ 3

        4.  Smith is the co-owner and chairman of the board of the CRST entities' parent company, CRST International Holding Company, Inc. ..................................................................................................... 4

    B.  Kelchner is an independent contractor for CRST Specialized. .............................. 4

    C.  Kelchner brought his Iowa Business Opportunity claim in this Court on behalf of a nationwide class. ........................................................................... 5

III. ARGUMENT ...................................................................................................... 5

    A.  The Court should dismiss Kelchner's claims against CRST Specialized for want of personal jurisdiction. ................................................................................. 5

        1.  Kelchner admits CRST Specialized is an Indiana corporation with its principal place of business in Indiana and therefore is not at home in Iowa. ................................................................................................. 8

        2.  The Court also cannot exercise specific personal jurisdiction over CRST Specialized. ....................................................................................... 8

        3.  It would also be unreasonable for the Court to exercise personal jurisdiction over CRST Specialized based on attenuated contacts with Iowa. ............................................................................................ 10

IV. CONCLUSION................................................................................................. 10

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aftanase v. Economy Baler Company*,
   343 F.2d 187 (8th Cir. 1965) ........................................................................................ 6

*Block Indus. v. DHJ Indus., Inc.*,
   495 F.2d 256 (8th Cir. 1974) ........................................................................................ 6

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
   *137 S. Ct.* 1773, 1780 (2017) ...................................................................................... 8

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ....................................................................................................... 6

*Burlington Indus., Inc. v. Maples Indus., Inc.*,
   97 F.3d 1100 (8th Cir. 1996) ........................................................................................ 7

*Creative Calling Sols., Inc. v. LF Beauty Ltd.*,
   799 F.3d 975 (8th Cir. 2015) ............................................................................... 6, 7, 10

*Daimler AF v. Bauman*,
   571 U.S. 117 (2014)................................................................................................ 7, 8, 9

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)....................................................................................................... 6

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ....................................................................................................... 7

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.*,
   648 F.3d 588 (8th Cir. 2011) .................................................................................... 5, 6

*LeGrand v. Abbott Laboratories*,
   655 F.Supp.3d 871 (N.D. Cal. 2023) ........................................................................... 5

*Lightfoot v. Cendant Mortg. Corp.*,
   137 S. Ct. 553 (2017)..................................................................................................... 5

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) ......................................................................................... 7

*Pope v. Elabo GmbH*,
   588 F.Supp.2d 1008 (D. Minn. 2008)........................................................................... 7

*Select Comfort Corp. v. Kittaneh*,
   161 F.Supp.3d 724 (D. Minn. 2014)............................................................................. 7

Case 1:24-cv-00082-CJW-KEM   Document 28-1   Filed 10/17/24   Page 3 of 15

*Walden v. Fiore*,
  571 U.S. 277 (2014)...........................................................................................................8, 9

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)............................................................................................................. 6

*Wright v. Waste Pro USA Inc.*,
  No. 2:17-CV-02654, 2019 WL 3344040 (D.S.C. July 25, 2019)............................................... 9

**Statutes**

28 U.S.C. § 1332(d)(2)(A).......................................................................................................... 5

Iowa Code § 551A.1 ................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(2)............................................................................................................... 5

**Regulations**

49 C.F.R. § 395 ......................................................................................................................... 3

49 CFR Part 376......................................................................................................................... 3

Defendant, CRST Specialized Transportation, Inc. (CRST Specialized), respectfully submits this memorandum of points and authorities in support of its motion to dismiss for want of personal jurisdiction.

## I. INTRODUCTION

Plaintiff, Harley Kelchner, is a Florida resident who contracted in 2022 to perform interstate transportation services for CRST Specialized and agreed to provide all necessary equipment and tools under an Independent Contractor Operating Agreement (ICOA). Because Kelchner did not own a tractor, he also elected to lease his equipment through a sister company, Defendant, CRST Lincoln Sales, Inc. (Lincoln Sales), under a Lease Purchase Agreement (LPA). He traveled to Fort Wayne, Indiana to review and sign the two agreements. Two years later, Kelchner, who is still under contract to provide services with CRST Specialized and under contract with Lincoln Sales leasing a truck to provide those services, brought this nationwide class action to rescind both agreements under the Iowa Business Opportunity Promotions Act (IBOPA), Iowa Code § 551A.1, a consumer protection law targeted at predatory multilevel marketing schemes. For that IBOPA claim, in addition to CRST Specialized and Lincoln Sales, Kelchner sued another entity with which he has never contracted, CRST Expedited, Inc. (CRST Expedited), along with John Smith (Smith), a partial owner and the chairman of the board of the other entities' parent company, CRST International Holding Company, Inc.

