## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiff(s), <br><br> vs. <br><br> CRST Expedited, Inc., CRST Specialized Transportation, Inc. CRST Lincoln Sales, Inc. and John Smith, an individual <br><br> Defendant(s). | CASE NO. 1:24-cv-00082-CJW-KEM |

## PLAINTIFF'S RESISTANCE TO DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION

i

# TABLE OF CONTENTS

I.     BACKGROUND ................................................................................................... 1

II.    LEGAL STANDARD ........................................................................................ 5

III.   ARGUMENT..................................................................................................... 7

      A.  CRST Specialized Consented to Personal Jurisdiction in Iowa Through Designating an Agent for Service of Process Within the State Obviating the Need for Due Process Analysis....................................................................................................7

      B.  Even if the Court Reaches a Due Process Analysis, CRST Specialized has Sufficient Minimum Contacts with Iowa as to be Subject to Personal Jurisdiction in the State... 8

            1. The Nature, Quality, and Quantity of CRST Specialized's Contacts with Iowa. ........................................................................................................... 10

            2. Iowa's Interest in Providing a Forum for its Residents and Convenience of the Parties. ......................................................................................... 14

      C.  Alternatively, if the Court Determines Plaintiff has not Established a Prima Facie Case for the Existence of Personal Jurisdiction, Kelchner Should be Permitted to Conduct Jurisdictional Discovery Prior to the Court's Ruling on the Defendant's Motion to Dismiss. ............................................. 16

IV.   CONCLUSION................................................................................................. 18

# TABLE OF AUTHORITIES

## Table of Authorities

**Federal Cases**                                                                           **Page(s)**

*Anderson v. Dassault Aviation,*
　361 F.3d 449 – 53 (8th Cir. 2004) ...................................................................................12, 13, 14

*Capital Equip. v. CNH Am.,*
　394 F.Supp.2d 1054 (E.D. Ark. 2005) ......................................................................................11

*Creative Calling Sols.,*
　799 F.3d 975 (8th Cir. 2015) .................................................................................................5, 10

*Daimler AG v. Bauman,*
　571 U.S. 117 (2014) ......................................................................................................................9

*Daughetee v. CHR Hansen,*
　2011 U.S. Dist. LEXIS 32545 (N.D. Iowa Mar. 25, 2011) ....................................................6, 8

*Dever v. Hentzen Coatings,*
　380 F.3d 1070 (8th Cir. 2004) ........................................................................................5, 11, 12

*Digi-Tel Holdings v. Proteq Telecoms.,*
　89 F.3d 519 (8th Cir. 1996) ...........................................................................................5, 10, 15

*Epps v. Stewart Info. Servs. Corp.,*
　327 F.3d 642 (8th Cir. 2003) ....................................................................................................12

*Fastpath Inc. v. Arbela Tech. Corp.,*
　760 F.3d 816 (8th Cir. 2014) .......................................................................................................9

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,*
　141 S. Ct. 1017 (2021) ...............................................................................................................10

*Johnson v. Arden,*
　614 F.3d 785 (8th Cir. 2010) .......................................................................................................5

*K-V Pharm. Co. v. J. Uriach & CIA,*
　648 F.3d 588 (8th Cir. 2011) .........................................................................................9, 10, 15

*Knowlton v. Allied Van Lines,*
　900 F.2d 1196 (8th Cir. 1990) .....................................................................................................6

Case 1:24-cv-00082-CJW-KEM    Document 40    Filed 11/15/24    Page 3 of 23

*Lakin v. Prudential Sec.,*
  348 F.3d 704 (8th Cir. 2003) ........................................................................16

*Mallory v. Norfolk S. Ry.,*
  600 U.S. 122 (2023) ...........................................................................5, 6, 7, 8

*Morningside Church,*
  No. 20-2954, 2021 U.S. App. LEXIS 23970, 2021 WL 3556096 (8th Cir. Aug. 12, 2021) ......10

*Myers v. Casino Queen,*
  689 F.3d 904 (8th Cir. 2012) ........................................................................14

*Pa. Fire Ins. Co. v. Gold Issue Mining & Milling Co.,*
  243 U.S. 93 (1917) .......................................................................................7

*Principal Fin. Servs. v. Big Fin. & Ins. Servs.,*
  426 F. Supp. 2d 976 (S.D. Iowa 2006) ...........................................................16

*Rennenger v. Aquawood,*
  2021 U.S. Dist. LEXIS 269301 (S.D. Iowa) ....................................................12

*ResCap Liquidating Tr. v. LendingTree, LLC, 19-cv-2360*
  (SRN/HB), 2020 U.S. Dist. LEXIS 48632 (D. Minn.) .......................................13

*Scott v. Milosevic,*
  2018 U.S. Dist. LEXIS 243061 (N.D. Iowa May 2, 2018) ..................................6, 8

