# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., and JOHN SMITH, an individual <br><br> Defendants. | Case No. 1:24-cv-00082-CJW-KEM <br><br> Honorable Judge C.J. Williams |

**DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR WANT**
**OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ...................................................................................................... 1

    A. Iowa law does not tie registration with consent to jurisdiction. ............................ 1

    B. The Dormant Commerce Clause forecloses consent by registration schemes. .................................................................................................. 6

    C. Kelchner failed to show sufficient, claim-related contacts to establish specific personal jurisdiction. ................................................................. 7

        1. CRST Specialized's Iowa contacts are minimal, incidental, and unrelated to Kelchner's IBOPA claim (*Factors I–III*). .............................. 7

        2. Iowa has little interest in policing a Florida resident's contract with an Indiana company (*Factor IV*). .................................................. 9

        3. All relevant witnesses for CRST Specialized live and work outside of Iowa (*Factor V*) ......................................................................... 9

    D. Kelchner's request for jurisdictional discovery should be denied because the necessary facts to resolve this motion are not in dispute. ..................................... 10

III. CONCLUSION ................................................................................................. 10

i

**TABLE OF AUTHORITIES**

**Page(s)**

<u>Cases</u>

*Alvarracin v. Volume Servs., Inc.*,
No. 16-06115-CV-SJ-SWH, 2017 WL 1842701 (W.D. Mo. May 4, 2017)............................. 4

*Anderson v. Dassault Aviation*,
361 F.3d 449 (8th Cir. 2004) ....................................................................................... 8

*Arnold v. AT&T, Inc.*,
874 F.Supp.2d 825 (E.D. Mo. 2012) ............................................................................ 9

*Bancredito Holding Corp. v. Driven Admin. Servs. LLC*,
No. 5:23-CV-00575-M, 2024 WL 731956 (E.D.N.C. Jan. 8, 2024) ........................................ 2

*Beard v. Smithkline Beecham Corp.*,
No. 4:15–CV–1833 RLW, 2016 WL 1746113 (E.D. Mo. May 3, 2016)................................. 4

*Buena Vista Manor v. Century Mfg. Co.*,
221 N.W.2d 286 (Iowa 1974) ...................................................................................... 3

*Bustos v. Ryder Truck Rental, Inc.*,
No. 1:23-CV-00679-DHU-JHR, 2024 WL 2260786 (D.N.M. May 17, 2024) ........................ 2

*Cap. Promotions, L.L.C. v. Don King Prods., Inc.*,
756 N.W.2d 828 (Iowa 2008) ...................................................................................... 7

*Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*,
No. 4:11-CV-273 SNLJ, 2011 WL 5374747 (E.D. Mo. Nov. 8, 2011) ................................. 9

*Chrischilles v. Griswold*,
260 Iowa 453 (1967)................................................................................................. 4

*Davis v. Farmers Co-op Equity Co.*,
262 U.S. 312 (1923)................................................................................................. 6

*Dever v. Hentzen Coatings, Inc.*,
380 F.3d 1070 (8th Cir. 2004) ..................................................................................... 1

*Foscato v. Chaparral Boats, Inc.*,
No. 2:21-4240-NKL, 2022 WL 1322642 (W.D. Mo. May 3, 2022) ..................................... 9

*Goellner-Grant v. Platinum Equity LLC*,
341 F.Supp.3d 1022 (E.D. Mo. 2018) .......................................................................... 10

*Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S. Inc.*,
196 F.Supp.3d 985 (D. Minn. 2016)............................................................................. 9

*Hill v. Elecs. Corp. of Am.*,

253 Iowa 581 (1962) .......................................................................................................... 6

*In re Aqueous Film-Forming Foams Prod. Liab. Litig.*,
No. CV 2:18-2873, 2023 WL 6846676 (D.S.C. Oct. 17, 2023) ................................................. 2

*In re Folgers Coffee*,
No. 21-2984-MD-W-BP, 2021 WL 7004991 (W.D. Mo. Dec. 28, 2021) .................................. 9

*Jesski v. Dakota, Minnesota & E. R.R. Corp.*,
No. 19-CV-2070-CJW-MAR, 2020 WL 3913528 (N.D. Iowa July 10, 2020) ........................ 10

*Keeley v. Pfizer Inc.*,
No. 4:15CV00583 ERW, 2015 WL 3999488 n.2 (E.D. Mo. July 1, 2015) ................................ 4

