**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, | CASE NO. 1:24-cv-00082-CJW-KEM |
| Plaintiff(s), | Honorable Judge C.J. Williams |
| vs. | |
| CRST Expedited, Inc., CRST Specialized Transportation, Inc. CRST Lincoln Sales, Inc. and John Smith, an individual | |
| Defendant(s). | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**SUR-REPLY IN RESISTENCE TO**
**DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S**
**MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION**
**OR, IN THE ALTERNATIVE, FOR ORAL ARGUMENT**

Plaintiff, Harley Kelchner, respectfully moves for leave to file a 5-page sur-reply in resistance to Defendant CRST Specialized Transportation Inc.'s ("CRST Specialized") Motion to Dismiss for Want of Personal Jurisdiction (ECF No. 28), or, in the alternative, for oral argument, to address new and misleading arguments raised in CRST Specialized's reply brief (ECF No. 42) ("Reply"). Per Local Rule 5A(g)(5), Plaintiff's proposed sur-reply accompanies this motion.

Plaintiff met and conferred with Defendants and provided a copy of the proposed sur-reply in advance of filing. Defendants did not consent to Plaintiff's requested relief.

"[F]ederal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief." *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd*., 491 F. Supp. 2d 871, 878 (D. Minn. 2007). "Per Local Rule 7(g), the Court may only consider a party's reply to newly-decided authority or new and unanticipated arguments—not new arguments." *Mercy Health Servs.-Inc v. Efstratiadis*, 579 F. Supp. 3d 1096, 1116 n.15 (N.D. Iowa 2022). This rule "exists to ensure that parties are able to respond to opposing counsel's argument and evidence offered in support thereof through the Court's standard briefing process." *Epstein Constr. v. Modern Piping*, No. 19-CV-106-CJW-KEM, 2022 U.S. Dist. LEXIS 23089, at *55 n.15 (N.D. Iowa Feb. 9, 2022).

There has been no newly-decided authority, and all of Plaintiff's arguments should have been anticipated, given that they are premised on well established, binding precedent. Yet CRST Specialized's reply brief raises numerous arguments that it failed to raise in its opening brief and/or that are materially misleading under applicable law. These arguments include (1) CRST Specialized's characterization of the Supreme Court's holding in *Mallory v. Norfolk S. Ry*., 600 U.S. 122 (2023), its impact on Eighth Circuit precedent, and the requirements of Iowa law, (2) CRST Specialized's argument that Iowa's foreign corporation registration statute violates the Constitution's commerce clause, and (3) CRST Specialized's argument that jurisdictional

1

discovery is unnecessary because "[n]one of the pertinent facts here are reasonably in dispute," while simultaneously acknowledging numerous factual disputes.

Accordingly, Plaintiff requests leave to file the accompanying sur-reply, which addresses CRST Specialized's new and misleading arguments. This will ensure the Court resolves the Motion to Dismiss on a complete and accurate record. In the alternative, Plaintiff requests oral argument.

Dated: December 11, 2024

Respectfully Submitted,

**SHINDLER, ANDERSON, GOPLERUD & WEESE P.C.**

/s/ *J. Barton Goplerud*
J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

/s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan (*pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Ave #310
San Rafael, CA 94901
Ph: (415) 233-7100
rsb@boulter-law.com

*Attorneys for Kelchner and the Putative Class*

2