# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiff(s), <br><br> vs. <br><br> CRST Expedited, Inc., CRST Specialized Transportation, Inc. CRST Lincoln Sales, Inc. and John Smith, an individual <br><br> Defendant(s). | CASE NO. 1:24-cv-00082-CJW-KEM <br><br> Honorable Judge C.J. Williams |

**PLAINTIFF'S SUR-REPLY IN RESISTENCE TO
DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S
MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION**

As Plaintiff noted in his Resistance to Defendant CRST Specialized Transportation, Inc.'s Motion to Dismiss for Want of Personal Jurisdiction (ECF No. 40), CRST Specialized Transportation, Inc. ("CRST Specialized") elected to ignore the voluminous Supreme Court, Eighth Circuit, and Northern District of Iowa caselaw holding that registering to transact business in a state and appointing a registered agent in a state—as CRST Specialized has done in Iowa—is sufficient to confer personal jurisdiction on courts located in that state. Resistance at 8 n.3. CRST Specialized therefore addresses this caselaw for the first time in Reply. (ECF No. 42). However, in doing so, it grossly mischaracterizes the Supreme Court's holding in *Mallory v. Norfolk S. Ry.*, 600 U.S. 122 (2023), its impact on Eighth Circuit precedent, and the requirements of Iowa law. CRST Specialized also raises, for the first time in its Reply, an argument that Iowa's foreign corporation registration statute violates the United States Constitution's commerce clause. This argument is both procedurally improper and meritless. Finally, CRST Specialized argues that jurisdictional discovery is unnecessary because "[n]one of the pertinent facts here are reasonably in dispute," while simultaneously acknowledging numerous factual disputes.

For the following reasons, and the reasons stated in Plaintiff's Resistance, CRST Specialized's Motion to Dismiss (ECF No. 28) should be denied.

**First**, CRST Specialized argues that *Mallory* imposes an "explicit consent" requirement on consent-by-registration statutes, absent which they would violate the due process clause. Reply at 1–6. *Mallory* did no such thing. *Mallory* rejected a due process challenge to Pennsylvania's statutory scheme that *merely happened to contain* an express consent provision. As the Supreme Court made clear, it was not breaking new ground but simply applying long-settled precedent—*Pennsylvania Fire. Mallory*, 600 U.S. at 133–35, 146 ("*Pennsylvania Fire* controls this case"). *Pennsylvania Fire* did not involve an express consent statute. Rather, like here, the defendant had

1

simply registered to do business in a state and appointed an agent for service of process there, which conferred jurisdiction on courts in that state. *Pa. Fire Ins. Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 95 (1917) (a question so well settled, even in 1917, that it "hardly leaves a constitutional question open"). Later Supreme Court cases applying *Pennsylvania Fire* are in accord. *See, e.g.*, *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 170 (1939) (registering to do business and appointing an agent for service of process in a state, "constituted consent to be sued in the federal court" there). Indeed, the *Mallory* majority rejected the very notion that the consent must be express—"neither *Pennsylvania Fire*, nor our later decisions applying it, nor our precedents approving other forms of consent to personal jurisdiction have ever imposed some sort of '***magic words***' requirement." *Mallory*, 600 U.S. at 136 n.5 (emphasis added). Simply put, the Supreme Court in *Mallory* nowhere held, suggested, or even implied that only express consent statutes pass constitutional muster. That question was not even before the Court.

Similarly inappropriate, CRST Specialized argues that this Court should disregard *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990) and *Sondergard v. Miles*, 985 F.2d 1389 (8th Cir. 1993), which it claims are now "inapposite and not good law" in the wake of *Mallory*. Reply at 4. This argument is premised on Defendant's mischaracterization of *Mallory* – which actually supports (rather than undermines) the Eighth Circuit's holdings in *Knowlton* and *Sondergard*. The Court should reject Defendant's invitation to commit "fundamental error" by disregarding binding precedent. *See United States v. Dat*, No. 8:22-CR-147, 2024 U.S. Dist. LEXIS 48998, at *6 (D. Neb. Mar. 20, 2024) (quoting *M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008)); *Barakat v. Frontier Just. KCMO, LLC*, No. 4:21-cv-00934-RK, 2022 U.S. Dist. LEXIS 142288, at *5-6 (W.D. Mo. Aug. 10, 2022) (explaining that court must follow Eighth Circuit precedent "even if a later decision arguably undermines some of its

2

reasoning" (quoting *Bierman v. Dayton*, 900 F.3d 570, 574 (8th Cir. 2018)); *Valspar Corp. v. Ppg Indus.*, No. 16-cv-1429 (SRN/SER), 2017 U.S. Dist. LEXIS 123501, at *9 (D. Minn. Aug. 4, 2017) (district court bound to apply circuit precedent "*even if* the district court is of the opinion that the circuit court decision misapplied the law, or conflicts with Supreme Court precedent") (emphasis in original).

