| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-00082-CJW-KEM |
| Plaintiffs, | Honorable Judge C.J. Williams |
| v. | |
| CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, CRST SPECIALIZED TRANSPORTATION, INC., TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, CRST Specialized Transportation, Inc. ("CRST Specialized"), pursuant to Fed. R. Civ. P. 8(b) and for its answer to Plaintiff's Class Action Complaint (ECF No. 1) ("Complaint"), denies every allegation of the Complaint except those specifically admitted as being true.

**INTRODUCTION**

1.      This class action lawsuit is brought against trucking companies CRST Expedited, Inc. (d/b/a CRST The Transportation Solution Inc.) and its affiliate/subsidiary CRST Specialized Transportation, Inc. (collectively, and to include other CRST Expedited, Inc. affiliates/subsidiaries, "CRST Trucking"), their affiliate CRST Lincoln Sales, Inc. ("CRST Lincoln Sales") and their principal owner and director John Smith (Smith) and arises out of CRST Trucking's "lease-driver" business opportunity program (the "Driving Opportunity") whereby certain of its truck drivers ("Drivers") leased trucks from CRST Lincoln Sales and simultaneously agreed to provide driving services to CRST Expedited, Inc or any of its divisions/subsidiaries utilizing such trucks. Drivers

1

are licensed commercial drivers responsible for safely operating a commercial vehicle and transporting CRST Trucking's customers' cargo.

**ANSWER**: CRST Specialized admits that Plaintiff seeks to bring this action on behalf of himself, individually, and all others similarly situated who have provided driving services to CRST Specialized while leasing trucks from CRST Lincoln Sales. CRST Specialized denies that Plaintiff's claims have any merit, denies that Plaintiff is entitled to any relief, and denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2. To be clear, this class lawsuit is intended to challenge all forms of the Driving Opportunity directly or indirectly implemented by and at the behest of CRST Expedited, Inc. and/or utilizing the Drivers.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Plaintiff Harley Kelchner (hereinafter, "Kelchner") and the members of the putative Class ("Drivers") are current and former Drivers for CRST Trucking and lessees of CRST Lincoln Sales.

**ANSWER**: CRST Specialized admits that Kelchner entered into an Independent Contractor Operating Agreement with CRST Specialized in March 2022. CRST Specialized is without sufficient information to either admit or deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4. In connection with the offer, sale, and/or operation of the Driving Opportunity, Defendants violated the Iowa Business Opportunity Promotions Law, Iowa Code Ch. 551A et seq.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

2

5. Kelchner was a Driver from approximately March 2, 2022 to the present. Kelchner seeks to certify an appropriate class action under Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER**: CRST Specialized admits that Plaintiff seeks to certify a class action under Rule 23, but CRST Specialized specifically denies that Plaintiff is entitled to class certification. CRST Specialized admits the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Kelchner seeks the remedies afforded by Iowa Code § 551A.8 including rescission, damages, interest, equitable, and injunctive relief, as well as available attorneys' fees and costs on behalf of himself and the Drivers.

**ANSWER**: CRST Specialized admits that Plaintiff seeks remedies but denies that Plaintiff's claims have any merit, denies that Plaintiff is entitled to any relief, and denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the putative class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which at least one member of the putative Class, on the one hand, and Defendant, on the other, are citizens of different states.

**ANSWER**: CRST Specialized is without sufficient information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint, and, therefore, denies the same.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as CRST Trucking and CRST Lincoln Sales have their headquarters and offices, conduct business, and can be found in the District, and the causes of action set forth herein have arisen and occurred in part

3

in the District. Venue is further proper under 29 U.S.C. § 1132(e)(2) because CRST Trucking has substantial business contacts within the state of Iowa and in this District. Defendant Smith is also a resident of the district.

