UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual <br><br> Defendants. | Case No. 1:24-cv-00082-CJW-KEM <br><br> Honorable Judge C.J. Williams |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) OR, IN THE ALTERNATIVE, TO CERTIFY QUESTION TO IOWA SUPREME COURT**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................ 2

III. ARGUMENT .................................................................................................... 5

    A.  The Court should certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b). ............................................................................................... 5

        1.  The Order involves a controlling question of law. ..................................... 6

        2.  Substantial ground for a difference of opinion exists. ............................... 7

        3.  Immediate appeal will materially advance ultimate termination of the litigation. ............................................................................................ 9

    B.  Alternatively, the Court should certify the Iowa state law question to the Iowa Supreme Court. ............................................................................. 10

IV. CONCLUSION ................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarracin v. Volume Servs., Inc.*,
No. 16-06115-CV-SJ-SWH, 2017 WL 1842701 (W.D. Mo. May 4, 2017)............................... 9

*Baldwin v. City of Estherville*,
929 N.W.2d 691 (Iowa 2019) ........................................................................................ 10

*Bancredito Holding Corp. v. Driven Admin. Servs. LLC*,
No. 5:23-CV-00575-M, 2024 WL 731956 (E.D.N.C. Jan. 8, 2024) ......................................... 9

*Beard v. Smithkline Beecham Corp.*,
No. 4:15–CV–1833 RLW, 2016 WL 1746113 (E.D. Mo. May 3, 2016) ................................... 9

*Brown v. State Farm Fire & Cas. Co.*,
No. 2:23-CV-04002-MDH, 2024 WL 377830 (W.D. Mo. Jan. 31, 2024) ................................ 7

*Buena Vista Manor v. Century Mfg. Co.*,
221 N.W.2d 286 (Iowa 1974) ........................................................................................... 3

*Catlin v. United States*,
324 U.S. 229 (1945) ........................................................................................................ 5

*Davis v. Farmers' Co-op. Equity Co.*,
262 U.S. 312 (1923) ........................................................................................................ 5

*DeLeon v. BNSF Railway Co.*,
426 P.3d 1 (Mont. 2018) ................................................................................................. 9

*Denver & R. G. W. R. Co. v. Terte*,
284 U.S. 284 (1932)......................................................................................................... 5

*Dominion Freight Line, Inc.*,
No. 2022-CA-00939-SCT, 2023 WL 7870080 (Miss. Nov. 16, 2023) ..................................... 9

*Emerson Elec. Co. v. Yeo*,
No. 4:12CV1578 JAR, 2013 WL 440578 (E.D. Mo. Feb. 5, 2013) ......................................... 9

*Freeman v. Second Jud. Dist. Ct. ex rel. Cnty. of Washoe*,
1 P.3d 963 (Nev. 2000).................................................................................................... 9

*Garrelts v. Smithkline Beecham Corp.*,
943 F. Supp. 1023 (N.D. Iowa 1996)................................................................................. 7

*Graham v. Hubbs Mach. & Mfg., Inc.*,
49 F. Supp. 3d 600 (E.D. Mo. 2014) ................................................................................. 7

*GreenState Credit Union v. Hy-Vee, Inc.*,
500 F. Supp. 3d 799 (D. Minn. 2020).......................................................................... 6, 7, 8

*Hill v. Elecs. Corp. of Am.*,
253 Iowa 581 (1962)........................................................................................................ 3

*Hutson v. Fehr Bros.*,
584 F.2d 833 (8th Cir. 1978) .................................................................................. 1, 2, 6, 10

*In re Aqueous Film-Forming Foams Prod. Liab. Litig.*,
2023 WL 6846676 (D.S.C. Oct. 17, 2023) ........................................................................ 9

*Johnson v. Burken*,
930 F.2d 1202 (7th Cir. 1991) ............................................................................................ 7

*Karg v. Transamerica Corp.*,
2019 WL 9093998 (N.D. Iowa Nov. 7, 2019) ..................................................................... 7

*Keeley v. Pfizer Inc.*,
2015 WL 3999488 n.2 (E.D. Mo. July 1, 2015) ................................................................... 9

*Knowlton v. Allied Van Lines, Inc.*,
900 F.2d 1196 (8th Cir. 1990) ......................................................................................... 3, 4

