**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>CRST Expedited, Inc., CRST Specialized Transportation, Inc. CRST Lincoln Sales, Inc. and John Smith, an individual<br><br>Defendant(s). | CASE NO. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**PLAINTIFF'S RESISTENCE TO**
**DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S**
**MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**
**UNDER 28 U.S.C. § 1928(b) OR, IN THE ALTERNATIVE,**
**TO CERTIFY QUESTION TO IOWA SUPREME COURT**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................ 2

III. LEGAL STANDARD........................................................................................ 3

IV. ARGUMENT..................................................................................................... 5

     a. Specialized Does Not and Cannot Present a Controlling Question of Law Because The Case Will Necessarily Continue Following Any Appeal ................................ 5

     b. The District Court's Order Is Firmly Rooted in Longstanding, Binding Eighth Circuit Precedent—There Is No Substantial Ground for Difference of Opinion. .. 7

     c. Rather Than Materially Advance the Litigation, An Interlocutory Appeal Will Result in the Piecemeal Disposition of the Case and Cause Needless Delay ....... 11

     d. There Is No Legitimate Basis to Certify a Question to the Iowa Supreme Court  13

V. CONCLUSION.................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Am. Dairy Queen Corp. v. W.B. Mason Co.*,
No. 18-cv-693 (SRN/ECW), 2019 U.S. Dist. LEXIS 67558 (D. Minn. Apr. 22, 2019) .......11, 12

*Anderson v. Dassault Aviation*,
361 F.3d 449 (8th Cir. 2004) ................................................................................................6

*ASI, Inc. v. Aquawood, LLC*,
No. 19-763 (JRT/HB), 2021 U.S. Dist. LEXIS 21420 (D. Minn. Feb. 4, 2021) ........................11

*Bartholomew v. Avalon Capital Grp., Inc.*,
No. 09-1279 (MJD/AJB), 2010 U.S. Dist. LEXIS 75173 (D. Minn. July 25, 2010) ...................8

*Berkley Reg'l Ins. Co. v. John Doe Battery Mfr.*,
2023 U.S. Dist. LEXIS 131675, No. 20-cv-2382 (WMW/DJF), (D. Minn. July 31, 2023) .5, 6, 7

*Brown v. State Farm Fire & Cas. Co.*, No.
2:23-cv-04002-MDH, 2024 U.S. Dist. LEXIS 16757 (W.D. Mo. Jan. 31, 2024) ........................8

*Cal. Pub. Emps. Ret. Sys. v. Worldcom, Inc.*,
368 F.3d 86 (2d Cir. 2004) ..................................................................................................5

*Citimortgage, Inc. v. First Preference Mortg.*,
No. 4:06CV01296 ERW, 2007 U.S. Dist. LEXIS 109220 (E.D. Mo. Oct. 26, 2007) ...............10

*City of Burnsville v. Koppers, Inc. (In re Mun. Stormwater Pond Coordinated Litig.)*
73 F.4th 975 (8th Cir. 2023) ................................................................................................3

*Flanagan v. United States*,
465 U.S. 259 (1984) ............................................................................................................3

*Frazier v. Bickford*,
No. 14-cv-3843 (SRN/JJK), 2015 U.S. Dist. LEXIS 168321 (D. Minn. Dec. 15, 2015) .....5, 6, 7

*Graham v. Hubbs Mach. & Mfg., Inc.*,
49 F. Supp. 3d 600 (E.D. Mo. 2014) ...............................................................................7, 8

*GreenState Credit Union v. Hy-Vee, Inc.*,
500 F. Supp. 3d 799 (D. Minn. 2020) ..............................................................................8, 9

*Johnson v. John Deere Co.*,
935 F.2d 151 (8th Cir. 1991) ...........................................................................................4, 13

*Karg v. Transamerica Corp.*,
No. 18-CV-134-CJW-KEM, 2019 U.S. Dist. LEXIS 231917
(N.D. Iowa Nov. 7, 2019) ......................................................................................4, 7, 8, 10

*Mallory v. Norfolk Southern Railway Co.*,
  600 U.S. 122 (2023) ...............................................................................................9, 13

*Murphy v. Labor Source, LLC*,
  No.19-cv-1929 (ECW), 2021 U.S. Dist. LEXIS 27322 (D. Minn. Feb. 12, 2021) .......................9

