UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**REPLY IN SUPPORT OF DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER28 U.S.C. § 1292(B) OR, IN THE ALTERNATIVE, TO CERTIFY QUESTION TO IOWA SUPREME COURT**

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................... 1

II.  ARGUMENT ............................................................................................................ 1

    A.   The Order need not be dispositive to involve a controlling question of law. ......... 1

    B.   Reasonable jurists can disagree over the proposed certified questions. ................. 3

    C.   Plaintiff's speculation about future events does not alter the conclusion that an appeal may materially advance the termination of the litigation. ...................... 4

    D.   The Iowa Supreme Court should have its say on this important question.............. 5

III. CONCLUSION......................................................................................................... 5

Case 1:24-cv-00082-CJW-KEM    Document 58    Filed 02/26/25    Page 2 of 11

# TABLE OF AUTHORITIES

## Cases

*Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*,
  90 N.E.3d 440 (Ill. 2017) ........................................................................................... 5

*Aybar v. Aybar*,
  177 N.E.3d 1257 (N.Y. 2021) ..................................................................................... 5

*Behr v. AADG, Inc.*,
  2016 WL 11969653 (N.D. Iowa Oct. 5, 2016) ........................................................... 3

*Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*,
  42 F.4th 948 (8th Cir. 2022) ...................................................................................... 2

*Brown v. State Farm Fire & Cas. Co.*,
  No. 2:23-CV-04002-MDH, 2024 WL 377830 (W.D. Mo. Jan. 31, 2024) ................. 3

*Chavez v. Bridgestone Ams. Tire Operations, LLC*,
  503 P.3d 332 (N.M. 2021) .......................................................................................... 5

*Davis v. Farmers' Co-op. Equity Co.*,
  262 U.S. 312 (1923) ................................................................................................... 1

*De Dios v. Indem. Ins. Co. of N. Am.*,
  2018 WL 2976106 (N.D. Iowa June 13, 2018) .......................................................... 5

*De Dios v. Indem. Ins. Co. of N. Am.*,
  927 N.W.2d 611 (Iowa 2019) ..................................................................................... 5

*DeLeon v. BNSF Ry. Co.*,
  426 P.3d 1 (Mont. 2018) ............................................................................................. 5

*Facebook Inc. v. Namecheap Inc.*,
  2021 WL 961771 (D. Ariz. Mar. 15, 2021) ............................................................... 2

*Figueroa v. BNSF Ry. Co.*,
  390 P.3d 1019 (Or. 2017) ........................................................................................... 5

*Genuine Parts Co. v. Cepec*,
  137 A.3d 123 (Del. 2016) ........................................................................................... 5

*GreenState Credit Union v. Hy-Vee, Inc.*,
  500 F. Supp. 3d 799 (D. Minn. 2020) ........................................................................ 3

*Hutson v. Fehr Bros.*,
  584 F.2d 833 (8th Cir. 1978) ...................................................................................... 4

*In re Syngenta AG MIR 162 Corn Litig.*,
No. 14-MD- 2591-JWL, 2016 WL 2866166 (D. Kan. May 17, 2016)......................................... 4

*Johnson v. Burken*,
930 F.2d 1202 (7th Cir. 1991) .............................................................................................. 1, 2

*Karg v. Transamerica Corp.*,
2019 WL 9093998 (N.D. Iowa Nov. 7, 2019) ....................................................................... 1, 2

*Knowlton v. Allied Van Lines, Inc.*,
900 F.2d 1196 (8th Cir. 1990) .................................................................................................... 3

*Magill v. Ford Motor Co.*,
379 P.3d 1033 (Colo. 2016)........................................................................................................ 5

*Mallory v. Norfolk S. Ry. Co.*,
600 U.S. 122 (2023)................................................................................................................. 3, 4

*Munroe v. Cont'l W. Ins. Co.*,
735 F.3d 783 (8th Cir. 2013) ...................................................................................................... 2

*Peterson v. UnitedHealth Grp. Inc.*,
913 F.3d 769 (8th Cir. 2019) ...................................................................................................... 2

*Schoulte v. Great Lakes Forwarding Corp.*,
298 N.W. 914 (1941) .................................................................................................................. 3

*Segregated Acct. of Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*,
898 N.W.2d 70 (Wis. 2017)........................................................................................................ 5

*Smithfield Foods, Inc. v. Miller*,
241 F. Supp. 2d 978 (S.D. Iowa 2003) ....................................................................................... 2

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
86 F.3d 656 (7th Cir. 1996) ........................................................................................................ 2

*Sondergard v. Miles, Inc.*,
985 F.2d 1389 (8th Cir. 1993) .................................................................................................... 3

