**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>CRST Expedited, Inc., CRST Specialized Transportation, Inc. CRST Lincoln Sales, Inc. and John Smith, an individual<br><br>Defendant(s). | CASE NO. 1:24-cv-00082-CJW-KEM |

**JOINT NOTICE IN ADVANCE OF STATUS CONFERENCE HEARING**

Pursuant to the Court's March 17, 2025 Order (ECF No. 65), Plaintiff Harley Kelcher and Defendants CRST Expedited, Inc., CRST Lincoln Sales, Inc., CRST Specialized Transportation, Inc. and John Smith, hereby jointly submit a notice summarizing the issues, deadlines, and matters they would like to address during the April 4, 2025 status conference hearing:

1. Plaintiff has advised Defendants that he would like to address two topics: (a) the status of Defendants' collection and production of documents and ESI, and (b) the scheduling of the deposition of Mike Gannon, Defendants' CEO and President.

2. Plaintiff provides the following context for this discussion. Regarding Topic (a), Plaintiff served Defendants with his initial sets of Document Requests and Interrogatories on January 7, 2025. Defendants requested several lengthy extensions and did not answer this discovery until March 14 (CRST Specialized) and March 21 (CRST Expedited and CRST Lincoln

1

Sales). Plaintiff expected Defendants to utilize these extensions to investigate and provide fulsome responses. Unfortunately, Defendants' responses were largely deficient. For example, Defendants objected *in full* to over half of Plaintiff's Document Requests, refusing even to search for responsive documents. Similarly problematic, Defendants asserted a litany of improper boilerplate objections in response to *every single request*, e.g., "Defendant objects to this request as vague, ambiguous, and overbroad, as it fails to specify any particular documents or categories of documents being sought." This required the parties to spend approximately four hours meeting and conferring this week, walking painstakingly through almost every request to determine the actual basis for Defendants' objections, whether they would be withholding on the basis of those objections, or whether they would agree to produce responsive documents. For many requests, Defendants indicated they would follow up in writing but have not yet done so. Plaintiff also requested that Defendants provide their proposed set of ESI search terms weeks ago, but Defendants have not yet provided them. The upshot is that, while the parties are now slowly making progress, discovery negotiations are far behind where they should be.

3. Regarding Topic (b), on March 27, 2025, Plaintiff emailed Defendants to schedule the deposition of Mr. Gannon, proposing either April 10 or 11. Defendants indicated these dates would not work but have yet to provide his availability.

4. Defendants provide the following response to the items raised above:

a. For Topic (a), Defendants has worked in good faith to produce responsive documents to Plaintiff's requests. To date, they have produced more than 3,000 pages of documents and intend to make significant additional productions in the coming weeks. Nearly half of Plaintiff's 173 Requests for Production or Interrogatories are targeted to an entity he did not contract with as a lease-

purchase contractor, and a substantial portion of the requests are premature prior to class certification as well as being significantly overbroad and unduly burdensome. Despite that, Defendants concur that progress has been made in the parties' meet and confer discussions with Plaintiff's counsel agreeing to narrow numerous requests and Defendants agreeing to revisit numerous responses after clarification with Plaintiff's counsel. Defendants invited Plaintiff's counsel to prepare an initial set of proposed ESI search terms pertinent to their claim, but they declined to do so. As requested, Defendants have agreed to do so and are working on an initial set for Plaintiff's counsel's review.

b. With regard to Topic (b), upon receipt of Plaintiff's request for the deposition of Mike Gannon with two weeks' notice, Defendants confirmed that their schedules would not allow for the deposition to be scheduled on April 10 or 11, 2025. Upon receipt of the request on March 27, 2025, Defendants' counsel promptly requested dates for the deposition of CEO Gannon in early May but have not yet received his availability at that time. Defendants anticipate providing Plaintiff's counsel next week with proposed alternative dates in early May for scheduling the deposition.

3

Dated: April 3, 2025

Respectfully Submitted,

/s/ *J. Barton Goplerud*
J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
SHINDLER, ANDERSON, GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

Elizabeth A. Fegan (*pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com

/s/ *Michael von Klemperer*
Michael von Klemperer (*pro hac vice*)
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
Ph: (202) 921-0002
Fax: (312) 264-0100
mike@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Ave #310
San Rafael, CA 94901
Ph: (415) 233-7100
rsb@boulter-law.com

*Attorneys for Plaintiff Kelchner and the
Putative Class*

/s/ *James H. Hanson*
James H. Hanson (pro hac vice)
Angela S. Cash (pro hac vice)
Andrew J. Ireland (pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON
& FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN
PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant
CRST Specialized Transportation, Inc.*

4