# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
**CEDAR RAPIDS   DIVISION**

| | |
|---|---|
| HARLEY KELCHNER,<br><br>       Plaintiff(s)<br><br>  vs.<br><br>CRST EXPEDITED, INC., et al.,<br><br>       Defendant(s) | **HEARING MINUTES**   Sealed:   No<br><br>Case No.:   24-CV-82-CJW-KEM<br>Presiding Judge:   Kelly Mahoney, Magistrate Judge<br>Deputy Clerk:   Paige Burnham<br>Official Court Record:   FTR Gold     Contract?<br>Contact Information: |

| Date: | 05/12/2025 | Start: | 11:30 a.m. | Adjourn: | 11:49 a.m. | Courtroom: | KEM conference/library | |
|---|---|---|---|---|---|---|---|---|
| Recesses: | n/a | | | | Time in Chambers: | n/a | Telephonic? | Yes |

| Appearances: | | | |
|---|---|---|---|
| | Plaintiff(s): | Michael Von Klemperer, J. Barton Goplerud | |
| | Defendant(s): | Angela Cash, Kevin Visser, Andrew Ireland, James Hanson (Mr. Hanson joined at 11:33 a.m.) | |
| | U.S. Probation: | | |
| | Interpreter: | | Language:    Certified:    Phone: |

**TYPE OF PROCEEDING:**   **STATUS CONFERENCE**   Contested?      Continued from a previous date?

**Motion(s):**        **Ruling:**

**Matters discussed:**

- The parties previously agreed on a "substantial completion" deadline for defendants to produce their discovery responses. Defendants would like an additional 30 days, so that the deadline is June 20, 2025. Plaintiff does not object, subject to two conditions.
- First, plaintiff would like rolling production to continue during the extension period, rather than holding documents for the deadline. Defendant agrees.
- Second, the parties are currently negotiating ESI search terms. They have already agreed on custodians and some search terms but dispute additional single-word search terms proposed by plaintiff (such as "retention," "attrition," and "turnover"). Plaintiff would like defendant to begin searching ESI using the agreed-upon search terms now, to lessen any further delay, while defendant argues it would be overly burdensome and duplicative to run searches now, then run additional searches later. Defendant indicated it would cost $100,000 to load all the custodians' documents into their e-discovery vendor, but they have to do this regardless of what search terms are used. Defendant did not have any information on how much it would cost to run these searches or to get a "hit count" of how many documents are responsive to plaintiff's proposed search terms. Defendant agreed to provide hit counts for agreed-upon search terms, but not for plaintiff's proposed search terms. The court stated defendant needed to determine costs to support its burdensome argument. The court indicated that it seemed reasonable for defendant to have to provide the hit counts for plaintiff's proposed search terms and also suggested it would not likely be expensive to provide hit counts. The court agreed with plaintiff that having the hit counts could help the parties in negotiations.
- The court granted the extension of the substantial completion deadline to June 20, 2025. No order to follow.
- The court set another telephonic status conference for **June 3, 2025, at 11:30 a.m**. Order to follow with dial-in instructions.

**Witness/Exhibit List is**

The offering party must, within 3 days after the hearing, file in electronic form any exhibit that was not filed with a motion, resistance, or other filing related to this hearing.  Pub. Admin. Order 09-AO-03-P (5/29/09) ¶7.

**Miscellaneous:**