| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>CRST Expedited, Inc., CRST Specialized Transportation, Inc. CRST Lincoln Sales, Inc. and John Smith, an individual<br><br>Defendant(s). | CASE NO. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**JOINT NOTICE IN ADVANCE OF STATUS CONFERENCE HEARING**

Pursuant to the Court's May 13, 2025 Order (ECF No. 74), Plaintiff, Harley Kelchner, and Defendants, CRST Expedited, Inc., CRST Lincoln Sales, Inc., CRST Specialized Transportation, Inc., and John Smith, hereby jointly submit a notice summarizing the issues, deadlines, and matters they would like to address during the June 3, 2025, status conference hearing:

1. **Deposition of Michael Gannon.** Plaintiff took the deposition of Expedited's President and Chief Executive Officer, Michael Gannon, on May 29, 2025.

2. **Document Production and Written Discovery**

   a. Plaintiff's Position:

      i. Search Terms: The parties continue to make progress, but at a glacial pace. Following the last status conference, the parties met and conferred on May 16 regarding search terms, requests for production, interrogatories, and related

1

issues. Defendants assured Plaintiff that a report reflecting search term hit counts would be provided the following week, but it was not actually sent until May 28, and only for a single document custodian. Defendants' report was accompanied by a letter indicating they are still in the process of loading ESI from all other custodians, and that as more ESI is processed, they expect further refinement to search terms will be necessary. Plaintiff provided a counter-proposal on search terms on May 29.

ii. Custodial ESI Production: During the prior status conference, Plaintiff agreed to an extension of Defendants' deadline to substantially complete their document production provided they made rolling productions in the interim. However, Defendants have not made a single custodial production to date. At the current pace, it seems highly unlikely Defendants will meet the June 20 substantial completion deadline. If so, this would likely impact other case deadlines.

iii. Ripe Disputes: The parties have reached impasse over Defendants' refusal to produce class member names and contact information or materials from the *Cervantes* matter. The parties are near impasse on several other issues. Plaintiff anticipates filing one or more motions to compel in the near future.

iv. Interrogatory Data Sets: On January 7, Plaintiff served CRST Expedited with four interrogatories asking it to (1) identify class members, (2) identify those class members who took title to their trucks, (3) provide class member average weekly incomes, and (4) provide class member tenures in the lease purchase program. When Expedited finally answered on March 21 (after several

2

extensions), it did not provide the requested information. Instead, it committed to providing a spreadsheet with the responsive information at an unspecified time in the future. To date, Expedited has not provided that spreadsheet. While Expedited has assured Plaintiff it is working on it, Expedited could provide no timeline on when Plaintiff should expect to receive it. Accordingly, the four interrogatories, served on January 7, remain unanswered.

v.  Personal Jurisdiction Discovery: Below, Defendants accuse Plaintiff of raising "premature" discovery disputes while simultaneously taking issue with discovery served on Specialized to which Specialized has not yet even responded. This discovery should come as no surprise and is tailored to bolster the already substantial evidence of Specialized's many Iowa ties and its closely integrated operations with the other concededly Iowa-based Defendants. Once Specialized responds, Plaintiff is happy to meet and confer to address any legitimate concerns. Should Specialized wish to avoid producing discovery on these issues, it is free to withdraw its personal jurisdiction defense.

b.  Defendants' Position:

i.  Search Terms: Since the last status conference on May 12, 2025, Defendants have worked diligently to address Plaintiff's evolving ESI search term proposals and to process an enormous volume of data for review. Following the parties' meet and confer call on May 16, 2025, Plaintiff proposed additional changes to the search terms in an email on May 19, 2025. On May 28, 2025, Defendants responded with a detailed letter addressing the scope and burden of Plaintiff's proposals, among other discovery disputes, along with tailored

3

search term hit reports for the first custodian it had ingested documents for Expedited's CEO Mike Gannon. To date, Defendants' counsel have received and begun processing more than 1,500 gigabytes of data from the client—at significant time and expense—including emails, Teams messages, and OneDrive cloud storage for approximately half of the 26 custodians. However, as outlined in Defendants' discovery letters, Plaintiff's proposed search terms remain overly broad and unmoored to the actual claims and defenses in this case, threatening to impose an undue burden and delay. Plaintiff provided another round of proposed changes to run a hit report for on May 29, 2025. Defendants are digesting the latest round of proposed changes; however, these appear to make the search broader than the narrowed proposal Defendants sent—despite Defendants' instruction that additional narrowing would be needed. Accordingly, additional meet and confer efforts will be necessary to reach a set of terms that is proportional to the needs of this case so that Defendants' review of documents with hits for those agreed upon terms can begin.

ii. <u>Custodial ESI Production:</u> Defendants have prioritized the identification, collection, and processing of ESI from the 26 agreed custodians, even as Plaintiff's demands have continued to evolve. Contrary to Plaintiff's assertion that Defendants have made no custodial productions, Defendants have already produced more than 3,000 documents in response to Plaintiff's discovery requests, in addition to serving their own discovery requests on Plaintiff on May 12, 2025. The sheer volume of data—more than 1,500 gigabytes—requires

4

substantial resources to ingest and review, and Defendants are actively working to onboard and analyze the data. Defendants will continue to produce non-ESI documents on a rolling basis, consistent with the agreement and their obligations, while seeking to work with Plaintiff to narrow and revise the proposed duplicative and irrelevant searches that his broad terms would entail.

