# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>CRST Expedited, Inc., CRST Specialized Transportation, Inc. CRST Lincoln Sales, Inc. and John Smith, an individual<br><br>Defendant(s). | CASE NO. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**DECLARATION OF MICHAEL VON KLEMPERER IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 20, 22-25 TO DEFENDANT CRST EXPEDITED, INC. AND NO. 20 TO DEFENDANT CRST LINCOLN SALES, INC. AND FULSOME RESPONSES TO INTERROGATORY NOS. 2 AND 11 TO DEFENDANT CRST EXPEDITED, INC.**

I, Michael von Klemperer, hereby declare as follows:

1.     I am an attorney for Plaintiff in case number 1:24-cv-00082-CJW,KEM, in the U.S. District Court for the Northern District of Iowa and am admitted *pro hac vice* in this matter. If called to testify in court I could and would testify truthfully to the following information based upon my own personal knowledge.

2.     I write this declaration in support of Plaintiff's Motion to Compel production of documents in response to Requests for Production Nos. 20, 22–25 to Defendant CRST Expedited,

Inc. and No. 20 to Defendant CRST Lincoln Sales, Inc. and fulsome responses to Interrogatory Nos. 2 and 11 to Defendant CRST Expedited, Inc.

3. A true and correct copy of Plaintiff's Interrogatories to CRST Expedited, Inc. is attached as **Exhibit A** hereto.

4. A true and correct copy of Plaintiff's Requests for Production to CRST Expedited, Inc. is attached as **Exhibit B** hereto.

5. A true and correct copy of Plaintiff's Requests for Production to CRST Lincoln Sales, Inc. is attached as **Exhibit C** hereto.

6. On March 14, 17, and 21, 2025, Defendants served written responses and objections to Plaintiff's Interrogatories and Requests for Production. A true and correct copy of CRST Expedited, Inc.'s responses and objections to Plaintiff's Requests for Production is attached as **Exhibit D** hereto. A true and correct copy of CRST Lincoln Sales, Inc.'s responses and objections to Plaintiff's Requests for Production is attached as **Exhibit E** hereto. A true and correct copy of CRST Expedited, Inc.'s responses and objections to Plaintiff's Interrogatories is attached as **Exhibit F** hereto.

7. On March 17, 2025, Plaintiff sent Defendants a letter concerning their objections to Plaintiff's discovery requests and requesting a meet and confer. A true and correct copy of this letter is attached as **Exhibit G** hereto.

8. On March 31, 2025, and April 2, 2025, the Parties met and conferred about Defendants' discovery responses. During these calls, Defendants took the position that documents and information identifying putative class members were not required pre-class certification, and that Defendants would only produce an anonymized list of putative class members. Defendants also requested that Plaintiff narrow his requests for materials from *Cervantes v. CRST Int'l, Inc.*

No. 20-CV-75-CJW-KEM ("*Cervantes*")—a class action by a similarly defined class involving allegations of similarly fraudulent and deceptive practices by Expedited and its parent CRST International, Inc.,—but did not propose a coherent way to do so. Defendants indicated that they would follow up in writing regarding these, and other matters, discussed during the March 31 and April 2 meet and confers.

9. However, when Plaintiff did not hear from Defendants for weeks, he followed up by letter on April 30. A true and correct copy of this letter is attached as **Exhibit H**.

10. On March 8, 2025, Defendants sent Plaintiff a letter confirming that they refused to produce (1) class member identities and contact information and (2) any of the requested *Cervantes* materials. A true and correct copy of this letter is attached as **Exhibit I** hereto.

11. On May 16, 2025, the Parties again attempted to meet and confer about Defendants' discovery responses. Defendants confirmed that the Parties were at an impasse as to the discoverability of class member identities/contact information and the *Cervantes* materials.

12. On May 19, 2025, Plaintiff followed up after the meet and confer via email to Defendants addressing various issues discussed and providing authority to support pre-certification discovery into putative class members. A true and correct copy of this email chain is attached as **Exhibit J** hereto.

13. On May 28, 2025, Defendants provided a response letter to Plaintiff's May 19 email. A true and correct copy of this letter is attached as **Exhibit K** hereto.

14. All Defendants identified putative class members on their Initial Disclosures. True and correct copies of Defendants' Initial Disclosures are attached as **Exhibit L** hereto.

15. A true and correct copy of the U.S. Department of Transportation Truck Leasing Task Force's January 2025 report to Congress on lease-purchase programs is attached as **Exhibit M** hereto.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my recollection.

Executed this day of June 2, 2025, at Washington, D.C.

Respectfully submitted,

*/s/ Michael von Klemperer*
Michael von Klemperer