# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-00082-CJW-KEM |
| Plaintiffs, | Honorable Judge C.J. Williams |
| v. | |
| CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., and JOHN SMITH, an individual, Defendants. | |

## OBJECTIONS OF DEFENDANT, CRST LINCOLN SALES, INC., TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, CRST Lincoln Sales, Inc., pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, submits its Objections to Plaintiff's First Request for Production of Documents as follows:

## OBJECTIONS TO INSTRUCTIONS

Defendant objects to the Instructions contained in Plaintiff's First Requests for Production of Documents as follows:

1. Instruction No. 3 (Format of Electronically Stored Information "ESI"). Defendant objects to this instruction as overly burdensome and not required under Rule 34. The instruction mandates specific metadata fields, load file formats, and native production beyond what is reasonably necessary for discovery. Rule 34(b)(1)(C) allows a party to specify a form for ESI production, but it does not mandate compliance with extensive metadata requirements where not proportional to the needs of the case. Defendant further objects to the requirement that the entire

"parent-child" document set must be produced in full, even if portions are non-responsive, as it is overly broad and unduly burdensome.

2. Instruction No. 4 (Prohibition on Redaction for Non-Responsiveness). Defendant objects to this instruction to the extent that it prohibits redaction for non-responsive or irrelevant information. This unreasonably expands Defendant's obligations beyond what is required by Rule 26(b)(1), which limits discovery to matters relevant and proportional to the needs of the case. Defendant reserves the right to redact irrelevant, non-responsive, confidential, or proprietary information that is not subject to discovery.

3. Instruction No. 7 (Objections Must Specify Whether Documents Are Being Withheld). Defendant objects to this instruction to the extent that it purports to impose additional obligations beyond those required under Rule 34(b)(2)(C). While Defendant acknowledges that objections must be stated with specificity, the instruction fails to recognize that some objections may apply to broad categories of documents, making it impractical to specify in every instance whether documents are being withheld on each specific ground.

4. Instruction No. 8 (Vagueness or Ambiguity Claims). Defendant objects to this instruction to the extent that it requires Defendant to identify specific language claimed to be vague or ambiguous and to describe the interpretation being applied. While Defendant will comply with Rule 34 in good faith, this instruction impermissibly shifts the burden onto Defendant to provide a definitive interpretation instead of requiring Plaintiff to clarify vague requests.

5. Instruction No. 9 (Identification of Lost or Unavailable Documents). Defendant objects to this instruction as overly broad and unduly burdensome, as it requires Defendant to identify all lost or unavailable documents, state when they were lost or destroyed, and identify

2

their last known custodian. This instruction imposes an obligation beyond what is required by Rule 34 and Rule 26(b)(1) and does not account for reasonable limits on record retention policies.

6.     Instruction No. 10 (Production of Computerized Data in a "Computer-Readable Format"). Defendant objects to this instruction as vague, ambiguous, and overly broad, as it requires all computerized data to be produced in a "computer-readable format" without defining what constitutes an acceptable format. Under Rule 34(b)(2)(E)(ii), a party need only produce ESI in a reasonably usable form, not in a format dictated by the requesting party.

7.     Instruction No. 11 (Native Format Requirement for Electronic Documents). Defendant objects to this instruction to the extent that it requires all electronically stored information to be produced in its native format with metadata. Rule 34 does not require default production in native format, and production in native format should only be required where necessary and proportional to the needs of the case. Defendant reserves the right to produce ESI in TIFF, PDF, or other reasonably usable formats consistent with Rule 34.

8.     Instruction No. 12 (Relevant Time Period for Production: August 23, 2020 – Present). Defendant objects to this instruction to the extent that it arbitrarily sets the relevant time period from August 23, 2020, to the present, without regard to whether such a timeframe is relevant or proportional to the claims at issue. Defendant reserves the right to limit production to a reasonable timeframe based on the nature of the requests and the proportionality factors outlined in Rule 26(b)(1).

9.     Instruction No. 14 (Control Over Documents in Possession of Third Parties). Defendant objects to this instruction to the extent that it improperly expands Defendant's discovery obligations by requiring it to obtain documents from "directors, officers, secretaries, employees, attorneys, experts, accountants, agents, subsidiaries, affiliates, or others." Rule 34 limits discovery

3

to documents within a party's "possession, custody, or control"—not to documents held by third parties.

10.     Instruction No. 15 (Continuing Duty to Supplement Responses). Defendant objects to this instruction to the extent that it misstates the supplementation requirements under Rule 26(e). Rule 26(e) requires supplementation only when a party learns that its prior response is incomplete or incorrect in a material way, not an ongoing duty to continually monitor and update responses absent such a trigger. This instruction is overly broad and unduly burdensome.

## OBJECTIONS TO DEFINITIONS

Defendant objects to the Definitions contained in Plaintiff's First Requests for Production of Documents as follows:

1.     Definition No. 5 ("Document"). Defendant objects to this definition to the extent that it exceeds the scope of Federal Rule of Civil Procedure 34(a) by requiring production of materials beyond what is permitted under the Federal Rules. The definition's inclusion of post cards, post-it notes, telephone usage records or logs, messaging usage records or logs (including text or instant messaging), and all other written, graphic, or electronic materials of any nature whatsoever is overly broad and unduly burdensome, as it may encompass irrelevant, privileged, or otherwise non-discoverable information.

2.     Definition No. 7 ("Person"). Defendant objects to this definition as overly broad and ambiguous, as it defines "person" to include any "business, legal, or governmental entity or association" without limitation. This definition is improperly vague and fails to reasonably limit the scope of discovery to individuals or entities relevant to this litigation.

3.     Definition No. 8 ("Concern and Concerning"). Defendant objects to this definition as impermissibly broad and vague because it defines "concern[ing]" as "relating to, referring to,

4

describing, evidencing or constituting." This expansive definition improperly broadens the scope of discovery by attempting to include documents and information that may be only tangentially related to the subject matter of the litigation. Such an overly broad definition fails to comply with the proportionality requirement of Rule 26(b)(1).

4. Definition No. 11 ("And/Or"). Defendant objects to this definition as impermissibly vague and overly broad because it attempts to eliminate the distinction between conjunctive and disjunctive meanings. This could improperly broaden the scope of discovery requests beyond what is required under Rule 26(b)(1), leading to burdensome and irrelevant document production.

5. Definition No. 14 ("Defendant, You, and Your"). Defendant objects to this definition as overly broad and misleading because it seeks to define "Defendant," "you," and "your" as including "all of its divisions, subsidiaries, affiliated or related or predecessor companies." This improperly attempts to expand Defendant's discovery obligations to include information and documents in the possession of separate legal entities that are not parties to this action, in violation of Rule 34(a), which limits discovery to information within a party's possession, custody, or control.

