# EXHIBIT F

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., and JOHN SMITH, an individual, <br> Defendants. | Case No. 1:24-cv-00082-CJW-KEM <br><br> Honorable Judge C.J. Williams |

## OBJECTIONS OF DEFENDANT, CRST EXPEDITED, INC., TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, CRST Expedited, Inc., pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and by agreement of the parties, submits its Objections to Plaintiff's First Set of Interrogatories as follows:

## OBJECTIONS TO INSTRUCTIONS

Defendant CRST Expedited, Inc. objects to the Instructions contained in Plaintiff's First Set of Interrogatories as follows:

1. Instruction No. 2 (Full Answer Under Oath). This instruction improperly requires Defendant to answer each interrogatory "fully under oath" without acknowledging the limitations imposed by Rule 33(a)(2) of the Federal Rules of Civil Procedure, which allows an answering party to object to any interrogatory that is overly broad, unduly burdensome, or calls for speculation. Furthermore, Defendant objects to any implication that responses must be provided

beyond the reasonable scope of Rule 26(b)(1), which limits discovery to relevant and proportional matters.

2.      Instruction No. 6 (Business Records Production). This instruction improperly expands the requirements of Rule 33(d) by mandating that Defendant produce business records with "sufficient detail" and "at the same time it provides its response." Rule 33(d) permits a responding party to identify and refer to business records in lieu of providing a written response, but it does not mandate simultaneous production. Furthermore, the requirement that production must adhere to Plaintiff's formatting instructions is unduly burdensome and not required by the Federal Rules.

3.      Instruction No. 12 (Availability of Information from Other Entities). This instruction improperly expands Defendant's discovery obligations by requiring Defendant to identify other CRST entities that may possess responsive information. Under Rule 33(a)(2), interrogatories must be limited to the knowledge and possession of the responding party. Defendant is not obligated to act as a records custodian for other entities not named in this lawsuit.

4.      Instruction No. 13 (Continuing Duty to Supplement). Defendant objects to this instruction to the extent that it misstates the supplementation requirements under Rule 26(e). Rule 26(e) requires supplementation only when a party learns that its prior response is incomplete or incorrect in a material way, not an ongoing duty to continually monitor and update responses absent such a trigger. This instruction is overly broad and unduly burdensome.

**OBJECTIONS TO DEFINITIONS**

Defendant objects to the definitions set forth in Plaintiff's First Set of Interrogatories on the following grounds:

2

1. Definition No. 4 ("Document"). Defendant objects to this definition to the extent that it exceeds the scope of Federal Rule of Civil Procedure 34(a) by requiring production of materials beyond what is permitted under the Federal Rules. The definition's inclusion of "post cards, post-it notes, telephone usage records or logs, messaging usage records or logs (including text or instant messaging), and all other written, graphic, or electronic materials of any nature whatsoever" is overly broad and unduly burdensome, as it may encompass irrelevant, privileged, or otherwise non-discoverable information.

2. Definition No. 5 ("Identify" with respect to persons). This definition improperly expands Defendant's obligations by requiring it to produce "the person's full name, present or last known physical and/or P.O. Box address, present or last known cellular and/or landline telephone number, present or last known physical and/or email address, and when referring to a natural person, additionally, the present or last known place of employment." This requirement is overly broad, unduly burdensome, and intrusive, particularly where the interrogatories may request information about individuals who are not parties to the litigation. Furthermore, requiring disclosure of individuals' last known contact information may implicate privacy concerns under federal and state laws.

3. Definition No. 6 ("Identify" with respect to documents). This definition imposes excessive burdens beyond what is required under Rule 33(d) and Rule 34(a) by demanding that Defendant "furnish a clear and legible copy" or describe documents with such specificity that a subpoena could be issued. The Federal Rules do not require this level of detail in response to interrogatories, and this definition creates undue burdens by requiring extensive metadata (e.g., "the identity of the document's custodian," "the identity of the Person whose testimony could be used to authenticate each document") that may not be readily available.

3

4. Definition No. 7 ("Identify" with respect to entities). Defendant objects to this definition to the extent that it requires information beyond what is necessary for identifying a legal entity. The requirement to provide "the legal form of the entity (whether it is a corporation, partnership, etc.), state of incorporation (if any), date of incorporation or the date the business relationship was established, address and telephone number of the headquarters, address and telephone number of the principal place of business, person designated for service process, and address designated for service of process" is overly broad, unduly burdensome, and not proportional to the needs of this case under Rule 26(b)(1).

