# EXHIBIT G





**FeganScott LLC**
ATTORNEYS AT LAW
1763 Columbia RD NW, Ste.100
Washington, DC 20009
PHONE 202.921.0002
FAX 312.264.0100
mike@feganscott.com

<u>**Via Email**</u>                                                March 17, 2025

Angela S. Cash
James H. Hanson
Andrew J. Ireland
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER
BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

Re:    *Kelchner v. CRST Expedited, Inc., et al.,*
       Case No. 1:24-cv-00082-CJW-KEM (N.D. Iowa)
       CRST Specialized's Initial Production of Documents and
       Responses to Plaintiff's First Set of RFPs

Dear Counsel,

Thank you for providing Specialized's initial production and RFP responses. As we're expecting additional productions and responses from the other defendants, we want to address several issues asap.

To the extent Specialized does not agree to all of our requests below, we ask that you provide a time to meet and confer at your earliest convenience.

<u>Production Format</u>

Specialized's production was provided in PDF format with a handful of natives. There is no load file and no metadata for any documents. This does not comply with Instruction 3 of the requests, which specifies that documents should be produced with a load file containing particular metadata fields. *See* Fed. R. Civ. P. 34(b)(1)(C) (requests "may specify the form or forms in which electronically stored information is to be produced"). We discussed this instruction during our February 11 meet and confer and you voiced no objection and instead sought clarification on various metadata fields we'd requested. The metadata is crucial to a full understanding of the documents, and removing it is akin to modifying the document. For instance, as



currently produced, we do not know the file names for any of the documents, from whom the documents were collected, or their dates. We have documents like org charts but have no idea when they were created and thus whether they are current or cover some earlier time period. Problems like these will only multiply as we receive additional forms of ESI, like email.

Please confirm that SPEC000001—SPEC001496 will be reproduced in a format that complies with Instruction 3 and that future productions from all defendants will likewise comply with Instruction 3.

<u>RFP 1</u>

This request is straightforward—it asks for documents referenced in Specialized's Initial Disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring the identification "of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses"). Specialized's disclosures reference three categories of documents:

> 1. Independent Contractor Operating Agreements, contractor files, settlement statements, trip reports, hours of service logs, and load summaries for any putative class members should a class be certified.
>
> 2. Defendant's driver handbook and safety handbook.
>
> 3. Contractor recruiting and onboarding materials.

Specialized objects that the request "is overbroad, unduly burdensome, vague, and ambiguous" and "calls for speculation." It also objects that the request calls for attorney-client privileged documents or work product. It then states that "[n]otwithstanding and without waiving these objections," it will produce some documents. It does not indicate whether any documents are being withheld on the basis of its objections.

"Boilerplate objections are unacceptable." *Edeh v. Equifax Info. Servs., LLC*, No. 11-2671 (SRN/JSM), 2013 U.S. Dist. LEXIS 58459, at *8-9 (D. Minn. Apr. 23, 2013). Objections must be stated "with specificity" and must indicate whether any responsive documents are being withheld on the basis of the objection. Fed. R. Civ. P. 34(b)(2)(B)-(C). Simply reiterating common phrases like "undue burden," "overbroad,"



or "vague and ambiguous" does not satisfy this requirement—objections must show specifically how each request is overly broad, burdensome, or oppressive. *Edeh*, 2013 U.S. Dist. LEXIS 58459, at *8-9; *Kooima v. Zacklift Intern. Inc.*, 209 F.R.D. 444, 446 (D.S.D. 2002); *see generally St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508 (N.D. Iowa 2000) (imposing sanctions under Rule 26(g) where party asserted a "litany" of "boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc . . . without specifying how each request for production is deficient and without articulating the particular harm that would accrue if they were required to respond").

