# EXHIBIT H

**feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW
1763 Columbia RD NW, Ste.100
Washington, DC 20009
202.921.0002
312.264.0100
PHONE
FAX
mike@feganscott.com

<u>**Via Email**</u>                                                April 30, 2025

Angela S. Cash
James H. Hanson
Andrew J. Ireland
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER
BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

    Re:    *Kelchner v. CRST Expedited, Inc., et al.*,
           Case No. 1:24-cv-00082-CJW-KEM (N.D. Iowa)
           Defendants' Proposed Custodians and Search Terms; Meet and
           Confer Follow-Up

Dear Counsel,

I write to follow-up on our meet and confer and Defendants' April 11 custodian and search term proposal.

**Custodians:** Defendants' list of proposed custodians is missing Lyndsay Perez Navarro and Brooke McGivern, both of whom are identified in Defendants' initial disclosures. Please confirm Defendants will add these individuals to their list of custodians. Also, please identify any non-custodial document repositories Defendants intend to collect from (e.g., databases). Plaintiff reserves the right to request documents from additional custodians and other sources as discovery progresses.

**Search Terms:** Regarding search terms, Defendants' proposal is far too restrictive. First, Defendants propose applying search terms to collect documents in responses to only a handful of RFPs. Plaintiffs would expect search terms to be utilized to locate documents responsive to at least the following additional RFPs: Expedited 3, 6, 12-14, 28, 32, 33, 38, 49, 55, 56, 57, 58, 60, 62, 65-72.[1] I use the

---

[1]This list may need to be expanded if other means of collection prove inadequate for other RFPs.



Expedited numbers for exemplary purposes only—to the extent any Expedited, Specialized, or Lincoln Sales custodians have documents responsive to these RFPs, they should be produced, as discussed during the last discovery conference. In addition, the use of search terms should not be construed as mutually exclusive of other methods of searching. For instance, RFP 65 seeks all Board minutes regarding the program. While custodians may have responsive documents, we suspect that Board minutes are also stored in a centralized repository and can be directly collected for production without the use of search terms.

In addition, the terms Defendants have proposed are likewise far too narrow. Plaintiff's proposed revisions, along with additional proposed terms, are enclosed with this letter.

Further, Plaintiff is concerned by Defendants' proposal to only run terms on specific portions of documents (e.g., "subject" or "body"). Terms should be run on documents as a whole, not restricted to specific portions of documents. There is no legitimate basis for such a restriction. Moreover, such a restriction is unworkable in practice. For example, other than emails, documents do not contain a "subject," so restricting search terms in this way would have the practical effect of exclude vast swathes of otherwise responsive documents simply because they are not emails.

Plaintiff is similarly concerned by Defendants' formulation of RFP-specific search terms. While the RFPs are helpful in formulating the initial set of terms, if a document hits on *any search term* and is responsive to *any RFP* it must be produced.

To the extent Defendants do not agree to Plaintiff's counter-proposal, please provide hit counts for all proposed search terms to allow an informed discussion. The report should include, at a minimum: hits, hits + family, and unique hits, and should include numbers by custodian, as well as for all custodians combined. Hits should be provided for both Defendants' and Plaintiff's proposed terms.

**Lack of Promised Follow-Up:** During the meet and confer you committed to following up with Plaintiff regarding at least Expedited RFPs 4, 7, 8, 19, 20, 32, 38, 41, 44, 45, 49, 50, 51, 61, 68, 69 & 70 (and the corresponding Lincoln Sales RFPs) after further discussions with your client. However, I do not believe we've received any such follow-up. Unless we promptly hear otherwise, we will assume that the parties are at an impasse concerning each of these RFPs.

**Ripe Dispute:** Plaintiff understands the parties are at an impasse concerning Expedited RFPs 3, 7, 8, 21, 28, 33 & 46 (and the corresponding Lincoln Sales RFPs).



In addition, we understand that Defendants refuse to produce class member names and contact information in response to RFP 20 and Interrogatory 2.

Finally, Plaintiff emailed Defendants concerning *Cervantes* materials and information responsive to RFPs 22-25 and Interrogatory 12 on April 1, providing substantial caselaw recognizing that courts have "overwhelmingly and decisively endorsed the sharing of discovery" between cases. However, we have not received a substantive response and will assume we are at an impasse on these requests as well.

If any of the foregoing is incorrect, please let us know. We look forward to hearing from you concerning the custodian and search term issues addressed above.

Sincerely,

Michael von Klemperer
Of Counsel

cc. All Counsel of Record