# EXHIBIT J

 Outlook

---

## RE: Kelchner v. CRST Expedited, Inc., et al | Proposed ESI Custodians, Terms

---

**From** Cash, Angela <acash@scopelitis.com>

**Date** Wed 5/28/2025 9:51 PM

**To** Mike von Klemperer <mike@feganscott.com>

**Cc** Ireland, Andrew <aireland@scopelitis.com>; Hanson, Jim <jhanson@scopelitis.com>; Kevin Visser <kvisser@spmblaw.com>; Elizabeth Fegan <beth@feganscott.com>; Annitta Bailey <annitta@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; marty@sagwlaw.com <marty@sagwlaw.com>; rsb@boulter-law.com <rsb@boulter-law.com>; Georgia Zacest <georgia@feganscott.com>; Dawn Ehlke <dawn@feganscott.com>

---

📎 3 attachments (314 KB)

Response Letter to 5.19 Email re Discovery (CRST by Kelchner) v7.pdf; BulkSearch_20250520 Gannon Emails ICs 082319toP Narrowed_Term_27052025160327418706.xlsx; BulkSearch_20250520 Gannon Emails ICs 082319toP_Term_27052025150933157490.xlsx;

Mike,

Please see attached.

Thanks.

Angie

**Angela S. Cash,** *Partner*

**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**

10 West Market Street, Suite 1400, Indianapolis, IN 46204

acash@scopelitis.com | T: 317.637.1777 | M: 317.727.0326

---

**From:** Mike von Klemperer <mike@feganscott.com>
**Sent:** Monday, May 19, 2025 1:54 PM
**To:** Cash, Angela <acash@scopelitis.com>
**Cc:** Ireland, Andrew <aireland@scopelitis.com>; Hanson, Jim <jhanson@scopelitis.com>; Kevin Visser <kvisser@spmblaw.com>; Elizabeth Fegan <beth@feganscott.com>; Annitta Bailey <annitta@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; marty@sagwlaw.com; rsb@boulter-law.com; Georgia Zacest <georgia@feganscott.com>; Dawn Ehlke <dawn@feganscott.com>
**Subject:** RE: Kelchner v. CRST Expedited, Inc., et al | Proposed ESI Custodians, Terms

**\*\*\*External Email\*\*\***

Counsel,

Thank you for meeting and conferring on May 16. We follow-up on several issues below.

Interrogatory Data Sets
Plaintiff continues to await data sets promised in Defendants' interrogatory responses. You were unable to provide an estimate on our call beyond "not next week." Please provide a more definite timeline on when we can expect this data.

Redactions
Without conceding the propriety of non-privilege-based redactions under the federal rules, as a compromise, Plaintiff agrees that the following information may be redacted: social security numbers, bank and credit card numbers, medical and mental health records, and names and contact information for drivers outside of the

https://outlook.office.com/mail/AAMkAGVjMmI3YTY3LTIyODAtNDlmMy1iZGVmLWE2ZTQwYzQ5YWNlZgAuAAAAAADI4hkDQKwuS5DEpFbbbQWoA…    1/8

class. We are also open to considering other specific categories of redactions provided Defendants identify them *before* the redactions are applied. We reserve the right to challenge any and all redactions should the redacted information prove relevant.

