# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., and JOHN SMITH, an individual, <br><br> Defendants. | Case No. 1:24-cv-00082-CJW-KEM <br><br> Honorable Judge C.J. Williams <br><br><br> **DEFENDANT CRST EXPEDITED, INC.'S RULE 26(A)(1)(A) INITIAL DISCLOSURES** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendant, CRST Expedited, Inc., provides the initial disclosures described below. Defendant makes these disclosures without waiver of any privilege, work product protection, or other basis for non-disclosure. The disclosures are based on the information reasonably available at this time. Defendant reserves its right to supplement or amend these disclosures based on information obtained in the course of discovery and litigation in this case.

**I.** **Witnesses.** The following individuals are likely to have discoverable information that Defendant may use to support its claims or defenses in this case:

1. Harley Kelchner, c/o Plaintiff's counsel of record. This witness is the named plaintiff in this lawsuit who has knowledge of the factual allegations set forth in the pleadings in this action.

2. Michael Gannon, c/o Defendant's counsel of record. Mr. Gannon is the President and Chief Executive Officer for Defendant. He has knowledge of the relationship between Defendant and its sister and parent companies and general knowledge regarding business

1

operations.

3.  Jenny Abernathy, c/o Defendant's counsel of record. Ms. Abernathy is the Chief People Officer for Defendant. She will have knowledge regarding some of the factual allegations set forth in the operative complaint regarding recruiting practices, orientation, and contractor compensation.

4.  Ben Lizer, c/o Defendant's counsel of record. Mr. Lizer is the Director of Operations, Independent Contractors for Defendant. He has knowledge regarding some of the factual allegations set forth in the operative complaint, knowledge regarding Defendant's relationships with independent contractors, their operations, and contractor compensation.

5.  Lee Coblentz, c/o Defendant's counsel of record. Mr. Coblenz is the Vice President of Operations for Defendant. He has knowledge regarding some of the factual allegations set forth in the operative complaint, knowledge regarding Defendant's relationship with its independent contractors, their operations, and contractor compensation.

6.  Putative class members, including those who provide affidavits, declarations, or any other form of witness statements or testimony.

7.  Drivers hired and paid by Plaintiff and putative class members.

8.  Individuals disclosed through Plaintiff's or any Co-Defendant's Initial Disclosures, Preliminary Witness Lists, or called at trial.

9.  Individuals disclosed in discovery.

10. Individuals needed to establish the admissibility of any exhibits, including any business records custodians.

11. Individuals needed for impeachment or rebuttal testimony.

Defendant will identify expert witnesses, to the extent necessary, by the deadline set forth by the Court and the Federal Rules of Civil Procedure.

**II.     Location of Documents, Electronically Stored Information, and Tangible Things**. The following documents, electronically stored information, and tangible things that are in the possession, custody, or control of Defendant may be used to support Defendant's claims or defenses:

1.     Independent Contractor Operating Agreements, contractor files, settlement statements, trip reports, hours of service logs, and load summaries for any putative class members should a class be certified.

2.     Defendant's driver handbook and safety handbook.

3.     Contractor recruiting and onboarding materials.

Defendant is in the process of locating additional documents and will supplement these disclosures as required by the Federal Rules of Civil Procedure.

**III.     Insurance.** Defendant is not aware of any insurance agreements under which an insurance company may be liable to satisfy all or any part of a judgment that may be entered in this case or to indemnify or reimburse Defendant for payments made to satisfy a judgment.

