# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

HARLEY KELCHNER,

     Plaintiff,

vs.

CRST EXPEDITED, INC., et al.,

     Defendant.

No. 24-CV-82-CJW-KEM

**ORDER**

_____

Plaintiff served discovery requests on Defendants in early January. Doc. 61. Defendants requested several extensions, and in early March, Plaintiffs requested a status conference with the court over the delay. *Id.* Plaintiff noted it had requested Defendants disclose document custodians and search terms for ESI[1] at that time, but Defendants had not responded. After a status conference on March 6, 2025, the court ordered (based on the parties' agreement) that written discovery responses would be produced by March 21 and substantial completion of document production (including ESI) by May 21. Doc. 62.

The court held another status conference in early April. Doc. 68. Defendant had still not provided Plaintiff with ESI search terms (despite the request weeks ago) but agreed to do so by April 11. *Id.*

The court held a third status conference on May 13. Doc. 73. Defendants requested a thirty-day extension of the substantial-completion deadline for discovery. Plaintiffs did not object, subject to two conditions: (1) rolling production continue during the extension period, rather than holding documents for the deadline (Defendants agreed); and (2) Defendants begin searching ESI now using the agreed-upon search terms and

---

[1] Electronically stored information.

custodians, even though the parties were still working to negotiate additional search terms (Defendants objected). *Id.* The court extend the deadline without weighing in on the parties' second dispute. *Id.* As for the disputed search terms, the court suggested that Defendants should provide Plaintiffs with the "hit counts" for the additional search terms to support its burdensome argument. *Id.*

Yesterday, the court held another status conference with the parties (three weeks after the last one). Doc. 77. The court was dumbfounded to learn that nearly nothing has been accomplished in the three weeks since the last status conference. No documents have been searched or produced, the parties have not agreed on search terms, and Defendants have not even provided the complete "hit counts" yet. Defendants have provided "hit counts" for the additional search terms for one custodian (out of more than twenty), and the parties have engaged in a bit more back-and-forth on search terms. During the status conference, Defendants mentioned additional "hit counts" that Plaintiffs said had not previously been provided. Defendants indicated that they have been working on gathering documents from the agreed-upon custodians and providing them to their e-discovery vendor to upload; they estimated that only 50% of documents have been gathered thus far. Defendants stated that they did not begin gathering documents for their e-discovery vendor until roughly thirty days ago.

I noted that at the current pace, it did not seem that Defendants would even begin searching ESI until the end of summer—if it took them another thirty days to upload the remaining documents, they would not be able to provide "hit counts" to the Plaintiffs until early July, and then the parties would still need to negotiate search terms. Defendants pushed back and indicated they would be in a position to begin reviewing documents in mid-summer.

It is clear to the court and the parties that Defendants will not be meeting the June 20 substantial-completion deadline. The court struck the deadline and set another status conference for Tuesday, July 1, 2025. The court indicated that it could not provide much

guidance or help for the parties given the current state of discovery and suggested that new deadlines would be imposed at the next status conference.

The court issues this order to instruct Defendants to begin searching ESI now. During the status conference, Defendants repeatedly mentioned the large number of documents that they have to review. Defendants also indicated that regardless of the search terms agreed upon by the parties, Defendants intend to produce only documents that are responsive to discovery requests and relevant to the case. Defendants plan to have an attorney review every document for both relevance and privilege—a time-consuming task.

Frankly, the court does not find that Defendants have acted diligently. The court understands that this is a putative class action case involving a large number of documents and custodians. Still, Defendants should have started gathering ESI from known relevant custodians as soon as the discovery requests were served in January; instead, Defendants waited until roughly May—despite the fact that they agreed on March 6 to have substantial completion of discovery by May 21 (Doc. 62). Instead, as of early June, Defendants are still in the process of *gathering* ESI.

At two status conferences, Defendants have objected that searching ESI now would be overly burdensome; Defendants have stated that it would be duplicative to run additional searches later and add in new documents based on those searches. It seems to the court from Defendants' description of their ESI system that they should be able to track whether documents have been previously reviewed or not; if and when the parties agree on additional search terms, Defendants should be able to easily see whether documents are "new" or whether they have previously been reviewed. In any event, given the delay in producing any ESI in this case and the need to keep the case on track, the court finds it proportional to the needs of the case for Defendants to begin reviewing e-discovery now (even if that may result in some duplicative work). It does not appear to the court that Defendants have made any effort to meet the substantial-completion

deadline for ESI (set for mid-May and later, mid-June), considering that no ESI has yet to be reviewed.

To establish good cause to extend a deadline, the party must establish diligence. The court agrees with Plaintiff that Defendants should begin reviewing ESI now using the agreed-upon search terms and custodians, rather than waiting until the parties complete search-term negotiations (which could take an additional month or more). Defendants should begin rolling production (as previously agreed) of any responsive documents.

**SO ORDERED** on June 4, 2025.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

4