Whatever the merits of Kelchner's IBOPA claims, he cannot proceed in this Court against CRST Specialized. As Kelchner admits in his Class Action Complaint, CRST Specialized is not at home in Iowa; it is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. CRST Specialized also has no material contacts with Iowa to support specific personal jurisdiction; all the alleged underlying fraudulent conduct for Kelchner's IBOPA claim occurred outside Iowa. The Court should therefore dismiss CRST Specialized for want of personal

1

jurisdiction.

## II.     BACKGROUND

### A.     The Defendants

#### 1.     CRST Specialized is an Indiana-based motor carrier specializing in high-touch and high-value deliveries across the United States.

CRST Specialized is an Indiana corporation with its principal place of business in Fort Wayne, Indiana, and does business as CRST Specialized Solutions, Inc. *See* Declaration of Tom McKerr (*McKerr Decl.*), ¶¶ 2–3; *see also* ECF No. 1, ¶ 13 ("Kelchner is informed, believes, and thereon alleges that CRST Specialized Transportation, Inc. is an Indiana corporation with its principal place of business in Fort Wayne, Indiana."). CRST Specialized is the successor of the 2011 acquisition of the Indiana-based company Specialized Transportation, Inc., which was previously the high-value products and logistics division of North American Van Lines, Inc., which was also based in Fort Wayne, Indiana. *McKerr Decl.*, ¶ 5. Accordingly, unlike its sister companies in this case (*i.e.*, CRST Expedited and Lincoln Sales), CRST Specialized does not have a physical presence in Cedar Rapids, Iowa. *Id.*, ¶ 6–7. Rather, its leadership team and operational staff, including its dispatchers, all work in Fort Wayne and live in the greater Fort Wayne, Indiana area. *Id.*, ¶ 8. CRST Specialized also has employees that work out of corporate distribution centers in Laurel, Maryland; Bolingbrook, Illinois; Columbus, Ohio; and Milpitas, California. *Id.*

CRST Specialized delivers goods throughout the country and specializes in high-value freight and logistics. *Id.*, ¶ 4. CRST Specialized is a for-hire motor carrier authorized by the Federal Motor Carrier Safety Administration (FMCSA), an agency of the U.S. Department of Transportation (DOT). *Id.* CRST Specialized does not have any employee drivers. *Id.*, ¶ 10. Instead, to meet its customers' needs and perform these deliveries, CRST Specialized partners with independent contractors who execute ICOAs, some who own their own trucks and others who lease trucks from Lincoln Sales. *Id.*, ¶¶ 10, 21; Ex. A. These agreements are all signed in Fort

2

Wayne, Indiana during a one-week driver qualification onboarding process to ensure compliance with the Federal Motor Carrier Safety Regulations (FMCSR), 49 C.F.R. § 395. *Id.*, ¶¶ 11–12.

### 2. Some CRST Specialized contractors choose to lease equipment from a sister company, Lincoln Sales

Under their ICOAs, CRST Specialized's contractors agree to provide the equipment necessary to perform delivery services. *See id.,* Ex. A §§ 1(A), 9(C). To that end, approximately 40% of CRST Specialized's contractors already own their own truck or choose to lease their equipment from a third-party. *Id.*, ¶ 14. The remaining contractors elect to lease equipment through CRST Specialized's sister company, Lincoln Sales. *Id.* In either case, contractors lease their equipment to CRST Specialized within the meaning of the Federal Leasing Regulations, 49 C.F.R. Part 376. *See id.*, ¶ 13, Ex. A §§ 1(D), 16(E).

During CRST Specialized's one-week onboarding program to qualify the drivers under the FMCSR in Fort Wayne, Indiana, contractors that choose to lease equipment through Lincoln Sales have the opportunity to inspect several different trucks. *Id.*, ¶ 15. The equipment available to them is all located on-site at CRST Specialized's facilities in Fort Wayne. *Id.* Once they select the equipment, contractors execute a Lease Purchase Agreement in Fort Wayne and take possession of that truck in Fort Wayne. *Id.*, ¶ 17.

### 3. CRST Expedited is a separate motor carrier that specializes in providing expedited deliveries for different customers.