*Sondergard v. Miles,*
  985 F.2d 1389 (8th Cir. 1993) ........................................................................6

*Spanier v. Am. Pop Corn Co.,*
  2016 U.S. Dist. LEXIS 50071 (N.D. Iowa Apr. 14, 2016) ...............................6, 8, 15

*Spertus v. Epic Sys. Corp.,*
  2022 U.S. Dist. LEXIS 170391 (W.D. Mo.) ....................................................15

*Steinbuch v. Cutler,*
  518 F.3d 580 (8th Cir. 2008) ........................................................................16

*United Fire & Cas. Co. v. Applied Fin.,*
  397 F. Supp. 2d 1086 – 93 (N.D. Iowa 2005) ...............................................10, 11

*United Fire & Cas. Co. v. Ill. Constr. Corp.,*
  No. 16 cv 55 EJM, 2017 U.S. Dist. LEXIS 18154 (N.D. Iowa Feb. 7, 2017)...................6, 8

iv

*United States v. Noble,*
   2024 U.S. Dist. LEXIS 195153 (D. Neb. Oct. 28, 2024) ............................................................8

*Viasystems,*
   646 F.3d 589 (8th Cir. 2011) ............................................................................................9

**State Statutes**

Iowa Code §§ 551A.1- 551A.10 ............................................................................................2

Iowa Code §§ 551A.7 ............................................................................................2, 3, 4

**Rules**

Fed. R. Civ. Pro. 26 ............................................................................................17

v

Plaintiff, Harley Kelchner ("Kelchner" or "Plaintiff"), respectfully opposes Defendant, CRST Specialized Transportation Inc.'s ("CRST Specialized") Motion to Dismiss Plaintiff's Complaint for Want of Personal Jurisdiction. ECF No. 28. CRST Specialized overlooks a dispositive fact: it has been registered to do business in Iowa since at least 2020 and maintains a registered agent in Iowa whom Plaintiff served to initiate this suit. The United States Supreme Court confirmed over one hundred years ago that nothing more is required to establish a court's personal jurisdiction. Just last year, the Supreme Court reaffirmed this bedrock jurisdictional principle, and a long line of Eighth Circuit and Northern District of Iowa precedent is in accord.

While the foregoing is dispositive, CRST Specialized is subject to the Court's jurisdiction for the additional and independent reason that it has sufficient minimum contacts in Iowa to satisfy the Due Process clause.

Finally, to the extent the Court has any doubts about its jurisdiction, Plaintiff requests the opportunity to take targeted jurisdictional discovery to further demonstrate CSRT Specialized has considerable Iowa ties.

## I.  BACKGROUND

Plaintiff Harley Kelchner brings this class action against CRST Expedited, Inc. ("CRST Expedited"), CRST Specialized, CRST Lincoln Sales, Inc. ("CRST Lincoln Sales") and their principal owner and director John Smith ("Smith") (collectively "Defendants").

Defendants act through a common enterprise to induce individual commercial drivers ("Drivers") to enter a fraudulent business opportunity with false promises of self-agency and "record breaking revenue" while ultimately trapping them in financial dependence in violation of

the Iowa Business Opportunity Promotions Act, IOWA CODE §§ 551A.1- 551A.10 ("BOPA").[1] Defendants commit this fraud by running hundreds of nationwide internet advertisements for their "lease-driver" business opportunity program (the "Driving Opportunity") falsely touting freedom and individual agency.[2] In actuality, once Drivers enter the Driving Opportunity, CRST Expedited and/or CRST Specialized controls Drivers by deciding the rates they are paid and customer loads they transport, requiring Drivers to be available for service upon their demand and imposing exclusive possession over the Drivers' vehicle. CRST Expedited and CRST Specialized then additionally deduct disproportionately large expenses from Drivers' pay for tolls, insurance, repairs, and more. In doing so, CRST Expedited and/or CRST Specialized violate BOPA by providing Drivers with products, equipment, supplies, and/or services with the false promise of independence, while simultaneously controlling nearly all of Drivers' business and requiring them to pay disproportionately large expenses. Plaintiff, on behalf of similarly situated Drivers, alleges that Defendants failure to comply with mandatory disclosure requirements, dissemination of untrue and misleading advertising statements, and resulting fraudulent inducement of Drivers into the Driving Opportunity have violated BOPA.

Defendants' common enterprise is closely integrated, and the Defendants jointly carry out their deceptive scheme. For instance, the Defendants co-mingle funds and rely on a shared method to identify potential customers (e.g. Drivers) through lead referrals to sell their products and

---

[1] BOPA requires business opportunity sellers to irrevocably consent to personal jurisdiction in Iowa. IOWA CODE §§ 551A.7. However, it appears each of the Defendants violated this requirement by failing to file the required consent form with the Iowa Secretary of State. *See* Exhibit A.