*Knowlton v. Allied Van Lines, Inc.*,
900 F.2d 1196 (8th Cir. 1990) ............................................................................................ 4, 5

*Lumen Techs. Serv. Grp., LLC v. CEC Grp., LLC*,
691 F.Supp.3d 1282 (D. Colo. Sept. 8, 2023) ......................................................................... 2

*Mallory v. Norfolk Southern Ry. Co.*,
143 S. Ct. 2028 (2023) ............................................................................................... 2, 4, 6, 7

*Mitchell v. Jefferson Pilot Fin.*,
No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577 (S.D. Iowa May 23, 2006) ............................ 8

*NExTT Solutions, LLC v. XOS Technologies, Inc.*,
71 F. Supp.3d 857 (N.D. Ind. 2014) ........................................................................................ 7

*O'Grady v. Johnson*,
No. CIV 05-2203 JNE/JJG, 2006 WL 2403579 (D. Minn. Aug. 18, 2006) .............................. 9

*Ostrem v. Prideco Secure Loan Fund, LP*,
841 N.W.2d 882 (Iowa 2014) .................................................................................................. 4

*Peeler v. SRG Glob. Coatings, LLC*,
No. 1:23-CV-23-SNLJ, 2024 WL 4008735 (E.D. Mo. Aug. 30, 2024) ................................. 4, 5

*Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co.*,
243 U.S. 93 (1917) ................................................................................................................. 1

*Repairify, Inc. v. Opus IVS, Inc.*,
No. 05-23-00921-CV, 2024 WL 2205663 (Tex. App. May 16, 2024) ...................................... 3

*Robert Mitchell Furniture Co. v. Selden Breck Const. Co.*,
257 U.S. 213 (1921) ................................................................................................................ 2

*Rosenwald v. Kimberly Clark Corp.*,
No. 3:22-cv-04993, 2023 WL 5211625 (N.D. Cal. Aug. 14, 2023) ......................................... 3

*Sahm v. Avow Corp.*,
705 F.Supp.3d 925 (E.D. Mo. 2023) ................................................................... 2, 4

*Simplot India LLC v. Himalaya Food Int'l Ltd.*,
No. CV231612RKTJB, 2024 WL 1136791 (D.N.J. Mar. 15, 2024) .......................................... 2

*Sioux Pharm, Inc. v. Summit Nutritionals Int'l, Inc.*,
859 N.W.2d 182 (Iowa 2015) ................................................................... 4

*Sondergard v. Miles, Inc.*,
985 F.2d 1389 (8th Cir. 1993) ................................................................... 4, 5

*Thomson v. Meridian Life Ins. Co.*,
162 N.W. 373 (S.D. 1917) ................................................................... 5

*Union Home Mortg. Corp. v. Everett Fin., Inc.*,
No. 1:23 CV 00996, 2023 WL 6465171 (N.D. Ohio Oct. 4, 2023) .......................................... 2

*United States Bank National Ass'n v. Bank of America, N.A.*,
2015 WL 5971126 (S.D. Ind. Oct. 14, 2015) ................................................................... 7

*Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*,
646 F.3d 589 (8th Cir. 2011) ................................................................... 8

## Statutes

42 Pa. Cons. Stat. § 5301 ................................................................... 2, 4

Ind. Code § 24-5-8-1 ................................................................... 9

Iowa Code § 490.504 ................................................................... 3

Iowa Code § 617.3 ................................................................... 3

S.D. Codified Laws § 15-6-4(d)(2) (1991) ................................................................... 5

## Other Authorities

John F. Preis, *The Dormant Commerce Clause as a Limit on Personal Jurisdiction*,
102 Iowa L. Rev. 121 (2016) ................................................................... 7

Defendant, CRST Specialized Transportation, Inc. (CRST Specialized), respectfully submits this reply brief in support of its Motion to Dismiss for Want of Personal Jurisdiction.

## I. INTRODUCTION

Plaintiff, Harley Kelchner (Kelchner), is a Florida resident who traveled to Indiana to contract with CRST Specialized, an Indiana corporation. His response brief (ECF No. 40) (*Pl's Resp.*) takes nothing away from CRST Specialized's motion to dismiss for lack of personal jurisdiction. First, Kelchner puts the cart before the horse by arguing that the Fourteenth Amendment's Due Process Clause permits consent by registration laws. In doing so, he ignores that Iowa does not have a consent by registration statute, and no binding authority suggests otherwise. But even if Iowa did, the U.S. Supreme Court has long held that a consent by registration statute violates the Dormant Commerce Clause and cannot be enforced.