Next, CRST Specialized argues that Iowa's foreign registration statute does not equate to consent to jurisdiction, which it suggests is required after *Mallory*. Reply at 3. But again, this argument is premised on Defendant's mischaracterization of *Mallory's* holding and likewise ignores Eighth Circuit precedent. Iowa requires foreign corporations doing business in the state to register with the Iowa Secretary of State and designate a registered agent. IOWA CODE § 490.1503(1)(d). Iowa makes the purpose of the registered agent explicit: "The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation." IOWA CODE § 504.1510(1). Lest there be any doubt, the Eighth Circuit has made clear that "[t]he whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts." *Knowlton*, 900 F.2d at, 1199; *accord Sondergard*, 985 F.3d at 1393.[1]

---

[1] While CRST Specialized argues that the Minnesota and South Dakota registration statutes at issue in *Knowlton* and *Sondergard* materially differ from Iowa's, it fails to identify any such difference. In truth, they are remarkably similar. *See Spanier v. Am. Pop Corn Co.*, No. C15-4071-MWB, 2016 U.S. Dist. LEXIS 50071, at *13 n.3 (N.D. Iowa Apr. 14, 2016) ("Iowa's law governing foreign corporations is almost identical to that of Minnesota and South Dakota, the state laws at issue in *Knowlton* and *Sondergard*"). The South Dakota statute at issue in *Sondergard*, for instance, permitted service on a foreign corporation through an "authorized agent for the service of process," which the Eighth Circuit found was sufficient to establish personal jurisdiction over the foreign corporation, "even if the cause of action arose outside the state." *Sondergard*, 985 F.3d at 1394 (quoting S.D. CODIFIED LAWS § 15-6-4(d)(2)). The Eighth Circuit noted that registration statutes

3

**Second**, citing *Davis v. Farmers Co-op Equity Co.*, 262 U.S. 312, 318 (1923), CRST Specialized argues that Iowa's business registration statute is unconstitutional under the dormant commerce clause. Reply at 6. The Court should disregard this argument, which CRST Specialized failed to raise in its opening brief. *See Mercy Health Servs.-Inc v. Efstratiadis*, 579 F. Supp. 3d 1096, 1116 n.15 (N.D. Iowa 2022) (under Local Rule 7(g), "the Court may only consider a party's reply to newly-decided authority or new and unanticipated arguments—not new arguments").

To the extent the Court nevertheless considers the argument, it should reject it. The Supreme Court has "emphasized that *Davis* was 'confined narrowly within the bounds of its own facts.'" *Matthews v. BNSF Ry. Co.*, No. 16-03211-CV-S-RK, 2016 U.S. Dist. LEXIS 188045, at *10 n.1 (W.D. Mo. Sep. 30, 2016) (quoting *Int'l Milling Co. v. Columbia Transp.* Co., 292 U.S. 511, 517 (1934)). In *Davis*, unlike here, the defendant was not registered to do business in the state, nor had it formally appointed a registered agent for service of process. Rather, it merely maintained "an agent for solicitation of traffic" there. *Davis*, 262 U.S. at 314. As the Supreme Court reiterated in *Mallory*, these types of "formalities" matter and the Supreme Court has long attached jurisdictional consequences to them. *Mallory*, 600 U.S. at, 144–45 & n.10.

Indeed, in less than a decade after *Davis*, the Supreme Court rejected a commerce clause challenge to personal jurisdiction raised by a defendant that, like CRST Specialized, was merely registered to do business in the state, and maintained an agent and a single office there. *Denver & R. G. W. R. Co. v. Terte*, 284 U.S. 284, 286–87 (1932). Noting *Davis*'s narrow scope, numerous recent decisions have rejected the very dormant commerce clause CRST Specialized raises in its reply. *See, e.g.*, *Matthews*, 2016 U.S. Dist. LEXIS 188045, at *10 n.1; *Sloan v. Burist*, No. 2:22-

---

"can be limited to claims arising out of in-state activities," but South Dakota's, like Iowa's here, was not so limited. *Id.* at 1393.

4

cv-00076-LGW-BWC, 2023 U.S. Dist. LEXIS 199056, at \*18–20 (S.D. Ga. Nov. 6, 2023) (citing *Denver & R. G. W. R. Co.*, 284 U.S. at 287) (rejecting commerce clause challenge to consent-by-registration statute because, "[l]ike [the *Denver* defendant], Mayflower is licensed to business in Georgia and transacts business within the state.").

**Third**, citing its self-serving affidavits, CRST Specialized argues that jurisdictional discovery should be denied because "[n]one of the pertinent facts here are reasonably in dispute." Reply at 10. Not so—a mere two pages earlier, CRST Specialized argues that "[m]any of Kelchner's allegations are contradicted by CRST Specialized's sworn affidavits." *Id.* at 8. The fact is, the limited publicly available information all overwhelmingly supports the existence of jurisdiction here, including the Defendants' Iowa registration materials, the Defendants' joint website, the Defendants' joint press releases (disclosing their numerous joint officers), and the Defendants' joint advertisements pitching the Driving Opportunity scheme. But details that would further support jurisdiction remain shielded from public view, such as where, how, and by whom the Driving Opportunity scheme was concocted, the roles of the different Defendants in carrying it out, and the degree of control exerted by the parent entities over their subsidiary CRST Specialized. To the extent that this Court considers Defendant's affidavits, jurisdictional discovery is appropriate to answer these questions and resolve the evidentiary contradictions CRST Specialized acknowledges exist. *See, e.g.*, *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (finding jurisdictional discovery appropriate where an evidentiary dispute exists, rather than mere speculation or conclusory allegations).

5

Dated: December 11, 2024

Respectfully Submitted,

**SHINDLER, ANDERSON, GOPLERUD & WEESE P.C.**

/s/ *J. Barton Goplerud*
J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

/s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan (*pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Ave #310
San Rafael, CA 94901
Ph: (415) 233-7100
rsb@boulter-law.com

*Attorneys for Kelchner and the Putative Class*

6