**ANSWER**: CRST Specialized admits that venue is proper in this Court for CRST Expedited and CRST Lincoln Sales only because they are at home in this state for purposes of 28 U.S.C. § 1391(b). CRST Specialized denies that this Court has personal jurisdiction over CRST Specialized and denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Kelchner's claims occurred in this judicial district.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

## PARTIES

10. Plaintiff Harley Kelchner is a resident of the State of Florida.

**ANSWER**: On information and belief, CRST Specialized admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Kelchner performed work as a Driver for CRST Trucking from approximately March 2022 to the present. Kelchner regularly engaged in CRST Trucking's business in various locations, including within this judicial district.

**ANSWER**: CRST Specialized admits Plaintiff signed an Independent Contractor Operating Agreement with it in March 2022. CRST Specialized admits Plaintiff performed services for it throughout the country, but denies that that this Court has personal jurisdiction over it and denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

4

12. Kelchner is informed, believes, and thereon alleges that CRST Expedited, Inc. is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. During the relevant time period, CRST Expedited was and is engaged in business throughout the United States, including in Iowa. CRST Trucking's primary business consists of providing transportation services to various clients.

**ANSWER**: CRST Specialized is without sufficient information to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. Kelchner is informed, believes, and thereon alleges that CRST Specialized Transportation, Inc. is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. During the relevant time period, CRST Specialized was and is engaged in business throughout the United States, including in Iowa. Upon information and belief, CRST Specialized is a wholly owned subsidiary of CRST Expedited and its primary business consists of providing transportation services to various clients.

**ANSWER**: CRST Specialized admits that it is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. CRST Specialized admits that it was and is engaged in business throughout the United States, but denies it has any material contacts with Iowa sufficient to allow this Court to exercise personal jurisdiction over it. CRST Specialized denies the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Kelchner is informed, believes, and thereon alleges that CRST Lincoln Sales, Inc. is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. During the relevant time period, CRST Lincolns Sales was and is engaged in business throughout the United States, including in Iowa. Upon information and belief, CRST Lincoln Sales is a wholly owned subsidiary of CRST Expedited and its primary business consists of leasing trucks to Drivers.

5

**ANSWER**: CRST Specialized is without sufficient information to either admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15.     Kelchner is informed, believes, and thereon alleges that John Smith is an Iowa resident with his primary place of business in Cedar Rapids, Iowa. During the relevant time period, John Smith was and is engaged in business throughout the United States, including in Iowa. Smith is the primary owner and a director of all Defendants. In connection with the matters alleged herein, Defendant John Smith resides or has transacted business in this District. At all times material to this Complaint, acting alone or in concert with others, Defendant John Smith has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the other Defendants, including the acts and practices set forth in this Complaint. Defendant John Smith resides in the District of Iowa, or in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

**ANSWER**: CRST Specialized is without sufficient information to either admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint, and, therefore, denies the same.

<u>**COMMON ENTERPRISE**</u>

16.     CRST Expedited, Inc. (D/B/A **CRST The Transportation Solution Inc.)** and CRST Specialized Transportation, Inc. (collectively, "CRST Trucking"), CRST Lincoln Sales, Inc. ("CRST Lincoln Sales") are all closely held companies that have operated and functioned as a common enterprise while engaging in the deceptive acts and practices and other violations of law alleged in this Complaint. They have conducted the business practices described below as an interrelated network of companies that have common ownership, control, officers, directors, members, managers, office locations, customer databases, and mailing addresses. Also, upon information and belief, the Corporate Defendants co-mingle funds and rely on a shared method to

6

identify potential customers (e.g. Drivers) through lead referrals, to sell their products and services to Drivers through common telemarketing and recruiting staff, bill customers and Drivers through a common billing department, and handle Driver dispatching and other elements of customer service through a common staff. Because these Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices described in this Complaint. Furthermore, Defendant together with the corporate defendants has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

## **GENERAL ALLEGATIONS**

17.      Kelchner re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**ANSWER**: CRST Specialized reincorporates, by reference, its responses to the preceding paragraphs set forth in this Answer.