*Kulko v. Super. Ct. of California In and For City and County of San Francisco*,
436 U.S. 84 (1978) ............................................................................................................... 6

*Lumen Techs. Serv. Grp., LLC v. CEC Grp., LLC*,
691 F. Supp. 3d 1282 (D. Colo. Sept. 8, 2023) ................................................................... 8

*M & B Oil, Inc. v. Federated Mut. Ins. Co.*,
66 F.4th 1106 (8th Cir. 2023) ............................................................................................. 7

*Madsen v. Sidwell Air Freight*,
2024 WL 1160204 (D. Utah Mar. 18, 2024) ....................................................................... 9

*Mallory v. Norfolk S. Ry. Co.*,
600 U.S. 122 (2023) ......................................................................................................... 1, 3

*Mid-Am., Inc. v. Shamaiengar*,
714 F.2d 61 (8th Cir. 1983) ............................................................................................. 1, 6

*Peeler v. SRG Glob. Coatings, LLC*,
2024 WL 4008735 (E.D. Mo. Aug. 30, 2024) ..................................................................... 8

*Pro Edge L.P. v. Gue*,
2005 WL 8174653 (N.D. Iowa July 5, 2005) ............................................................ 6, 7, 10

*Reese v. BP Exploration (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ............................................................................................. 10

*Remmes v. Int'l Flavors & Fragrances, Inc.*,
435 F. Supp. 2d 936 (N.D. Iowa 2006) ..................................................................... 6, 10, 11

*Remmes v. Int'l Flavors & Fragrances, Inc., a New York corporation*,
389 F. Supp. 2d 1080 (N.D. Iowa 2005) ............................................................................ 11

*Sahm v. Avow Corp.*,
705 F. Supp. 3d 925 (E.D. Mo. 2023) ................................................................................. 8

*Scott v. Milosevic*,
2018 WL 11304191, at *8 (N.D. Iowa May 2, 2018) .......................................................... 4

*Sondergard v. Miles, Inc.*,
985 F.2d 1389 (8th Cir. 1993) ............................................................................................. 3

*United States v. Anderson*,
771 F.3d 1064 (8th Cir. 2014) ............................................................................................. 9

*United States v. Taylor*,
  803 F.3d 931 (8th Cir. 2015) ............................................................................ 9

*Wagner v. Iowa*,
  2019 WL 13551548 (N.D. Iowa July 29, 2019) ........................................... 2, 11

*White v. Nix*,
  43 F.3d 374 (8th Cir. 1994) ............................................................................ 5, 7

**Statutes**

28 U.S.C. § 1292(B) ................................................................................... *passim*

Iowa Code § 684A.1 ...................................................................................... 2, 10, 11

**Other Authorities**

16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ....................................................... 8

16 Fed. Prac. & Proc. Juris. § 3931 n. 24 (3d ed.) ........................................... 1, 6

1958 U.S.C. C.A.N. 5255 ...................................................................................... 5

1958 U.S.C. C.A.N. 5260 ...................................................................................... 5

S. Rep. No. 2434, 85th Cong., 2d Sess. (1958) ................................................... 5

Defendant, CRST Specialized Transportation, Inc. (CRST Specialized), respectfully submits this memorandum of points and authorities in support of its Motion to Certify Order for Interlocutory Appeal under 28 U.S.C. § 1292(b) or, in the Alternative, to Certify Question to Iowa Supreme Court.

## I. INTRODUCTION

District courts may certify interlocutory orders for immediate review if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court's order denying CRST Specialized's motion to dismiss for lack of personal jurisdiction (ECF No. 53) (Order) meets the statutory criteria for certification. First, the Order involves three controlling questions of law:

> 1. Whether, under Iowa law, a foreign corporation's compliance with the state's business registration laws operates as consent to personal jurisdiction despite no statutory provision expressly providing so.
>
> 2. Whether a state's exercise of personal jurisdiction based on a foreign corporation's compliance with the state's business registration laws, which do not expressly provide that the corporation consents to personal jurisdiction, runs afoul of *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023), and the Fourteenth Amendment's Due Process Clause.
>
> 3. Whether a state's exercise of personal jurisdiction based entirely on a foreign corporation's compliance with the state's business registration laws violates the Constitution's Dormant Commerce Clause.