*Pa. Fire Ins. Co. v. Gold Issue Mining & Milling Co.*,
  243 U.S. 93, 37 S. Ct. 344 (1917) ...............................................................................13

*Private Retreats Belize, LLC v. Gram (In re Complete Retreats, LLC)*,
  No. 3:07mc152 (SRU), 2008 U.S. Dist. LEXIS 4401 (D. Conn. Jan. 23, 2008) ........................11

*Residential Funding Co., LLC v. Impac Funding Corp. (In re RFC)*,
  No. 13-3451(SRN/HB), 2016 U.S. Dist. LEXIS 80269 (D. Minn. June 20, 2016) .................5, 6

*Rilley v. MoneyMutual, LLC*,
  No. 16-4001 (DWF/LIB), 2017 U.S. Dist. LEXIS 202902 (D. Minn. Dec. 11, 2017) ..............11

*Schoulte v. Great Lakes Forwarding Corp.*,
  230 Iowa 812, 298 N.W. 914 (1941) ...............................................................................9, 13

*Shukh v. Seagate Tech., LLC*,
  No. 10-CV-404 (JRT/JJK), 2011 U.S. Dist. LEXIS 120219 (D. Minn. Oct. 18, 2011) .......5, 6, 8

*Sondergard v. Miles, Inc.*,
  985 F.2d 1389 (8th Cir 1993) ...............................................................................13

*Tidler v. Eli Lilly & Co.*,
  851 F.2d 418 (D.C. Cir. 1988) ...............................................................................4

*Union Cnty. v. Piper Jaffray & Co.*,
  525 F.3d 643 (8th Cir. 2008) ...............................................................................3, 4, 8, 10

*United States v. Betcher*,
  534 F.3d 820 (8th Cir. 2008) ...............................................................................6

*Watkins Inc. v. McCormick & Co., Inc.*,
  579 F. Supp. 3d 1118 (D. Minn. 2022) ...............................................................................7

*White v. Nix*,
  43 F.3d 374 (8th Cir. 1994) ...............................................................................3, 4, 11

*Woodmen Acci. Co. v. Dist. Court Marshall Cnty.*,
  219 Iowa 1326, 260 N.W. 713 (1935) ...............................................................................10, 13

**Statutes**

Iowa Code § 490.1502 ...............................................................................12, 13

28 U.S.C. § 1292 ...............................................................................1, 3, 4, 10

iii

Iowa Code § 490.504 ..................................................................................................................13

Iowa Code § 684A.1 ............................................................................................................1, 4, 13

iv

## I. INTRODUCTION

Plaintiff Harley Kelchner respectfully opposes Defendant CRST Specialized Transportation Inc.'s ("Specialized") Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b), or, in the Alternative, to Certify Question to Iowa Supreme Court. ECF No. 56.

This case is uniquely ill suited for interlocutory review and Specialized fails to establish any of the requirements under 28 U.S.C. § 1292(b) or Iowa Code § 684A.1. In denying Specialized's motion to dismiss, this Court applied long-settled Eighth Circuit precedent to the facts of this case, correctly concluding that Specialized consented to jurisdiction in Iowa by registering to do business and appointing an agent for service of process here. The Court's order is consistent with that of every other Iowa federal and state court that has considered the question under Iowa law. There is simply no dispute here and interlocutory review is not the appropriate mechanism for long-shot appeals to overturn binding precedent.

Specialized also overlooks another dispositive fact: irrespective of the outcome of its proposed appeal, litigation will necessarily continue in this Court. In opposing Specialized's motion to dismiss, Plaintiff advanced two independent bases for personal jurisdiction: consent and minimum contacts. In denying the motion to dismiss, the Court did not reach the minimum contacts question. Specialized's proposed appeal addresses only consent. Thus, even in Specialized's best case scenario, the case will necessarily be remanded here for further consideration.[1] And while the record is already strong, additional facts about Specialized's Iowa contacts are currently being developed through discovery, potentially mooting its entire appeal and highlighting the wisdom of the final judgment rule.

For these and other reasons addressed in detail below, Specialized fails to meet its burden

---

[1] Litigation will also continue against Specialized's Iowa-based co-defendants, each of whom has conceded this Court's jurisdiction and answered the complaint.

to show that this is an exceptional case warranting the extraordinary remedy of interlocutory review. Its motion should be denied.