*State ex rel. Norfolk S. Ry. Co. v. Dolan*,
512 S.W.3d 41 (Mo. 2017) ......................................................................................................... 5

*Wagner v. Iowa*,
2019 WL 13551548 (N.D. Iowa July 29, 2019) ......................................................................... 5

*Willmar Poultry Co. v. Morton-Norwich Products, Inc.*,
520 F.2d 289 (8th Cir. 1975) ...................................................................................................... 2

*Woodmen Acc. Co. v. Dist. Ct. In & For Marshall Cnty.*,
260 N.W. 713 (1935) .................................................................................................................. 3

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................ 1, 2, 3, 4, 5
U.S.C. § 1292(B) ....................................................................................................... i

**Other Authorities**

16 Fed. Prac. & Proc. Juris. § 3930 ....................................................................... 2

iv

## I.      INTRODUCTION

Plaintiff's Resistance does not alter the conclusion that the Court should certify its Order (ECF No. 53) for interlocutory appeal under 28 U.S.C. § 1292(b). That an appeal would not completely dispose of the litigation is irrelevant. That is true anytime a defendant challenges personal jurisdiction. The plaintiff could always re-file in the appropriate forum. But that has not stopped this Court from certifying—and the Eighth Circuit and others from accepting—§ 1292(b) appeals of personal jurisdiction orders because an order need not be dispositive to involve a controlling question of law or materially advance the case. Nor is CRST Specialized required to point to an Iowa opinion directly contrary to the Court's to show substantial grounds for differences of opinion. The Order on its face demonstrates that reasonable jurists could disagree.

Finally, the Court should alternatively certify the question of state law to the Iowa Supreme Court. This Court already noted the absence of any on-point decision from either the Iowa Supreme Court or intermediate appellate courts. *Order* at 8. There is every reason to think the Iowa Supreme Court will welcome the opportunity to decide this important question under Iowa law.

## II.      ARGUMENT

### A.      The Order need not be dispositive to involve a controlling question of law.

Plaintiff does not—and cannot—dispute that whether CRST Specialized consented to personal jurisdiction "seriously affects the conduct of the litigation going forward." ECF No. 56-1 at 7; *Karg v. Transamerica Corp.*, 2019 WL 9093998, at *7 (N.D. Iowa Nov. 7, 2019) (Williams, C.J.) (citing *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)). Nor does he seriously dispute that the three questions CRST Specialized proposes are pure questions of law.[1] Instead,

---

[1] Contrary to Plaintiff's suggestion, the Dormant Commerce Clause question presents a pure question of law. The Court concluded CRST Specialized's compliance with Iowa's registration statutes alone distinguished it from the defendant in *Davis v. Farmers' Co-op. Equity Co.*, 262 U.S. 312 (1923), and was enough to get past the Dormant Commerce Clause. *Order* at 14. The Eighth Circuit will not have to wade through an extensive record to give a thumbs up or down on

Plaintiff contends the issue of consent is not controlling because it is not entirely dispositive. But this Court, along with most others including the Eighth Circuit, do not require § 1292(b) appeals to be dispositive.[2] Even if Plaintiff plans to assert specific personal jurisdiction following remand, "this would not mean that the appeal does not present a 'controlling' question of law." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). "The cases do not interpret the term literally." *Id.* Rather, a "question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Id.* (citing *Johnson*, 930 F.2d at 1205–06); *Karg*, 2019 WL 9093998, at \*7 (Williams, C.J.) (same); *Facebook Inc. v. Namecheap Inc.*, 2021 WL 961771, at \*2 (D. Ariz. Mar. 15, 2021) ("The fact that Plaintiffs presented additional arguments for personal jurisdiction does not mean this question is not controlling.").[3]

This Court has seen firsthand just how expensive and time-consuming class action litigation can be. *See, e.g., Cervantes v. CRST International, Inc.*, 1:20-cv-00075 (N.D. Iowa). The Court should certify its Order under § 1292(b) so that CRST Specialized can "avoid expensive and

---

that ruling. Even if it did, §1292(b) review would still be available. *Smithfield Foods, Inc. v. Miller*, 241 F. Supp. 2d 978 (S.D. Iowa 2003), *vacated and remanded*, 367 F.3d 1061 (8th Cir. 2004).