iii.   Ripe Disputes: Defendants maintain that certain disputes are not yet ripe for Court involvement and that continued discussions can resolve many issues. For example, Defendants object to the premature production of class member names and contact information, as set forth in Defendants' letters served May 8, 2025 and May 28, 2025. Such disclosure is premature and unnecessary for the current stage of the case, given that no class certification motion has been filed and that no showing has been made that this discovery is essential to Plaintiff's claims. Courts consistently hold that class member contact information is not discoverable pre-certification absent a showing of particular need. Plaintiff has made no such showing here, and Plaintiff has not provided any authority to support his blanket request. Moreover, to date, Plaintiff has been unwilling to engage in any compromise to receive anonymized documents or, alternatively, a sampling of class member information for CRST Specialized (the only entity that Plaintiff contracted with). Indeed, Plaintiff never contracted with Expedited and, without any plaintiff with a potential claim against that entity, Plaintiff's request for names and contact information for Expedited drivers is a blatant fishing expedition that runs far afield of reasonable discovery. Defendants have also been willing to provide certain discovery

5

relevant to Plaintiff's claims from the *Cervantes* case, which is separate and involves different factual and legal issues, and have worked to compile those specific types of documents identified in Plaintiff's requests. However, Defendants object to Plaintiff's blanket requests for production of *all* written discovery, affidavits, interrogatory responses, and deposition transcripts, among other things, that Plaintiff has sought as burdensome and irrelevant tag-along discovery. When asked for caselaw in support of his position, Plaintiff identified no authority where any court has permitted such a sweeping request. Defendants remain committed to engaging in good faith to resolve both of these disputes, as demonstrated by their extensive discovery efforts and willingness to participate in meet and confer sessions. However, Defendants will vigorously oppose any discovery motions that are premature, overbroad, or disproportionate to the needs of this case.

iv. <u>Interrogatory Data Sets:</u> Plaintiff's complaints about outstanding interrogatory responses ignore the significant efforts that Defendants have undertaken to compile responsive data across multiple entities and business units. The data requested by Plaintiff involves complex information from disparate systems and requires extensive time and validation to ensure accuracy. Defendants have explained to Plaintiff that these data sets are being assembled in a usable format and will be provided as soon as reasonably possible. Defendants reiterate their commitment to providing this information but will not be rushed into producing incomplete or inaccurate data in response to his overly broad or unfocused interrogatories.

v. <u>Additional Developments and Production:</u> Defendants also served their own discovery requests on Plaintiff on May 12, 2025, seeking critical information directly relevant to the claims and defenses in this case. Moreover, Defendants have produced more than 3,000 documents to date and have engaged in extensive meet and confer discussions, including through lengthy discovery letters served on May 8, 2025 and May 28, 2025 that comprehensively addressed Plaintiff's contentions. Plaintiff took the deposition of Expedited's CEO and President, Mike Gannon, on May 29, 2025, and spanned a full day of more than seven hours, underscoring Defendants' commitment to engaging in discovery while protecting legitimate business interests and ensuring proportionality under Rule 26.

vi. <u>Personal Jurisdiction Discovery:</u> Finally, Defendants note that Plaintiff's latest round of written discovery directed to CRST Specialized appears to be largely focused on personal jurisdiction issues. This issue is currently being briefed before the Iowa Supreme Court following this Court's certification order, and Defendants filed their opening brief on May 27, 2025. In a show of good faith, Defendants have stipulated to Plaintiff's requested extension of the Court's expedited briefing deadlines by two weeks for their corresponding briefing deadline before the Iowa Supreme Court. Defendants are also actively preparing written responses and objections to these new discovery requests. However, like with Plaintiff's some 200 other discovery requests served to date, Defendants remain concerned that Plaintiff's latest round of requests are unduly burdensome, unnecessary, and primarily designed to drive up of the cost of

7

litigation and are not good faith attempts to simply discover information relevant to their arguments for certifying a business opportunity class. For example, the latest requests seek, among other things, the home addresses of "all shared employees" and "all corporate officers and directors for each of the CRST Entities" (including entities not defendants here), detailed travel histories of all employees who have ever entered Iowa for any business-related purpose, and litigation details about all cases involving CRST Specialized or any other affiliated entities in Iowa within the last decade—even if those employees and cases have nothing to do with the claims at issue here. *See, e.g.*, Specialized Interrogatories Nos. 1 ("Identify all corporate officers and directors for each of the CRST Entities and for each, identify their . . . home and work addresses."), 4 ("Identify all of Your officers, directors, and employees who live or work in Iowa."), 5 ("Identify by date and describe the purpose of each instance on which any of Your officers, directors, or employees have entered Iowa for business purposes."), 6 ("Identify all shared employees, officers, directors, . . . with any other CRST Entity, including, for all individuals, their home and work address."), 10 ("Identify and describe any litigation in which You have been a party in Iowa federal or state courts within the past ten (10) years, including Your role (e.g., plaintiff, defendant), the case name, court name, case number, nature of the dispute, outcome, and whether you contested personal jurisdiction, and, if so, the result."); Specialized Requests for Production No. 12 ("Documents sufficient to identify all corporate officers and directors for all

8

CRST Entities, and for each, their tenure in their roles as officers or directors, and their home and work addresses.").

Dated: May 30, 2025

Respectfully Submitted,

/s/ *Michael von Klemperer*

Michael von Klemperer (*pro hac vice*)
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
Ph: (202) 921-0002
Fax: (312) 264-0100
mike@feganscott.com

J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
SHINDLER, ANDERSON, GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

Elizabeth A. Fegan (*pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Ave #310
San Rafael, CA 94901
Ph: (415) 233-7100
rsb@boulter-law.com

*Attorneys for Plaintiff Kelchner and the*
*Putative Class*

/s/ *James H. Hanson*_____

James H. Hanson (pro hac vice)
Angela S. Cash (pro hac vice)
Andrew J. Ireland (pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON
& FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN
PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant*
*CRST Specialized Transportation, Inc.*

10

11