6. Definition No. 16 ("Class Period"). Defendant objects to this definition as overly broad and vague, as it defines "class period" as "between August 23, 2021, and the present time." This fails to account for whether the class definition is legally valid, whether the class has been certified, and whether all individuals within this time period are properly part of the class under Rule 23. Defendant further objects to any implication that it must treat all individuals within this time frame as class members without a court determination.

7. Definition No. 17 ("Settlement Statements"). Defendant objects to this definition as overly broad and vague, as it seeks to define "settlement statements" to include multiple

categories of documents that may not be relevant to this litigation. Furthermore, this definition appears to require Defendant to produce a broad range of financial and payroll-related documents, some of which may be privileged, confidential, or not subject to discovery under Rule 26(b)(1).

8. Definition No. 18 ("Metadata"). Defendant objects to this definition as overly broad and unduly burdensome, as it requires the production of all metadata for every electronically stored document without regard to whether such metadata is relevant, necessary, or reasonably accessible under Rule 26(b)(2)(B). The production of metadata should be limited to what is relevant and proportional to the needs of the case.

9. Definition No. 19 ("Native Format"). Defendant objects to this definition as overly broad and unduly burdensome, as it fails to account for reasonable limitations on the production of electronic documents. Under Rule 34(b)(1)(C), a party is not required to produce documents in native format unless there is a valid reason to do so. Defendant objects to any implication that it must produce all electronic documents in native format by default without a showing of relevance and necessity.

## **REQUESTS FOR PRODUCTION**

1. All documents identified by you in your answers to Kelchner's First Set of Interrogatories to CRST Lincoln Sales, Inc., as well as all documents reviewed by you in preparing your answers to the Plaintiff's First Set of Interrogatories to you, whether identified in your answers or not.

**OBJECTIONS**: Defendant objects to this request as vague, ambiguous, and overbroad, as it fails to specify any particular documents or categories of documents being sought. The request improperly demands "all documents" reviewed in preparing Defendant's interrogatory responses, which could encompass privileged attorney work product and other irrelevant or non-responsive

6

materials. Furthermore, the request is unduly burdensome because it demands production of documents whether identified or not, creating uncertainty and an unreasonably broad scope of production. Defendant further objects on the grounds that no class has been certified, and the request therefore seeks information prematurely and potentially regarding individuals who are not proper parties to this action.

2. All documents referenced in your initial disclosures, including any supplements thereto.

**OBJECTIONS:** Defendant objects to this request as vague and overbroad, as it fails to identify any specific documents sought and improperly assumes that every document referenced in initial disclosures is relevant to Plaintiff's claims. Additionally, Rule 26(a)(1)(A)(ii) requires disclosure of documents that may be used to support a party's claims or defenses but does not mandate their automatic production. To the extent Plaintiff seeks all documents referenced rather than those Defendant intends to use, the request exceeds the permissible scope of discovery under Rule 26(b)(1).

3. All documents from each individual you identify in your initial disclosures, including any supplements thereto, concerning the subject matter of their discoverable information. If a particular individual's documents are not within your possession, custody, or control, please identify each such individual.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and vague, as it seeks all documents from individuals identified in initial disclosures without limitation as to subject matter, timeframe, or relevance. Additionally, requiring Defendant to

7

identify individuals whose documents are not in its possession, custody, or control improperly shifts the burden onto Defendant to investigate and account for the records of third parties, which is not required under Rule 34(a)(1).

4.     All documents you obtain in response to any subpoena you serve in this case.

**OBJECTIONS:** Defendant objects to this request as overbroad, irrelevant, and premature, as it seeks all documents obtained via subpoena regardless of whether they are relevant to Plaintiff's claims or proportional to the needs of this case under Rule 26(b)(1). Furthermore, this request is vague and speculative, as it assumes that Defendant will serve subpoenas and obtain documents without specifying which categories of records Plaintiff seeks. Defendant further objects to the extent that some responsive documents may be subject to confidentiality restrictions or protective orders issued by third parties.

5.     All documents you obtain from any witness in this case (whether by subpoena, voluntary production, or otherwise).

**OBJECTIONS:** Defendant objects to this request as overbroad, vague, and unduly burdensome, as it fails to define "witness," does not specify which documents or subject matter Plaintiff seeks, and demands production regardless of relevance. Additionally, the request improperly assumes that every document provided by any witness is relevant to this litigation, which violates Rule 26(b)(1)'s proportionality requirement.

6.     All documents concerning any communications between Plaintiff on one hand and you on the other.

8

**OBJECTIONS:** Defendant objects to this request as vague and ambiguous, as it fails to define "communications" or specify whether it seeks written, verbal, or electronic correspondence. Further, the request is overbroad and unduly burdensome, as it lacks any reasonable time limitation and would require a disproportionate effort to search, collect, and produce all communications ever exchanged between Plaintiff and Defendant. Defendant further objects to the extent that responsive documents may contain confidential or proprietary business information unrelated to Plaintiff's claims.

7.      All documents that were used or consulted in preparing your Answer to the Complaint.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and improper, as it seeks all documents used or consulted in preparing Defendant's Answer, which necessarily includes privileged materials, attorney work product, and legal strategy documents protected under Rule 26(b)(3). Additionally, the request is vague and ambiguous, as it fails to identify which specific subject matter Plaintiff is requesting or provide any time limitation.

8.      All documents that support each denial or affirmative defense in your Answer to the Complaint.

**OBJECTIONS:** Defendant objects to this request as overbroad, unduly burdensome, and vague, as it fails to identify the specific affirmative defenses or denials at issue. The request effectively demands that Defendant conduct a wholesale production of all evidence that may be relevant to any defense, rather than requesting specific, relevant documents within the permissible

9

scope of Rule 26(b)(1). Defendant further objects to the extent that no class has been certified, making this request premature as it assumes class-wide discovery obligations that do not yet exist.

9.      All statements (written or taped) taken by you, your attorney, your investigator or representative from any witness to any of the incidents referred to in the complaint herein.

**OBJECTIONS:** Defendant objects to this request as vague and overbroad, as it fails to define "witness" and improperly seeks all statements taken "by Defendant's attorney or investigator," including materials protected under attorney-client privilege and work-product doctrine pursuant to Rule 26(b)(3). Additionally, the request assumes that all statements concern relevant incidents, even though no class has been certified, and the full scope of Plaintiff's claims remains undetermined.

10.     All of Plaintiff's settlement statements (as defined above).

**OBJECTIONS:** Defendant objects to this request as vague, ambiguous, and overbroad, as the term "settlement statements" is defined to include multiple categories of documents that may not be relevant to this litigation. Furthermore, this definition appears to require Defendant to produce a broad range of financial and payroll-related documents, some of which may be privileged, confidential, or not subject to discovery under Rule 26(b)(1).

11.     The complete database from which you derive/prepare settlement statements for Lease Purchase Program Drivers for the entire class period and three years prior.