5. Definition No. 9 ("Driving Opportunity/Lease Purchase Program"). Defendant objects to this definition as vague, ambiguous, and overbroad because it lumps together multiple business programs and legal entities without proper differentiation. The definition includes "any of its subsidiaries/divisions/affiliates," which improperly suggests that Defendant has an obligation to provide discovery regarding separate legal entities that may not be parties to this litigation.

6. Definition No. 11 ("Evidence"). Defendant objects to this definition as vague and ambiguous, as it seeks to define "evidence" broadly as "testimony, documents, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." This definition does not provide sufficient clarity as to whether it refers only to admissible evidence or whether it improperly seeks to include all potentially discoverable materials, some of which may be privileged or irrelevant.

7. Definition No. 12 ("Concern and Concerning"). Defendant objects to this definition as impermissibly broad and vague because it defines "concern[ing]" as "relating to, referring to, describing, evidencing or constituting." This expansive definition improperly broadens the scope

4

of discovery by attempting to include documents and information that may be only tangentially related to the subject matter of the litigation. Such an overly broad definition fails to comply with the proportionality requirement of Rule 26(b)(1).

8. Definition No. 17 ("Defendant, You, and Your"). Defendant objects to this definition as overly broad and misleading because it seeks to define "Defendant," "you," and "your" as including "all of its divisions, subsidiaries, affiliated or related or predecessor companies." This improperly attempts to expand Defendant's discovery obligations to include information and documents in the possession of separate legal entities that are not parties to this action, in violation of Rule 33(a)(2) and Rule 34(a), which limit discovery to information within a party's possession, custody, or control.

9. Definition No. 19 ("Class Period"). Defendant objects to this definition as overly broad and vague, as it defines "class period" as "between August 23, 2021, and the present time." This fails to account for whether the class definition is legally valid, whether the class has been certified, and whether all individuals within this time period are properly part of the class under Rule 23. Defendant further objects to any implication that it must treat all individuals within this time frame as class members without a court determination.

<u>**INTERROGATORIES**</u>

1. Identify each person who assisted the answering of these interrogatories and include the interrogatory number on which such assistance was rendered.

**OBJECTIONS:** Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. The phrase "each person who assisted" is unclear and could encompass a wide range of individuals who may have had minimal or indirect involvement in responding to these interrogatories, including administrative personnel, legal

5

assistants, or individuals consulted for discrete facts. Further, to the extent this interrogatory seeks information protected under the attorney-client privilege or the attorney work product doctrine, Defendant objects. Identifying every individual who assisted in responding to these interrogatories would impose an undue burden that is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).

2.     Identify every putative class member by stating the person's name, last known residential addresses, last known residential and/or cellular telephone numbers, last known email addresses, the beginning and end dates they drove for CRST Expedited and/or any of its divisions, subsidiaries, or affiliates, the specific division, subsidiary, or affiliate for which they drove. Ideally, you will provide an electronic database with this information.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request for the identification of "every putative class member" seeks the disclosure of private and confidential information, including residential addresses, telephone numbers, and email addresses, which implicates privacy concerns and may be subject to statutory protections. Additionally, the request assumes that Defendant maintains a single, comprehensive database containing all such information, which may not exist in the requested form. Providing an electronic database with this information would require Defendant to compile, verify, and format a substantial amount of data, which constitutes an undue burden. Furthermore, given that no class has been certified, such disclosure is premature and not warranted at this stage of litigation.

6

3.    Describe in detail the Lease Purchase Program made available by CRST Expedited and/or any of its divisions, subsidiaries, or affiliates to Drivers by stating when it was implemented, the purpose of the Lease Purchase Program, and all the various obligations and responsibilities CRST Expedited and/or any of its divisions, subsidiaries, or affiliates owes the Drivers under the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. The phrase "describe in detail" is undefined and could require an extensive narrative response beyond what is reasonably necessary to advance the litigation. Additionally, the request seeks information about "all various obligations and responsibilities" owed to Drivers under the Lease Purchase Program, which assumes certain legal obligations exist. To the extent this interrogatory calls for legal conclusions, Defendant objects as improper under Rule 33(a)(2). The interrogatory is also burdensome to the extent that it requires Defendant to compile information from multiple sources and provide an exhaustive description beyond what is necessary for Plaintiff's claims.