Nor can a party simply assert that a request is "vague and ambiguous." It "has the burden to show such vagueness or ambiguity," and must "exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in" requests. *Clark v. Unum Grp.*, No. 4:20-CV-04013-KES, 2021 U.S. Dist. LEXIS 172083, at *15 (D.S.D. Sep. 10, 2021); *see also* Instruction 8 ("the language of the requests should be given its commonsense definition. If you claim that the language of any request is vague or ambiguous, you must identify the language you believe is vague or ambiguous and describe the interpretation that you will apply to such language.").

Finally, asserting a series of boilerplate objections but stating that documents will be produced "subject to" those objections does not comply with Fed. R. Civ. P. 34(b)(2)(B)-(C) because it leaves the propounding party guessing as to whether the responses are complete or whether documents are being withheld. *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 187 (N.D. Iowa 2017).

Specialized's objections to RFP 1 are "text-book examples" of improper boilerplate, *St. Paul Reinsurance Co.*, 198 F.R.D. at 513, and do not comply with its obligations under Fed. R. Civ. P. 34(b)(2)(B)-(C). **Specialized's assertion of these objections is particularly inappropriate given that Plaintiff has now granted Specialized two lengthy extensions for it to investigate and prepare its responses.**[1]

---

[1] Plaintiff sincerely hopes that the other defendants' forthcoming responses to Plaintiff's outstanding discovery will not likewise contain this type of obstructionist boilerplate. *See St. Paul Reinsurance Co.*, 198 F.R.D. at 517 (boilerplate objections constitute an "abuse of the discovery process," "disrespect the judicial process," and "thwart discovery's purpose of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement'").


Even if Specialized's boilerplate objections were permissible, they are also meritless—responsive documents can easily be identified by referring to Specialized's own disclosures and it is difficult to conceive of a set of documents more plainly within the scope of discovery than those an opposing party may use to support its claims or defenses.

Please immediately confirm that Specialized's objections are withdrawn and that no responsive documents are being withheld.

RFP 2

This request is, again, straightforward—it calls for the documents from each individual identified in Specialized's disclosures concerning the subject matter of their discoverable information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring the identification "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses"). Specialized's disclosures list several employees and officers and identify the subject matter of their discoverable information, e.g.:

> 3.   Thomas McKerr, c/o Defendant's counsel of record. Mr. McKerr is the Vice President of Operations for Defendant. He has knowledge of the relationship between Defendant and its sister and parent companies, Defendant's relationships with independent contractors, contractor onboarding, and Defendant's business operations.
>
> 4.   Jenny Abernathy, c/o Defendant's counsel of record. Ms. Abernathy is the Chief People Officer for Defendant. She will have knowledge regarding some of the factual allegations set forth in the operative complaint regarding recruiting practices, orientation, and contractor compensation.
>
> 5.   Lyndsay Perez Navarro, c/o Defendant's counsel of record. Ms. Navarro is the Manager – Recruiting for Defendant. She will have knowledge regarding some of the factual allegations set forth in the operative complaint regarding recruiting practices.

Specialized asserts the identical series of boilerplate objections copied and pasted from its response to RFP 1. It then, again, states "[n]otwithstanding and



without waiving these objections," it will produce some documents. It does not indicate whether any documents are being withheld on the basis of its objections.

As with its objections to RFP 1, these objections are improper under the plain text of Rule 34 and long-established precedent. And, again, the scope of this request is controlled by Specialized's own disclosures—it has identified various individuals who it believes have evidence it may rely on to support its defenses and it must produce that discovery (or confirm it is beyond its possession, custody, or control).

Please immediately confirm that Specialized's objections are withdrawn and that no responsive documents are being withheld.

RFP 5

This request seeks the documents used or consulted in preparing Specialized's Answer. Specialized denied almost every factual allegation in the Complaint. *See, e.g.*, Answer ¶¶ 18-32. Denials of factual allegations must be "formed after an inquiry reasonable under the circumstances" and "warranted on the evidence." Fed. R. Civ. P. 11(b), (b)(4).