We disagree that Defendants may redact class member names or contact information. This information is generally discoverable. *See, e.g.*, *Cortez v. Target Corp.*, No. 1:23-cv-01435, 2023 U.S. Dist. LEXIS 199321, at *6-9 (N.D. Ill. Nov. 7, 2023) (explaining that courts "generally grant [pre-certification] motions to compel [contact information] where the plaintiffs lack other means to locate such class members absent the sought-after discovery" and that privacy concerns do not bar production); *Drake v. Aerotek, Inc.*, No. 14-cv-216-bbc, 2014 U.S. Dist. LEXIS 178162, at *2-8 (W.D. Wis. Dec. 30, 2014) (collecting cases to support pre-certification discovery of names and addresses of potential class members); *Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2016 U.S. Dist. LEXIS 138103, at *4-5 (E.D. Mo. Oct. 5, 2016) (finding pre-certification discovery of potential class members' telephone numbers relevant to issues of typicality and commonality); *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 163-64, 168-69 (E.D. Cal. 2022) (collecting cases to support "that class contact information is routinely found to be discoverable" and permitting pre-certification discovery of class member information to assist the analysis and weighing of defendant's defenses to commonality and typicality)*; Edwards v. PJ Ops Idaho, LLC*, No. 1:17-cv-00283-DCN, 2024 U.S. Dist. LEXIS 83920, at *12-13 (D. Idaho May 7, 2024) (finding class contact information relevant to questions of commonality and typicality); *Fausz v. NPAS, Inc.*, No. 3:15-CV-00145-CRS, 2016 U.S. Dist. LEXIS 198011, at *25-26 (W.D. Ky. Jan. 5, 2016) ("[n]othing … prohibits the disclosure of the names and addresses of putative class members merely because class certification has not yet been obtained.")

Class members are relevant witnesses and Defendants have no legitimate basis for unilateral access to these individuals. In addition, Defendants' intended redactions will make the documents they produce less useable. *See* Fed. R. Civ. P. 34, Comm. Notes on 2006 Amend. (documents may not be produced in a manner that "removes or significantly degrades" useability). For instance, while Defendants intend to assign class members litigation-based ID numbers, it does not intend to apply those numbers to emails and could not confirm whether it would apply those numbers to complaints, exit interviews, and the like. This would make tracking class members across multiple documents difficult if not impossible.

Document Families
Thank you for confirming that Defendants have not been, and will not, split email families.

Non-Custodial Sources
Thank you for confirming that Defendants will provide a description of searches conducted on non-custodial sources.

Search Terms
RFP 14: add "report" and shorten *investigation* to "*invest**" to Defendants' proposed string

RFP 32: replace *("Lease Purchase Program" OR "LP program")* with ("*Lease Purchase Program" OR "lease-purchase" OR "lease purchase" OR "LP program" OR "LPC" OR "LPA" OR "Equipment Lease" OR "Truck Lease")*.

RFP 57: in addition to the proposed string, add ("weekly fixed costs" /5 "deductions") as a separate string.

Finally, for each search string that utilizes (*"Lease Purchase Program" OR "lease-purchase" OR "lease purchase" OR "LP program" OR "LPC" OR "LPA" OR "Equipment Lease" OR "Truck Lease")*, please run a separate search that replaces the foregoing with ("independent contractor"). Please include unique hits in the hit report so that we can determine how many additional documents the independent contractor term adds to the total document hits.

Other RFPs
Defendants' May 8 letter indicates that Defendants are still investigating issues related to RFPs 38, 49, and 70. Defendants were unable to provide Plaintiff an update during last week's call. Please provide that update as soon as possible.

We agree to narrow RFP 21 to seek only those responsive documents that reflect revenue derived from the Lease Purchase Program from August 23, 2020 through the present. The RFP, as narrowed, reads:

Case 1:24-cv-00082-CJW-KEM    Document 76-12    Filed 06/02/25    Page 3 of 9

> All audited and/or unaudited financial statements including balance sheets, income statements, statements of cash flows, and accountants' notes, for You that reflect revenue derived from the Lease Purchase Program from August 23, 2020 through the present. ~~for the period January 2019 to present~~.

Let us know if you agree to produce responsive documents to the request as narrowed. If you have other proposals on how to narrow this request, please let us know. As I mentioned on our call, it is Defendants' obligation to object with specificity, and if Defendants acknowledge that part of the request is appropriate, they should identify that part and object to the rest. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C) & Comm. Notes on 2015 Amend. ("if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad").

Defendants' May 8 letter states that they do not intend to produce documents responsive to <u>RFPs 47, 48, 50, 51</u>. Defs.' May 8, 2025 Ltr. at 18-19. However, *Defendants have already proposed search terms to locate documents responsive to these RFPs*. Defs.' April 11, 2025 Ltr. at 2-3. Are Defendants reversing course and withdrawing these proposed search terms?