Dated: December 6, 2024                    Respectfully submitted,

/s/ James H. Hanson
James H. Hanson (admitted pro hac vice)
Angela S. Cash (admitted pro hac vice)
Andrew J. Ireland (admitted pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641

F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant,*
*CRST Expedited, Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 6, 2024, I served a true and correct copy of the forgoing document to the following via e-mail to the following counsel of record:

J. Barton Goplerud,
Brian O. Marty
SHINDLER, ANDERSON, GOPLERUD
& WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
goplerud@sagwlaw.com
marty@sagwlaw.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
beth@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Avenue #310
San Rafael, CA 94901
rsb@boulter-law.com

*/s/ James H. Hanson*
James H. Hanson

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., and JOHN SMITH, an individual, <br><br> Defendants. | Case No. 1:24-cv-00082-CJW-KEM <br><br> Honorable Judge C.J. Williams <br><br><br> **DEFENDANT CRST LINCOLN SALES, INC.'S RULE 26(A)(1)(A) INITIAL DISCLOSURES** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendant, CRST Lincoln Sales, Inc., provides the initial disclosures described below. Defendant makes these disclosures without waiver of any privilege, work product protection, or other basis for non-disclosure. The disclosures are based on the information reasonably available at this time. Defendant reserves its right to supplement or amend these disclosures based on information obtained in the course of discovery and litigation in this case.

**I.      Witnesses.** The following individuals are likely to have discoverable information that Defendant may use to support its claims or defenses in this case:

1.      Harley Kelchner, c/o Plaintiff's counsel of record. This witness is the named plaintiff in this lawsuit who has knowledge of the factual allegations set forth in the pleadings in this action.

2.      Chad Brueck, c/o Defendant's counsel of record, is the Sr. Financial Analyst of Defendant. He will have knowledge of some of the factual allegations set forth in the operative complaint and knowledge regarding Defendant's business operations and records.

1

3.     Putative class members, including those who provide affidavits, declarations, or any other form of witness statements or testimony.

4.     Drivers hired and paid by Plaintiff and putative class members.

5.     Individuals disclosed through Plaintiff's or any Co-Defendant's Initial Disclosures, Preliminary Witness List, or called at trial.

6.     Individuals disclosed in discovery.

7.     Individuals needed to establish the admissibility of any exhibits, including any business records custodians.

8.     Individuals needed for impeachment or rebuttal testimony.

Defendant will identify expert witnesses, to the extent necessary, by the deadline set forth by the Court and the Federal Rules of Civil Procedure.

**II.     Location of Documents, Electronically Stored Information, and Tangible Things**. The following documents, electronically stored information, and tangible things that are in the possession, custody, or control of Defendant may be used to support Defendant's claims or defenses:

1.     Equipment lease agreements for Plaintiff and any putative class members should a class be certified.

Defendant is in the process of locating additional documents and will supplement these disclosures as required by the Federal Rules of Civil Procedure.

**III.     Insurance.** Defendant is not aware of any insurance agreements under which an insurance company may be liable to satisfy all or any part of a judgment that may be entered in this case or to indemnify or reimburse Defendant for payments made to satisfy a judgment.

Dated: December 6, 2024

Respectfully submitted,

*/s/ James H. Hanson*
James H. Hanson (admitted pro hac vice)
Angela S. Cash (admitted pro hac vice)
Andrew J. Ireland (admitted pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant,*
*CRST Lincoln Sales, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on December 6, 2024, I served a true and correct copy of the forgoing

document to the following via e-mail to the following counsel of record:

J. Barton Goplerud,
Brian O. Marty
SHINDLER, ANDERSON, GOPLERUD
& WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
goplerud@sagwlaw.com
marty@sagwlaw.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
beth@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Avenue #310
San Rafael, CA 94901
rsb@boulter-law.com

*/s/ James H. Hanson*
James H. Hanson

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., and JOHN SMITH, an individual,<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams<br><br><br>**DEFENDANT CRST SPECIALIZED TRANSPORTATION, INC.'S RULE 26(a)(1)(A) INITIAL DISCLOSURES** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendant, CRST Specialized Transportation, Inc., provides the initial disclosures described below. Defendant makes these disclosures without waiver of any privilege, work product protection, or other basis for non-disclosure. The disclosures are based on the information reasonably available at this time. Defendant reserves its right to supplement or amend these disclosures based on information obtained in the course of discovery and litigation in this case.