CRST Expedited provides expedited delivery services throughout the 48 contiguous states. *See Declaration of Lee Coblentz* (Coblentz Decl.), ¶ 3. CRST Expedited and CRST Specialized are sister companies, but each have their own operating authority, personnel, headquarters, and customers. *Id.*, ¶¶ 2–6; *McKerr Decl.*, ¶¶ 3–4, 6, 8.[1] Unlike CRST Specialized, CRST Expedited

---

[1] Plaintiff's Complaint errantly suggests, "[u]pon information and belief, CRST Specialized is a wholly owned subsidiary of CRST Expedited." ECF No. 1 ¶ 13.

utilizes both contractors and employee drivers. *Coblentz Decl.*, ¶ 7. CRST Expedited's independent contractors enter into an ICOA specific to CRST Expedited. *Id.*, ¶ 8. Like CRST Specialized, some CRST Expedited contractors do elect to lease equipment from CRST Lincoln Sales. *Id.*, ¶ 9.

### 4. Smith is the co-owner and chairman of the board of the CRST entities' parent company, CRST International Holding Company, Inc.

Smith is a partial owner and the chairman of the board of CRST International Holding Company, Inc, which is the parent company of CRST Specialized, Lincoln Sales, and CRST Expedited. *See Declaration of John Smith* (Smith Decl.), ¶ 1. Smith does not directly own CRST Specialized, Lincoln Sales, or CRST Expedited. *Id.*, ¶ 2. Nor does he control any of the entities' day-to-day operations. *Id.*, ¶ 3.

### B. Kelchner is an independent contractor for CRST Specialized.

Kelchner is a Florida resident and an independent contractor with CRST Specialized. ECF No. 1, ¶¶ 5, 10; *McKerr Decl.*, ¶ 18. In early 2022, while working for another motor carrier, Kelchner contacted CRST Specialized to inquire about being an owner-operator with CRST Specialized. *Id.*, ¶ 19. A CRST Specialized recruiter based out of North Carolina sent him a packet of information about the lease purchase program. *Id.* Then, in March 2022, Kelchner visited Fort Wayne, Indiana to formalize his relationship with CRST Specialized and to complete the qualification process and attend its one-week onboarding program for new contractors. *Id.*, ¶ 20. During his week in Fort Wayne, Kelchner executed the ICOA with CRST Specialized. ECF No. 1, ¶ 5; *McKerr Decl.*, ¶ 21, Ex. A. There, he also had the opportunity to inspect several different trucks available for lease from Lincoln Sales, ultimately selected his equipment, executed the LPA, and took possession of the equipment. *McKerr Decl.*, ¶ 22.

After completing his one-week qualification process and onboarding program for new contractors, Kelchner began performing services for CRST Specialized throughout the country.

4

*Id.*, ¶ 23. Throughout his time with CRST Specialized, Kelchner's day-to-day contact has always been his fleet manager; that person is based in Fort Wayne, Indiana. *Id.*, ¶ 24. To get paid for his work, Kelchner also submits all of his paperwork for each load he delivers to CRST Specialized's offices in Fort Wayne, Indiana. *Id.*, ¶ 25. CRST Specialized processes his settlements as payment for his completed loads and pays him from its offices in Fort Wayne, Indiana. *Id.*

### C. Kelchner brought his Iowa Business Opportunity claim in this Court on behalf of a nationwide class.

Kelchner filed his Class Action Complaint in this Court on August 23, 2024. ECF No. 1. He alleges that Defendants, collectively, violated various provisions of IBOPA. *Id.*, ¶¶ 43–50. Kelchner seeks, among other remedies on behalf of himself and all current and former contractors who leased any equipment through Lincoln Sales, "rescission, damages, interest, equitable, and injunctive relief." *Id.*, ¶¶ 6, 51–52.

### III. ARGUMENT

### A. The Court should dismiss Kelchner's claims against CRST Specialized for want of personal jurisdiction.

This case is brought by a single, nonresident plaintiff—on behalf of a nationwide class—and is before this Court based on alleged diversity jurisdiction and jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). *See* ECF No. 1, ¶ 7. But before this Court can resolve this case, it must also have personal jurisdiction over the parties. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017); *LeGrand v. Abbott Laboratories*, 655 F.Supp.3d 871, 884 (N.D. Cal. 2023) ("[N]amed, out-of-state, class-action plaintiffs in cases based on diversity jurisdiction must establish personal jurisdiction." (collecting cases)).