[2] Excerpts from advertisements included in the Complaint include: "It's a career overhaul designed to generate profit and get you in the mindset of a small business owner."; "YOU'RE IN THE DRIVER'S SEAT AT CRST!"; "If you like the idea of owning your own business, we support and want to partner with you."; "We have mutual trust; they're free to drive how they want. Now, you can be free, too." ECF No. 1 at 5 - 9.

services to Drivers through common telemarketing and recruiting staff, bill customers and Drivers through a common billing department, and handle Driver dispatching and other elements of customer service through a common staff. Compl. ¶ 16 (ECF No. 1). Defendants jointly market their deceptive business opportunity scheme through their common website (CRST.com) and on behalf of one another. For instance, the first exhibit of the complaint is a deceptive advertisement placed by CRST Expedited *on behalf of* CRST Specialized (the moving defendant) seeking to ensnare drivers in the Defendants' common fraudulent scheme. *Id.* ¶ 18 (quoting ECF No. 1-1). Defendants' common website jointly advertises their deceptive business opportunity scheme, including with CRST Specialized which they describe as merely a "division" of the broader company that handles specialized "high-value products, such as beautiful museum exhibits." *Id.* ¶ 21. After drivers are lured in by the Defendants' deceptive advertising, CRST Specialized directs them to lease their trucks from CRST Lincoln. *Id.* ¶¶ 1, 22. That includes Plaintiff himself. *See* ECF No. 28-1 at 1.

The CRST family of companies is deeply rooted in Iowa. Indeed, the company's website touts the company's more than 70-year history in Cedar Rapids (the "CR" in CRST stands for Cedar Rapids). Exhibit B. Defendants CRST Expedited, CRST Specialized, and CRST Lincoln Sales are all wholly owned subsidiaries of CRST International Holdings, LLC. ECF No. 34 at 2; ECF No. 36 at 2; ECF No. 38 at 2. CRST International Holdings, LLC is a registered Iowa LCC headquartered in Cedar Rapids.

Defendants CRST Expedited and CRST Lincoln Sales are both registered Iowa corporations with their principal places of business in Cedar Rapids, Iowa where their officers and employees are also located. Exhibit C, D. Both CRST Expedited and CRST Lincoln Sales have filed Citizenship Disclosure Statements confirming that they are Iowa citizens that are

3

incorporated and headquartered in Iowa. ECF No. 35; ECF No. 37. Further, CRST Expedited and CRST Lincoln Sales have admitted they are Iowa corporations engaged in business throughout the United States, including Iowa. ECF No. 25 at 4 – 5; ECF No. 26 at 5.

Similarly, CRST Specialized—the moving defendant—is a registered business entity in Iowa and has been since at least 2020. Exhibit E; Exhibit H. CRST Specialized shares the same Iowa registered agent as CRST Expedited and CRST Lincoln Sales, and all three entities were served at the same agent, at the same time, and at the same Iowa address (100 Court Avenue, Suite 201, Des Moines, Iowa) to commence this lawsuit. ECF No. 4; ECF No. 5; ECF No. 6. CRST Specialized is a wholly owned subsidiary of Defendant CRST Expedited. ECF No. 27 at ¶ 13.

All three CRST Defendants share a CEO: Cedar Rapids-based Mike Gannon (starting August 2024 upon Cedar Rapids-based Hugh Ekberg's retirement). Exhibit F. All three CRST Defendants share a president: Bill Clement (as of September 2024). Exhibit G, (noting Clement's appointment as "Group President and Chief Strategy Officer" for all CRST entities). Clement previously served as CRST Specialized's president from 2018 to 2024. Other shared officers include Lisa Stephenson, the corporate secretary for all three Defendants, Brent Mohasci the treasurer for all three Defendants, and Hugh Ekberg, who is still listed as the director for all three Defendants (and formerly served as CRST Specialized's CEO). Exhibit L. Stephenson, Mohasci, and Ekberg all work at the same CRST office in Cedar Rapids. *Id.* Further, CRST Specialized's Vice President of Operations, Thomas McKerr, has declared that 60% of its new contractors lease their equipment through its Iowa based sister company and fellow Defendant, CRST Lincoln Sales. ECF 28-2 at 3, ¶14.

Defendant John Smith is the Chairman of the parent CRST International Holdings, LLC (the parent of each CRST defendant) and the partial owner of all three CRST Defendants. ECF

No. 28-4 ¶¶ 1 – 2. Mr. Smith is an Iowa resident. ECF No. 27 at 4 – 5, ¶ 15. As with the corporate Defendants, John Smith was also served in Iowa. ECF No. 9. While Smith claims he does not control the other Defendants' "day-to-day operations," ECF No. 28-4 ¶ 3, he does not explain what the means. He does not, for instance, disclaim involvement in the Driving Opportunity scheme or other strategic control over the entities.