Kelchner, alternatively, argues the Court has specific personal jurisdiction by way of the Iowa contacts that CRST Specialized's sister companies and parent have. But the Co-Defendants' Iowa contacts are irrelevant to the jurisdictional analysis, and Kelchner says nothing about CRST Specialized's contacts with Iowa related to his IBOPA claim. The Court should therefore grant CRST Specialized's motion. Moreover, because the facts necessary to resolve CRST Specialized's motion are not in dispute, the Court should deny Kelchner's request for jurisdictional discovery.

## II. ARGUMENT

### A. Iowa law does not tie registration with consent to jurisdiction.

"'A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause.'" *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004). Affirming its earlier decision in *Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co.*, 243 U.S. 93, 94 (1917), the Supreme Court recently held that the Due Process Clause does not bar states from enacting and

1

enforcing laws that "require[] an out-of-state corporation to consent to personal jurisdiction to do business there." *Mallory v. Norfolk Southern Ry. Co.*, 143 S. Ct. 2028, 2033 (2023). But it has long held that the requirement must be explicit. A foreign corporation's appointment of an agent in a forum state, by itself, is insufficient to confer personal jurisdiction. *See Robert Mitchell Furniture Co. v. Selden Breck Const. Co.*, 257 U.S. 213, 216 (1921) (no personal jurisdiction over foreign corporation despite an appointed agent for service of process in Ohio and filing annual report to comply with Ohio law). "Unless the state law either expressly or by local construction gives to the appointment a larger scope, [courts] should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere . . . ." *Id.*

Unlike the Pennsylvania statute in *Mallory*—which explicitly "requires out-of-state companies that register to do business in the Commonwealth to agree to appear in its courts on 'any cause of action' against them," 143 S. Ct. at 2033 (quoting 42 Pa. Cons. Stat. § 5301(a)(2)(i), (b))—few states have enacted explicit consent by registration laws. That is why, post-*Mallory*, absent any language like Pennsylvania's statute, courts in other forums have consistently rejected arguments like Kelchner's and have instead found that registration or designating an agent, in itself, does not equate to a foreign corporation's consent to personal jurisdiction.[1]

---

[1] *See, e.g.*, *Bancredito Holding Corp. v. Driven Admin. Servs. LLC*, No. 5:23-CV-00575-M, 2024 WL 731956, at *3 (E.D.N.C. Jan. 8, 2024) ("[T]he act of registration and appointment of an agent by a foreign corporation represents implicit consent to personal jurisdiction, would vastly expand the holding in *Mallory* (which specifically addressed express consent) and finds no support in Fourteenth Amendment jurisprudence."); *Sahm v. Avow Corp.*, 705 F.Supp.3d 925, 933 (E.D. Mo. 2023) ("[A]bsent a Missouri statute providing an explicit grant of general jurisdiction over registered foreign corporations, . . . *Mallory* is not applicable."); *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. CV 2:18-2873, 2023 WL 6846676, at *5 (D.S.C. Oct. 17, 2023) ("*Mallory* is limited to the situation where a state's business registration statute provides that a foreign corporation must consent to personal jurisdiction within the state as a condition of doing business."); *Lumen Techs. Serv. Grp., LLC v. CEC Grp., LLC*, 691 F.Supp.3d 1282, 1290–91 (D. Colo. Sept. 8, 2023) (refusing to find jurisdiction over a defendant registered in Colorado because "unlike *Mallory*, Colorado law is not explicit that qualification as a foreign corporation shall permit state courts to exercise general personal jurisdiction over a registered foreign corporation."); *Union Home Mortg. Corp. v. Everett Fin., Inc.*, No. 1:23 CV 00996, 2023 WL 6465171, at *3 & n.6 (N.D. Ohio Oct. 4, 2023) (same); *Simplot India LLC v. Himalaya Food Int'l Ltd.*, No. CV231612RKTJB, 2024 WL 1136791, at *9 (D.N.J. Mar. 15, 2024) (same); *Bustos v. Ryder Truck Rental, Inc.*, No. 1:23-CV-00679-

Like most states, Iowa's statutes offer no evidence that its legislature intended to equate a foreign corporation's registration with consent to jurisdiction. To begin, Iowa's foreign corporation registration statute says nothing about jurisdiction or consent: "[a] corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation." Iowa Code § 490.504(1). Iowa's long-arm statute limits personal jurisdiction over foreign corporations to claims brought by Iowans that involve a contract or tort made or performed in Iowa. Iowa Code § 617.3(2).[2] It also provides that, if the foreign corporation does not have a registered agent, the service may be made on the Iowa Secretary of State. *Id.* Thus, the Court would render the long-arm statute's nuanced jurisdictional language a surplusage if it found that registration, by itself, conferred personal jurisdiction.