18.      In order to induce Drivers to purchase the Driving Opportunity and defraud them out of their labor and money, CRST Trucking and Smith, from within Iowa, directed and implemented a fraudulent scheme. The scheme involved running hundreds of nation-wide internet ads advertising available "lease purchase" opportunities. For example, attached as Exhibit A is an ad found on LinkedIn jobs placed by CRST The Transportation Solution, Inc.[1] stating:

> CRST Specialized Solutions is one of the nation's largest transportation companies, providing total transportation solutions and comprehensive logistics services to customers all over North America. We are looking for independent contractors (Lease Purchase) that would enjoy hauling specialty freight across the country.

---

[1] This is a dba of defendant CRST, Expedited, Inc.

- Lease Purchase Positions
- Solo or Team
- One-Three weeks out, Home time is up to you
- Solos earn up to $190,000+
- $1.79 CPM- fluctuates as fuel surcharge changes
- Teams earn up to $350,000+
- $1.89 CPM – fluctuates as fuel surcharge changes
- Up to a $4k Sign on Bonus
- Manual or Automatic Transmission trucks
- Freight assistance loading and unloading
- Tolls are 100% paid

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Attached as Exhibit B is another such ad stating:

Lease purchase

CRST's industry-leading $0 Down Lease Purchase Program supports you at every step of the way from driver to business owner. It's a career overhaul designed to generate profit and get you in the mindset of a small business owner. We're going strong with half a century of success, and we don't intend on slowing down anytime soon. Low payments—no credit check required! Program participants are entitled to:
- Well-maintained, late-model Freightliner Columbia
- Series 60 14.0-liter Detroit engine, Straight 10 transmissions, Jake Brakes, and 72" raised-roof sleepers
- Guaranteed bumper-to-bumper maintenance
- Consistent hometime
- 99% no-touch, 80% drop-and-hook freight
- Zero-charge trailers at a 2:1 trailer-to-tractor ratio
- Best-in-class safety program, including driver-decision shut-down policy

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Exhibit C contains another such ad stating in pertinent part:

COMPANY OVERVIEW:
CRST Expedited is Looking for Truck Drivers of All Experience Levels!
- Recent Graduates - Tuition Reimbursement!
- Experienced - Earn more as a Lead Driver and Train your own partner!
- Students - Sponsored Class CDL A with job placement!

8

• Military Veterans - Earn your Class A CDL with our New Apprenticeship Program!
Call for details! 866-735-1375

CRST Expedited, Inc. is the nation's largest team carrier and has been recognized as one of the top dry van companies in America. We are extremely proud of our company's reputation, which exceeds 50 years, and believe that our success can be attributed to the professional drivers we employ and the excellent staff and management team that cares about our drivers. As the largest team carrier in the nation, we offer more miles, more money, and guaranteed hometime! We are committed to hiring qualified individuals who are dedicated to driving safely and meeting the needs of our customers. We have opportunities for experienced teams, experienced OTR driver trainers, Owner Operator teams, Lease Purchase teams, recent school graduates, or those looking for a company sponsored training program. Drivers are the foundation of CRST. In our Gold Rules culture, we recognize that our drivers are the most important part of our business. Your success is vital to our company's success! We are committed to respecting our drivers, responding to issues, and resolving problems to the best of our ability.

***

Lease Purchase Program
Are you a professional driver passionate about taking your career to the next level? If you have 6 months recent CDL Aver the road driving experience, a good work history, and safety record you may qualify for CRST's Lease Purchase program!
• No Credit Check, No Money Down
• Low truck payments
• Low Deadhead, No Forced Dispatch
• Lucrative percentage pay package - Double your Profits!
• Aggressive fuel discounts
• Guaranteed Hometime
• Currently Leasing Freightliner Columbias & Cascadias 2013-2014

CRST offers 70% of revenue plus 97% fuel surcharge- current fleet earns on average $1.45 per mile to the contractor. CRST offers opportunities for teams, solos, lead drivers, and dedicated lanes in certain markets. As a Lease Purchase driver you can double your miles by training a CRST driving school graduate or hiring a co-driver from our fleet. Call one of our Lease Purchase Specialists with over 25 years of trucking experience! 866-836-2691.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 20 of

Plaintiff's Complaint.