*See, e.g., Mid-Am., Inc. v. Shamaiengar*, 714 F.2d 61, 61 (8th Cir. 1983) (accepting interlocutory review under 28 U.S.C. § 1292(b) of district court's order denying motion to dismiss for lack of personal jurisdiction); *Hutson v. Fehr Bros.*, 584 F.2d 833, 834 (8th Cir. 1978) (same); 16 Fed. Prac. & Proc. Juris. § 3931 n.24 (3d ed.) (collecting similar decisions from other circuits).

Second, substantial grounds for differences of opinion exist. Indeed, the Court's Order repeatedly emphasized the absence of on-point authority applying Iowa law. Although the Court

felt bound to follow decades' old Eighth Circuit cases decided under other states' laws, other courts have not. And the Court recognized reasonable jurists could disagree, noting the Court itself might reach a different conclusion if it were writing on a blank slate.

Third, immediate appeal may materially advance the ultimate termination of the litigation. If the Eighth Circuit reviews and reverses, CRST Specialized should be dismissed. The fact that the litigation might proceed against other defendants is immaterial. *Hutson*, 584 F.2d at 834 (accepting interlocutory appeal of order denying motion to dismiss for lack of personal jurisdiction filed by foreign defendants, even though other defendants remained in case).

Alternatively, the Court should certify to the Iowa Supreme Court the question of whether, under Iowa law, a foreign corporation's compliance with the state's business registration laws operates as consent to personal jurisdiction despite no statutory provision expressly providing so. Iowa Code § 684A.1; *Wagner v. Iowa*, No. 19-CV-3007-CJW-KEM, 2019 WL 13551548, at *13-14 (N.D. Iowa July 29, 2019) (Williams, C.J.) (certifying questions to Iowa Supreme Court); *Wagner v. State*, 952 N.W.2d 843 (Iowa 2020) (accepting and answering certified questions).

## II.    BACKGROUND

Plaintiff filed his Complaint in this Court on August 23, 2024. ECF No. 1. The Complaint made no allegations about why CRST Specialized was subject to personal jurisdiction in Iowa. *See generally id.* CRST Specialized moved to dismiss the Complaint, arguing that Plaintiff failed to demonstrate it was subject to personal jurisdiction in Iowa and that the exercise of personal jurisdiction would violate due process. *See generally* ECF No. 28-1. Plaintiff resisted, principally arguing CRST Specialized consented to personal jurisdiction in Iowa when it registered an agent for service of process in the state. ECF No. 40. In reply, CRST Specialized explained that, unlike

2

the Pennsylvania statute in *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 134 (2023),[1] nothing in Iowa's statutes explicitly provided that registering as a foreign business or for an agent for service of process operated as consent to personal jurisdiction. ECF No. 42 at 6-11. CRST Specialized explained why, under state law, the relevant statutes could not be interpreted to say otherwise,[2] and noted that no Iowa state court had ever adopted Plaintiff's construction. ECF No. 42 at 8-9. CRST Specialized also argued that "consent to jurisdiction, for due process purposes, requires explicit consent language" in the registration statutes. ECF No. 42 at 9. Finally, CRST Specialized argued that, even if Plaintiff's reading of Iowa law was right, the Dormant Commerce Clause foreclosed a consent-by-registration statute. *Id.* at 11-12.

The Court denied CRST Specialized's motion, concluding it had consented to personal jurisdiction in Iowa. After reviewing the Eighth Circuit's decisions in *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990) (decided under Minnesota law), and *Sondergard v. Miles, Inc.*, 985 F.2d 1389 (8th Cir. 1993) (decided under South Dakota law), the Court noted "[n]either the Iowa Supreme Court nor the Iowa Court of Appeals, it appears, has resolved this issue under Iowa law." *Order* at 8. It also noted "the Eighth Circuit Court of Appeals has not opined on this issue under Iowa law." *Id.* at 9. Observing that several Iowa federal district court decisions (all of which pre-date *Mallory*) have concluded that Iowa's statutes are "similar enough"

---

[1] The law there was "explicit that 'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as they can over domestic corporations." *Mallory*, 600 U.S. at 134.