## II.     BACKGROUND

On August 23, 2024, Plaintiff, on behalf of himself and a class of similarly situated individuals, sued four defendants: CRST Expedited, Inc. ("Expedited"), CRST Specialized Transportation, Inc. ("Specialized"), CRST Lincoln Sales, Inc. ("Lincoln Sales"), and John Smith. ECF No. 1. Three of the four defendants—Expedited, Lincoln Sales, and Smith—answered the complaint, conceding this Court's jurisdiction. ECF Nos. 25, 26, 27.

Only Specialized moved to dismiss, arguing that it was not subject to personal jurisdiction in Iowa. ECF No. 28. In resistance, Plaintiff raised two independent bases for this Court's jurisdiction: (1) that Specialized consented to jurisdiction by registering to do business in Iowa and maintaining a registered agent here whom Plaintiff served to initiate this suit, and (2) that Specialized maintains sufficient minimum contacts in Iowa to satisfy the due process clause. ECF No. 40 at 1.

On January 6, 2025, the Court denied Specialized's motion to dismiss, holding:

> Given the "controlling circuit law, and the lack of any holding by the Iowa Supreme Court suggesting that Iowa's statutes regarding foreign corporations should be construed otherwise," *Scott,* 2018 WL 11304191, at *8, the Court finds that Specialized consented to personal jurisdiction in the Iowa courts by registering with the secretary of state and designating an agent for service of process in Iowa.

ECF No. 53 at 10. Because it found that Specialized consented to jurisdiction, the Court did not reach Plaintiff's minimum contacts argument. *Id*. at 13 ("The Court need not consider the parties' arguments regarding specific personal jurisdiction in light of its conclusion that Specialized has consented to general personal jurisdiction."). Specialized answered the complaint on January 21, 2025. ECF No. 55.

On October 31, 2024, the parties held their Rule 26(f) conference and submitted a proposed discovery plan on November 21, 2024. *See* ECF No. 41. The Court entered a Scheduling Order and Discovery Plan applicable to all parties on December 19, 2024. ECF No. 47. Fact discovery is scheduled to conclude August 22, 2025. *Id.*

On January 7, 2025, Plaintiff served Expedited, Lincoln Sales, and Specialized with initial requests for production of documents and interrogatories. As relevant here, Plaintiff requested that defendants identify, and produce documents reflecting, their organizational structure and the nature of their relationships, organizational charts, the identity and location of key decision-makers regarding the Driving Opportunity scheme, and the identity and location of class members. Defendants requested, and Plaintiff agreed to, an extension on defendants' deadline to respond until March 3. Depending in part on defendants' responses to these initial requests, Plaintiff is considering serving Specialized with additional discovery concerning its Iowa contacts.

## III.     LEGAL STANDARD

"The final judgment rule, in short, is 'crucial to the efficient administration of justice.'" *City of Burnsville v. Koppers, Inc. (In re Mun. Stormwater Pond Coordinated Litig.)*, 73 F.4th 975, 979 (8th Cir. 2023) (quoting *Flanagan v. United States*, 465 U.S. 259, 264 (1984)). Its many benefits include saving the expense and delays of repeated appeals in the same case, having the whole case and all issues decided in a single appeal with a full record, avoiding the waste of judicial resources from piecemeal appeals, and affording due respect to the district court. *Id.*

"Piece-meal appeals" are to be discouraged. *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 645-46 (8th Cir. 2008). Section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases." *Id.* Rather, the Court may authorize an interlocutory appeal under 28 U.S.C. § 1292(b) "only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (emphasis added); *accord*

*Union Cnty.*, 525 F.3d. at 645-46 ("Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination.").

Section 1292(b) permits appeal only where [1] the challenged "order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These requirements "are jurisdictional" and all three must be satisfied. *Union Cnty.*, 525 F.3d. at 645-46; *Karg v. Transamerica Corp.*, No. 18-CV-134-CJW-KEM, 2019 U.S. Dist. LEXIS 231917, at *22-23 (N.D. Iowa Nov. 7, 2019) (C.J. Williams) ("the test under Section 1292(b) is conjunctive"). And even where they are all met, granting review is discretionary any may be denied "for any reason." *Union Cnty.*, 525 F.3d. at 646. The party seeking review "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id*. at 646 (quoting *White*, 43 F.3d at 376).