[2] *Karg*, 2019 WL 9093998, at \*7 (Williams, C.J.) (holding order on motion to dismiss involved controlling question of law even though its resolution "would not [] completely resolve[] this case"); *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289 (8th Cir. 1975) (accepting § 1292(b) appeal of partial dismissal order); *Peterson v. UnitedHealth Grp. Inc.*, 913 F.3d 769 (8th Cir. 2019) (accepting § 1292(b) appeal of partial summary judgment order); *Munroe v. Cont'l W. Ins. Co.*, 735 F.3d 783 (8th Cir. 2013) (same); 16 Fed. Prac. & Proc. Juris. § 3930.

[3] To be sure, Plaintiff failed to prove CRST Specialized is subject to specific personal jurisdiction in Iowa. Plaintiff failed to explain how his claims arise from or relate to any in-state conduct by CRST Specialized. All of CRST Specialized's suit-related conduct occurred in Indiana or states beyond Iowa. ECF No. 28-1 at 12-14; ECF No. 42 at 12-15. Even now, Plaintiff only musters generic contacts between CRST Specialized and Iowa and says nothing about how any of those alleged contacts gave rise to his claims against CRST Specialized. Even if those allegations are true (and most aren't), they would not be enough to establish specific personal jurisdiction. ECF No. 42 at 12-15; *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948 (8th Cir. 2022). Far from showing the consent question is not "controlling," Plaintiff's Resistance confirms consent is the only basis for jurisdiction.

2

protracted litigation" in a forum in which any judgment could ultimately be void. *Behr v. AADG, Inc.*, 2016 WL 11969653, at *6 (N.D. Iowa Oct. 5, 2016) (Williams, C.J.).[4]

**B.** **Reasonable jurists can disagree over the proposed certified questions.**

CRST Specialized need not point to an Iowa case directly contrary to the Order to justify review under § 1292(b). *E.g., Behr*, 2016 WL 11969653 (Williams, C.J.). Plaintiff cannot dispute, as this Court already concluded, that neither the Eighth Circuit nor any Iowa state court has addressed the consent issue under Iowa law. *Order* at 8.[5] While Iowa federal district courts have felt compelled to follow *Sondergard v. Miles, Inc.*, 985 F.2d 1389 (8th Cir. 1993), and *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990), other district courts within and without the Eighth Circuit have reached the opposite conclusion when applying statutes (like Iowa's) that do not expressly provide for consent to personal jurisdiction. ECF No. 56-1 at 13. No court besides this one has addressed the issue under Iowa law since *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023). While this Court ultimately disagreed with CRST Specialized, it acknowledged that other judges could reasonably go the other way. *Order* at 11-12.[6]

---

[4] Plaintiff's suggestion that he can fill in the gaps of his deficient jurisdictional allegations through discovery pending appeal is inapposite. If the Court certifies an appeal, CRST Specialized can seek a stay of discovery as to itself pending the appeal. But even if that weren't the case, no amount of discovery will alter the unrebutted fact (supported by uncontested sworn testimony) that Plaintiff's claims have nothing to do with CRST Specialized's forum contacts.

[5] Neither *Schoulte v. Great Lakes Forwarding Corp.*, 298 N.W. 914, 916 (1941), nor *Woodmen Acc. Co. v. Dist. Ct. In & For Marshall Cnty.*, 260 N.W. 713, 714 (1935), address the questions presented here: whether a defendant's compliance with Iowa's business registration laws operate as consent to *general personal jurisdiction*, such that defendant can be sued in Iowa over claims having nothing to do with the state; whether the exercise of jurisdiction comports with due process; and whether the exercise of jurisdiction violates the Dormant Commerce Clause. Nor did either case have any reason to answer those questions. *Schoulte* involved a motor vehicle accident which *occurred in Iowa*. *Woodmen* involved a dispute over proper service, not jurisdiction. And nothing in the opinion suggests the suit was unrelated to the defendant's insurance business in Iowa. Indeed, the defendant conceded jurisdiction existed if service was proper. Neither of these 90-year-old cases sheds any light on how the Iowa Supreme Court would construe its current statutes.

[6] That the Eighth Circuit denied appeal in *Brown v. State Farm Fire & Cas. Co.*, No. 2:23-CV-04002-MDH, 2024 WL 377830, at *3 (W.D. Mo. Jan. 31, 2024), and *GreenState Credit Union v.*

3

Moreover, neither *Sondergard* nor *Knowlton* (nor any other Eighth Circuit case) addressed the Dormant Commerce Clause challenge CRST Specialized presents here, which the Court described as a "close" question. *Order* at 15. Whether a state violates the Dormant Commerce Clause when it exercises jurisdiction over a defendant as to claims having no connection to the state—simply because the defendant has complied with the state's business registration laws—is a question over which reasonable jurists can disagree. *E.g., Mallory*, 600 U.S. at 160 (Alito, J., concurring); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD- 2591-JWL, 2016 WL 2866166, at *5 (D. Kan. May 17, 2016).