**OBJECTIONS:** Defendant objects to this request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this case. The term "complete database" is

10

unclear and undefined, making it impossible to determine what specific data Plaintiff seeks. Additionally, this request improperly assumes that Defendant maintains a single, centralized database for all Lease Purchase Program Drivers, when relevant information may be stored across multiple systems or not exist in the format requested. Defendant further objects because no class has been certified, making any demand for a class-wide production inappropriate and premature. This request is also overbroad in its temporal scope, seeking records for the "class period" plus three additional years, without demonstrating how such an extended timeframe is relevant or proportional under Rule 26(b)(1).

12.     All files and documents you possess and/or maintain concerning Plaintiff.

**OBJECTIONS:** Defendant objects to this request as vague and ambiguous, as the phrase "all files and documents" is not sufficiently defined and could encompass a vast range of irrelevant or privileged materials. Furthermore, this request is overbroad and unduly burdensome because it fails to limit the subject matter or specify the types of documents sought, requiring Defendant to review and produce all materials referencing Plaintiff, regardless of relevance. Defendant also objects to the extent that some requested documents may be protected by attorney-client privilege or the work-product doctrine under Rule 26(b)(3).

13.     All recordings of conversations made by and between Plaintiff and any and all representatives of the Defendants at any point in time.

**OBJECTIONS:** Defendant objects to this request as overly broad, vague, and unduly burdensome, as it fails to define "recordings" or limit the request to relevant communications. The phrase "at any point in time" renders this request unlimited in scope and makes compliance

11

disproportionately burdensome under Rule 26(b)(1). Defendant also objects to the extent that any responsive materials may be protected by privilege or confidentiality agreements.

14. All investigative reports conducted by you or others on your behalf related to Plaintiff.

**OBJECTIONS:** Defendant objects to this request as vague, ambiguous, overbroad, and seeking privileged materials. The phrase "investigative reports" is not defined and could include a wide range of internal business documents, regulatory compliance records, or privileged litigation materials. Additionally, to the extent this request seeks reports prepared by or at the direction of Defendant's attorneys in anticipation of litigation, it is protected under the work-product doctrine and attorney-client privilege pursuant to Rule 26(b)(3). Defendant further objects because the request does not limit the timeframe or specify how these reports relate to Plaintiff's claims, making it overly broad and unduly burdensome.

15. All forms of written leases between CRST Lincoln Sales and putative class members used during the class period.

**OBJECTIONS:** Defendant objects to this request as overbroad, unduly burdensome, and premature because no class has been certified. Without class certification, Defendant should not be required to engage in broad, class-wide discovery at this stage. Producing all lease agreements for every putative class member is inappropriate at this stage and imposes an undue burden disproportionate to the needs of the case under Rule 26(b)(1). Additionally, the request fails to specify whether Plaintiff seeks only executed agreements or all draft versions, making it vague

and ambiguous. If Plaintiff seeks specific provisions or categories of agreements, the request should be narrowed accordingly.

16. All forms of written independent contractor agreements between you and putative class members used during the class period.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and premature, as it demands all independent contractor agreements for an uncertified putative class. Without class certification, Defendant should not be required to engage in broad, class-wide discovery at this stage. Producing all independent contractor agreements for every putative class member is inappropriate at this stage and imposes an undue burden disproportionate to the needs of the case under Rule 26(b)(1). Additionally, the request fails to specify whether Plaintiff seeks only executed agreements or all draft versions, making it vague and ambiguous. If Plaintiff seeks specific provisions or categories of contracts, the request should be narrowed accordingly.

17. All other contracts or agreements between you and putative class members used during the class period.

**OBJECTIONS:** Defendant objects to this request as impermissibly broad, unduly burdensome, and premature, as no class has been certified. Without class certification, Defendant should not be required to engage in broad, class-wide discovery at this stage. Producing all other contracts or agreements for every putative class member is inappropriate at this stage and imposes an undue burden disproportionate to the needs of the case under Rule 26(b)(1). The request demands all contracts or agreements, regardless of whether they relate to Plaintiff's claims or cover different business relationships. Additionally, the request fails to define what is meant by "all other

13

contracts," making it vague and ambiguous. Defendant further objects to the extent this request imposes an obligation to search for and produce agreements covering individuals who are not parties to this action, making it disproportionate under Rule 26(b)(1).

18.     All documents concerning the acquisition, cost, and ownership (i.e. title, registration, purchase order, invoice, lease agreement etc.) of the truck leased to Harley Kelchner.

**OBJECTIONS:** Defendant objects to this request to the extent that it is overly broad, vague, and unduly burdensome. The request fails to specify a timeframe for the requested documents and improperly seeks "all documents" regarding the truck's acquisition, cost, and ownership, some of which may be irrelevant to Plaintiff's claims. Defendant will produce relevant, non-privileged documents within its possession, custody, or control, but objects to any demand requiring it to compile and produce every document related to the vehicle's history without limitation.

19.     All documents concerning any master contracts with third party vendors related to the acquisition, cost, and ownership (i.e. title, registration, purchase order, invoice, lease agreement etc.) of trucks leased to putative class members.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and premature, as it seeks documents related to an uncertified putative class and fails to limit the scope to agreements relevant to Plaintiff's individual claims. Additionally, this request improperly assumes that all trucks leased to putative class members were acquired under "master contracts," which may not be the case. Producing all vendor contracts for all leased trucks would be

14

disproportionate to the needs of the case under Rule 26(b)(1) and impose an undue burden on Defendant.

20.     Documents sufficient to identify every putative class member by stating the person's name, last known residential addresses, last known residential and/or cellular telephone numbers, last known email addresses, the beginning and end dates they drove for CRST Expedited and/or any of its divisions, subsidiaries, or affiliates, and the specific division, subsidiary, or affiliate for which they drove.

**OBJECTIONS:** Defendant objects to this request as overbroad, unduly burdensome, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request also improperly demands personally identifiable information for individuals who are not yet established as class members, and it fails to justify why such disclosure is relevant or proportional under Rule 26(b)(1).

21.     All audited and/or unaudited financial statements including balance sheets, income statements, statements of cash flows, and accountants' notes, for You for the period January 2019 to present.

**OBJECTIONS**: Defendant objects to this request as overbroad, unduly burdensome, and irrelevant, as Defendant's financial condition is not at issue in this litigation. Plaintiff has not alleged any claim that would justify disclosure of Defendant's entire financial records, nor has Plaintiff provided any basis to demonstrate why financial statements from 2019 to the present are proportional to the needs of the case under Rule 26(b)(1). Additionally, this request is vague and

ambiguous, as it fails to define the connection between Defendant's financial documents and the claims at issue.

22. All transcripts for depositions given by your employees in the case of Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM.