4.    Identify every putative class member that participated in the Lease Purchase Program and ended up taking title to the truck they leased under the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this interrogatory on the grounds that it is premature, as no class has been certified, and the identification of putative class members is inappropriate at this stage of the litigation. Requiring Defendant to compile and produce information regarding individuals who may have participated in the Lease Purchase Program would violate their privacy rights and may implicate confidentiality protections under federal and state law. Additionally, this

7

request seeks information beyond Defendant's control by including affiliates and subsidiaries, which are separate entities responsible for their own records.

5.      For each year of the class period and two years before, state the weekly averages of the gross and net income earned by Drivers from the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request to state "weekly averages of the gross and net income" for Drivers participating in the Lease Purchase Program assumes that such data is maintained in a readily available form, which it may not be. Moreover, the calculation of "net income" involves numerous individualized factors, including deductions, expenses, and specific contract terms unique to each driver, requiring a complex analysis beyond the scope of reasonable discovery. Further, producing such financial data implicates confidentiality and competitive business concerns.

6.      For each year of the class period and two years before, state how long (in weeks or days) the average Driver stayed the Lease Purchase Program.

**OBJECTIONS:** Defendant objects to this interrogatory as vague, overly broad, and unduly burdensome. The request to provide data on how long the "average Driver" stayed in the Lease Purchase Program assumes that such calculations are regularly maintained in the ordinary course of business. Further, the term "average" is ambiguous, as it could be interpreted in multiple ways (*e.g.*, mean, median, mode) and would require extensive data analysis beyond what is reasonable for discovery.

8

7.	If you contend that you are/were not bound to comply with the Iowa Business Opportunity Promotions Law Act, Iowa Code Title XIII, Subtit. 5, Ch. 551A et seq. vis-à-vis Plaintiff and/or the putative class, describe in detail all your reasons supporting such contention.

**OBJECTIONS:** Defendant objects to this interrogatory to the extent it calls for legal conclusions regarding whether Defendant is or was bound to comply with the Iowa Business Opportunity Promotions Act. Pursuant to Rule 33(a)(2), contention interrogatories seeking legal conclusions before the development of a factual record are premature. Furthermore, this interrogatory is overly broad and unduly burdensome as it requires Defendant to describe "in detail all reasons" supporting its contention, which would require a legal brief rather than a simple interrogatory response.

8.	Provide a detailed description of the organizational structure and nature of the relationships between Yourself, each of the other CRST defendants, and John Smtih, including Your ability to obtain information and/or documents from the other defendants, and the names, titles, responsibilities of all individuals involved in the decision-making process related to Driving Opportunities.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case. The request for a detailed description of the organizational structure and relationships between Defendant, other CRST entities, and John Smith seeks information beyond what is necessary to litigate Plaintiff's claims. Further, the phrase "nature of the relationships" is vague and ambiguous, as it could encompass financial, contractual, operational, and legal relationships, making it unclear what level of detail is required. The phrase "Driving Opportunities" is also not clearly defined and

9

is not a term used by Defendant, and the request fails to specify the time period at issue, making it difficult to determine the appropriate scope of the response. To the extent that Plaintiff seeks confidential business information, Defendant objects on the basis that such disclosure is inappropriate without a protective order.

9.      Identify each individual, computer system, and database likely to possess (or contain) documents or data responsive to Plaintiff's concurrently served First Requests for Production of Documents and describe, in general terms, the responsive documents or data they are likely to possess (or contain).

**OBJECTIONS:** Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, as it seeks identification of all individuals, computer systems, and databases that "likely" possess or contain responsive documents or data without reasonable limitation. Defendant further objects to the extent that the interrogatory seeks information that is proprietary, confidential, and/or protected by trade secrets, attorney-client privilege, or the attorney work product doctrine. Defendant also objects to this interrogatory as vague and ambiguous, particularly concerning the terms "likely to possess" and "in general terms." Additionally, Defendant objects to the extent that the interrogatory seeks personally identifiable information or other sensitive data protected by applicable privacy laws.

10.      Describe each computer system and/or database that contains information related to Plaintiff and/or putative class members by stating the name of the database; the type of database (e.g., Microsoft SQL Server); the location of the database servers; the data fields in the database and an explanation of what information is contained in each field; and the software tools used to

10

manage, query, or extract data (e.g., Panorama, TrueDemand); and, identify the person(s) most knowledgeable regarding maintaining and using the computer system and/or database.

**OBJECTIONS:** Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, as it seeks detailed information regarding all computer systems and databases that may contain any information related to Plaintiff and/or putative class members without limitation as to time, scope, or relevance. Defendant further objects to the extent that the interrogatory seeks information that is proprietary, confidential, and/or protected by trade secrets or other privileges, including but not limited to the attorney-client privilege and the attorney work product doctrine. Defendant also objects to this interrogatory as vague and ambiguous, particularly with respect to the terms "computer system," "database," and "information related to Plaintiff and/or putative class members." Additionally, Defendant objects to the extent that the interrogatory seeks personally identifiable information or other sensitive data protected by applicable privacy laws and regulations.