In response, Specialized asserts the same litany of boilerplate objections. It then states that, based on these objections, it "has not searched for any documents."

As explained above, Specialized's boilerplate objections are invalid under applicable law. Even if they were permissible, they are also meritless. To the extent Specialized's denials were based on documents reviewed as part of its required reasonable inquiry, those documents are plainly relevant to its defense, and thus within the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). And there should be no burden whatsoever in collecting and producing these documents, let alone an undue burden. Indeed, Specialized answered the Complaint only a few weeks ago, so the responsive documents should be readily available. To be clear, we are not seeking outside counsel's opinion work product—we are seeking the documents that form the factual bases for Specialized's denials.

Please immediately confirm that Specialized's objections are withdrawn, and that all non-privileged responsive documents will be promptly produced.

RFP 6

This request seeks the documents that support Specialized's denials and defenses asserted in its Answer. As noted above, Specialized denied almost every


factual allegation in the Complaint. *See, e.g.*, Answer ¶¶ 18-32. It also asserted approximately 20 affirmative defenses.

In response, Specialized asserts the same litany of boilerplate objections. It also objects that the request is "compound." It then, again, states "[n]otwithstanding and without waiving these objections," it will produce some documents. It does not indicate whether any documents are being withheld on the basis of its objections.

Specialized's boilerplate objections are invalid for the reasons discussed above. Likewise, its "objection that the request[ is] compound . . . is not a legitimate objection to requests for production." *Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. D T S Enter., Inc.*, No. EDCV 22-867-JGB (KKx), 2023 U.S. Dist. LEXIS 40047, at *12 (C.D. Cal. Mar. 8, 2023).

Even if Specialized's objections were not facially invalid, they are also meritless. To the extent Specialized has already identified documents that support its denials or defenses following its mandatory reasonable investigation, Fed. R. Civ. P. 11(b), it must produce them. It must also conduct a thorough search for any other responsive documents.

Please immediately confirm that Specialized's objections are withdrawn and that no responsive documents are being withheld.

<u>RFP 8</u>

This request seeks Specialized's organizational charts from 2019 forward.

Specialized objects that the request "is overbroad, unduly burdensome, and not reasonably limited in scope or relevance." Specialized asserts that the request doesn't "specify[] any particular relevance to the claims or defenses in this litigation." It also objects "to the extent this request seeks confidential or proprietary business information."

Specialized's boilerplate objections are invalid for the reasons described above. Moreover, the relevance of organizational charts should be self-evident—Plaintiff is entitled to know who the relevant decision-makers were regarding the driving opportunity scheme alleged in the Complaint, and to determine any changes to Specialized's leadership structure over the past several years. Organizational charts are also an essential tool for identifying appropriate subjects for discovery (e.g., document custodians, deponents, etc.). As a final example of relevance, the identity (and location) of Specialized's leadership is relevant to its personal jurisdiction defense.


Finally, it is difficult to conceive how an organizational chart would be "confidential or proprietary business information," but to the extent it is, the parties have already agreed to—and the Court has entered—a stipulated protective order that should adequately address any confidentiality concern. *See* Stipulated Protective Order (ECF No. 50).

Please immediately confirm that Specialized's objections are withdrawn and that no responsive documents are being withheld.

Other Outstanding Issues

In my January 17 letter, I proposed that the parties enter a Rule 502(d) order. In our subsequent meet and confer, you stated that Defendants may have some proposed edits to our language. We have followed up regarding these proposed edits but have yet to receive them.

In my March 6 email, I noted Defendants' obligation to devise at least the initial set of search terms as part of their obligations under Rule 26(g) after speaking with the custodians. I also proposed an elusion testing procedure that will ensure the search terms are appropriately tailored. We have not heard back from Defendants on either.

We look forward to hearing from you regarding the foregoing issues.

Sincerely,

Michael von Klemperer
Of Counsel

cc. All Counsel of Record