In any case, there is no merit to Defendants' relevance objections. These RFPs seek documents that reflect Defendants' plans, analyses, and the benefits to be derived from the Lease Purchase Program by Defendants and drivers. While intent is not an element of Plaintiff's claim, Plaintiff can make out his BOPA claim through evidence of misleading or deceptive conduct, and evidence of material omissions. *See* Iowa Code § 551A.9. Evidence of a difference between Defendants' internal discussions about the program and their representations to drivers about the program could not be more plainly relevant to these issues. Moreover, Defendants' motives in implementing and continuing the program can be compelling circumstantial evidence of the wrongfulness of Defendants' conduct. *See* RESTAT 3D OF UNFAIR COMPETITION, § 2, comm. d (recognizing that even where intent to deceive is not required, evidence of such an intention can be powerful circumstantial evidence of deception). And where there is a conflict between Plaintiff and Defendants' version of events, evidence of "motive could be a factor that could help the jury decide whose story to credit." *See Cretacci v. Hare*, Nos. 21-5786, 21-5833, 2022 U.S. App. LEXIS 32537, at *10 (6th Cir. Nov. 23, 2022) (collecting cases). Finally, the Supreme Court has recognized the legitimate need for "evidentiary richness and narrative integrity in presenting a case" to the jury. *Old Chief v. United States*, 519 U.S. 172, 183 (1997). Plaintiff is entitled to evidence that will allow him to present a coherent story to the jury about the Lease Purchase Program, including how and why Defendants developed and continue to utilize the program.

Further regarding RFP 48, thank you for confirming that Expedited initially implemented the program in 2003 and Specialized did so in 2014. We acknowledge that there may be some challenges in retrieving evidence from long ago, especially the 2003-timeframe. We've proposed limited searches for the time period immediately before and after the programs were implemented and have asked that you investigate what records Expedited still has from 2003. At a minimum, Specialized should search for responsive documents immediately prior to and after its 2014 implementation.

Please confirm Defendants' position on RFPs 47, 48, 50, and 51.

Defendants have proposed limiting <u>RFPs 60 and 61</u> to "Board-level documents that *focus on or are primarily related to* the Lease Purchase Program, rather than materials that merely reference it. Defs." Defs.' May 8, 2025 Ltr. at 20. Plaintiff believes any concern over the scope of these requests can be appropriately addressed through search terms. Defendants have already proposed related terms, and Plaintiff has tweaked them slightly. Without a showing of irrelevance or lack of proportionality, it is difficult to see why a board-level document that "reference[s]" the program would not be discoverable. If there is a particular type of document or issue Defendants are concerned with, please let us know. Otherwise, there is no legitimate basis to narrow RFPs 60 and 61 as Defendants have proposed.

Best,

Mike von Klemperer | **Fegan Scott LLC** | 202.921.0002

**ʃ feganscott**

---

**From:** Cash, Angela <acash@scopelitis.com>
**Sent:** Thursday, May 15, 2025 7:32 PM

Case 1:24-cv-00082-CJW-KEM    Document 76-12    Filed 06/02/25    Page 4 of 9

**To:** Mike von Klemperer <mike@feganscott.com>
**Cc:** Ireland, Andrew <aireland@scopelitis.com>; Hanson, Jim <jhanson@scopelitis.com>; Kevin Visser <kvisser@spmblaw.com>; Elizabeth Fegan <beth@feganscott.com>; Annitta Bailey <annitta@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; marty@sagwlaw.com; rsb@boulter-law.com; Georgia Zacest <georgia@feganscott.com>
**Subject:** Re: Kelchner v. CRST Expedited, Inc., et al | Proposed ESI Custodians, Terms

Noon CT would help. Thanks, Mike.