**I.      Witnesses.** The following individuals are likely to have discoverable information that Defendant may use to support its claims or defenses in this case:

1.      Harley Kelchner, c/o Plaintiff's counsel of record. This witness is the named plaintiff in this lawsuit who has knowledge of the factual allegations set forth in the pleadings in this action.

2.      William Clement, c/o Defendant's counsel of record.  Mr. Clement is the former president of Defendant and is now the Group President and Chief Strategy Officer for Defendant. He has knowledge of the relationship between Defendant and its sister and parent companies and

knowledge regarding operations.

3.   Thomas McKerr, c/o Defendant's counsel of record. Mr. McKerr is the Vice President of Operations for Defendant. He has knowledge of the relationship between Defendant and its sister and parent companies, Defendant's relationships with independent contractors, contractor onboarding, and Defendant's business operations.

4.   Jenny Abernathy, c/o Defendant's counsel of record. Ms. Abernathy is the Chief People Officer for Defendant. She will have knowledge regarding some of the factual allegations set forth in the operative complaint regarding recruiting practices, orientation, and contractor compensation.

5.   Lyndsay Perez Navarro, c/o Defendant's counsel of record.  Ms. Navarro is the Manager – Recruiting for Defendant.  She will have knowledge regarding some of the factual allegations set forth in the operative complaint regarding recruiting practices.

6.   Brooke McGivern, c/o Defendant's counsel of record. Ms. McGivern is a Recruiter for Defendant.  She will have knowledge regarding some of the factual allegations set forth in the operative complaint regarding recruiting practices.

7.   Putative class members, including those who provide affidavits, declarations, or any other form of witness statements or testimony.

8.   Drivers hired and paid by Plaintiff and/or putative class members.

9.   Individuals disclosed through Plaintiff's or any Co-Defendant's Initial Disclosures or Preliminary Witness Lists.

10.   Individuals disclosed in discovery.

11.   Individuals needed to establish the admissibility of any exhibits, including any business records custodians.

12.   Individuals needed for impeachment or rebuttal testimony.

Defendant will identify expert witnesses, to the extent necessary, by the deadline set forth by the Court and the Federal Rules of Civil Procedure.

**II.** **Location of Documents, Electronically Stored Information, and Tangible Things**. The following documents, electronically stored information, and tangible things that are in the possession, custody, or control of Defendant may be used to support Defendant's claims or defenses:

1. Independent Contractor Operating Agreements, contractor files, settlement statements, trip reports, hours of service logs, and load summaries for any putative class members should a class be certified.

2. Defendant's driver handbook and safety handbook.

3. Contractor recruiting and onboarding materials.

Defendant is in the process of locating additional documents and will supplement these disclosures as required by the Federal Rules of Civil Procedure.

**III.** **Insurance.** Defendant is not aware of any insurance agreements under which an insurance company may be liable to satisfy all or any part of a judgment that may be entered in this case or to indemnify or reimburse Defendant for payments made to satisfy a judgment.

Dated: February 21, 20252/21/2025February 21, 20252/21/2025

Respectfully submitted,

*/s/ James H. Hanson*
James H. Hanson (admitted pro hac vice)
Angela S. Cash (admitted pro hac vice)
Andrew J. Ireland (admitted pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser

SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant,*
*CRST Specialized Transportation, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 21, 20252/21/2025February 21, 20252/21/2025, I served a true and correct copy of the forgoing document to the following via e-mail to the following counsel of record:

J. Barton Goplerud,
Brian O. Marty
SHINDLER, ANDERSON, GOPLERUD
& WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
goplerud@sagwlaw.com
marty@sagwlaw.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
beth@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Avenue #310
San Rafael, CA 94901
rsb@boulter-law.com

Michael von Klemperer
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
mike@feganscott.com

*/s/ James H. Hanson*
James H. Hanson