A defendant can raise a court's lack of personal jurisdiction by pre-answer motion. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of making a prima facie showing that the court has personal jurisdiction over the defendant. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588,

591 (8th Cir. 2011). Courts consider the pleadings as well as affidavits and exhibits in determining if a plaintiff has made a prima facie showing of personal jurisdiction, *id.* at 591–92, which "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto," *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 260 (8th Cir. 1974). Plaintiff has the burden of offering sufficient facts to support a reasonable inference that a defendant can be subjected to the Court's jurisdiction in the forum state. *Id.* at 259.

Because Iowa's long-arm statute authorizes personal jurisdiction to the fullest extent allowed by the United States Constitution, the Court need only analyze whether exercising personal jurisdiction comports with due process. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). "Due process requires that a defendant have certain 'minimum contacts' with the forum State for the State to exercise specific jurisdiction." *Id.* at 980 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). But the Court must also consider any contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)); *see also Creative Calling Sols.*, 799 F.3d at 981–82 ("Even where a party has minimum contacts with a forum, jurisdiction can still be unreasonable. The Due Process Clause forbids the exercise of personal jurisdiction under circumstances that would offend traditional notions of fair play and substantial justice." (citations and internal quotation marks omitted)).

For cases like this that sound in tort, the Eighth Circuit Court of Appeals has long adopted a five-factor test to determine both if a defendant has sufficient minimum contacts with the forum state and whether the exercise of personal jurisdiction comports with due process. *Aftanase v. Economy Baler Company*, 343 F.2d 187, 197 (8th Cir. 1965). The five factors are: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of

the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). The first two factors of the test address the minimum contacts portion of the personal jurisdictional analysis. *Pope v. Elabo GmbH*, 588 F.Supp.2d 1008, 1018 (D. Minn. 2008). The third factor differentiates between specific and general jurisdiction. *Burlington*, 97 F.3d at 1102. The final factors address other considerations, in addition to minimum contacts, that affect the reasonableness of a court exercising personal jurisdiction. *See Pope*, 588 F.Supp.2d at 1018.

"General jurisdiction," which allows the court to hear any claim against the defendant, exists when the defendant has "continuous and systematic" contacts with the forum state which render the defendant "essentially at home in the forum state." *Creative Calling Sols., Inc.*, 799 F.3d at 979 (quoting *Daimler AF v. Bauman*, 571 U.S. 117, 127 (2014)). Meanwhile, specific jurisdiction "is proper when a defendant has certain contacts with the forum State and the cause of action arises out of those contacts." *Id.* at 979–80. "Because [the specific jurisdiction] analysis depends on the relationship between the claims and contacts, [courts] generally evaluate specific jurisdiction on a claim-by-claim basis." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Similarly, "each defendant's contacts with the forum must be assessed individually." *Select Comfort Corp. v. Kittaneh*, 161 F.Supp.3d 724, 731 (D. Minn. 2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)).

Within this framework, Kelchner cannot show that the Court has general or specific personal jurisdiction over CRST Specialized for his IBOPA claim. As he admits, CRST Specialized is not at home in Iowa; its principal place of business is in Fort Wayne, Indiana. ECF No. 1 ¶ 13. Moreover, Kelchner, a Florida resident, has not alleged and cannot show that CRST Specialized had sufficient Iowa contacts for his IBOPA claim to confer specific personal

7

jurisdiction. The Court should therefore dismiss CRST Specialized from this case with prejudice.

### 1. Kelchner admits CRST Specialized is an Indiana corporation with its principal place of business in Indiana and therefore is not at home in Iowa.

General jurisdiction over a foreign corporation exists when the corporation has such continuous and systematic relations with the forum state that it may be fairly said the corporation is "at home in the forum state, i.e., comparable to a domestic enterprise in that state." *Daimler*, 571 U.S. at 125. Only "in an exceptional case" should a court find that a corporation is subject to general jurisdiction "in a forum other than its formal place of incorporation or principal place of business" because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 139 n.19, n.20.

This case is not the exception, nor does Plaintiff's Complaint allege otherwise. As Kelchner admits, CRST Specialized is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. ECF No. 1, ¶ 13. The facts on the ground confirm Kelchner's understanding. *See supra* **II(A)(1)**. Critically, CRST Specialized's management and operational employees live and work in Indiana, not Iowa. *McKerr Decl.*, ¶ 8. Its headquarters, primary facilities and operations are there, as well. *Id.*, ¶ 3. Accordingly, CRST Specialized does not have continuous and systematic contacts with Iowa from which it can be said that it is at home in Iowa. The Court therefore does not have general jurisdiction over CRST Specialized.