Finally, Defendants CRST Expedited, CRST Lincoln Sales, and Smith all admit that venue is proper in this district as to Plaintiff's claims against them because they are "at home in this state." ECF No. 25 at 4; ECF No. 26 at 4; ECF No. 27 at 3.

Notwithstanding the foregoing, on October 17, 2024, CRST Specialized (and only CRST Specialized) moved to dismiss Plaintiffs' complaint for a purported want of personal jurisdiction. ECF No. 28. The Court should deny the motion.

## II. LEGAL STANDARD

Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must make a "minimal" prima facie showing that the defendant is subject to the Court's jurisdiction. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010); *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir. 2004); *Digi-Tel Holdings v. Proteq Telecoms*., 89 F.3d 519, 522 (8th Cir. 1996). The Court must resolve any factual disputes in the plaintiff's favor. *Creative Calling Sols., Inc. v. LF Beauty Ltd*., 799 F.3d 975, 979 (8th Cir. 2015).

"Traditional" methods of establishing personal jurisdiction include demonstrating the defendant's presence in the forum state or **consent to the forum's jurisdiction**. *Mallory v. Norfolk S. Ry*., 600 U.S. 122, 139 (2023) (collecting cases). Thus, under "the traditional tag rule . . . individuals physically served in a State are subject to suit there for claims of any kind." *Id.* (citing *Burnham v. Superior Court of Cal*., 495 U.S. 604, 619, 110 S. Ct. 2105, 2115 (1990)). As for

5

corporations, for well over a hundred years, the Supreme Court has held that registering an agent for service of process in a forum establishes a corporation's consent to personal jurisdiction. *Mallory*, 600 U.S. at 133, 146 (reaffirming *Pa. Fire Ins. Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917), which "thought the matter so settled by existing law that the case 'hardly' presented an 'open' question"). At every opportunity, the Eighth Circuit, and the Northern District of Iowa (applying Iowa law); have reaffirmed this bedrock jurisdictional principle. *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1394 (8th Cir. 1993) ("service on a foreign corporation's properly authorized agent is sufficient to establish personal jurisdiction"); *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990) (holding that "[o]ne of the most solidly established ways of giving such consent [to jurisdiction of a court] is to designate an agent for service of process within the State."); *accord Scott v. Milosevic*, No. C17-4004-LTS, 2018 U.S. Dist. LEXIS 243061, at *22 (N.D. Iowa May 2, 2018); *United Fire & Cas. Co. v. Ill. Constr. Corp.*, No. 16 cv 55 EJM, 2017 U.S. Dist. LEXIS 18154, at *2 (N.D. Iowa Feb. 7, 2017); *Spanier v. Am. Pop Corn Co.*, No. C15-4071-MWB, 2016 U.S. Dist. LEXIS 50071, at *13 (N.D. Iowa Apr. 14, 2016); *Daughetee v. CHR Hansen, Inc.*, No. C09-4100-MWB, 2011 U.S. Dist. LEXIS 32545, at *30 (N.D. Iowa Mar. 25, 2011).

In *International Shoe*, the Supreme Court established "an *additional* road to jurisdiction over out-of-state corporations." *Mallory*, 600 U.S. at 138 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 311, 66 S. Ct. 154, 156 (1945)) (emphasis in original). A court need only take this "additional road" to "exercise jurisdiction over a corporate defendant 'that has not consented to suit in the forum.'" *Id.* at 138, 140-41 (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 927-928 (2011); *id.* at 140-41 ("repeating the admonition" that *International Shoe* did not "discard[] every traditional method for securing personal jurisdiction that came before").

Thus, even an out-of-state corporation that has not consented to jurisdiction in the form may still be subject to the court's jurisdiction when it maintains sufficient minimum contacts there. *See, e.g.*, *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011).

## III. ARGUMENT

This Court has personal jurisdiction over CRST Specialized because it has formally applied to transact business in Iowa and maintains a registered agent in Iowa whom Plaintiff served to initiate this suit. Nothing more is required. But even if more was required, this Court has personal jurisdiction over CRST for the additional, independent reason that it maintains sufficient minimum contacts with Iowa. Finally, to the extent the Court has any doubts, Plaintiff requests an opportunity to conduct jurisdictional discovery to establish that jurisdiction is appropriate here.

### A. CRST Specialized Consented to Personal Jurisdiction in Iowa through Designating an Agent for Service of Process Within the State Obviating the Need for Due Process Analysis.