Notably, no Iowa state court decision supports Kelchner's arguments to the contrary. Indeed, despite more than a century since *Pennsylvania Fire*, no Iowa court has even suggested that its foreign corporation registration statute is jurisdictional in nature. Kelchner did not identify a single case on that point either. Iowa courts—like most states—have consistently suggested that registration was simply one non-dispositive fact to consider for purposes of showing minimum

---

DHU-JHR, 2024 WL 2260786, at *7 (D.N.M. May 17, 2024) (same); *Repairify, Inc. v. Opus IVS, Inc.*, No. 05-23-00921-CV, 2024 WL 2205663, at *1 (Tex. App. May 16, 2024) (same); *Rosenwald v. Kimberly Clark Corp.*, No. 3:22-cv-04993, 2023 WL 5211625, at *6 (N.D. Cal. Aug. 14, 2023) (same).

[2] The relevant portion of the statute provides that:

> If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or if such foreign corporation commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section, and, if the corporation does not have a registered agent or agents in the state of Iowa, shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract or tort.

*Id.* This provision "must be strictly construed." *Buena Vista Manor v. Century Mfg. Co.*, 221 N.W.2d 286, 288 (Iowa 1974) ("[S]tatutes . . . setting up an extraordinary method of securing jurisdiction over nonresidents of this state must be construed strictly." (citation omitted)).

3

contacts. *See, e.g.*, *Sioux Pharm, Inc. v. Summit Nutritionals Int'l, Inc.*, 859 N.W.2d 182, 187, 189 (Iowa 2015) (noting, among other facts not supporting specific personal jurisdiction, the defendant corporation was not registered); *Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 888–89 (Iowa 2014); *see also Chrischilles v. Griswold*, 260 Iowa 453, 463 (1967) (non-resident's registration for professional license is not consent to jurisdiction).

Kelchner's cases on consent by registration, including *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990) and *Sondergard v. Miles, Inc.*, 985 F.2d 1389 (8th Cir. 1993), are all inapposite and not good law following the Supreme Court's more recent personal jurisdiction decisions. As *Mallory* shows, consent to jurisdiction, for due process purposes, requires explicit consent language. 143 S. Ct. at 2037 ("Pennsylvania law is explicit that 'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as they can over domestic corporations." (quoting 42 Pa. Cons. Stat. § 5301(a)(2)(i))).[3] For that reason, despite *Knowlton* and its progeny, courts in this circuit have declined to find consent absent such explicit language. *See, e.g.*, *Peeler v. SRG Glob. Coatings, LLC*, No. 1:23-CV-23-SNLJ, 2024 WL 4008735, at *2 (E.D. Mo. Aug. 30, 2024); *Sahm*, 705 F.Supp.3d at 933. Even before *Mallory*, some courts in this circuit found *Knowlton* was no longer good law. *See, e.g.*, *Alvarracin v. Volume Servs., Inc.*, No. 16-06115-CV-SJ-SWH, 2017 WL 1842701, at *2 (W.D. Mo. May 4, 2017) ("This Court agrees . . . *Knowlton*'s holding cannot survive in light of . . . *Daimler*."); *Beard v. Smithkline Beecham Corp.*, No. 4:15–CV–1833 RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016); *Keeley v. Pfizer Inc.*, No. 4:15CV00583 ERW,

---

[3] Two of the five justices in the majority also wrote separate concurrences and noted this key distinction. *Id.* at 2048 (Alito, J., concurring) (observing that the defendants in *Pennsylvania Fire* and *Mallory* "both [] took steps that, under the express terms or previous authoritative construction of state law, were understood as consent to the State's jurisdiction in suits on all claims, no matter where the events underlying the suit took place"); *id.* at 2046 (Jackson, J., concurring) (explaining that for "Norfolk Southern . . . , the jurisdictional consequences of registration were clear" given that Pennsylvania law "expressly link[s] 'qualification as a foreign corporation under the laws of th[e] Commonwealth' to the 'exercise [of] general personal jurisdiction'").