9

21.     In consistent fashion, CRST advertises its lease purchase program on its website[2] with the following verbatim statements that bring it within the Iowa Business Opportunity Promotions Act:

> YOU'RE IN THE DRIVER'S SEAT AT CRST!
> LEASE PURCHASE DRIVERS EARN AN AVERAGE OF $215,000/YEAR
> NO CREDIT CHECK; $0 DOWN PAYMENT
> GUARANTEED BUMPER-TO-BUMPER MAINTENANCE & REPAIRS
> WALK-AWAY LEASES
>
> LEASE PURCHASE
>
> Experienced, over-the-road Class-A CDL drivers have the opportunity to join our highly profitable CRST Contractors Lease Purchase Program and work towards ownership of your own pre-owned truck.
> Average CRST Lease Purchase drivers earn six-figure pay.
> When you partner with CRST, you will be supported by all of CRST, including our terminals and shops, tools, and optional benefit programs. If you like the idea of owning your own business, we support and want to partner with you.
>
> WHY LEASE PURCHASE?
>
> $0 money down
> No credit check
> Low truck payments
> Sign-on bonuses available
>
> WHAT'S YOUR NEXT HAUL?
>
> At CRST, we offer excellent options for both team and solo drivers with multiple freight types. Find the route right for you and earn record breaking revenue.
> Call a recruiter for more information! 866-660-1453.
>
> SPECIALIZED DRIVERS
>
> Our specialized drivers get the opportunity to haul high-value products, such as beautiful museum exhibits, advanced technology and more. Begin in our entry-level High Valued Products Fleet and work your way up to one of our Specialty Fleets. We offer a unique compensation package that combines mileage pay and handling pay.

---

[2] https://crst.com/driving-careers/leasepurchase/

In CRST's Specialized Transportation division, we have an incredibly low turnover rate and the average driver tenure is 10 years. We also have the best team, so you'll always feel supported. Our top teams earn $480,000 per year!

FLATBED DRIVERS

CRST's owner operators are not afraid to get their hands dirty-they are tough and committed to building on our extensive history that dates back decades. We have mutual trust; they're free to drive how they want. Now, you can be free, too. Choose the lanes and routes that work best for you. Our flatbed freight includes metal products, building construction products, machinery, over-dimensional and overweight freight, like roller coasters.

Boost your potential earnings with CRST Flatbed, known for strength, stability, and success.

We now offer one week flatbed training!

No experience needed to take the one week Flatbed Securement Certification Course. Flatbed contractors can earn up to $325,000/year!"

Benefits
Current average linehaul $3.60/mile
Line Haul Rates - Up to 75% of the linehaul
Load Board
100% of Fuel Surcharge, Detention & Tarping Pay
No Forced Dispatch
Choose Your Home Time
Medical, Dental, and Vision Insurance
Payments As Low As $425/Week
Late Model Cascadias

DRYVAN

Check out our team driving opportunities, and get the chance to average $200,000/year as an expedited team, and mentors can earn up to $150,000/year. Our freight is almost entirely No Touch and Drop and Hook. It's also mostly single pick-up, single delivery, and customer-handled. This means you will spend the majority of your time behind the wheel, earning more money!

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Once in the Driving Opportunity, Drivers were financially dependent upon and controlled by CRST Trucking. CRST Trucking had the right to control Drivers, because, among