[2] ECF No. 42 at 8 (summarizing plain text reading of the statutes and noting adopting Plaintiff's reading "would render the long-arm statute's nuanced jurisdictional language a surplusage if [] registration, by itself, conferred personal jurisdiction"); *id.* n.2 (noting, under Iowa law, that "statutes . . . setting up an extraordinary method of securing jurisdiction over nonresidents of this state must be construed strictly" (quoting *Buena Vista Manor v. Century Mfg. Co.*, 221 N.W.2d 286, 288 (Iowa 1974))); ECF No. 42 at 11 (under Iowa law, "[i]t is a legislative, not judicial, function to extend or enlarge jurisdiction over foreign corporations." (quoting *Hill v. Elecs. Corp. of Am.*, 253 Iowa 581, 589 (1962))).

to the state laws in *Knowlton* and *Sondergard*, *Order* at 9, the Court followed suit:

> Given the "controlling circuit law, and the lack of any holding by the Iowa Supreme Court suggesting that Iowa's statutes regarding foreign corporations should be construed otherwise," [*Scott v. Milosevic*, No. C17-4004-LTS, 2018 WL 11304191, at *8 (N.D. Iowa May 2, 2018)], the Court finds that Specialized consented to personal jurisdiction in the Iowa courts by registering with the secretary of state and designating an agent for service of process in Iowa.

*Order* at 10. The Court recognized that "Iowa statutes do not explicitly state that designating an agent for service of process in Iowa leads to consenting to personal jurisdiction in the state." *Id.* at 12. The Court also said that, "if the Court were writing on a blank slate, it may well agree with some of Specialized's arguments" given that "[t]he Supreme Court caselaw regarding the due process considerations of this issue appears to generally stand for a narrower rule than what the Court understands the Eighth Circuit precedential rule to be." *Id.* at 11. "A better rule would seem to be to require clear notice in a statute stating that, by designating an agent for service in a state, the corporation will be consenting to the state's jurisdiction before a corporation can be found to have, in fact, consented." *Id.* at 12.

> But ultimately, the Court concluded its hands were tied by *Knowlton*:

> [T]his Court must follow the Eighth Circuit's reasoning when the case before it is relatively on all fours with an Eighth Circuit case, as this case is with *Knowlton*, whether this Court agrees with the reasoning or not. Although this Court may well disagree with several aspects of the Eighth Circuit caselaw in this area, including a belief that the broad reading of these statutes is not the best approach to interpretation, and that the broad way the Eighth Circuit has interpreted the statutes may run afoul of the due process clause in certain situations, this Court may not substitute its own reasoning for that of the appeals court above it. Thus, although Specialized makes several persuasive arguments on this issue, the Court feels it must follow the *Knowlton* reasoning, and therefore finds that Specialized has consented to the personal jurisdiction of the Iowa courts by designating an agent for service of process in Iowa.

*Order* at 12-13.[3]

_____

[3] The Court held that CRST Specialized only made a statutory interpretation argument under Iowa law, and did not raise a separate "due process argument on this issue." *Order* at 11. But CRST Specialized made both arguments. ECF No. 42 at 9 (arguing that "consent to jurisdiction, for due

The Court then turned to the Dormant Commerce Clause issue. The Court recognized CRST Specialized fell somewhere between the defendant in *Davis v. Farmers' Co-op. Equity Co.*, 262 U.S. 312 (1923) (finding a Dormant Commerce Clause violation), and *Denver & R. G. W. R. Co. v. Terte*, 284 U.S. 284 (1932) (rejecting Dormant Commerce Clause challenge). *Order* at 15. Noting it was a "close" call, the Court concluded CRST Specialized was more like the defendant in *Denver & R. G. W. R. Co.* and concluded "forcing it to defend this suit in the Iowa courts does not burden interstate commerce to an unconstitutional degree." *Id.*

## III. ARGUMENT

### A. The Court should certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b).

An order denying a motion to dismiss for lack of personal jurisdiction is generally a non-final order and not immediately appealable. *E.g., Catlin v. United States*, 324 U.S. 229, 236 (1945). Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for immediate review if the court determines in writing that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Eighth Circuit directs district courts to reserve Section 1292(b) certification for "exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (quoting S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260).