When considering whether to certify a question to a state's supreme court "[t]he most important consideration . . . is whether the reviewing court finds itself genuinely uncertain about a question of state law." *Johnson v. John Deere Co.*, 935 F.2d 151, 153-54 (8th Cir. 1991) (quoting *Tidler v. Eli Lilly & Co.*, 851 F.2d 418, 426 (D.C. Cir. 1988)). Without a "'close' question of state law or the lack of state sources, a federal court should determine all the issues before it." *Id*. (affirming decision not to certify question where "district court believed that the issues in this case were not close enough to justify certification"). The Iowa Supreme Court may only answer certified questions if there is a question of Iowa law that "may be determinative of the cause then pending in the certifying court" and where "there is no controlling precedent in the decisions of" Iowa's appellate courts. Iowa Code § 684A.1.

## IV. ARGUMENT

This is not an exceptional case and Specialized cannot satisfy any of the mandatory requirements under § 1292(b). Nor can Specialized establish any of the required elements to certify this well-settled issue to the Iowa Supreme Court. Specialized will be free to raise its theories on appeal following final judgment, but there is nothing extraordinary here that warrants the additional burdens on the court and litigants associated with an interlocutory appeal.

### a. Specialized Does Not and Cannot Present a Controlling Question of Law Because The Case Will Necessarily Continue Following Any Appeal

Specialized fails to present a controlling question of law. "A question is not controlling if the litigation would necessarily continue, regardless of how the question were decided." *Residential Funding Co., LLC v. Impac Funding Corp. (In re RFC)*, No. 13-3451(SRN/HB), 2016 U.S. Dist. LEXIS 80269, at *7-8 (D. Minn. June 20, 2016); *Shukh v. Seagate Tech., LLC*, No. 10-CV-404 (JRT/JJK), 2011 U.S. Dist. LEXIS 120219, at *3 (D. Minn. Oct. 18, 2011) (stating that where an alternative basis exists for an order, the basis challenged on appeal is not "controlling."). Thus, where "at least one alternative basis" for jurisdiction exists, the question is not controlling. *Cal. Pub. Emps. Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 95-96 (2d Cir. 2004); *Residential Funding Co.*, 2016 U.S. Dist. LEXIS 80269, at *7-8 (question not controlling where, "if the Eighth Circuit were to reverse this Court's ruling, the matter would be remanded for this Court to consider" alternative arguments); *see also Berkley Reg'l Ins. Co. v. John Doe Battery Mfr.*, 20-cv-2382 (WMW/DJF), 2023 U.S. Dist. LEXIS 131675, at *6 (D. Minn. July 31, 2023) (question not controlling where party "essentially seeks an advisory opinion from the Eighth Circuit" that "may be rendered moot through further litigation"); *Frazier v. Bickford*, No. 14-cv-3843 (SRN/JJK), 2015 U.S. Dist. LEXIS 168321, at *8 (D. Minn. Dec. 15, 2015) (refusing to certify appeal where question may be rendered moot through further factual development).

Plaintiff advanced two independent theories of personal jurisdiction: consent and minimum contacts. *See* generally ECF No. 40. As Specialized concedes, the Court did not reach Plaintiff's minimum contacts argument. ECF No. 56-1 at 7 n.5; *see* ECF No. 53 at 13. All three of Specialized's proposed questions concern only consent: whether Iowa's registration statute operates as consent to jurisdiction, and if so, whether the statute violates the due process clause or the commerce clause. ECF No. 56-1 at 1. But regardless of the Eighth Circuit's disposition of these questions, this case will necessarily be remanded to this Court for consideration of the minimum contacts question. This alone renders interlocutory review improper. *Residential Funding Co.*, 2016 U.S. Dist. LEXIS 80269, at *7-8; *Shukh*, 2011 U.S. Dist. LEXIS 120219, at *3.