### C. Plaintiff's speculation about future events does not alter the conclusion that an appeal may materially advance the termination of the litigation.

That some defendants remain in the case is irrelevant. *Hutson v. Fehr Bros.*, 584 F.2d 833, 834 (8th Cir. 1978) (accepting interlocutory appeal of order denying motion to dismiss for lack of personal jurisdiction filed by foreign defendants, even though other defendants remained in case). So is Plaintiff's contention that he will refile in Indiana. *Id.* That option, which is present in any case where a party challenges personal jurisdiction (or venue, or forum selection clauses, etc.), does not prevent courts from certifying appeals under § 1292(b). *Id.*; ECF No. 56-1 at 11 (collecting cases). The reason courts do so is because defendants have a right not to be haled into inappropriate forums. In cases, like this one, where the defendant faces protracted and expensive litigation, courts exercise their discretion to authorize an early appeal of the jurisdiction issue.[7]

---

*Hy-Vee, Inc.*, 500 F. Supp. 3d 799, 807 (D. Minn. 2020), is inapposite. *GreenState* pre-dated *Mallory*. And neither case presented evidence to the Eighth Circuit that district courts were reaching different conclusions on substantially similar laws.

[7] Plaintiff is simply wrong that the Eighth Circuit would need to go *en banc* to decide this appeal. ECF No. 56-1 at 14. In any event, an appeal would not delay this case. The Eighth Circuit decides appeals faster than every other circuit, with a median time of 4.5 months from the filing of the notice of appeal to its disposition. *See* https://www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics/federal-court-management-statistics-december-2024.

### D. The Iowa Supreme Court should have its say on this important question.

None of the federal district courts that have decided the question attempted to predict what the Iowa Supreme Court would do. Instead, they attempted to predict what the Eighth Circuit would do based on that court's (pre-*Mallory*) decisions applying other states' laws. While the Iowa Supreme Court can certainly adopt the Eighth Circuit's decades' old reasoning, it doesn't have to. And it may find more persuasive the many, and more recent, decisions from its sister states that apply a "better rule." *Order* at 12.[8] Even so, Plaintiff argues CRST Specialized failed to show the Court "finds itself genuinely uncertain about [the] question of state law." ECF No. 57 at 18. CRST Specialized won't presume to read the Court's mind. The Order speaks for itself. *Order* at 8 ("Neither the Iowa Supreme Court nor the Iowa Court of Appeals, it appears, has resolved this issue under Iowa law."), 11 ("Iowa statutes do not explicitly state that designating an agent for service of process in Iowa leads to consenting to personal jurisdiction in the state."), 11 n.4 (noting "a leading expert on Iowa business organizations" advises that "appointing an agent for service in Iowa does not necessarily amount to consent to personal jurisdiction").[9]

## III. CONCLUSION

Certification is appropriate under 28 U.S.C. § 1292(b) or to the Iowa Supreme Court.

---

[8] *Magill v. Ford Motor Co.*, 379 P.3d 1033, 1040-41 (Colo. 2016); *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 142 (Del. 2016); *Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 447 (Ill. 2017); *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 51-52 (Mo. 2017); *DeLeon v. BNSF Ry. Co.*, 426 P.3d 1, 4 (Mont. 2018); *Chavez v. Bridgestone Ams. Tire Operations, LLC*, 503 P.3d 332, 344, 349 (N.M. 2021); *Aybar v. Aybar*, 177 N.E.3d 1257, 1266 (N.Y. 2021); *Figueroa v. BNSF Ry. Co.*, 390 P.3d 1019, 1030 (Or. 2017); *Segregated Acct. of Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 898 N.W.2d 70, 83 (Wis. 2017).

[9] Plaintiff once again argues certification to the Iowa Supreme Court is improper because the question will not entirely dispose of the litigation. That argument fails for the same reasons it fails as to the § 1292(b) certification. *See supra* §§ 2(A), (C); *Wagner v. Iowa*, 2019 WL 13551548, at *14 (N.D. Iowa July 29, 2019) (Williams, C.J.) (certifying questions to Iowa Supreme Court even though they did not dispose of case), *certified question answered*, 952 N.W.2d 843 (Iowa 2020); *De Dios v. Indem. Ins. Co. of N. Am.*, 2018 WL 2976106 (N.D. Iowa June 13, 2018) (same), *certified question answered*, 927 N.W.2d 611 (Iowa 2019).

Dated: February 26, 2025

Respectfully submitted,

*/s/ James H. Hanson*

James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant*
*CRST Specialized Transportation, Inc.*

6