**OBJECTIONS:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. The request seeks information from prior litigation that involved (a) different causes of action and primarily focused on minimum wage claims under the Fair Labor Standards Act, (b) a dispute not including CRST Specialized, CRST Lincoln Sales, nor John Smith as defendants, (c) and different legal and factual issues focused on misclassification and wages not business opportunities and promotions. Based on differences between this case and *Cervantes*, initially filed over 5 years ago, Defendant objects to producing the cloned or piggybacked discovery request. *See In re Hardieplank Fiber Cement Siding Litig*., No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014) (allowed objection to "cloned" or "piggyback" discovery because the request does not specify which prior litigation requests, why it is relevant, how documents are reasonably calculated to lead to admissible evidence); *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388 (N.D. Iowa 2009) (denied a motion to compel discovery from prior State Farm litigation). *See also Town of Westport v. Monsanto Co.*, No. CV 14-12041-DJC, 2015 WL 13685105 (D. Mass. Nov. 5, 2015) (information from prior litigation is not compelled because there is no showing of "substantial similarity"). Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior

16

litigation. Further, Defendant object to this request as cumulative and duplicative, as Plaintiff can obtain relevant information through more targeted discovery methods directly related to the claims and defense at issue in this case.

Without waiving these objections, Defendant remains willing to meet and confer with Plaintiff to discuss whether a narrower, more tailored request may be appropriate.

23. All transcripts for depositions and expert reports given by your experts in the case of Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM.

**OBJECTIONS:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. The request seeks information from prior litigation that involved (a) different causes of action and primarily focused on minimum wage claims under the Fair Labor Standards Act, (b) a dispute not including CRST Specialized, CRST Lincoln Sales, nor John Smith as defendants, (c) and different legal and factual issues focused on misclassification and wages not business opportunities and promotions. Based on differences between this case and *Cervantes*, initially filed over 5 years ago, Defendant objects to producing the cloned or piggybacked discovery request. *See In re Hardieplank Fiber Cement Siding Litig*., No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014) (allowed objection to "cloned" or "piggyback" discovery because the request does not specify which prior litigation requests, why it is relevant, how documents are reasonably calculated to lead to admissible evidence); *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388 (N.D. Iowa 2009) (denied a motion to compel discovery from prior State Farm litigation). *See also Town of Westport v. Monsanto Co.*, No. CV 14-12041-DJC, 2015 WL 13685105 (D. Mass. Nov. 5, 2015) (information from prior litigation is not compelled because there is no showing of "substantial similarity").

17

Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation. Further, Defendant object to this request as cumulative and duplicative, as Plaintiff can obtain relevant information through more targeted discovery methods directly related to the claims and defense at issue in this case.

Without waiving these objections, Defendant remains willing to meet and confer with Plaintiff to discuss whether a narrower, more tailored request may be appropriate.

24. All answers to interrogatories given by you in the case of Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM.

**OBJECTIONS:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. The request seeks information from prior litigation that involved (a) different causes of action and primarily focused on minimum wage claims under the Fair Labor Standards Act, (b) a dispute not including CRST Specialized, CRST Lincoln Sales, nor John Smith as defendants, (c) and different legal and factual issues focused on misclassification and wages not business opportunities and promotions. Based on differences between this case and *Cervantes*, initially filed over 5 years ago, Defendant objects to producing the cloned or piggybacked discovery request. *See In re Hardieplank Fiber Cement Siding Litig*., No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014) (allowed objection to "cloned" or "piggyback" discovery because the request does not specify which prior litigation requests, why it is relevant, how documents are reasonably calculated to lead to admissible evidence); *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388 (N.D. Iowa 2009) (denied a

18

motion to compel discovery from prior State Farm litigation). *See also Town of Westport v. Monsanto Co.*, No. CV 14-12041-DJC, 2015 WL 13685105 (D. Mass. Nov. 5, 2015) (information from prior litigation is not compelled because there is no showing of "substantial similarity"). Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation. Further, Defendant object to this request as cumulative and duplicative, as Plaintiff can obtain relevant information through more targeted discovery methods directly related to the claims and defense at issue in this case.

Without waiving these objections, Defendant remains willing to meet and confer with Plaintiff to discuss whether a narrower, more tailored request may be appropriate.

25. All responses to requests for admission given by you in the case of Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM.

**OBJECTIONS:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. The request seeks information from prior litigation that involved (a) different causes of action and primarily focused on minimum wage claims under the Fair Labor Standards Act, (b) a dispute not including CRST Specialized, CRST Lincoln Sales, nor John Smith as defendants, (c) and different legal and factual issues focused on misclassification and wages not business opportunities and promotions. Based on differences between this case and *Cervantes*, initially filed over 5 years ago, Defendant objects to producing the cloned or piggybacked discovery request. *See In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014) (allowed objection

19

to "cloned" or "piggyback" discovery because the request does not specify which prior litigation requests, why it is relevant, how documents are reasonably calculated to lead to admissible evidence); *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388 (N.D. Iowa 2009) (denied a motion to compel discovery from prior State Farm litigation). *See also Town of Westport v. Monsanto Co.*, No. CV 14-12041-DJC, 2015 WL 13685105 (D. Mass. Nov. 5, 2015) (information from prior litigation is not compelled because there is no showing of "substantial similarity"). Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation. Further, Defendant object to this request as cumulative and duplicative, as Plaintiff can obtain relevant information through more targeted discovery methods directly related to the claims and defense at issue in this case.

Without waiving these objections, Defendant remains willing to meet and confer with Plaintiff to discuss whether a narrower, more tailored request may be appropriate.

26. All "Contractor recruiting and orientation materials" as referenced in your Amended Initial Disclosures (ECF Doc 380-4 p.5) given by you in the case of Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM in effect from January 1, 2019 to present.

**OBJECTIONS:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as not all contractor recruiting and orientational materials have any bearing on Plaintiff's claim; moreover, no class has been certified. Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the

attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation. Finally, Defendant objects to this request as cumulative and duplicative to the extent materials covering the same subject matter requested here are covered by other requests.

27. All "CRST's driver handbook and safety handbook[s]" as referenced in your Amended Initial Disclosures (ECF Doc 380-4 p.5) given by you in the case of Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM in effect from January 1, 2019 to present.

**OBJECTIONS:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as not all driver handbook and safety handbooks have any bearing on Plaintiff's claim; moreover, no class has been certified. Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation. Finally, Defendant objects to this request as cumulative and duplicative to the extent materials covering the same subject matter requested here are covered by other requests.

28. All documents concerning internal reports, summaries, analysis, studies, presentations, meeting minutes, meeting summaries, Board of Director minutes, and/or PowerPoint style presentations concerning the income (gross and/or net) Drivers derived from the Lease Purchase Program from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, vague, unduly burdensome, and irrelevant, as it seeks an expansive range of internal business documents that are not directly relevant to Plaintiff's claims. Additionally, no class has been certified, making class-

21

wide income data premature and improper at this stage. Further, Defendant objects to the extent that such materials may contain confidential business strategy information and proprietary financial data that have no bearing on Plaintiff's claims.