11.     Identify all witnesses who testified via affidavit, declaration, deposition, or other live testimony in the case of Cervantes v. CRST Int'l, Inc., No. 20-CV-75-CJW-KEM by stating their full name, address, telephone number, email address, the type of testimony, and the date of the testimony.

**OBJECTIONS**: Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. The request seeks information from prior litigation that involved (a) different causes of action and primarily focused on minimum wage claims under the Fair Labor Standards Act, (b) a dispute not including CRST Specialized, CRST Lincoln Sales, nor John Smith as defendants, (c) and different legal and factual issues

11

focused on misclassification and wages not business opportunities and promotions. Based on differences between this case and the Cervantes, initially filed over 5 years ago, Defendant objects to producing the cloned or piggybacked discovery request interrogatory. *See In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014) (allowed objection to "cloned" or "piggyback" discovery because the request does not specify which prior litigation requests, why it is relevant, how documents are reasonably calculated to lead to admissible evidence); *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388 (N.D. Iowa 2009) (denied a motion to compel discovery from prior State Farm litigation). *See also Town of Westport v. Monsanto Co.*, No. CV 14-12041-DJC, 2015 WL 13685105 (D. Mass. Nov. 5, 2015) (information from prior litigation is not compelled because there is no showing of "substantial similarity"). Additionally, Defendant objects to the extent this interrogatory seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation. Further, Defendant object to this interrogatory as cumulative and duplicative, as Plaintiff can obtain relevant information through more targeted discovery methods directly related to the claims and defense at issue in this case.

Without waiving these objections, Defendant remains willing to meet and confer with Plaintiff to discuss whether a narrower, more tailored request may be appropriate.

12. Identify all external persons/entities that have engaged in recruiting efforts related to the Lease Purchase Program for you from 2019 to present.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks identification of all

external persons/entities that engaged in recruiting efforts related to the Lease Purchase Program from 2019 to the present, which is an extensive timeframe and assumes that such records are readily available. Further, certain recruitment efforts may have been conducted through third-party vendors not within Defendant's control.

13.     Describe in detail all evidence that supports the truth of the statements contained in attached excerpt from CRST's website found at https://crst.com/driving-careers/leasepurchase/ (attached as the Exhibit 1 hereto) that "In CRST's Specialized Transportation division, we have an incredibly low turnover rate and the average driver tenure is 10 years."

**OBJECTIONS:** Defendant objects to this interrogatory as vague, overly broad, and unduly burdensome. The request for a detailed description of all evidence supporting statements on Defendant's website improperly seeks an exhaustive narrative account of all facts, documents, and data supporting specific marketing representations. This request effectively seeks to impose a summary judgment-style evidentiary burden on Defendant at the discovery stage, which is neither appropriate nor proportional to the needs of the case.

14.     Describe in detail all evidence that supports the truth of the statements contained in attached excerpt from CRST's website found at https://crst.com/driving-careers/leasepurchase/ (attached as the Exhibit 1 hereto) that "The top 25% of our solo drivers gross approximately $4,200/week or more."

**OBJECTIONS:** Defendant objects to this interrogatory as vague, overly broad, and unduly burdensome. The request for a detailed description of all evidence supporting statements on Defendant's website improperly seeks an exhaustive narrative account of all facts, documents,

13

and data supporting specific marketing representations. This request effectively seeks to impose a summary judgment-style evidentiary burden on Defendant at the discovery stage, which is neither appropriate nor proportional to the needs of the case.

15.     Describe in detail all evidence that supports the truth of the statements contained in attached excerpt from CRST's website found at https://crst.com/driving-careers/leasepurchase/ (attached as the Exhibit 1 hereto) that "Flatbed contractors can earn up to $325,000/year!."

**OBJECTIONS:** Defendant objects to this interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. The phrase "describe in detail all evidence" is particularly problematic, as it requires Defendant to provide a level of specificity exceeding what is reasonable in discovery. Additionally, marketing statements regarding earnings are often based on historical data, third-party inputs, and independent contractor-reported figures, making any response necessarily complex and speculative.