**Angela S. Cash,** *Partner*
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400, Indianapolis, IN 46204
acash@scopelitis.com | T: 317.637.1777 | M: 317.727.0326

On May 15, 2025, at 5:56 PM, Mike von Klemperer <mike@feganscott.com> wrote:

**\*\*\*External Email\*\*\***

1 CT? Rob has a conflict at that time. We can move it to noon CT if that helps.

Mike von Klemperer | **Fegan Scott LLC** | 202.921.0002

<image001.png>

**From:** Cash, Angela <acash@scopelitis.com>
**Sent:** Thursday, May 15, 2025 4:34 PM
**To:** Mike von Klemperer <mike@feganscott.com>
**Cc:** Ireland, Andrew <aireland@scopelitis.com>; Hanson, Jim <jhanson@scopelitis.com>; Kevin Visser <kvisser@spmblaw.com>; Elizabeth Fegan <beth@feganscott.com>; Annitta Bailey <annitta@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; marty@sagwlaw.com; rsb@boulter-law.com; Georgia Zacest <georgia@feganscott.com>
**Subject:** Re: Kelchner v. CRST Expedited, Inc., et al | Proposed ESI Custodians, Terms

Thanks, Mike. We'll review.

Do you have any flexibility to push a call back tomorrow to start at 1 o'clock?

**Angela S. Cash,** *Partner*
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400, Indianapolis, IN 46204
acash@scopelitis.com | T: 317.637.1777 | M: 317.727.0326

On May 15, 2025, at 2:38 PM, Mike von Klemperer <mike@feganscott.com> wrote:

**\*\*\*External Email\*\*\***

Counsel,

Attached, please find Plaintiff's proposed search terms, revised to address Defendants' breadth concerns. We've withdrawn several terms. All of the terms that remain are in a Boolean string with the "Lease Purchase Program" terms Defendants proposed for their terms. We've also clarified that all multiple word terms should be searched as an exact phrase (signified with quotation marks). Finally, we've identified RFPs associated with each search string. These associated RFPs are examples only—documents that hit on these terms would likely be responsive to a host of additional RFPs as well.

In light of Plaintiff's narrowing, we ask that Defendants reconsider their refusal to provide hit counts on Plaintiffs' terms.

We look forward to discussing search terms and other issues addressed in the parties' correspondence tomorrow.

Thanks,

Mike von Klemperer | **Fegan Scott LLC** | 202.921.0002

<image001.png>

---

**From:** Mike von Klemperer
**Sent:** Wednesday, April 30, 2025 4:03 PM
**To:** Ireland, Andrew <aireland@scopelitis.com>; Hanson, Jim <jhanson@scopelitis.com>; Kevin Visser <kvisser@spmblaw.com>; Cash, Angela <acash@scopelitis.com>
**Cc:** Elizabeth Fegan <beth@feganscott.com>; Annitta Bailey <annitta@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; marty@sagwlaw.com; rsb@boulter-law.com
**Subject:** RE: Kelchner v. CRST Expedited, Inc., et al | Proposed ESI Custodians, Terms

Counsel,

Please see the attached letter and search term proposal. Note that the search term proposal contains two tabs.

Best,

Mike von Klemperer | **Fegan Scott LLC** | 202.921.0002

<image001.png>

---

**From:** Ireland, Andrew <aireland@scopelitis.com>
**Sent:** Friday, April 11, 2025 4:58 PM
**To:** rsb@boulter-law.com; Mike von Klemperer <mike@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; Elizabeth Fegan <beth@feganscott.com>; Annitta Bailey <annitta@feganscott.com>; marty@sagwlaw.com
**Cc:** Hanson, Jim <jhanson@scopelitis.com>; Cash, Angela <acash@scopelitis.com>; Kevin Visser <kvisser@spmblaw.com>
**Subject:** Re: Kelchner v. CRST Expedited, Inc., et al | Proposed ESI Custodians, Terms

Counsel,

Attached is a document outlining Defendants' initial proposed ESI custodians and search terms.