### 2. The Court also cannot exercise specific personal jurisdiction over CRST Specialized.

Unlike general jurisdiction, which focuses on the general breadth of the defendant's contacts with the forum, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 & n.6 (2014). To show that the court has specific jurisdiction over CRST Specialized, Kelchner cannot rely on CRST Specialized's "unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court of*

8

*Cal.*, 137 S. Ct. 1773, 1780 (2017); *Daimler*, 571 U.S. at 127. Instead, Kelchner must show that CRST Specialized intentionally engaged in conduct expressly aimed at Iowa knowing that an individual in Iowa—Kelchner—would suffer harm from its conduct. *See Walden*, 571 U.S. at 283 (explaining that, for a court to have specific jurisdiction over a defendant, "the defendant's suit-related conduct must create a substantial connection with the forum State"). Kelchner cannot meet this burden.

To begin, Kelchner cannot establish that CRST Specialized took any action in, or directed any action to, *Iowa* that harmed *him*. Kelchner, as a Florida resident, executed his contracts with CRST Specialized in Indiana, not Iowa. *McKerr Decl.*, ¶ 21–22. To the extent that he personally received any solicitation to be a contractor for CRST Specialized, that did not occur in Iowa. Rather, a CRST Specialized recruiter who works out of North Carolina contacted him. *Id.*, ¶ 19. Moreover, as a Florida resident, he presumably received these communications where he resided, not in Iowa. Tellingly, Kelchner does not allege otherwise. Finally, CRST Specialized's leadership and employees also all live and work in Indiana; meaning, any decisions that led to the allegedly fraudulent conduct were made in Indiana, not Iowa. *Id.*, ¶ 8. Thus, none of CRST Specialized's activities with respect to Kelchner's IBOPA claim "create a substantial connection with" Iowa. *Walden*, 571 U.S. at 283–84 & n.6.

To be sure, Kelchner also cannot rely on the other Defendants' contacts with Iowa to manufacture specific personal jurisdiction. As other courts have observed, "the weight of the authority . . . has determined that the [single integrated enterprise] theory applies only to liability and cannot be relied upon to create personal jurisdiction." *Wright v. Waste Pro USA Inc.*, No. 2:17-CV-02654, 2019 WL 3344040, at *11 (D.S.C. July 25, 2019) (collecting cases). That is particularly true where, as here, CRST Specialized is a distinct legal entity. CRST Specialized has its own operating authority, personnel, headquarters, independent contractors, and customers. *See McKerr*

*Decl.*, ¶ 3–4, 6, 8; *Coblentz Decl.*, ¶¶ 2–6. The Court therefore cannot exercise specific personal jurisdiction over CRST Specialized.

> **3. It would also be unreasonable for the Court to exercise personal jurisdiction over CRST Specialized based on attenuated contacts with Iowa.**

Finally, to satisfy due process, personal jurisdiction over a nonresident defendant must be reasonable and cannot "offend traditional notions of fair play and substantial justice." *Creative Calling Sols.*, 799 F.3d at 981–82. That too forecloses exercising personal jurisdiction over CRST Specialized. Again, Kelchner's claims revolve around alleged actions taken in Indiana by CRST Specialized, an Indiana-based company with no case-related contacts with Iowa, the forum state. Moreover, it would be unduly burdensome for CRST Specialized to appear and defend itself in Iowa; all of its key witnesses reside in the greater Fort Wayne, Indiana area. *McKerr Decl.*, ¶ 8. For this reason, too, the Court should decline to exercise jurisdiction over CRST Specialized.

## IV. CONCLUSION

In sum, none of the Eighth Circuit's factors support a finding of personal jurisdiction. CRST Specialized has no material contacts with Iowa, and the underlying allegations of fraudulent conduct in this case, even if accepted as true, would have occurred outside Iowa (*factors 1–3*). Without any Iowa-related contacts or conduct, Iowa also lacks any interest in providing a forum— particularly to a non-resident plaintiff like Kelchner to sue a non-resident defendant like CRST Specialized (*factor 4*). Finally, given CRST Specialized is headquartered in Indiana and Kelchner is a Florida resident, Iowa is not a convenient forum for the parties (*factor 5*). The Court should therefore dismiss CRST Specialized because it lacks personal jurisdiction over it.

Dated: October 17, 2024

Respectfully submitted,

*/s/ James H. Hanson*

James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant*
*CRST Specialized Transportation, Inc.*

11