Plaintiff can easily meet the minimal showing required to establish this Court's jurisdiction over CRST Specialized: it is registered to do business in Iowa, has a registered agent in this State, and Plaintiff served that agent. Exhibit I; ECF No. 6. According to the Supreme Court, this is dispositive. *See Mallory*, 600 U.S. at 146 ("This case poses a very old question indeed—one this Court resolved more than a century ago in *Pennsylvania Fire*" which "remains the law"); *Pa. Fire Ins. Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 95 (1917) (appointment of agent for service of process sufficient to establish personal jurisdiction by consent). Likewise, "[t]he Eighth Circuit has consistently held that having a registered agent for service of process constitutes consent to jurisdiction in that state." *United Fire & Cas. Co.*, 2017 U.S. Dist. LEXIS 18154, at *2 (citing, e.g., *Knowlton*, 900 F. F.2d at 1198-99; *Sondergard*, 985 F.2d 1389). Indeed, "[t]he whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts." *Spanier*, 2016 U.S. Dist. LEXIS 50071, at *12 (quoting *Knowlton*, 900 F. F.2d at 1199).

7

And, consistent with Supreme Court and Eighth Circuit precedent, on every occasion in which it has considered this question, the Northern District of Iowa has confirmed that registering an agent in Iowa constitutes a foreign corporation's consent to this Court's personal jurisdiction. *Scott*, 2018 U.S. Dist. LEXIS 243061, at \*22 ("Because [defendant trucking company] maintains a registered agent in Iowa, it has consented to jurisdiction in this state"); *United Fire & Cas. Co.*, 2017 U.S. Dist. LEXIS 18154, at \*2 (by designating agent in Iowa "ICC has consented to the personal jurisdiction of the state and federal courts in Iowa"); *Spanier*, 2016 U.S. Dist. LEXIS 50071, at \*13 (same); *Daughetee*, 2011 U.S. Dist. LEXIS 32545, at \*30 (same).[3] This Court should thus deny the motion to dismiss.

### B. CRST Specialized has Sufficient Minimum Contacts with Iowa and is Properly Subject to Personal Jurisdiction in Iowa.

Because CRST Specialized consented to this Court's jurisdiction the Court "need not conduct a minimum contacts analysis in this case in order to determine whether" CRST Specialized is "subject to personal jurisdiction in Iowa." *Daughetee*, No. C09-4100-MWB, 2011 U.S. Dist. LEXIS at \*28 – \*29; *see also Mallory*, 600 U.S. 122, 138 (explaining that *International Shoe's* minimum contact's analysis established an "*additional* road to jurisdiction over out-of-state corporations" beyond traditional methods like presence and consent) (emphasis in original). However, this Court's jurisdiction is proper for the independent reason that CRST Specialized maintains sufficient minimum contacts in Iowa.

---

[3] CRST Specialized's decision to ignore this voluminous body of dispositive authority calls into question its candor towards this Court. Nor may CRST Specialized argue in reply that this precedent is wrong. *See, e.g.*, *United States v. Noble*, No. 8:24-CR-141, 2024 U.S. Dist. LEXIS 195153, at \*2 (D. Neb. Oct. 28, 2024) (citing *Mallory*, 600 U.S. at 136) ("The Court is obligated to follow controlling Eighth Circuit precedent and cannot consider the defendant's arguments that Eighth Circuit precedent is wrong.").

8

Where a corporate defendant has not consented to jurisdiction, "[d]ue process requires that the defendant purposefully establish 'minimum contacts' in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend 'traditional conceptions of fair play and substantial justice.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985)). Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* (internal quotation marks omitted) (quoting *Burger King*, 471 U.S. at 474). To have sufficient minimum contacts, a nonresident defendant must engage in "some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014) (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011)).

"Personal jurisdiction can be specific or general." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). The exercise of general personal jurisdiction over a corporation requires contacts with the forum state that are so "continuous and systematic" that the corporation is "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and citation omitted). Whereas "[s]pecific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." *Viasystems*, 646 F.3d at 593 (internal quotation marks and citations omitted.) A defendant's contacts with a forum state support specific jurisdiction if they "arise out of or relate to" the plaintiff's suit with that state—even if the link between the contacts and the plaintiff's claims is not causal in nature. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021).

The Eighth Circuit considers five factors when analyzing whether specific jurisdiction may be exercised over a nonresident defendant: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *K-V Pharm. Co.*, 648 F.3d at 592 (alteration in original) (quoting *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010)). The first three factors are "closely interrelated" and often considered together. *See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 523 (8th Cir. 1996). "The first three factors are of primary importance, while the fourth and fifth factors carry less weight." *Morningside Church, Inc. v. Rutledge*, No. 20-2954, 2021 U.S. App. LEXIS 23970, 2021 WL 3556096, at *3 (8th Cir. Aug. 12, 2021) (internal quotation marks and citation omitted).

*1. The Nature, Quality, and Quantity of CRST Specialized's Contacts with Iowa.*

The nature, quality, and quantity of CRST Specialized's contacts with Iowa are sufficient so that it should reasonably anticipate being called into court within the jurisdiction.