2015 WL 3999488, at *4 n.2 (E.D. Mo. July 1, 2015).

These Eighth Circuit decisions also did not resolve what Iowa law requires. As another court recently explained, "*Knowlton* [] was decided under Minnesota law, which provides that a 'foreign corporation shall be subject to service of process . . . [b]y service on its registered agent' without limitation to 'claims arising out of in-state activities." *Peeler*, 2024 WL 4008735, at *2 (cleaned up) (distinguishing that "Missouri has no such law"). It also did not tread a new path; Minnesota courts had already reached the same conclusion under Minnesota law. 900 F.2d at 1200 (collecting cases). *Sondergard*, meanwhile, shows that simply designating an agent for a foreign corporation consistent with a registration law would not necessarily mean consent; what controlled was the text of the registration statute. 985 F.2d at 1394. There, referencing the text of South Dakota's registration statute,[4] the defendant argued it "refers only to manner of service, rather than amenability to it." *Id.* The Eighth Circuit responded that, "[w]ere the quoted sentence to end at the semicolon, we might agree." *Id.* But it found the phrase "'can be made' . . . seems more logically to refer to limitations upon amenability to service, i.e., when service has its effect to confer jurisdiction." *Id.* And as it noted, South Dakota's Supreme Court had already found that language was jurisdictional. *Id.* (citing *Thomson v. Meridian Life Ins. Co.*, 162 N.W. 373, 376 (S.D. 1917)).

The few other, nonbinding orders that Kelchner suggests extend *Knowlton* to Iowa's laws (*Pl's Resp.* at 13) also all predate *Mallory* and, unlike *Knowlton* and *Sondergard*, fail to meaningfully analyze the text of Iowa's statutes or caselaw. Those courts found consent was *implicit* by the mere fact of compliance with Iowa's registration statute—a line of reasoning that no Eighth Circuit decision employed or supports. That approach is also error because Iowa law

---

[4] S.D. Codified Laws § 15-6-4(d)(2) (1991) ("If the action be against a foreign private corporation, [delivery of process shall constitute personal service] on the president or other head of the corporation, secretary, cashier, treasurer, a director or managing agent thereof; but such service can be made as to a foreign corporation only when it has property in this state or the cause of action arose therein, or when such service shall be made within this state personally upon the president, treasurer, secretary, or authorized agent for the service of process.").

5

cannot be extended by federal common law; "[i]t is a legislative, not judicial, function to extend or enlarge jurisdiction over foreign corporations." *Hill v. Elecs. Corp. of Am.*, 253 Iowa 581, 589 (1962). The Court should therefore reject this approach; otherwise, by Kelchner's yardstick, nearly every state would be a consent by registration state.

**B.      The Dormant Commerce Clause forecloses consent by registration schemes.**

Even if Iowa enacted an explicit consent by registration statute, it could not be enforced because it runs afoul of the Dormant Commerce Clause. A century ago, in *Davis v. Farmers Co-op Equity Co.*, the Supreme Court held that a statute allowing suit by a non-resident against a railroad company solely on the presence of its agent in the forum state violated the Commerce Clause. 262 U.S. 312, 318 (1923). There, the Minnesota long-arm statute was akin to a consent by registration law; it provided that "[a]ny foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent." *Id.* at 313–14 (citation omitted). The Supreme Court explained that "[t]his condition imposes upon interstate commerce a serious and unreasonable burden which renders the statute obnoxious to the commerce clause." *Id.* at 315. "[O]rderly, effective administration of justice clearly does not require that a foreign carrier shall submit to a suit in a State in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside." *Id.* at 317. *Davis* is on all fours with this case.

*Davis* is also just as binding today as in 1923. In *Mallory*, the Court admonished the Pennsylvania Supreme Court for ignoring an earlier decision "because, in its view, intervening decisions from [it] had 'implicitly overruled' *Pennsylvania Fire*." 143 S. Ct. at 2038 (citation omitted). As the majority explained, by "following that course, the Pennsylvania Supreme Court clearly erred." *Id.* "'If a precedent of [the Supreme Court] has direct application in a case,' as

*Pennsylvania Fire* d[id] [t]here, a lower court 'should follow the case which directly controls, leaving to th[e] Court the prerogative of overruling its own decisions.'" *Id.* (citation omitted). Indeed, Justice Alito, in his concurrence, suggested that on remand the registration statute was ripe for a challenge under the Dormant Commerce Clause. *Id.* at 2040 n.7 ("Pennsylvania's law seems to discriminate against out-of-state companies by forcing them to increase their exposure to suits on all claims in order to access Pennsylvania's market while Pennsylvania companies generally face no reciprocal burden for expanding operations into another State.").