other things, CRST Trucking decided the rates drivers will be paid, the customer loads they will transport, and Drivers were unable to work for others since CRST Trucking had the exclusive possession, control and use of each Drivers' vehicle during the term of the lease and the Drivers were required to be available for service upon demand of the CRST Trucking.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. CRST Trucking charged Drivers by way of deductions or set offs against their compensation for purported Workers' Compensation/Occupational insurance premiums and, upon information and belief, CRST Trucking improperly charged the Drivers more than CRST Trucking actually paid for such coverage on their behalf.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. CRST Trucking charged Drivers by way of deductions or set offs against their compensation for various types of other insurance (liability, collision, etc.) and, upon information and belief, CRST Trucking improperly charged the Drivers more than CRST Trucking actually paid for such insurance coverages.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. CRST Trucking charged Drivers by way of deductions or set offs their compensation for tolls and, upon information and belief, CRST Trucking improperly charged the Drivers more than CRST Trucking actually paid for tolls.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. CRST Trucking charged Drivers by way of deductions or set offs against their compensation for fuel and, upon information and belief, CRST Trucking improperly charged the Drivers more than CRST Trucking actually paid for fuel and/or failed to pass along discounts and fuel surcharges collected.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. CRST Trucking charged Drivers by way of deductions or set offs against their compensation for fuel tax and, upon information and belief, CRST Trucking improperly charged the Drivers more than CRST Trucking actually paid for fuel tax.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. CRST Trucking charged Drivers by way of deductions or set offs against their compensation for Electronic Fund fees (EFS charges) and, upon information and belief, CRST Trucking improperly charged the Drivers more than CRST Trucking actually paid for EFS charges.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. CRST Trucking charged Drivers by way of deductions or set offs against their compensation for truck and trailer maintenance escrows and repairs without authorization, in excessive amounts, and without providing supporting documentation.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. CRST Trucking charged Drivers by way of deductions or set offs against their pay miscellaneous expenses without authorization and in excessive amounts.

13

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     CRST Trucking collected fuel surcharges from shipping customers which it was supposed to pass along to the Drivers but, upon information and belief, CRST Trucking improperly retained all or part of those surcharges despite the Drivers incurring the cost of fuel.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     Upon information and belief, Defendants have sold in excess of two thousand Driving Opportunities in the past 3 years.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

33.     Kelchner seeks to maintain his Iowa state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In particular, Kelchner seeks to certify the following Rule 23 Class:

> All current and former Drivers who leased trucks from CRST Lincoln and drove for CRST Trucking in any week within the United States at any time during the period beginning three years prior to the filing of this Complaint, and continuing through the resolution of this action.

**ANSWER**: CRST Specialized admits that Plaintiff seeks to bring this action on behalf of himself and the proposed defined class and seeks to certify this proposed class. However, CRST Specialized denies class treatment is proper, denies that Plaintiff is entitled to any relief, and denies the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Excluded from the Rule 23 Class are CRST Trucking, CRST Trucking's legal representatives, officers, directors, assigns and successors, or any individual who has, or who at

14

any time during the class period has had, a controlling interest in CRST Trucking; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

**ANSWER**: CRST Specialized admits that Plaintiff seeks to bring this action on behalf of himself and the proposed defined class and seeks to certify this proposed class. However, CRST Specialized denies that class treatment is proper, denies that Plaintiff is entitled to any relief, and denies the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Kelchner seeks to serve as a Class Representative for the above-defined Class.

**ANSWER**: CRST Specialized admits that Plaintiff seeks to serve as a proposed class representative. However, CRST Specialized denies class treatment is proper, denies that Plaintiff is entitled to any relief, and denies the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Kelchner's Iowa state law claims have been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the putative Class is easily ascertainable.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Numerosity: The potential members of the Class are believed to exceed 1,000, and the Class Members are so numerous that joinder of all members is impracticable.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.    Commonality: There are questions of law and fact common to Kelchner and the Class that predominate over any questions affecting only individual members of the Class. Examples of these common questions of law and fact include, without limitation:

a. Whether CRST Trucking in the offer, sale, and/or operation of the Driving Opportunity violated the Iowa's Business Opportunity Promotions Act (BOPA), Iowa Code §§ 551A.1 — 551A.10, by failing to register and failing to make required disclosures.

b. Whether CRST Trucking in the offer, sale, and/or operation of the Driving Opportunity violated BOPA by utilizing untrue and misleading advertising prohibited by Iowa Code § 551A.9.2.