This is an exceptional case. Plaintiff seeks to drag CRST Specialized through class action

process purposes, requires explicit consent language"). Plaintiffs, for their part, also understood CRST Specialized to be making a due process argument. ECF No. 46 at 2 (acknowledging CRST Specialized argued that absent "explicit consent," a consent-by-registration rule would "violate the due process clause"). And the Court ultimately addressed the issue on the merits. *Order* at 11-13. Therefore, CRST Specialized's second proposed question is ripe for review under Section 1292(b).

litigation in a forum CRST Specialized contends it is not subject to personal jurisdiction. The only way for the company to "avoid protracted and expensive" litigation is to take an appeal now under Section 1292(b). While an appeal from a final judgment would permit CRST Specialized to challenge any ultimate judgment as void,[4] that relief would come too late to avoid the waste of the parties' and Court's time and effort litigating a complex case for years on end. *GreenState Credit Union v. Hy-Vee, Inc.*, 500 F. Supp. 3d 799, 808 (D. Minn. 2020) (certifying denial of motion to dismiss for lack of personal jurisdiction because "significant amount of time, funds, and effort will necessarily be expended by the parties and the court if this matter proceeds to resolution of the substantive merits of plaintiff's complaint"). For these reasons, courts do not hesitate to certify orders denying motions to dismiss for lack of personal jurisdiction for interlocutory appeal under Section 1292(b). *See, e.g., Pro Edge L.P. v. Gue*, No. C05-4068-MWB, 2005 WL 8174653, at *2 (N.D. Iowa July 5, 2005) (certifying order denying motion to dismiss for lack of personal jurisdiction for appeal under Section 1292(b)); *Remmes v. Int'l Flavors & Fragrances, Inc.*, 435 F. Supp. 2d 936, 944 (N.D. Iowa 2006) (same); *see also Mid-Am., Inc.*, 714 F.2d at 61 (accepting interlocutory review under 28 U.S.C. § 1292(b) of district court's order denying motion to dismiss for lack of personal jurisdiction); *Hutson*, 584 F.2d at 834 (same); 16 Fed. Prac. & Proc. Juris. § 3931 n.24 (3d ed.) (collecting similar decisions from other circuits).

Because the statutory criteria under Section 1292(b) are met, CRST Specialized respectfully requests the Court exercise its discretion to certify the Order for interlocutory review.

### 1. The Order involves a controlling question of law.

The three issues CRST Specialized proposes are all questions of law. None involves

---

[4] *Kulko v. Super. Ct. of California In and For City and County of San Francisco*, 436 U.S. 84, 91 (1978) ("It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant.").

disputed facts. The first question turns on the proper interpretation of Iowa statutes; the second two on the constitutional limits of a state's exercise of personal jurisdiction over a foreign defendant. *See, e.g., M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1108 (8th Cir. 2023) (interpretation of federal law involved controlling question of law); *Pro Edge L.P.*, 2005 WL 8174653, at *2.

The questions are also controlling. "An issue of law may [] be controlling when it seriously affects the conduct of the litigation going forward." *Karg v. Transamerica Corp.*, No. 18-CV-134-CJW-KEM, 2019 WL 9093998, at *7 (N.D. Iowa Nov. 7, 2019) (Williams, C.J.) (citing *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)). Whether CRST Specialized is subject to personal jurisdiction in Iowa will seriously affect the litigation going forward. *Pro Edge L.P.*, 2005 WL 8174653, at *2 (question of personal jurisdiction was controlling). The answer will dictate whether CRST Specialized remains a defendant in this case.[5]

### 2. Substantial ground for a difference of opinion exists.

Substantial ground for a difference of opinion exists when "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions [or] the question is one of first impression." *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014). While a "substantial ground for difference of opinion does not exist merely because there is a dearth of cases," *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994), issues of first impression can be appropriate for certification. *See, e.g., Garrelts v. Smithkline Beecham Corp.*, 943 F. Supp. 1023, 1071 (N.D. Iowa 1996). Substantial ground for difference of opinion also exists when intervening precedent alters or casts doubt on prior precedent. *Brown v. State Farm Fire & Cas. Co.*, No. 2:23-CV-04002-MDH, 2024

---

[5] Although the Court did not reach the issue, as CRST Specialized explained in its prior briefing, it is not subject to specific personal jurisdiction in Iowa. Therefore, the only basis to subject it to jurisdiction in Iowa is consent.