The minimum contacts question turns on nuanced factual issues that remain very much in flux. This could well render the consent question moot. *See Berkley Reg'l Ins. Co.*, 2023 U.S. Dist. LEXIS 131675, at *6; *Frazier*, 2015 U.S. Dist. LEXIS 168321, at *8. Plaintiff has already presented sufficient evidence of Specialized's Iowa contacts to establish jurisdiction even in the absence of consent. This evidence demonstrates the "close, synergistic relationship" between the Specialized, Expedited, and Lincoln Sales in operating the Driving Opportunity scheme at the center of this lawsuit. ECF No. 40 at 2-3, 11, 13 (quoting *Anderson v. Dassault Aviation*, 361 F.3d 449, 452-53 (8th Cir. 2004)). Evidence also reflects that most of Specialized's senior leadership resides in Iowa, that it shares a Cedar Rapids office with the other defendants, and that it has been registered to do business in Iowa since at least 2020. *Id*. 3-5, 11, 13. Plaintiff expects that discovery will reveal a wealth of additional Iowa contacts and further demonstrate defendants' closely intertwined operations.

In fact, given that Specialized will need to obtain *en banc* or Supreme Court review to overturn *Knowlton*, discovery will likely have long since ended by the time its proposed

6

interlocutory appeal concludes. *See United States v. Betcher*, 534 F.3d 820, 823-24 (8th Cir. 2008) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."); *Frazier*, 2015 U.S. Dist. LEXIS 168321, at *9 (interlocutory appeal inappropriate where it would likely necessitate a "circuitous certification route," bouncing from one appellate court to another).

Specialized's commerce clause question fails for an additional reason: it is not purely a question of law. To satisfy the controlling issue of law factor, a party must present "'a purely, abstract legal question' and not to 'the application of settled law to a specific set of facts.'" *Berkley Reg'l Ins. Co.*, 2023 U.S. Dist. LEXIS 131675, at *5 (quoting *Watkins Inc. v. McCormick & Co., Inc.*, 579 F. Supp. 3d 1118, 1121 (D. Minn. 2022)). As the Court recognized, the commerce clause jurisprudence on this issue requires a factually nuanced analysis, closely considering a party's "significant connections" with the forum. ECF 53 at 14-15 (finding that "there are enough connections between Specialized and Iowa" to avoid offending the commerce clause). Just as evidence of Specialized's minimum contacts with Iowa is likely to grow as discovery progresses, so too is the evidence of its "significant connections."

Because this case will necessarily continue regardless of any appellate decision, and there is a very real prospect of that decision becoming moot during the pendency of the appeal as the factual record continues to grow, this case is particularly ill suited for interlocutory review.

**b.** **The District Court's Order Is Firmly Rooted in Longstanding, Binding Eighth Circuit Precedent—There Is No Substantial Ground for Difference of Opinion**

Specialized fails to establish a substantial ground for a difference of opinion because, as the Court recognized, *Knowlton* controls. ECF No. 53 at 12. "Substantial grounds for a difference of opinion exist when 'the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions [or] the question is one of first impression.'" *Karg*, 2019 U.S. Dist. LEXIS 231917, at *20 (quoting

*Graham v. Hubbs Mach. & Mfg., Inc*., 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014)). Where a court's decision "was substantially guided by relevant Eighth Circuit case law," or the issue is frequently litigated and thus not novel, "there is no substantial ground for difference of opinion." *Id*. at *21-22; *Shukh*, 2011 U.S. Dist. LEXIS 120219, at *7-8 ("If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal") (citation omitted).

Moreover, to establish a substantial ground for a difference of opinion, Specialized must point to cases analyzing Iowa law at odds with the Court's finding of personal jurisdiction under *Knowlton*, not merely an abstract difference of opinion on legal concepts. *Union Cnty*., 525 F.3d at 647 (finding no substantial ground for difference of opinion on an issue governed by Iowa law where it offered no "Iowa opinions, statutes or rules" at odds with the district court's order); *see also Bartholomew v. Avalon Capital Grp., Inc.*, No. 09-1279 (MJD/AJB), 2010 U.S. Dist. LEXIS 75173, at *4 (D. Minn. July 25, 2010) (finding no ground for difference of opinion where defendant relied on law of other circuits, none of which considered relevant state's law).