29. All of your organizational charts from January 1, 2019 to the present date.

**OBJECTIONS:** Defendant objects to this request as vague, overly broad, and unduly burdensome, as it fails to define the relevance of all organizational charts from 2019 to the present. The request improperly assumes that all structural changes within Defendant's organization are relevant, which is not the case. If Plaintiff seeks specific organizational information, the request should be narrowed accordingly.

30. Copies of any liability insurance policies which could compensate and/or potentially pay for the claims of the Plaintiffs in these proceedings.

**OBJECTIONS:** Defendant objects to this request to the extent that it seeks documents that are not relevant to the claims or defenses in this case and is premature, as no class has been certified. While Rule 26(a)(1)(A)(iv) requires disclosure of insurance policies that may be used to satisfy a judgment, this obligation does not extend to all policies that could "potentially" compensate plaintiffs in an undefined way. The request is overbroad, vague, and ambiguous because it does not specify the types of insurance policies sought or their relevance to the allegations. If Plaintiff seeks specific coverage information, the request should be narrowed accordingly to avoid imposing an undue burden on Defendant. Defendant further objects to any demand that it produce policies that do not relate to this litigation or are otherwise irrelevant.

22

31. All documents concerning complaints and/or communications from putative class members about the amount of miles or the amount of income derived from the Lease Purchase Program from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, irrelevant, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to meaningfully define what constitutes a "complaint" or "communication," leaving it vague and ambiguous and requiring Defendant to engage in an overly broad and speculative search across multiple platforms, email servers, and customer service records. Additionally, it fails to distinguish between formal complaints and casual inquiries, making the scope of the request unclear and unreasonably expansive. The demand for every complaint over a five-year period for the entire putative class would require an extensive and costly review of large amounts of potentially irrelevant data, imposing an undue burden on Defendant disproportionate to the needs of the case under Rule 26(b)(1). Furthermore, many such complaints may contain confidential business information or communications protected by privilege.

32. All documents concerning any type of turnover or failure rate analysis of Drivers in the Lease Purchase Program from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and irrelevant, as turnover or failure rate analyses are internal business documents that do not directly relate to Plaintiff's claims. Additionally, no class has been certified, and Plaintiff is not entitled to broad class-wide discovery at this stage. The phrase "any type of turnover or failure rate analysis" is vague and ambiguous, failing to define whether the request includes raw data, formal reports, statistical studies, or other forms of analysis. Producing all documents responsive to this

23

request would require an extensive review of business records that may be wholly unrelated to Plaintiff's claims and contain proprietary and competitively sensitive business information. Defendant further objects to the extent that such analyses, if they exist, may have been prepared by consultants, third-party analysts, or legal counsel and are protected under attorney-client privilege or work-product doctrine.

33. All documents concerning any investigations, studies, audits, or analysis by you (or any third party acting on your behalf) whether the putative class members were properly classified by you as independent contractors as opposed to statutory and/or common law employees.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request improperly seeks all documents related to employment classification, without regard to timeframe, relevance, or applicability to Plaintiff's individual claims, even though Plaintiff's claims do not relate to workforce models. Additionally, many of these materials are protected under attorney-client privilege and work-product doctrine under Rule 26(b)(3), as they were likely prepared in consultation with legal counsel or in anticipation of litigation. Producing these materials would require extensive privilege review and could improperly disclose Defendant's legal strategy. Furthermore, this request imposes an undue burden, as it fails to limit its scope to specific audits, reports, or studies related to Plaintiff's allegations, instead demanding every analysis ever conducted on this issue.

34. All documents concerning your retention policies for documents and electronic files, including but not limited to record-keeping and filing policies, document maintenance and/or destruction polices, since 2019.

**OBJECTIONS:** Defendant objects to this request as overly broad, vague, unduly burdensome, and irrelevant, as document retention policies are not directly relevant to Plaintiff's claims and do not have a clear connection to the allegations in this case. The phrase "all documents concerning retention policies" is overbroad and ambiguous, as it fails to specify what specific policies Plaintiff seeks or how they relate to this dispute. Additionally, producing all retention policies since 2019 would require an extensive search of administrative policies, IT records, and internal compliance documents that have no direct bearing on Plaintiff's claims. Defendant further objects to the extent that this request seeks privileged communications regarding legal hold notices, litigation preparation, or compliance strategies that are protected under attorney-client privilege and work-product doctrine.

35. All documents concerning any training materials, including but not limited to manuals, video or audiotapes, handouts, scripts, terminology, instructions, memoranda, tips, and suggestions, used to train putative class members, since 2019.

**OBJECTIONS:** Defendant objects to this request as overbroad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request improperly demands every training-related document used in any context, regardless of whether it relates to Plaintiff's claims. The phrase "any training materials" is vague and ambiguous, failing to define which aspects of training are relevant—*e.g.*, safety training, compliance training, lease agreement training, or job performance training.

36. All documents concerning the recruitment of drivers into the Lease Purchase Program including but not limited to manuals, video or audiotapes, handouts, scripts, terminology, instructions, emails, parameters, memoranda, tips, and suggestions, provided to your internal employees or external recruiters since 2019.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The phrase "all documents concerning recruitment" is overly broad and ambiguous, failing to define which aspects of recruitment are relevant—*e.g.*, advertising, compensation discussions, contractual negotiations, or screening criteria. Defendant further objects to the extent that some of these materials may contain proprietary business strategies and trade secrets that are not relevant to Plaintiff's individual claims.

37. Documents sufficient to identify from 2019 forward: all employees or external recruiters responsible for recruiting drivers into the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this request as overbroad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The phrase "all employees or external recruiters" is overly broad and ambiguous. Producing a complete list of all individuals who ever engaged in recruitment activities since 2019 would impose an undue burden on Defendant, requiring a comprehensive review of personnel records, contractor agreements, and potentially, third-party vendor relationships. Additionally, such records may contain proprietary and confidential business information that is not relevant to Plaintiff's individual claims.

26

38. All documents concerning any Lease Purchase Program Driver surveys and/or exit interviews from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to define what constitutes "Lease Purchase Program Driver surveys and/or exit interviews," making it ambiguous and overly broad. Surveys and exit interviews, however defined, may also contain anecdotal, subjective, and business-sensitive information that has no direct bearing on Plaintiff's claims. Additionally, surveys and exit interviews are often conducted for internal business purposes and may be wholly unrelated to the issues in this case. Producing all such documents from 2019 to the present would require a costly and time-consuming review of potentially thousands of individual documents, imposing an undue burden on Defendant disproportionate to the needs of this case under Rule 26(b)(1).

39. Advertisements prepared by you or on your behalf during the period from January 2019 to the present seeking applicants/candidates for the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to define "advertisements," making it unclear whether Plaintiff seeks print ads, digital marketing materials, television or radio commercials, third-party job postings, or internal recruiting communications. Additionally, advertisements are constantly updated and customized for different audiences and locations, making it impractical and burdensome to compile all advertising materials from 2019 onward. Defendant further objects to

27

the extent this request seeks proprietary marketing strategies and business-sensitive recruitment data that are not relevant to Plaintiff's claims.