16.     Describe in detail all evidence that supports the truth of the statements contained in attached excerpt from CRST's website found at https://crst.com/driving-careers/leasepurchase/ (attached as the Exhibit 1 hereto) that Dry Van Lease Purchase Program Drivers "get the chance to average $200,000/year as an expedited team and solos can earn up to $150,000/year."

**OBJECTIONS:** Defendant objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome. The request assumes that all "evidence" supporting marketing statements is centrally documented and readily accessible, which may not be the case. Additionally, earnings-related statements are influenced by numerous external variables, including market conditions, fuel costs, and individual contractor performance, making any generalization inherently limited.

14

17.     Describe in detail all evidence that supports the truth of the statement that CRST's Lease Purchase Program is "highly profitable" as that term is used in attached excerpt from CRST's website found at https://careers.crst.com/lease-purchase (attached as the Exhibit 2 hereto), to wit "Join our highly profitable CRST Lease Purchase Program & determine your career path with multiple freight types to choose from."

**OBJECTIONS:** Defendant objects to this interrogatory as vague, overly broad, and unduly burdensome. The term "highly profitable" is inherently subjective and context-dependent, making it unclear what level of detail is required to "support" the truth of the statement. Additionally, profitability depends on numerous external market factors that are not solely within Defendant's control.

18.     Describe in detail every aspect and item of "support" that CRST provides Lease Purchase Program Drivers as that term is used in attached excerpt from CRST's website found at https://careers.crst.com/lease-purchase (attached as the Exhibit 2 hereto), to wit "CRST offers Lease Purchase Drivers the support they need to grow their own business."

**OBJECTIONS:** Defendant objects to this interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. The request for a "detailed description of every aspect and item of support" that CRST provides Lease Purchase Drivers requires an exhaustive narrative response far exceeding the scope of reasonable discovery. Additionally, many forms of support are individualized and dependent on specific contract terms, making any generalized response incomplete or misleading.

19.     Describe in detail all evidence and calculations that support the truth of the statement found at https://careers.crst.com/lease-purchase (attached as the Exhibit 2 hereto) that "Average CRST Lease Purchase drivers earn six-figure pay."

**OBJECTIONS:** Defendant objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome. The request for "all evidence and calculations" supporting earnings representations requires Defendant to produce extensive financial analysis that is beyond the scope of reasonable discovery. Further, earnings figures are influenced by numerous independent variables beyond Defendant's control, including driver experience, freight demand, and economic conditions. Additionally, any responsive data may be proprietary and confidential, warranting protection from disclosure.

Dated: March 17, 2025                    Respectfully submitted,

                                         */s/ Angela S. Cash*
                                         James H. Hanson (admitted pro hac vice)
                                         Angela S. Cash (admitted pro hac vice)
                                         Andrew J. Ireland (admitted pro hac vice)
                                         SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
                                         10 West Market Street, Suite 1400
                                         Indianapolis, IN 46204
                                         P: 317-492-9205
                                         F: 317-684-2414
                                         jhanson@scopelitis.com
                                         acash@scopelitis.com
                                         aireland@scopelitis.com

                                         Kevin J. Visser
                                         SIMMONS PERRINE MOYER BERGMAN PLC
                                         115 Third Street SE, Suite 1200
                                         Cedar Rapids, IA 52401-1266
                                         P: 319-366-7641
                                         F: 319-366-1917
                                         kvisser@spmblaw.com

                                         *Attorneys for Defendant,*

17

**CERTIFICATE OF SERVICE**

I certify that on March 17, 2025, I served a true and correct copy of the forgoing document

to the following via e-mail to the following counsel of record:

| | |
|---|---|
| J. Barton Goplerud,<br>Brian O. Marty<br>SHINDLER, ANDERSON, GOPLERUD<br>& WEESE P.C.<br>5015 Grand Ridge Drive, Suite 100<br>West Des Moines, IA 50265<br>goplerud@sagwlaw.com<br>marty@sagwlaw.com | Robert S. Boulter<br>LAW OFFICES OF ROBERT S. BOULTER<br>1101 5th Avenue #310<br>San Rafael, CA 94901<br>rsb@boulter-law.com |
| Elizabeth A. Fegan<br>FEGAN SCOTT LLC<br>150 S. Wacker Drive, 24th Floor<br>Chicago, IL 60606<br>beth@feganscott.com | Michael von Klemperer<br>FEGAN SCOTT LLC<br>1763 Columbia Road NW, Suite 100<br>Washington, DC 20009<br>mike@feganscott.com |

*/s/ Angela S. Cash*

Angela S. Cash

4904-0655-8228, v. 4

18