Please note that Defendants reserve their rights to object to the respective underlying discovery requests including, for example, for undue burden if the number of hits from the agreed upon search terms prove voluminous. Prior to any production, we will also need to review for responsiveness and privilege.

Have a great weekend!

Thanks,
Andrew

**Andrew Ireland,** *Attorney*
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400, Indianapolis, IN 46204
aireland@scopelitis.com

**From:** Mike von Klemperer <mike@feganscott.com>
**Sent:** Friday, January 17, 2025 12:44 PM
**To:** Cash, Angela <acash@scopelitis.com>; Hanson, Jim <jhanson@scopelitis.com>; Ireland, Andrew <aireland@scopelitis.com>; kvisser@spmblaw.com <kvisser@spmblaw.com>
**Cc:** Elizabeth Fegan <beth@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; marty@sagwlaw.com <marty@sagwlaw.com>; rsb@boulter-law.com <rsb@boulter-law.com>; Annitta Bailey <annitta@feganscott.com>
**Subject:** RE: Kelchner v. CRST Expedited, Inc., et al

**<span style="color:red">\*\*\*External Email\*\*\*</span>**

Counsel, please see the attached correspondence.

Best,

Mike von Klemperer | **Fegan Scott LLC** | 202.921.0002

<image001.png>

**From:** Cash, Angela <acash@scopelitis.com>
**Sent:** Tuesday, January 7, 2025 3:53 PM
**To:** Annitta Bailey <annitta@feganscott.com>; Hanson, Jim <jhanson@scopelitis.com>; Ireland, Andrew <aireland@scopelitis.com>; kvisser@spmblaw.com
**Cc:** Elizabeth Fegan <beth@feganscott.com>; Mike von Klemperer <mike@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; marty@sagwlaw.com; rsb@boulter-law.com
**Subject:** RE: Kelchner v. CRST Expedited, Inc., et al

Received.  Thank you.

Angie

**Angela S. Cash,** *Partner*
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400, Indianapolis, IN 46204
acash@scopelitis.com | T: 317.637.1777 | M: 317.727.0326

**From:** Annitta Bailey <annitta@feganscott.com>
**Sent:** Tuesday, January 7, 2025 3:45 PM
**To:** Hanson, Jim <jhanson@scopelitis.com>; Cash, Angela <acash@scopelitis.com>; Ireland, Andrew <aireland@scopelitis.com>; kvisser@spmblaw.com
**Cc:** Elizabeth Fegan <beth@feganscott.com>; Mike von Klemperer <mike@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; marty@sagwlaw.com; rsb@boulter-law.com
**Subject:** Kelchner v. CRST Expedited, Inc., et al

**<span style="color:red">\*\*\*External Email\*\*\*</span>**

Counsel,

Attached please find the following:

1. Plaintiff's First Set of Interrogatories to Defendant CRST Expedited, Inc.;
2. Plaintiff's First Requests for Production of Documents to Defendant CRST Expedited, Inc.;
3. Plaintiff's First Requests for Production of Documents to Defendant CRST Specialized Transportation, Inc.;
4. Plaintiffs' First Set of Interrogatories to Defendant CRST Lincoln Sales, Inc.;

<span style="color:blue">Case 1:24-cv-00082-CJW-KEM     Document 76-12     Filed 06/02/25     Page 7 of 9</span>

5. Plaintiff's First Requests for Production of Documents to Defendant CRST Lincoln Sales, Inc.; and

6. Exhibits 1 and 2 to the Requests for Production of Documents to Expedited and Lincoln Sales, as well as to the Interrogatories to Expedited.

Please let me know if you experience any problems opening the attachments.

Annitta Bailey | Paralegal
**Fegan Scott LLC**
Direct: 901.625.5284 | Fax: 312.264.0100
www.feganscott.com
<image002.jpg>

---

CONFIDENTIALITY NOTICE: This message is privileged and confidential for the addressee(s) named above. If you are not the intended recipient, you are prohibited from disseminating, using, or copying the contents and should notify the sender immediately that you received this message in error. The signature(s) within this email does not constitute any binding agreement.