**First**, purposefully directing business, contacts, and actions at the forum state will subject an entity to personal jurisdiction in the state. *Creative Calling*, 799 F.3d at 980 (finding that defendant's solicitation of a business relationship with a company incorporated in the forum state that takes place within that State is a relevant contact in determining whether its courts may exercise personal jurisdiction.); *United Fire & Cas. Co. v. Applied Fin., Inc.*, 397 F. Supp. 2d 1086, 1092 – 93 (N.D. Iowa 2005) ("Applied Financial actively pursued a business relationship with United Fire, an Iowa resident…Applied Financial did so with the knowledge that United Fire was an Iowa corporation, and, therefore, Applied Financial purposefully directed actions at a resident of the forum state.").

10

CRST Specialized has far more than the minimum contacts necessary to support this Court's jurisdiction. CRST Specialized's deceptive scheme depends on Defendants' joint advertising to lure drivers after which CRST Specialized directs drivers to lease their trucks from its Iowa-based sister corporation CRST Lincoln Sales. Compl. ¶¶ 1, 22. By its own admission, 60% of CRST Specialized's new drivers lease their equipment through CRST Lincoln Sales. ECF No. 28 – 2 at 14. And that is precisely what happened to Plaintiff. ECF No. 28-1 (explaining that after signing with CRST Specialized, Plaintiff leased from CRST Lincoln Sales). This conduct goes to the heart of the alleged scheme. *See* Compl. ¶¶ 18 – 22. Accordingly, this litigation arose out of and is closely related to CRST Specialized Iowa-directed actions. *See United Fire & Cas. Co.* 397 F. Supp. 2d. at 1093 - 94 ("[T]he instant litigation allegedly arose out of and related to these actions…Applied Financial purposely directed its actions at an Iowa business.").

CRST Specialized has countless other Iowa ties. As discussed above, CRST Specialized has been registered to do business in Iowa since at least 2020 and has a registered agent in this state. Exhibit E; Exhibit H. And, contrary to its litigation arguments,[4] its public filings reflect that most of its senior leadership is based in Iowa and shares a Cedar Rapids office with the other CRST Defendants. Exhibit H. These facts weigh in favor of finding personal jurisdiction. *See, e.g.*, *Dever*, 380 F.3d at 1075 (finding personal jurisdiction of a party that "employs workers" and "owns and leases property" in the forum state.); *Capital Equip. v. CNH Am., LLC*, 394 F.Supp.2d 1054, 1058 (E.D. Ark. 2005) (finding that defendant employed workers in the forum state and had multiple managers residing in the state, in favor of finding personal jurisdiction.).

---

[4] For litigation purposes, it argues it "does not have a physical presence in Cedar Rapids, Iowa" and its "leadership team and operational staff all work in Fort Wayne." *E.g.*, ECF No. 28-1 at 6.

Finally, CRST Specialized has an Iowa phone number for customer service relating to its Driving Opportunities, Exhibit J, which courts have found also supports a finding of personal jurisdiction in the state. *Rennenger v. Aquawood, LLC*, 4:19-cv-00123, 2021 U.S. Dist. LEXIS 269301, *20 (S.D. Iowa) (finding that entities using call centers in the forum state to provide customer service and product support "weighs in favor" of the forum state's exercise of personal jurisdiction over the entity.)

CRST Specialized's contacts with Iowa and Lincoln Sales are not accidental or fortuitous but are central and related to the present litigation; CRST Specialized has purposely availed itself of Iowa's jurisdiction and personal jurisdiction is properly found there. *Dever*, 380 F.3d at 1073.

**Second**, CRST Specialized's central role as a member of an Iowa-based corporate family engaged in the common enterprise that forms the basis of this suit further supports finding personal jurisdiction in Iowa. The Eighth Circuit has found personal jurisdiction over a non-resident corporate family member "where one corporation is so organized and controlled and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation," and is therefore merely its "alter ego." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 649 (8th Cir. 2003). But even where one entity cannot control the other, personal jurisdiction may be proper where two corporate family members share a "close, synergistic relationship." *Anderson v. Dassault Aviation*, 361 F.3d 449, 452 – 53 (8th Cir. 2004) (finding personal jurisdiction and noting that the parent company had a similar name and logo as its subsidiary, shared some of the same directors, and sponsored publications which used a forum state location as one of its points of contact.) In *Anderson*, the Eighth Circuit concluded that a "closely intertwined business relationship" between in-state and out-of-state defendants, the importance of the in-state distribution system, and a "unified marketing strategy" between the defendants established

12

personal jurisdiction given the "central importance" of the co-defendant's services in the forum state to the other co-defendant's success. *Id.* at 454; *ResCap Liquidating Tr. v. LendingTree, LLC*, 19-cv-2360 (SRN/HB), 2020 U.S. Dist. LEXIS 48632, *29 (D. Minn.) (finding personal jurisdiction was imputed through the closely intertwined business relationship between defendants and noting that most of one defendant's leads were generated by the other defendant.).