If this Court finds that Iowa is a consent-by-registration state, *Davis*'s reasoning therefore applies. A consent by registration scheme would discriminate against out-of-state companies, like CRST Specialized, by forcing them to increase their exposure to suits on any and all claims in order to access Iowa's market while Iowa companies generally would not face a reciprocal burden for expanding operations into another State. *See* John F. Preis, *The Dormant Commerce Clause as a Limit on Personal Jurisdiction*, 102 Iowa L. Rev. 121, 138–40 (2016).[5] This Court should therefore decline to exercise general personal jurisdiction over CRST Specialized.

### C. Kelchner failed to show sufficient, claim-related contacts to establish specific personal jurisdiction.

Whether considered under the Eighth Circuit's five-factor test or other, more contemporary approaches,[6] Kelchner failed to show that the Court could exercise specific personal jurisdiction.

#### 1. CRST Specialized's Iowa contacts are minimal, incidental, and unrelated to Kelchner's IBOPA claim (*Factors I–III*).

---

[5] Indiana, where CRST Specialized is both headquartered and incorporated, is not a consent by registration state. *See, e.g.*, *United States Bank National Ass'n v. Bank of America, N.A.*, 2015 WL 5971126, at *6 (S.D. Ind. Oct. 14, 2015) (compliance with business registration statute "does not establish personal jurisdiction over [foreign] corporation"); *NExTT Solutions, LLC v. XOS Technologies, Inc.*, 71 F. Supp.3d 857, 864–66 (N.D. Ind. 2014) (registration, even with other in-state contacts, "failed to make a prima facie showing that general jurisdiction can be asserted"; otherwise "the 'at home' requirement . . . would be virtually meaningless").

[6] The Iowa Supreme Court has explained that while the factors retain their relevancy, they no longer provide a useful analytical framework for determining personal jurisdiction under current case law." *Cap. Promotions, L.L.C. v. Don King Prods., Inc.*, 756 N.W.2d 828, 834 (Iowa 2008).

7

Many of Kelchner's allegations are contradicted by CRST Specialized's sworn affidavits. *Compare*, *Pl's Resp.* at 16 ("[M]ost of its senior leadership is based in Iowa and shares a Cedar Rapids office with the other CRST Defendants."), *with*, ECF No. 28-2, ¶ 3 ("All its physical facilities are also located in Fort Wayne."), ¶ 7 ("CRST Specialized does not have a physical presence in Iowa."), ¶ 8 ("CRST Specialized['s] . . . leadership team, fleet managers (i.e., dispatchers), and other operational and support staff, [] live in and work out of . . . Fort Wayne."). Other allegations are well-removed from the claims period. *See Pl's Resp.* at 17 (citing 2015 invoice with Iowa area code).[7] But even if his allegations could be credited, he fails to show how these alleged contacts relate to his IBOPA claims against CRST Specialized. He does not allege that he "felt the brunt of that harm in Iowa," "Iowa was [] the focal point of the tortuous activity," or CRST Specialized "expressly aimed the alleged tortuous conduct at Iowa." *Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006).

Without any claim-specific contacts for CRST Specialized, Kelchner instead points to CRST Specialized's Iowa-based sister and parent companies. Here, Kelchner overstates the holding in *Anderson v. Dassault Aviation*, 361 F.3d 449, 452–53 (8th Cir. 2004) by arguing that "personal jurisdiction may be proper where two corporate family members share a 'close, synergistic relationship.'" *Pl's Resp.* at 17. The Eighth Circuit later clarified that such a relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent, but instead is relevant to whether the parent has its own contacts with the forum. *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596

---

[7] Notably, CRST Specialized's phone number on its current public filings with the FMCSA shows an Indiana area code. *See* FMCSA, *Company Snapshot: CRST Specialized Transportation, Inc.* (last visited Nov. 27, 2024), https://safer.fmcsa.dot.gov/query.asp?query_type=queryCarrierSnapshot&query_param=USDOT&query_string=1278850.