c. Whether CRST Trucking in the offer, sale, and/or operation of the Driving Opportunity violated BOPA's prohibition on misrepresentations, omissions, and misleading conduct under Iowa Code § 551A.9.3 by misrepresenting 1) that Drivers purchasing the Driving Opportunity would have a career opportunity, 2) that the Driving Opportunity would provide a sustained and viable economic opportunity, 3) the amount of income for Drivers would earn, and/or 4) by concealing material facts including the high turnover and failure rates of Drivers, the low average income of Drivers, and the low average driving miles CRST Trucking provided to Drivers, as well as excessive charges/deductions that CRST Trucking would impose on Drivers.

d. The nature and extent of class-wide injury and the measure of damages for those injuries; and

e. The nature and extent of injunctive, ancillary, and other equitable relief that may be afforded the class and otherwise to the general public under Iowa Code § 551A.8 (4); and

16

f. The proper formula and methodology for calculating restitution, damages and penalties owed to Kelchner and the Drivers as alleged herein.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Typicality: Kelchner's claims are typical of the claims of the Drivers. Defendants' common course of unlawful conduct as alleged herein has caused Kelchner and Drivers to sustain the same or similar injuries and damages. Kelchner's allegations – both legal and factual – are thereby representative of and co-extensive with the claims of the Drivers.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Adequacy: Kelchner does not have any conflicts of interest with members of the Class of Drivers he seeks to represent, and Kelchner will prosecute this case vigorously on behalf of the Drivers. Kelchner's Counsel are competent and experienced in litigating consumer and complex commercial class actions. Kelchner will fairly and adequately represent and protect the interests of the Class he seeks to represent.

**ANSWER**: CRST Specialized is without sufficient information to either admit or deny the allegations contained in paragraph 40 of Plaintiff's Complaint and, therefore, denies the same.

41. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Drivers is not practicable, and questions of law and fact common to the Class of Drivers predominate over any questions affecting only individual Drivers. Each Driver has been damaged and is entitled to recovery by reason of CRST Trucking's illegal practices and violations of law stated in this

17

complaint. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Kelchner knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**ANSWER**: CRST Specialized is without sufficient information to either admit or deny the allegations contained in paragraph 42 of Plaintiff's Complaint and, therefore, denies the same.

## FIRST CLAIM FOR RELIEF

Violation of the Iowa Business Opportunity Promotions Act,
Iowa Code §§ 551A.1- 551A.10.
(Kelchner and the Drivers v. CRST Trucking and Smith)

43. Kelchner re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**ANSWER**: CRST Specialized reincorporates, by reference, its responses to the preceding paragraphs set forth in this Answer.

44. The Driving Opportunity meets the definitions of "business opportunity" under the Iowa Business Opportunity Promotions Act, Iowa Code §§ 551A.1- 551A.10, and does not qualify for any exemptions thereunder. Specifically, the Driving Opportunity involved CRST Trucking's provision of product, equipment, supplies, and/or services to the Drivers for the purpose of enabling Drivers to start a business and requiring the Drivers to make payment for same to CRST Trucking and/its affiliates or designee.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. CRST Trucking represented to the Drivers the following *disjunctive* elements of the statutory claim that:

a. the seller or a person recommended by the seller will provide or assist the purchaser in finding outlets or accounts for the purchaser's products or services (§ 551A.1.2.(a)(2));

b. the seller guarantees that the purchaser will derive income from the business which exceeds the price paid to the seller (§ 551A.1.2.(a)(4));

c. or the seller will provide a marketing plan (§ 551A.1.2.(a)(6)).