WL 377830, at *3 (W.D. Mo. Jan. 31, 2024); *GreenState Credit Union v. Hy-Vee, Inc.*, 500 F. Supp. 3d 799, 807 (D. Minn. 2020) ("[A]lthough controlling Eighth Circuit and Minnesota Supreme Court cases are in agreement, there is a substantial ground for difference of opinion as to whether those opinions remain good law in light of the recent Supreme Court decisions discussed above.").

Moreover, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.). "If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt." *Id.*

Here, substantial grounds for difference of opinion exist. The Court already recognized the absence of any on-point precedent from Iowa state courts. *Order* at 8 ("Neither the Iowa Supreme Court nor the Iowa Court of Appeals, it appears, has resolved this issue under Iowa law."). Although the Court felt constrained to follow Eighth Circuit decisions that applied non-Iowa laws, it recognized reasonable jurists could disagree.[6] And in fact, others have disagreed, including district courts in the Eighth Circuit. *See, e.g., Peeler v. SRG Glob. Coatings, LLC*, No. 1:23-CV-23-SNLJ, 2024 WL 4008735, at *2 (E.D. Mo. Aug. 30, 2024) (finding no consent because Missouri statutes did not contain explicit consent to jurisdiction language); *Sahm v. Avow Corp.*, 705 F. Supp. 3d 925, 933 (E.D. Mo. 2023) (same).[7] Even before *Mallory*, some Eighth Circuit

---

[6] *Order* at 11-12 ("The Supreme Court caselaw regarding the due process considerations of this issue appears to generally stand for a narrower rule than what the Court understands the Eighth Circuit precedential rule to be. Iowa statutes do not explicitly state that designating an agent for service of process in Iowa leads to consenting to personal jurisdiction in the state. A better rule would seem to be to require clear notice in a statute stating that, by designating an agent for service in a state, the corporation will be consenting to the state's jurisdiction before a corporation can be found to have, in fact, consented.")

[7] *See also Lumen Techs. Serv. Grp., LLC v. CEC Grp., LLC*, 691 F. Supp. 3d 1282, 1290-91 (D. Colo. Sept. 8, 2023) (similarly refusing to find general jurisdiction over a defendant registered to

district courts had begun to question *Knowlton* and *Sondergard* in light of Supreme Court developments.[8]

Moreover, the Eighth Circuit will not face the same constraints as this Court did in deciding the question. Neither *Knowlton* nor *Sondergard* applied Iowa law, so the Eighth Circuit would be free to reach a different result in this case without directly abrogating either of those prior decisions. But even if that were not the case, "a prior panel ruling does not control 'when the earlier panel decision is cast into doubt by an intervening Supreme Court decision.'" *United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015) (quoting *United States v. Anderson*, 771 F.3d 1064, 1067 (8th Cir. 2014)).

Finally, the "Court's own view is that its ruling was a 'close call'" also supports finding "there is substantial ground for a difference of opinion." *Emerson Elec. Co. v. Yeo*, No. 4:12CV1578 JAR, 2013 WL 440578, at *4 (E.D. Mo. Feb. 5, 2013); *compare Order* at 15 (noting Dormant Commerce Clause issue was "close").

### 3. Immediate appeal will materially advance ultimate termination of the litigation.

Certification will materially advance the ultimate termination of the litigation because, if

---

do business in Colorado because "unlike *Mallory*, Colorado law is not explicit that qualification as a foreign corporation shall permit state courts to exercise general personal jurisdiction over a registered foreign corporation, just as they can over domestic corporations."); *Bancredito Holding Corp. v. Driven Admin. Servs. LLC*, No. 5:23-CV-00575-M, 2024 WL 731956, at *3 (E.D.N.C. Jan. 8, 2024) (North Carolina law); *Dominion Freight Line, Inc.*, No. 2022-CA-00939-SCT, 2023 WL 7870080, at *6 (Miss. Nov. 16, 2023) (Mississippi law); *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. CV 2:18-2873-RMG, 2023 WL 6846676, at *5 (D.S.C. Oct. 17, 2023) (South Carolina law); *Madsen v. Sidwell Air Freight*, No. 1:23-CV-0008-JNP, 2024 WL 1160204, at *16 (D. Utah Mar. 18, 2024) (Utah law); *DeLeon v. BNSF Railway Co.*, 426 P.3d 1, 7, 9 (Mont. 2018) (Montana law); *Freeman v. Second Jud. Dist. Ct. ex rel. Cnty. of Washoe*, 1 P.3d 963, 964 (Nev. 2000) (Nevada law).