Here, the Court expressly found that *Knowlton* controls. ECF No. 53 at 12. As it explained, "this Court must follow the Eighth Circuit's reasoning when the case before it is relatively on all fours with an Eighth Circuit case, as this case is with *Knowlton*. . . ." *Id*. The existence of binding precedent is dispositive. *See Karg*, 2019 U.S. Dist. LEXIS 231917, at *20; *Shukh*, 2011 U.S. Dist. LEXIS 120219, at *7-8.[2]

Specialized argues that a substantial ground for a difference of opinion can exist where

---

[2] Specialized argues that this Court believed the issue was a "close call," which warrants certification. ECF No. 56-1 at 9. The Court never suggested the consent issue was a close call—it simply explained it may have reached a different conclusion if it were "writing on a blank slate." ECF 53 at 11. The Court then correctly concluded that the slate isn't blank—*Knowlton* controls. *Id*. at 12.

intervening an decision "casts doubt" on binding precedent, arguing that *Knowlton* may no longer be good law. ECF No. 56-1 at 7-8 (citing *Brown v. State Farm Fire & Cas. Co.*, No. 2:23-cv-04002-MDH, 2024 U.S. Dist. LEXIS 16757, at *9 (W.D. Mo. Jan. 31, 2024); *GreenState Credit Union v. Hy-Vee, Inc.*, 500 F. Supp. 3d 799, 807 (D. Minn. 2020)). That fails to meet the difference-of-opinion standard. Specialized cites no appellate authority for this argument and the Eighth Circuit denied certification in both of the two district court decisions on which Specialized relies.[3] Interlocutory appeals are simply not an appropriate mechanism to overturn binding precedent. In fact, in *GreenState Credit Union*, the district court certified this very question to the Eighth Circuit, finding that *Knowlton* may no longer be good law in light of recent Supreme Court decisions. 500 F. Supp. 3d at 807. The Eighth Circuit apparently disagreed and denied the petition. *See* **Ex. B**, Judgment, *GreenState Credit Union*, No. 20-8014 (8th Cir. Dec. 4. 2020). There is no reason to believe it would accept certification of the identical question here. *See Murphy v. Labor Source, LLC*, No. 19-cv-1929 (ECW), 2021 U.S. Dist. LEXIS 27322, at *23-27 (D. Minn. Feb. 12, 2021) (denying motion to certify consent question under *Knowlton* given Eighth Circuit's prior refusal to take up issue when certified in *GreenState*).

Even if "doubt" about binding precedent was a recognized basis to certify an appeal, *Knowlton* is not in doubt. Specialized simply rehashes its argument that *Mallory* implicitly overruled *Knowlton*. ECF No. 56-1 at 8. But the Court already rejected this argument:

> *Mallory* approved a narrower and more specific statute under the due process clause, but it did not purport to make a holding regarding less specific or less explicit statutes. Thus, *Mallory* did not vitiate *Knowlton*.

ECF No. 53 at 8 (rejecting Specialized's argument that "*Knowlton* and *Sondergard* are 'not good

---

[3] *See* **Ex. A**, Judgment, *Brown v. State Farm Fire & Cas. Co*. No. 24-8002 (8th Cir. March 13, 2024); **Ex B**, Judgment, *GreenState Credit Union v. Hy-Vee, Inc.*, No. 20-8014 (8th Cir. Dec. 4. 2020).

law following the Supreme Court's more recent personal jurisdiction decisions,' generally referring to *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023)").[4]

Nor is this a novel, infrequently litigated issue. On the contrary, as the Court recognized, at least a half dozen Iowa federal courts have now considered this issue and have consistently held that registration equates to consent to jurisdiction under Iowa law. ECF No. 53 at 9 (collecting cases). And these cases are in accord with Iowa precedent. *See, e.g.*, *Schoulte v. Great Lakes Forwarding Corp.*, 230 Iowa 812, 816-17, 298 N.W. 914, 916 (1941) (service of upon foreign corporation's agent established personal jurisdiction); *Woodmen Acci. Co. v. Dist. Court Marshall Cnty.*, 219 Iowa 1326, 1333, 260 N.W. 713, 716-17 (1935) (service upon foreign corporation's designated agent (the Iowa insurance commissioner) brought corporation within jurisdiction of court). Specialized simply presents no basis for a difference of opinion under Iowa law. *See Union Cnty.*, 525 F.3d at 647.