40. Documents sufficient to show the identity of all advertising agencies utilized by you since 2019.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as the identity of Defendant's advertising agencies is not relevant to Plaintiff's claims. Additionally, advertising agencies handle numerous campaigns unrelated to the Lease Purchase Program, meaning that identifying all agencies used since 2019 would not necessarily lead to relevant discovery. Producing such information would require a costly and time-consuming review of contracts, invoices, and business records, imposing an undue burden on Defendant disproportionate to the needs of this case under Rule 26(b)(1).

41. Web pages (including any social media pages) prepared by you or on your behalf during the period from January 2019 to the present concerning the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The phrase "web pages (including any social media pages)" is vague and ambiguous, as it fails to specify whether Plaintiff seeks archived web pages, changes to website content, social media posts, or metadata related to website revisions. Website and social media platforms are frequently updated, making it impractical and unduly burdensome to reconstruct all versions of relevant pages since 2019. Additionally, third-party platforms such as job boards,

28

recruiting sites, and social media channels are not fully within Defendant's possession, custody, or control, making compliance with this request impossible in some cases.

42. All documents concerning the determination of the weekly truck lease fees and variable mileage fees charged the putative class and any formulas related thereto.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to define what is meant by "all documents" concerning the determination of fees, making it excessively broad and requiring an extensive search of financial records, internal cost models, and proprietary pricing formulas. Additionally, pricing structures are based on multiple factors, including market conditions, financing terms, and operational costs, and many such records contain highly sensitive and proprietary financial data. Producing all such documents would impose an undue burden disproportionate to the needs of this case under Rule 26(b)(1). Furthermore, to the extent Plaintiff seeks documents related to putative class members, the request is premature and improper, as no class has been certified. Defendant further objects to producing proprietary financial models, competitive pricing analyses, and confidential contract terms, which are not relevant to Plaintiff's individual claims and could place Defendant at a competitive disadvantage if disclosed.

43. All documents concerning the determination of the weekly truck insurance fees charged the putative class and any formulas related thereto.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide

29

discovery at this stage. The request fails to define what is meant by "all documents" concerning the determination of fees, making it excessively broad and requiring an extensive search of financial records, internal cost models, and proprietary pricing formulas. Additionally, insurance fees vary based on multiple factors including third-party insurer pricing and contractual agreements and such records may contain highly sensitive and proprietary financial data. Producing all such documents would impose an undue burden disproportionate to the needs of this case under Rule 26(b)(1). Furthermore, to the extent Plaintiff seeks documents related to putative class members, the request is premature and improper, as no class has been certified. Defendant further objects to producing proprietary financial models, competitive pricing analyses, and confidential contract terms, which are not relevant to Plaintiff's individual claims and could place Defendant at a competitive disadvantage if disclosed.

44. All documents describing in whole or part your initial implementation of the Lease Purchase Program including but not limited to final and draft business plans, any internal or external analysis, studies, recommendations, communications, and/or presentations.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as the initial implementation of the Lease Purchase Program is not directly relevant to Plaintiff's claims. This request improperly seeks all strategic business documents related to the program's formation, which are likely to contain proprietary business strategies, confidential financial projections, and privileged legal analyses. Additionally, no class has been certified, making class-wide discovery at this stage improper and premature. Furthermore, this request fails to identify a specific timeframe, making it excessively broad and requiring a disproportionate search of corporate archives, internal memoranda, and executive communications

30

dating back an undefined number of years. Defendant also objects to producing internal discussions, strategic planning documents, and business analyses that have no direct connection to Plaintiff's claims.

45. All documents concerning any comparative analysis of the profitability to you utilizing the Lease Purchase Program vis a vis utilizing company employee drivers from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, irrelevant, and seeking proprietary financial information, as Defendant's internal profitability comparisons are not relevant to Plaintiff's claims. The request fails to establish how profitability analyses are connected to Plaintiff's allegations, as Plaintiff's claim does not pertain to Defendant's business decisions regarding workforce models. Additionally, this request improperly seeks highly sensitive financial and operational data that is not relevant to Plaintiff's individual claims and could place Defendant at a competitive disadvantage if disclosed. Producing all such documents would require an extensive and burdensome review of corporate financial records, operational cost models, and internal profit-and-loss reports, imposing a disproportionate burden under Rule 26(b)(1).

46. All documents concerning any analysis of, or description of, the benefit(s) (potential or actual) to you by utilizing the Lease Purchase Program from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as Defendant's internal analyses of the benefits of the Lease Purchase Program are not relevant to Plaintiff's claims. This request seeks business strategy documents that are wholly unrelated to whether Defendant engaged in any alleged wrongful conduct. Additionally,

31

no class has been certified, making class-wide discovery improper and premature at this stage. Moreover, this request fails to specify which types of benefits are at issue—financial benefits, operational efficiencies, recruitment advantages, or contractual incentives—rendering it impermissibly vague and ambiguous. Producing all documents from 2019 to present would likely require an extensive, costly, and time-consuming search through highly confidential financial models, executive communications, and strategic planning documents, imposing an undue burden.

47. All documents concerning any analysis of, or description of, the benefit(s) (potential or actual) to Drivers by participating in the Lease Purchase Program from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to define what is meant by "benefits" to drivers, making it vague and ambiguous, and requiring Defendant to search through an undefined set of financial, operational, marketing, and legal documents. Additionally, whether drivers perceive benefits from participating in the Lease Purchase Program is subjective, and Defendant does not maintain a single dataset or repository tracking such perceptions. Producing all such documents would impose an undue burden by requiring Defendant to review years of internal reports, customer feedback records, marketing materials, and financial analyses. Moreover, any internal evaluations of driver benefits may be intertwined with proprietary business strategies and financial analyses, making them not subject to disclosure under Rule 26(b)(1).

48. All documents concerning orientation for Lease Purchase Program Drivers including but not limited to operations or procedures manuals, memoranda, instructions to instructors, guidelines, proformas, in effect from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to define what is meant by "orientation," leaving it open-ended and ambiguous—does it refer to initial onboarding, safety training, contract negotiations, financial discussions, or something else? Additionally, orientation programs may have changed over time, meaning that producing all versions of training materials from 2019 onward would be unduly burdensome and require an exhaustive historical review of policies, training guides, and procedural documents. Defendant further objects to the extent that orientation materials contain proprietary training strategies and internal operational procedures that have no bearing on Plaintiff's claims.

49. All documents concerning "Lease Purchase Information Packets" (see Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM trial exhibit 13) including but not limited to final and draft versions as well as emails concerning the same from 2019 to present.

**OBJECTIONS:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as not all lease purchase information packets have any bearing on Plaintiff's claim; moreover, no class has been certified. Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior

33

litigation. Finally, Defendant objects to this request as cumulative and duplicative to the extent materials covering the same subject matter requested here are covered by other requests.