ARTIFICIAL INTELLIGENCE NOTICE: Summaries of the Scopelitis Law Firm's legal opinions and guidance—whether delivered in writing or orally—generated by an Artificial Intelligence ("AI") platform, including AI-generated meeting or e-mail summaries, may contain errors or inaccuracies. You should not rely on an AI-generated summary for any purpose and should always refer to the actual legal opinion or guidance. The Scopelitis Law Firm is not responsible for any misunderstanding or losses that may arise from your use of AI-generated summaries of our legal opinions or guidance.

---

CONFIDENTIALITY NOTICE: This message is privileged and confidential for the addressee(s) named above. If you are not the intended recipient, you are prohibited from disseminating, using, or copying the contents and should notify the sender immediately that you received this message in error. The signature(s) within this email does not constitute any binding agreement.

ARTIFICIAL INTELLIGENCE NOTICE: Summaries of the Scopelitis Law Firm's legal opinions and guidance—whether delivered in writing or orally—generated by an Artificial Intelligence ("AI") platform, including AI-generated meeting or e-mail summaries, may contain errors or inaccuracies. You should not rely on an AI-generated summary for any purpose and should always refer to the actual legal opinion or guidance. The Scopelitis Law Firm is not responsible for any misunderstanding or losses that may arise from your use of AI-generated summaries of our legal opinions or guidance.

<25.05.15 - CRST - Pls Revised Search Term Proposal.xlsx>

---

CONFIDENTIALITY NOTICE: This message is privileged and confidential for the addressee(s) named above. If you are not the intended recipient, you are prohibited from disseminating, using, or copying the contents and should notify the sender immediately that you received this message in error. The signature(s) within this email does not constitute any binding agreement.

ARTIFICIAL INTELLIGENCE NOTICE: Summaries of the Scopelitis Law Firm's legal opinions and guidance—whether delivered in writing or orally—generated by an Artificial Intelligence ("AI") platform, including AI-generated meeting or e-mail summaries, may contain errors or inaccuracies. You should not rely on an AI-generated summary for any purpose and should always refer to the actual legal opinion or guidance. The Scopelitis Law Firm is not responsible for any misunderstanding or losses that may arise from your use of AI-generated summaries of our legal opinions or guidance.

---

CONFIDENTIALITY NOTICE: This message is privileged and confidential for the addressee(s) named above. If you are not the intended recipient, you are prohibited from disseminating, using, or copying the contents and should notify the sender immediately that you received this message in error. The signature(s) within this email does not constitute any binding agreement.

ARTIFICIAL INTELLIGENCE NOTICE: Summaries of the Scopelitis Law Firm's legal opinions and guidance—whether delivered in writing or orally—generated by an Artificial Intelligence ("AI") platform, including AI-generated meeting or e-mail summaries, may contain errors or inaccuracies. You should not rely on an AI-generated summary for any purpose and should always refer to the actual legal opinion or guidance. The Scopelitis Law Firm is not responsible for any misunderstanding or losses that may arise from your use of AI-generated summaries of our legal opinions or guidance.

---

CONFIDENTIALITY NOTICE: This message is privileged and confidential for the addressee(s) named above. If you are not the intended recipient, you are prohibited from disseminating, using, or copying the contents and should notify the sender immediately that you received this message in error. The signature(s) within this email does not constitute any binding agreement.

ARTIFICIAL INTELLIGENCE NOTICE: Summaries of the Scopelitis Law Firm's legal opinions and guidance—whether delivered in writing or orally—generated by an Artificial Intelligence ("AI") platform, including AI-generated meeting or e-mail summaries, may contain errors or inaccuracies. You should not rely on an AI-generated

Case 1:24-cv-00082-CJW-KEM    Document 76-12    Filed 06/02/25    Page 8 of 9

summary for any purpose and should always refer to the actual legal opinion or guidance. The Scopelitis Law Firm is not responsible for any misunderstanding or losses

that may arise from your use of AI-generated summaries of our legal opinions or guidance.