Here, at a minimum, the CRST Defendants have a "close, synergistic relationship."[5] *Anderson*, 361 F.3d at 452 – 53. The Defendants operate together as a common enterprise to engage in deceptive acts that form the basis of this case. Compl. ¶ 16 (ECF No. 1). They rely on a common marketing team and recruiting staff. *Id.* And, critically, the jointly advertise—on their joint website and elsewhere—the driver opportunities that form the basis for this suit. *Id.* ¶¶ 18-21. CRST Specialized then directs new drivers to its Iowa-based sister corporation CRST Lincoln Sales to fully ensnare drivers in the scheme.

Further, as in *Anderson*, the entities all use "CRST" in their name, use a common logo, and share a website, making it "readily apparent…that the []companies utilize a unified marketing strategy." *Anderson*, 361 F.3d at 454.; Exhibit K. The companies likewise have the same Iowa-based officers, including CEO (Gannon), President (Clement), director (Ekberg), secretary (Stephenson), treasurer (Mohasci), and indirect owner (Defendant Smith). CRST Expedited owns CRST Specialized and CRST International Holdings, LLC in turn owns all the CRST Defendants. As previously stated, over half of CRST Specialized's Drivers acquire their vehicles from their Iowa-based affiliate, CRST Lincoln Sales. ECF 28 – 2 at 3, ¶14. Similar to *Anderson* and *ResCap*, the success of CRST Specialized—and the operation of the deceptive scheme—is directly

---

[5] Jurisdictional discovery would likely demonstrate that the entities are so intertwined that they in fact operate as alter egos. Their overlapping ownership and leadership structure certainly suggests this is likely.

connected to and in symbiotic relationship with the success of CRST Lincoln Sales and CRST Expedited.

CRST Specialized ignores this precedent and instead cites an unreported, out-of-circuit district court decision for the proposition that Plaintiff cannot rely on the other Defendants' Iowa contacts to "manufacture" personal jurisdiction. ECF No. 28-1 at 9. That is contrary to Eighth Circuit law—those contacts are "clearly relevant to the jurisdictional question." *Anderson*, 361 F.3d at 453.

CRST Specialized also ignores its many Iowa ties and instead argues that Plaintiff must show that it "expressly aimed" conduct at Iowa "knowing" that Plaintiff, personally, "would suffer harm from its conduct." ECF No. 28-1 at 9. But that is not the law. For specific personal jurisdiction to exist, the injuries at issue must merely relate to the defendant's in-state activities— there is no requirement that the injuries be the proximate cause of those activities (let alone a requirement that a defendant engage in in-state conduct knowing that it would harm a particular plaintiff). See Myers v. Casino Queen, Inc., 689 F.3d 904, 912-13 (8th Cir. 2012). And the Eighth Circuit has "emphasized the need to consider 'the totality of the circumstances in deciding whether personal jurisdiction exists.'" *Id.* (quoting K-V Pharm. Co., 648 F.3d at 592-93). As discussed, CRST Specialized's ties to Iowa are overwhelming, including carrying out the underlying fraudulent scheme jointly with its Iowa-based corporate family under the leadership of its Iowa-based officers and directors.

14

*2. Iowa's Interest in Providing a Forum for its Residents and Convenience of the Parties.*

The final two factors for determining personal jurisdiction, "the interest of the forum state in providing a forum for its residents" and "the convenience of the parties" likewise weigh in favor of finding personal jurisdiction in this case.[6]

First, Iowa has a strong interest in providing a forum for resident Drivers that will be encompassed within the alleged class of Plaintiffs in this suit. *K-V Pharm Co.,* 648 F.3d at 595; *Digi-Tel Holdings*, 89 F.3d at 525. Likewise, Plaintiff alleges the Defendants operated a common enterprise to deceive and exploit drivers. Compl. ¶ 16 (ECF No. 1). Three of the four Defendants are Iowa citizens, and Iowa has an interest in ensuring its citizens are not violating BOPA, and that all members of this common enterprise are held accountable. *See Spanier*, 2016 U.S. Dist. LEXIS 50071, *28 – 29 (finding Iowa citizenship of corporate co-defendant relevant to Iowa's interest in suit).