(8th Cir. 2011).[8] To that end, courts have found that ties between entities like shared presidents, company names, and logos are not sufficient to establish personal jurisdiction. *See, e.g.*, *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman).

> ### 2.     Iowa has little interest in policing a Florida resident's contract with an Indiana company (*Factor IV*).

Kelchner argues that Iowa "has a strong interest in providing a forum for resident Drivers." *Pl's Resp.* at 19. But putative class members are not "parties" for jurisdictional purposes, *In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases), and given Kelchner's Florida-residency and his travel to Indiana to contract with CRST Specialized, Iowa has no interest in providing him a forum. *See Foscato v. Chaparral Boats, Inc.*, No. 2:21-4240-NKL, 2022 WL 1322642, at *5 (W.D. Mo. May 3, 2022) ("Missouri's interest in the litigation is diminished because none of the parties are Missouri citizens."); *O'Grady v. Johnson*, No. CIV 05-2203 JNE/JJG, 2006 WL 2403579, at *7 (D. Minn. Aug. 18, 2006) (Minnesota "has no such interest in providing a forum for litigation brought by a non-resident plaintiff"). Kelchner also ignores that other states may have a stronger interest in enforcing their own laws—for example, Indiana has an interest in enforcing its own Business Opportunities Transactions Act, Ind. Code § 24-5-8-1, for contracts made in Indiana with an Indiana company.

> ### 3.     All relevant witnesses for CRST Specialized live and work outside of Iowa (*Factor V*)

Finally, Kelchner argues this Court is a convenient forum. But here he cites the convenience of the personnel of CRST Specialized's parent company and the Co-Defendants, not

---

[8] *See also Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S. Inc.*, 196 F.Supp.3d 985, 991 (D. Minn. 2016) ("The Eighth Circuit has cautioned against overreliance on *Anderson*."); *Arnold v. AT&T, Inc.*, 874 F.Supp.2d 825, 835 (E.D. Mo. 2012) (same).

9

himself (a Florida resident) or CRST Specialized, the moving party and an Indiana citizen. *Pl's Resp.* at 20. But CRST Specialized facilities are in Fort Wayne, Indiana; it has no physical presence in Iowa. ECF No. 28-2, ¶¶ 3, 7. Moreover, its employees, including its "leadership team, fleet managers (i.e., dispatchers), and other operational and support staff," are based out of Fort Wayne or one of its distribution facilities—none of which are in Iowa and the presumptive key defense witness relevant to Kelchner's claims against CRST Specialized, his recruiter, also does not live or work in Iowa. *Id.*, ¶ ¶ 8, 19. Thus, Iowa is not a convenient forum for CRST Specialized.

###### D. Kelchner's request for jurisdictional discovery should be denied because the necessary facts to resolve this motion are not in dispute.

Jurisdictional discovery is not warranted unless the necessary facts "are either unknown or can be genuinely disputed." *Jesski v. Dakota, Minnesota & E. R.R. Corp.*, No. 19-CV-2070-CJW-MAR, 2020 WL 3913528, at *5 (N.D. Iowa July 10, 2020). Moreover, "[t]here is no requirement that jurisdictional discovery be permitted where a plaintiff merely suspects supportive facts might be revealed." *Goellner-Grant v. Platinum Equity LLC*, 341 F.Supp.3d 1022, 1030 (E.D. Mo. 2018). While Kelchner suggests a number of facts about CRST Specialized are "key" and "shielded from public view"—including its relationship with the Co-Defendants and the location of its witnesses—he never explains how those facts would change the outcome of this motion. *See Pl's Resp.* at 17. CRST Specialized also provided many of those facts in its motion by way of affidavits. *See generally* ECF Nos. 28-2–28-4. Discovery is not "warranted . . . merely to 'test the veracity' of the affidavits." *Jesski*, 2020 WL 3913528, at *5. None of the pertinent facts here are reasonably in dispute, and the Court should therefore deny Kelchner's request.

### III. CONCLUSION

Kelchner is a Florida resident who traveled to Indiana to contract with an Indiana corporation. For the reasons set out in this reply brief and those explained in CRST Specialized's motion, the Court should dismiss CRST Specialized because it lacks personal jurisdiction over it.

Dated: November 27, 2024   Respectfully submitted,

*/s/ James H. Hanson*

James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant*
*CRST Specialized Transportation, Inc.*

11