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants CRST Trucking and Lincoln Sales are both "sellers" of "business opportunities" as defined in the Iowa Business Opportunity Promotions Act, Iowa Code §§ 551A.1- 551A.10.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendant Smith is liable as officer, director, and/or control person as pursuant to Iowa Code § 551A.8.2.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. CRST Trucking and Lincoln Sales have not complied with the disclosure requirements for offering such plans under Iowa Code § 551A.8.3. et seq.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     The consent of the Drivers to purchase the Driving Opportunity, if any, was obtained through Defendants' failure to comply with the Iowa Business Opportunity Promotions Act, Iowa Code §§ 551A.1- 551A.10.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     In offering for sale and selling the Driving Opportunity defendants CRST Trucking and Lincoln Sales made the untrue, misleading or deceptive statements and omissions noted above in derogation of the anti-fraud provisions found in Iowa Business Opportunity Promotions Act, Iowa Code §§ 551A.1- 551A.10.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     The Drivers are also entitled to rescission and damages from Defendants including but not limited to, all monies paid as provided for Iowa Business Opportunity Promotions Act, Iowa Code §§ 551A.1- 551A.10.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     The Drivers are further entitled to reasonable attorneys' fees, court costs, interest, injunctive and ancillary relief (on behalf of themselves and the general public) under Iowa Business Opportunity Promotions Act, Iowa Code §§ 551A.1- 551A.10.

**ANSWER**: CRST Specialized denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

## <u>CRST SPECIALIZED'S AFFIRMATIVE DEFENSES</u>

CRST Specialized, pursuant to Fed. R. Civ. P. 8(c) and for its affirmative defenses to Plaintiff's Complaint, states as follows:

1. The Complaint should be dismissed because it lacks personal jurisdiction over CRST Specialized.

2. The Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

3. Some or all of the claims for damages are barred, in whole or in part, by the failure to mitigate damages.

4. Some or all of the claims for damages are barred, in whole or in part, by the doctrine of setoff.

5. Some or all of the claims for damages are barred, in whole or in part, by the doctrine of recoupment.

6. Some or all of the claims for damages are barred, in whole or in part, by the doctrine of payment.

7. Some or all of the claims for damages are barred, in whole or in part, by accord and satisfaction.

8. Some or all of the claims for damages are barred, in whole or in part, by the applicable statute of limitations.

9. Some or all of the claims for damages are barred, in whole or in part because Plaintiff consented to the alleged conduct.

10. Some or all of the claims for damages are barred, in whole or in part, by the doctrine of waiver.

11.     Some or all of the claims for damages are barred, in whole or in part, by the doctrine of estoppel.

12.     Plaintiff and Putative Class Members cannot pursue equitable remedies because they have adequate remedies at law.

13.     Plaintiff and Putative Class Members cannot pursue equitable remedies because they have elected to affirm their agreements, including their Lease Purchase Agreements and Independent Contractor Operating Agreements.

14.     This action does not meet the requirements for class action treatment, and Plaintiff cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, typicality, adequacy, and superiority.

15.     Some or all deductions or chargebacks were made for Plaintiff's and Putative Class Members' benefit.

16.     Plaintiff and Putative Class Members lack an injury-in-fact for some or all of their claims and therefore lack standing under Article III of the U.S. Constitution.

17.     Some or all of the claims are preempted by federal law, including, but not limited to, the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501, and the Federal Leasing Regulations, 49 CFR Part 376.

18.     Some or all of the claims are barred or do not apply extraterritorially pursuant to the Dormant Commerce Clause and Iowa Code § 551A.2.

19.     Plaintiff's claims are barred because they are an undue burden on interstate commerce in violation of the Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3.

20.     Some or all of the claims are barred by an exception or exemption to Iowa Code § 551A.1 *et seq.*

22

21.     CRST Specialized will rely on all defenses lawfully available at the time of trial and reserve the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, CRST Specialized requests judgment as follows:

A. That this action not be certified as a class action;

B. That Plaintiff take nothing by way of his Complaint;

C. That judgment be entered against Plaintiff and in favor of CRST Specialized;

D. That CRST Specialized be awarded its attorney fees and costs incurred in this case; and

E. That CRST Specialized be awarded all other necessary and proper relief.

## <u>DEMAND FOR JURY TRIAL</u>

CRST Specialized demands a trial by jury on all issues so triable.

Dated:  January 21, 2025                          Respectfully submitted,

*/s/ James H. Hanson*
James H. Hanson (pro hac vice)
Angela S. Cash (pro hac vice)
Andrew J. Ireland (pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205; F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641; F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant CRST Specialized, Inc.*