[8] *See, e.g., Alvarracin v. Volume Servs., Inc.*, No. 16-06115-CV-SJ-SWH, 2017 WL 1842701, at *2 (W.D. Mo. May 4, 2017) ("This Court agrees . . . Knowlton's holding cannot survive in light of . . . Daimler."); *Beard v. Smithkline Beecham Corp.*, No. 4:15–CV–1833 RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016); *Keeley v. Pfizer Inc.*, No. 4:15CV00583 ERW, 2015 WL 3999488, at *4 n.2 (E.D. Mo. July 1, 2015).

the Court lacks personal jurisdiction over CRST Specialized, it must dismiss it from the case. *Remmes*, 435 F. Supp. 2d at 944 ("Finally, certification will "materially advance the ultimate termination of the litigation," because if this court is incorrect in its recognition of civil conspiracy as a basis to support the exercise of in personam jurisdiction, defendants FEMA and TRG are entitled to be dismissed from this case."); *Pro Edge L.P.*, 2005 WL 8174653, at *2. The presence of other defendants does not change this conclusion. *Hutson*, 584 F.2d at 834 (accepting interlocutory appeal of order denying motion to dismiss for lack of personal jurisdiction filed by foreign defendants, even though other defendants remained in case); *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (Section 1292(b) does not require that the "appeal have a final, dispositive effect on the litigation"; an appeal that "may" take a defendant or claims "out of the case" is sufficient to "advance materially the litigation").

* * *

Because the statutory criteria are met, and because an appeal could avoid protracted and expensive litigation, CRST Specialized requests the court certify its Order for interlocutory review under 28 U.S.C. § 1292(b).

**B.  Alternatively, the Court should certify the Iowa state law question to the Iowa Supreme Court.**

Alternatively, the Court should certify to the Iowa Supreme Court the question of whether, under Iowa law, a foreign corporation's compliance with the state's business registration laws operates as consent to personal jurisdiction notwithstanding the lack of any statutory provision expressly providing so. Iowa Code § 684A.1. The Iowa Supreme Court has discretion to answer certified questions if four conditions are met: "(1) a proper court certified the question, (2) the question involves a matter of Iowa law, (3) the question may be determinative of the cause pending in the certifying court, and (4) it appears to the certifying court that there is no controlling Iowa precedent." *Baldwin v. City of Estherville*, 929 N.W.2d 691, 695 (Iowa 2019) (cleaned up); see

10

also Iowa Code § 684A.1.

All four factors are met. This Court is a "proper court." *Wagner*, 2019 WL 13551548, at *13-14 (Williams, C.J.). The question involves a matter of Iowa law. The question "may be determinative of the cause pending" against CRST Specialized. *Id.* And as the Court already recognized, there is no controlling Iowa precedent. *Remmes v. Int'l Flavors & Fragrances, Inc., a New York corporation*, 389 F. Supp. 2d 1080, 1094 (N.D. Iowa 2005) (observing, in case where "[t]he Iowa appellate courts" had "not yet addressed" personal jurisdiction issue, "the court would have looked favorably upon a request by the parties to certify this question to the Iowa Supreme Court").[9]

Moreover, it is likely the Iowa Supreme Court will be interested in resolving this question, given its resolution would determine the statutory scope of Iowa courts' jurisdiction over foreign corporations. It is also likely the Iowa Supreme Court, in resolving this question, could bring to bear different perspectives than would a federal court in addressing the same question, such as considerations regarding comity to the courts and jurisdiction of its sister states, concerns with opening the state's courts and expending judicial resources (including the time of its citizens in serving on juries) on cases that have little to do with Iowa, and any similar Iowa-specific concerns.

## IV. CONCLUSION

The Court should certify the Order for interlocutory review under 28 U.S.C. § 1292(b) or, in the alternative, should certify the state law question to the Iowa Supreme Court.

---

[9] In a subsequent ruling, the court certified the issue for interlocutory review under 28 U.S.C. § 1292(b). *Remmes v. Int'l Flavors & Fragrances, Inc.*, 435 F. Supp. 2d 936, 945 (N.D. Iowa 2006).

Dated: February 5, 2025

Respectfully submitted,

*/s/ James H. Hanson*

James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant*
*CRST Specialized Transportation, Inc.*

12