Finally, Specialized fails to make any showing of a substantial ground for a difference of opinion concerning its commerce clause question. Indeed, the entire Argument section of its brief mentions the commerce clause only a single time in a parenthetical at the end of a string cite. *See* ECF No. 56-1 at 9. It likely ignores the issue because there is no legal dispute. Rather, the Court simply applied the facts of this case to century old Supreme Court precedent and concluded, under

---

[4] CRST Specialized reliance on decisions from the District of Missouri is misplaced. *See* ECF No. 56-1 at 8 (citing *Peeler v. SRG Glob. Coatings, LLC*, No. 1:23-CV-23-SNLJ, 2024 U.S. Dist. LEXIS 156018, at *7 (E.D. Mo. Aug. 30, 2024); *Sahm v. Avco Corp.*, 705 F. Supp. 3d 925, 929 (E.D. Mo. 2023)). Neither case stands for the proposition that *Knowlton's* holding is in doubt. *Sahm* appears to have entirely overlooked *Knowlton*, which is not cited once throughout the decision. *See generally* 705 F. Supp. 3d 925. *Peeler*, in turn, relies heavily on *Sahm*, and notes that the Missouri registration statute at issue there was not substantially similar to the Minnesota registration statute at issue in *Knowlton*. 2024 U.S. Dist. LEXIS 156018, at *7. This Court already concluded that the Iowa registration statute at issue here is similar to Minnesota's. ECF No. 53 at 10 ("The Court agrees with the various other district court decisions that these statutes are similar to, at least, the Minnesota statute at issue in *Knowlton*.").

the facts here, that Specialized maintained enough connections with Iowa to avoid offending the commerce clause. ECF No. 53 at 13-15. While the factual question may have been "close," as the Court acknowledged, *id*. at 15, the law was not. Simply applying the facts to "well settled" law "cannot serve as a basis for § 1292(b) certification." *Citimortgage, Inc. v. First Preference Mortg.*, No. 4:06CV01296 ERW, 2007 U.S. Dist. LEXIS 109220, at *17-18 (E.D. Mo. Oct. 26, 2007); *see Karg*, 2019 U.S. Dist. LEXIS 231917, at *21-23 (no ground for difference of opinion where court simply applied well-settled pleading standard to facts of case before it). As noted in the preceding section, those facts will continue to develop as discovery progresses, making this question particularly ill-suited to interlocutory review.

### c. Rather Than Materially Advance the Litigation, An Interlocutory Appeal Will Result in the Piecemeal Disposition of the Case and Cause Needless Delay

Specialized fails to demonstrate that an interlocutory appeal will materially advance the ultimate termination of the litigation. "When litigation will be conducted in substantially the same manner regardless of [the Eighth Circuit's decision], the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378-79. This includes where some defendants "would remain irrespective of the appeal's outcome." *ASI, Inc. v. Aquawood, LLC*, No. 19-763 (JRT/HB), 2021 U.S. Dist. LEXIS 21420, at *5-6 (D. Minn. Feb. 4, 2021) (finding that jurisdictional challenge by one defendant would not materially advance litigation where other defendants would remain irrespective of result of appeal). This is particularly true where the other defendants are part of a single corporate family represented by the same attorneys. *See Rilley v. MoneyMutual, LLC*, No. 16-4001 (DWF/LIB), 2017 U.S. Dist. LEXIS 202902, at *5-6 (D. Minn. Dec. 11, 2017) (rejecting interlocutory appeal of personal jurisdiction order by one corporate entity when its "subsidiaries, which are represented by the same attorneys" would remain and jurisdictional discovery would be necessary irrespective of the result).

Here, litigation will continue in this Court against at least three of the four defendants (Specialized's two co-conspirator sister-corporations and a CRST executive) regardless of the outcome of any appeal. These defendants each answered the complaint, conceding the Court's jurisdiction. *See* ECF Nos. 25-27.

Nor would an appeal materially advance the litigation if it would merely result in the transfer of an action from one forum to another, or, even worse, result in multiple forums hearing duplicative claims concurrently. *See Am. Dairy Queen Corp. v. W.B. Mason Co.*, No. 18-cv-693 (SRN/ECW), 2019 U.S. Dist. LEXIS 67558, at *7 (D. Minn. Apr. 22, 2019) ("It makes no sense" to permit interlocutory appeal that will have no impact on parties' substantive rights as claims would just be refiled in a different forum); *Private Retreats Belize, LLC v. Gram (In re Complete Retreats, LLC)*, No. 3:07mc152 (SRU), 2008 U.S. Dist. LEXIS 4401, at *12-13 (D. Conn. Jan. 23, 2008) ("rather than advance the case toward ultimate termination, an appeal would do the opposite by ensuring that multiple forums will hear duplicative claims").