50. All documents concerning "Operations Overviews" (see Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM trial exhibit 212) including but not limited to final and draft versions as well as emails concerning the same from 2019 to present.

**OBJECTIONS:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case as not all operations overviews have any bearing on Plaintiff's claim; moreover, no class has been certified. Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation. Finally, Defendant objects to this request as cumulative and duplicative to the extent materials covering the same subject matter requested here are covered by other requests.

51. All documents concerning Orientation/Onboarding Activities/Scheduling (see Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM trial exhibit 89) including but not limited to final and draft versions as well as emails concerning the same from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to define "orientation/onboarding activities/scheduling," leaving it overly vague and ambiguous—it is unclear what specific materials are sought, whether related to scheduling, training, contract execution, or some other onboarding aspect. Defendant

34

also objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation.

52. All documents concerning Revenue and Cost charts/projections (see Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM trial exhibit 46) including but not limited to final and draft versions as well as emails concerning the same from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and irrelevant, as internal revenue and cost projections do not relate to Plaintiff's specific claims and are not proportional to the needs of the case under Rule 26(b)(1). Additionally, no class has been certified, and Defendant is not required to engage in broad class-wide discovery at this stage. Further, producing drafts and internal discussions regarding revenue/cost projections would require extensive privilege review and could implicate trade secret protections and competitive business strategies that Defendant is not obligated to disclose absent a compelling showing of necessity.

53. All documents concerning "Weekly Fixed Costs/Deductions" (see Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM trial exhibit 38) including but not limited to final and draft versions as well as emails concerning the same from 2019 to present.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to define "Weekly Fixed Costs/Deductions," leaving it overly broad and ambiguous—it is unclear whether Plaintiff seeks individual lease payment

schedules, company-wide financial policies, or comparative cost models. Additionally, this request improperly seeks sensitive financial information and business strategies that are not relevant to Plaintiff's individual claims. Producing all versions of such documents, including internal drafts and related emails, would impose an undue burden on Defendant, requiring an extensive review of financial models, accounting policies, and correspondence that may have no relevance to the present case. Further, internal discussions and draft versions may contain privileged materials and proprietary financial methodologies that are not subject to discovery.

54. All documents concerning any investigations, studies, audits, or analysis by you (or any third party acting on your behalf) concerning whether the Lease Purchase Program was a business opportunity under any state or federal law.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request improperly seeks all documents related to any legal or regulatory analysis of the Lease Purchase Program, even if those materials have no direct bearing on Plaintiff's claims. Additionally, any such investigations, studies, and audits were conducted in consultation with legal counsel and are therefore protected under the attorney-client privilege and work-product doctrine under Rule 26(b)(3). Producing anyinternal and third-party evaluations regarding whether the Lease Purchase Program qualifies as a "business opportunity" under state or federal law could impose an extensive and disproportionate burden on Defendant, likely requiring the collection of any regulatory filings, legal memoranda, compliance assessments, and confidential business evaluations.

55. All documents concerning the job duties and/or job descriptions for all of your employees that recruited Lease Purchase Program Drivers including training materials and any applicable commission/compensation policies.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. Additionally, this request improperly seeks confidential compensation structures and incentive programs, which are not relevant to Plaintiff's claims and may contain proprietary business information.

56. All documents, writings, charts and/or lists that refer or relate to your procedures for compliance with the any state or federal franchise or business opportunity statutes or regulations.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as this request improperly seeks all regulatory compliance policies without any limitation on timeframe, subject matter, or specific statutes at issue, making it overly broad and disproportionate to the needs of the case under Rule 26(b)(1). Additionally, any such materials are likely to have been created in consultation with legal counsel and are therefore protected under the attorney-client privilege and work-product doctrine. Producing all documents related to business opportunity compliance would likely require an extensive search of internal regulatory filings, legal assessments, and operational policies, imposing an undue burden. Defendant further objects to the extent that such compliance policies are general corporate governance documents that have no direct relevance to Plaintiff's claims.

57. For the period between January 1, 2019 to the present, all reports and/or presentations made to your Board of Directors related to the Lease Purchase Program, and any related meeting minutes, notes, documents, or communications.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and irrelevant, as Plaintiff improperly assumes that such a board exists and has not demonstrated how the requested reports and presentations are relevant to his claims. Additionally, no class has been certified, making this request premature and inappropriate at this stage. Further, the information requested often involves strategic discussions, financial projections, and proprietary corporate planning documents that are not discoverable under Rule 26(b)(1). Producing all such records would impose an undue burden and could require extensive privilege review due to the likelihood that these materials contain privileged legal advice and confidential business information.

58. For the period between January 1, 2019 to the present, all reports, presentations, proposals, business plans, studies, analysis, meeting minutes, meeting summaries, meeting recaps, PowerPoint or other slides, related to the Lease Purchase Program made by and/or received by:

a. Defendant John Smith,

b. Lee Coblentz - on information and belief, the Vice President of Network Performance for CRST Expedited,

c. Chad Brueck - on information and belief, the President of CRST Expedited,

d. Michael Gannon - on information and belief, the Chief Operating Officer for CRST International,

e. Jenny Abernathy - on information and belief, the Vice President Enterprise Recruiting for CRST International, f. Ben Lizer - on information and belief, the Director of Operations, Independent Contractors for CRST Expedited,

g. Phil Reges - on information and belief, the, former Vice President of Operations for CRST Expedited, and

h. Lisa Seipel - on information and belief, Driver Manager for CRST Expedited.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. The request fails to specify what aspects of the Lease Purchase Program are relevant, making it impermissibly broad and ambiguous. Additionally, requiring Defendant to search for and produce every report, presentation, and internal document ever made by or received by high-level executives over a five-year period imposes an extreme and disproportionate burden under Rule 26(b)(1). Many of these materials likely contain proprietary business strategies, competitive financial data, and privileged legal discussions, and their disclosure would be unnecessary, irrelevant, and harmful to Defendant's competitive position. Defendant further objects to the extent that many of these materials would contain attorney-client privileged information or attorney work product.

59. For the period between January 1, 2019 to the present, all reports and/or presentations made to or by John Smith and/or his family and/or the Smith Family Office related to the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as it seeks private and unrelated financial or personal business dealings that

have no connection to Plaintiff's claims. The request fails to explain why documents from John Smith's family or personal business dealings are relevant to this litigation, making it nothing more than an impermissible fishing expedition. Additionally, many such reports or presentations, if they exist, would contain highly confidential corporate planning, financial strategies, and legal assessments, making them protected under attorney-client privilege, the work-product doctrine, and trade secret protections. This request imposes an undue burden and is disproportionate to the needs of the case under Rule 26(b)(1).