Second, convenience favors finding personal jurisdiction in this case. Again, the three other Defendants and most corporate officers (and likely key witnesses) are located in Iowa. ECF No. 25 at 5; ECF No. 26 at 5; ECF No. 27 at 6; *see Digi-Tel Holdings, Inc.*, 89 F.3d at 525 (considering the location of witnesses when contemplating the convenience factor of personal jurisdiction.); *Cf. Spertus v. Epic Sys. Corp.*, 4:22-cv-00183, 2022 U.S. Dist. LEXIS 170391, *16 – *17 (W.D. Mo.) (finding that Defendant would need to cover the travel expenses of many witnesses if the case went to trial in another jurisdiction and this was a reason weighing against finding personal jurisdiction.) On the other hand, litigating this case in two fora simultaneously, despite the substantial overlap in relevant entities and witnesses, would be extraordinarily inconvenient and

---

[6] Notably, CRST Specialized largely ignores these factors, merely mentioning them in passing in its conclusion.

would lead to needless coordination and management headaches for the parties, witnesses, and courts. The prospect of inconsistent judgments likewise weighs heavily in favor of this Court retaining jurisdiction over all Defendants.

C.     **Alternatively, if the Court Determines Plaintiff has not Established a Prima Facie Case for the Existence of Personal Jurisdiction, Plaintiff Should be Permitted to Conduct Jurisdictional Discovery Prior to the Court's Ruling on the Defendant's Motion to Dismiss.**

The publicly available evidence offered above overwhelmingly establishes this Court's jurisdiction over CRST Specialized. However, to the extent the Court has any doubts, that evidence, at a minimum, establishes a sufficient basis to authorize jurisdictional discovery. *See Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (reversing dismissal for lack of personal jurisdiction and explaining that jurisdictional discovery should be permitted where the plaintiff has "offered documentary evidence, and not merely speculations or conclusory allegations" about a defendant's contact with the forum). Courts in the Eighth Circuit have permitted jurisdictional discovery in response motions to dismiss for want of personal jurisdiction to facilitate the court's analysis for determining whether personal jurisdiction is appropriate. *Id.* (remanding "for an opportunity for tailored discovery to elicit whether its contacts with Arkansas were so continuous and systematic as to warrant general personal jurisdiction"); *Lakin v. Prudential Sec.*, 348 F.3d 704, 708 (8th Cir. 2003) ("we conclude that appellants could establish a case of general personal jurisdiction if they are permitted to take jurisdictional discovery on remand."); *Principal Fin. Servs. v. Big Fin. & Ins. Servs.*, 426 F. Supp. 2d 976, 982 (S.D. Iowa 2006) ("In the Court's view, discovery will facilitate its analysis of the five factors for determining whether personal jurisdiction is appropriate".)

As a privately held corporate family, many key jurisdictional facts are shielded from public view. These include facts about CRST Defendants' organizational structure, the control the parents

16

exert over the subsidiaries, whether corporate formalities are followed, the identities and locations of additional officers, the role the Defendants' officers play in managing this closely intertwined corporate family, the identity and locations of key witnesses and decisionmakers in the Driving Opportunity scheme, and each Defendant's individualized role in the Driving Opportunity scheme. Notably, CRST Specialized's supporting declarations largely skirt these key jurisdictional issues. This is not an instance where the facts are known to all parties—they are almost exclusively known only to Defendants who have elected to reveal only those facts they believe support their motion. Plaintiff would seek targeted discovery regarding these issues and—based on publicly available information—would expect that discovery to further demonstrate CRST Specialized's overwhelming contacts with Iowa. The discovery may also demonstrate that the entities operate as alter egos.

If necessary, permitting Plaintiff to pursue this discovery is appropriate as CRST has been registered to do business in this State for at least four years, every other Defendant has answered and confirmed their Iowa citizenship, the vast majority of all Defendants' officers and witnesses reside in Iowa, and it makes little sense to try this case simultaneously in two jurisdictions with the corresponding waste of judicial and party resources and the risk of inconsistent judgments. Nor would limited jurisdictional discovery prejudice CRST Specialized in any way. Plaintiff and the other Defendants have already conducted their Rule 26(f) conference and discovery against these other Defendants will commence shortly. If Plaintiff is forced to pursue a second action against CRST Specialized in Indiana, it will likewise be subject to discovery there soon. Accordingly, Plaintiff should be afforded the opportunity to discover additional evidence to make the minimal showing required to establish personal jurisdiction.

## VI. CONCLUSION

For the foregoing reasons, the Court should deny CRST Specialized's motion to dismiss, or, in the alternative, defer consideration of the motion and permit Plaintiff an opportunity to conduct targeted jurisdictional discovery.

Dated: November 15, 2024

Respectfully Submitted,
**SHINDLER, ANDERSON, GOPLERUD & WEESE P.C.**

/s/ *Brian O. Marty*
J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

/s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan (*pro hac vice*)
Nicolette S. Wolfrey *(pro hac vice)*
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: (312) 741.1019
Fax: (312) 264.0100
beth@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Ave #310
San Rafael, CA 94901
Ph: (415) 233-7100
rsb@boulter-law.com

*Attorneys for Kelchner and the Putative Class*

18