Rather than advance the litigation, Specialized's appeal risks embroiling the Court and the parties in an administrative quagmire. If Specialized is successful on appeal (and on a future minimum contacts challenge in this Court), Plaintiff would simply refile his claims against Specialized in another forum, such as Indiana. The parties and two courts would then need to coordinate discovery, motion practice, trial (and, potentially, appeal), and risk the entry of inconsistent judgments.

Finally, courts have recognized that where, as here, binding precedent controls the issue, an interlocutory appeal is particularly inadvisable as it would necessitate either *en banc* or Supreme Court review: "a recipe for a long and drawn-out appeals process." *Am. Dairy Queen Corp.*, 2019 U.S. Dist. LEXIS 67558, at *6 (rejecting interlocutory review of consent-through-registration

holding under *Knowlton*). Just as in *American Dairy Queen*, *Knowlton* is binding, on-point precedent, ensuring a lengthy, complicated appellate process that could easily exceed the length of discovery in this Court (if not other major deadlines).

> **d.** **There Is No Legitimate Basis to Certify a Question to the Iowa Supreme Court**

Specialized fails to satisfy any of the relevant criteria for certifying this matter to the Iowa Supreme Court. This Court, like a half dozen other Iowa federal courts before it, was readily able to conclude "that Specialized consented to personal jurisdiction in the Iowa courts by registering with the secretary of state and designating an agent for service of process in Iowa." ECF No. 53 at 8-10. The Court considered the relevant Iowa statutes (Iowa Code §§ 490.1502; 490.1503(1)(d); 490.504(1)), noting their close similarity to Minnesota's registration statute that *Knowlton* found sufficient to establish consent to jurisdiction. *Id*. at 10. The Court also "recognize[d] the reasoning employed by the Eight Circuit Court of Appeals that '[t]he whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts.'" *Id*. (quoting *Sondergard v. Miles, Inc*., 985 F.2d 1389, at 1393 (8th Cir 1993)). Finally, the Court noted the lack of any contrary authority from Iowa's Supreme Court. *Id*. Accordingly, Specialized cannot establish "the most important consideration" in certifying a question: "whether the reviewing court finds itself genuinely uncertain about a question of state law." *Johnson*, 935 F.2d at 153-54.

Nor is there a "lack of state sources" or a "close question" under Iowa law. *See id*.; Iowa Code § 684A.1 (permitting certification only where there is "no controlling precedent"). Iowa's statutes expressly state that the purpose of registering an agent is to accept service of process, Iowa Code § 490.504, *i.e.*, "to make a nonresident suable in the local courts," *Sondergard*, 985 F.2d at 1393. And for nearly a hundred years, the Iowa Supreme Court has consistently held that "[o]ne of the[] methods of securing jurisdiction is by service upon an agent, who admittedly was qualified for that purpose." *Schoulte*, 230 Iowa at 816-17 (service of upon foreign corporation's agent

established personal jurisdiction); *Woodmen Acci. Co.*, 219 Iowa at 1333 (same). This is unsurprising given that, in 1917, the United States Supreme Court found consent through registration so well settled that it "hardly" presented an "open question." *Pa. Fire Ins. Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 95 (1917); *accord Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 133 (2023).

Finally, as explained above, the question is not "determinative of the cause then pending in" this Court as the case will necessarily continue against all four defendants regardless of any appellate outcome. *See* Iowa Code § 684A.1; Sections IV(a) & (c), *supra*.

## V.  CONCLUSION

For the foregoing reasons, Specialized's motion should be denied.

Dated: February 19, 2025                         Respectfully Submitted,

**SHINDLER, ANDERSON, GOPLERUD &
WEESE P.C.**

/s/ *J. Barton Goplerud*
J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

Elizabeth A. Fegan (*pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com

/s/ *Michael von Klemperer*
Michael von Klemperer (*pro hac vice*)
mike@feganscott.com
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
Ph: (202) 921-0002
Fax: (312) 264-0100

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Ave #310
San Rafael, CA 94901
Ph: (415) 450-5189
rsb@boulter-law.com

15