60. For the period January 1, 2019 to present, all "Key Performance Indicator" (KPI) Reports concerning the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, and irrelevant, as internal performance metrics related to the Lease Purchase Program do not directly relate to Plaintiff's claims. Plaintiff has not alleged any claim that would make broad corporate KPI reports relevant or necessary, making this request disproportionate to the needs of the case under Rule 26(b)(1). Additionally, KPIs often track financial metrics, operational efficiencies, driver recruitment numbers, and other sensitive business data, many of which contain confidential and proprietary information unrelated to Plaintiff's claims. Producing all KPI reports from 2019 onward would impose an extreme burden, requiring Defendant to search, compile, and redact years' worth of financial and operational data.

61. For the period between January 1, 2019 to present and the present, all minutes of any of your Board of Directors (including the Board of any division, affiliate, or subsidiary) concerning and/or mentioning the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and seeking irrelevant and privileged information, as Plaintiff improperly assumes that such a board exists. Additionally, the information requested frequently includes confidential and privileged discussions regarding legal compliance, corporate strategy, and financial matters protected by the attorney-client privilege and the work-product doctrine, and producing such information across all divisions and affiliates over a five-year period would be grossly excessive and beyond the proportionality standard of Rule 26(b)(1). Further, no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage. This request seeks high-level corporate records that have no direct bearing on Plaintiff's individual claims and should be narrowed significantly if any documents are to be produced at all.

62. All documents that support the truth of, or contradict, the statements contained in attached excerpt from CRST's website found at https://crst.com/driving-careers/leasepurchase/ (attached as the Exhibit 1 hereto) that "In CRST's Specialized Transportation division, we have an incredibly low turnover rate and the average driver tenure is 10 years."

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as website marketing statements do not create legal obligations or alter the contractual terms agreed upon by individual drivers. The request fails to define what type of documents would "support" or "contradict" the statement, making it impermissibly vague.

63. All documents that support the truth of, or contradict, the statement contained in attached excerpt from CRST's website found at https://crst.com/driving-careers/leasepurchase/

(attached as the Exhibit 1 hereto) that "The top 25% of our solo drivers gross approximately $4,200/week or more."

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as individual driver earnings fluctuate based on mileage, market conditions, and independent business choices. The request fails to specify what kind of supporting documents are sought, making it impermissibly broad and ambiguous.

64. All documents that support the truth of, or contradict, the statement contained in attached excerpt from CRST's website found at https://crst.com/driving-careers/leasepurchase/ (attached as the Exhibit 1 hereto) that "Flatbed contractors can earn up to $325,000/year!."

**OBJECTIONS:** Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as individual driver earnings fluctuate based on mileage, market conditions, and independent business choices. The request fails to specify what kind of supporting documents are sought, making it impermissibly broad and ambiguous.

65. All documents that support the truth of, or contradict, the statements contained in the attached excerpt from CRST's website found at https://crst.com/driving-careers/leasepurchase/ (attached as Exhibit 1 hereto) that Dry Van Lease Purchase Program Drivers "get the chance to average $200,000/year as an expedited team and solos can earn up to $150,000/year."

**OBJECTIONS**: Defendant objects to this request as overly broad, unduly burdensome, vague, and not proportional to the needs of the case under Rule 26(b)(1). The request fails to specify what categories of documents are being sought, making it impermissibly vague and

42

ambiguous—it is unclear whether Plaintiff seeks driver pay records, financial analyses, marketing materials, or operational reports.

66. All documents that support the truth of, or contradict, the statement that CRST's Lease Purchase Program is "highly profitable" as that term is used in the attached excerpt from CRST's website found at https://careers.crst.com/lease-purchase (attached as Exhibit 2 hereto), to wit "Join our highly profitable CRST Lease Purchase Program & determine your career path with multiple freight types to choose from."

**OBJECTIONS**: Defendant objects to this request as vague, overly broad, unduly burdensome, and seeking irrelevant information. The phrase "highly profitable" is a subjective marketing statement and not an objective financial claim, making this request impermissibly vague and ambiguous—it is unclear what specific factual information Plaintiff is attempting to obtain. Additionally, profitability necessarily varies by individual driver and could depend on external market conditions, fuel costs, personal business choices, and freight volume, making any broad production not proportional to the needs of this case under Rule 26(b)(1). Producing all documents that could "support" or "contradict" this statement would require an exhaustive review of corporate financial records, earnings statements, and operational cost analyses, many of which are proprietary and contain confidential business strategies. Further, Plaintiff has not alleged that he was misled by this specific statement or that this specific statement played a role in his decision to enter the Lease Purchase Program, making this request a fishing expedition into CRST's internal financial matters, which are not relevant to his claims.

43

67. All documents describing and/or sufficient to identify all the items of "support" that CRST provides Lease Purchase Program Drivers as that term is used in the attached excerpt from CRST's website found at https://careers.crst.com/lease-purchase (attached as Exhibit 2 hereto), to wit, "CRST offers Lease Purchase Drivers the support they need to grow their own business."

**OBJECTIONS**: Defendant objects to this request as overly broad, vague, unduly burdensome, and disproportionate to the needs of the case under Rule 26(b)(1). Additionally, the nature and extent of "support" provided to drivers varies based on individual agreements, available resources, and contractual terms, making any broad production unnecessarily burdensome. Producing all documents related to any form of support ever provided to Lease Purchase drivers from 2019 onward would require an exhaustive review of operational policies, financial agreements, and business records, imposing an undue burden on Defendant. Further, no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage.

68. All documents that support the truth of, or contradict, the statement found at https://careers.crst.com/lease-purchase (attached as Exhibit 2 hereto) that "Average CRST Lease Purchase drivers earn six-figure pay."

**OBJECTIONS**: Defendant objects to this request as overly broad, unduly burdensome, vague, and irrelevant, as individual driver earnings are based on numerous external factors and business decisions beyond Defendant's control. The request fails to specify whether Plaintiff seeks historical earnings data, contract terms, financial modeling, or payroll records, making it impermissibly vague and ambiguous. Moreover, this statement is an aspirational marketing representation, not a contractual guarantee or legally binding wage assertion, making the request not proportional to the needs of the case under Rule 26(b)(1).

44

Dated: March 17, 2025

Respectfully submitted,

*/s/ Angela S. Cash*
James H. Hanson (admitted pro hac vice)
Angela S. Cash (admitted pro hac vice)
Andrew J. Ireland (admitted pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant,*
*CRST Lincoln Sales, Inc.*

45

**CERTIFICATE OF SERVICE**

I certify that on March 17, 2025, I served a true and correct copy of the forgoing document

to the following via e-mail to the following counsel of record:

J. Barton Goplerud,
Brian O. Marty
SHINDLER, ANDERSON, GOPLERUD
& WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
goplerud@sagwlaw.com
marty@sagwlaw.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Avenue #310
San Rafael, CA 94901
rsb@boulter-law.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
beth@feganscott.com

Michael von Klemperer
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
mike@feganscott.com

*/s/ Angela S. Cash*
Angela S. Cash

4938-8054-5300, v. 5

46