UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual<br><br>    Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 20, 22–25 TO DEFENDANT, CRST EXPEDITED, INC., AND NO. 20 TO DEFENDANT, CRST LINCOLN SALES, INC., AND FULSOME RESPONSES TO INTERROGATORY NOS. 2 AND 11 TO DEFENDANT, CRST EXPEDITED, INC.**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................... 1

II.  BACKGROUND ............................................................................................ 3

    A.  Defendants objected to Plaintiff's request for all putative class members' names, phone numbers, emails, and addresses but offered to produce anonymized data and a sampling of contact information. ..................................... 3

    B.  Defendants objected to Plaintiff's blanket, tag-along discovery requests for *Cervantes* but have agreed to produce each specific class of documents requested from *Cervantes*. ...................................................................... 5

III.  ARGUMENT ................................................................................................ 8

    A.  Plaintiff's motion is procedurally deficient and therefore should be denied. ......... 8

        1.  Plaintiff failed to meet and confer pursuant to Local Rules 7(k) and 37(a) and ignored Defendants attempts to resolve these disputes. ............. 8

        2.  Plaintiff's Motion improperly includes entire discovery responses and correspondence in violation of the Federal and Local Rules ............. 10

    B.  Plaintiff's discovery demands are substantively improper and should be denied. ................................................................................................ 11

        1.  Plaintiff's request for pre-certification class member names and contact information is unsupported and should be denied. ...................... 12

        2.  Plaintiff is not entitled to tag-along discovery from an unrelated case. ............................................................................................. 16

IV.  CONCLUSION ............................................................................................ 19

i

**TABLE OF AUTHORITIES**

**Cases**

*Cortez v. Target Corp.*,
No. 1:23-CV-01435, 2023 WL 7325965 (N.D. Ill. Nov. 7, 2023) .......................................... 14

*CRST Expedited, Inc. v. Transam Trucking, Inc.*,
16-CV-1004, 2018 WL 3650219 (N.D. Iowa 2018).................................................................. 18

*Dziennik v. Sealift, Inc.*,
No. 05–CV–4659 (DLI)(MDG), 2006 WL 1455464 (E.D.N.Y. May 23, 2006) .................... 13

*Edwards v. PJ Ops Idaho, LLC*,
No. 1:17-CV-00283-DCN, 2024 WL 2060503 (D. Idaho May 7, 2024) ................................ 15

*EEOC v. Wal-Mart Stores, E. LP*,
17-C-70, 2018 WL 4923046 (E.D. Wis. Oct. 15, 2018)........................................................... 18

*Epstein Construction, Inc. v. Modern Piping, Inc.*,
No. 19-CV-106-CJW-KEM, 2022 WL 407382 (N.D. Iowa Feb. 9, 2022) ............................. 10

*Fausz v. NPAS, Inc.*,
No. 3:15-CV-00145-CRS, 2016 WL 11658797 (W.D. Ky. Jan. 5, 2016)......................... 12, 15

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) .......................................................................................... 18, 19

*Golan v. Veritas Entm't, LLC*,
No. 4:14CV00069 ERW, 2016 WL 5811292 (E.D. Mo. Oct. 5, 2016) .................................. 15

*Holland-Hewitt v. Allstate Life Ins. Co.*,
343 F.R.D. 154 (E.D. Cal. 2022) ............................................................................................. 15

*Humana Inc. v. Teva Pharms. USA, Inc.*,
No. 6:21-CV-72-CEM-DCI, 2021 WL 8651837 (M.D. Fla. Oct. 19, 2021)........................... 17

*In re Hardieplank Fiber Cement Siding Litig.*,
No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014)......................................... 6, 17

*Kernats v. Comcast Corp.*,
No. 09 C 3368, 2010 WL 8742753 (N.D. Ill. Jan. 14, 2010) .................................................. 12

*Marook v. State Farm Mut. Auto. Ins. Co.*,
259 F.R.D. 388 (N.D. Iowa 2009) ...................................................................................... 6, 17

*Nunes v. Lizza*,
No. 20-CV-04003-CJW, 2021 WL 7186265 (N.D. Iowa Dec. 16, 2021) ............................... 10

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978)................................................................................................ 12

*Similarly, Drake v. Aerotek, Inc.*,
No. 14-CV-216-BBC, 2014 WL 7408715 (W.D. Wis. Dec. 30, 2014).................................... 14

*Similarly, in J.S.X. v. Foxhoven*,
No. 4:17-CV-00417-SMR-HCA, 2019 WL 13167113 (S.D. Iowa May 21, 2019) ................. 10

*Swelnis v. Universal Fid. L.P.*,
No. 2:13-CV-104-PRC, 2014 WL 1571323 (N.D. Ind. Apr. 17, 2014) ................................... 12

*Town of Westport v. Monsanto Co.*,
No. CV 14-12041-DJC, 2015 WL 13685105 (D. Mass. Nov. 5, 2015) ................................ 6, 17

*TravelPass Grp., LLC v. Caesars Ent. Corp.*,
No. 5:18-CV-153-RWS-CMC, 2020 WL 698538 (E.D. Tex. Jan. 16, 2020) .......................... 17

*Velasquez-Monterrosa v. Mi Casita Restaurants*,
No. 5:14-CV-448-BO2015, WL 1964400 (E.D.N.C. May 1, 2015) ....................................... 12

*Wauchop v. Domino's Pizza, Inc.*,
138 F.R.D. 539 (N.D. Ind. 1991)............................................................................. 18

*Wollam v. Wright Med. Grp., Inc.*,
No. 10-CV-03104-DME-BNB, 2011 WL 1899774 (D. Colo. May 18, 2011)......................... 17

**Rules**

Fed. R. Civ. P. 11 ............................................................................................... 10

Fed. R. Civ. P. 26 ...................................................................................... 11, 13, 14, 16

Fed. R. Civ. P. 37 ............................................................................................... 11

Defendants, CRST Expedited, Inc. (CRST Expedited), CRST Specialized Transportation, Inc. (CRST Specialized), CRST Lincoln Sales, Inc. (Lincoln Sales), and John Smith, respectfully submit this resistance to Plaintiff's Motion to Compel Production of Documents in Response to Requests For Production Nos. 20, 22–25 to Defendant, CRST Expedited, Inc., and Nos. 20 to Defendant, CRST Lincoln Sales, Inc., and Fulsome Responses to Interrogatory Nos. 2 and 11 to Defendant, CRST Expedited, Inc.

## I. INTRODUCTION

Plaintiff is a Nevada resident and former lease purchase contractor for the Indiana-based company CRST Specialized. He brings this nationwide putative class action under the Iowa Business Opportunity Promotions Act ("BOPA"), alleging that Defendants collectively engaged in deceptive business opportunity promotions by failing to make certain disclosures in connection with their respective lease purchase programs.

Plaintiff now moves to compel sweeping and intrusive discovery, including pre-certification names and contact information for thousands of putative class members—the majority of whom have no connection to Plaintiff's claims—and wholesale "tag-along" discovery from unrelated litigation before this Court in *Cervantes v. CRST Int'l, Inc.*, No. 1:20-cv-00075-CJW-KEM (N.D. Iowa), which was filed in January 2020 and involved different classes, only one of the same defendants, and different legal and factual issues focused on federal misclassification and wage-and-hour claims, not Iowa BOPA claims.

Throughout the meet and confer process, Defendants have consistently offered to produce all responsive documents and data using anonymized identifiers whenever feasible for putative class members. And in a May 28, 2025, letter, Defendants also proposed a reasonable sampling of actual contact information limited to lease purchase contractors for CRST Specialized—the only entity with which Plaintiff ever contracted. Moreover, Defendants have produced and continue to

produce specific requested documents from *Cervantes* that are potentially relevant to the actual claims in this case, demonstrating their good faith efforts to comply with legitimate discovery demands while resisting Plaintiff's improper fishing expedition. Despite these good faith efforts, Plaintiff unilaterally filed this motion without meeting the mandatory meet and confer requirements of Local Rules 7(k) and 37(a). By filing all of Defendants' entire discovery responses and correspondence—without any showing that they are necessary to resolve the disputes—Plaintiff also violated the plain language of Local Rule 26(f), which prohibits filing discovery materials with the Court absent a direct need for them in a motion to compel. His motion should be denied for these reasons alone.

On the merits, Plaintiff's motion also fails. First, Plaintiff's demand for pre-certification class member names and contact information is overly broad, disproportionate, and not supported by controlling authority—particularly in light of Defendants' offers to produce anonymized data or a reasonable sampling of contact information limited to CRST Specialized (the only operating entity with which Plaintiff ever contracted). Indeed, Plaintiff has failed to show how the names and multiple forms of contact information of all putative class members would do anything to meaningfully advance class certification in this case. Second, Plaintiff's attempt to compel wholesale "tag-along" discovery from the unrelated *Cervantes* litigation is also improper, untethered to the actual claims at issue, and contrary to the Federal Rules' relevance and proportionality standards. While Defendants have already produced and continue to produce targeted documents from *Cervantes* that are potentially relevant to the claims here, they have appropriately resisted Plaintiff's efforts to convert this case into a fishing expedition. In short, Plaintiff's motion disregards the cooperative framework mandated by the Federal and Local Rules and exceeds the permissible scope of discovery; therefore, it should be denied in its entirety.

## II.    BACKGROUND

Plaintiff served his initial discovery requests on Defendants on January 7, 2025. Among these were expansive requests for the production of putative class member names and contact information and sweeping "tag-along" discovery from *Cervantes*. Consistent with the parties' agreement to a bifurcated production process during the March 6, 2025, status conference (*see* ECF No. 62), CRST Expedited and Lincoln Sales timely served initial written responses and objections in March 2025. ECF Nos. 76-6–76-8.

### A.    Defendants objected to Plaintiff's request for all putative class members' names, phone numbers, emails, and addresses but offered to produce anonymized data and a sampling of contact information.

Responding to Plaintiff's requests for production, both CRST Expedited and CRST Lincoln Sales explained that (1) each request was "overbroad, unduly burdensome, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage" and (2) each request "improperly demands personally identifiable information for individuals who are not yet established as class members, and it fails to justify why such disclosure is relevant or proportional under Rule 26(b)(1)." ECF No. 76-6 at Obj. to RFP No. 20 to CRST Expedited; ECF No. 76-7 at Obj. to RFP No. 20 to Lincoln Sales.[1]

CRST Expedited also objected to Plaintiff's Interrogatory No. 2 as follows:

Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request for the identification of "every putative class member" seeks the disclosure of private and confidential information, including residential addresses, telephone numbers, and email

---

[1] Curiously, Plaintiff does not ask the Court to compel production of class member contact information from CRST Specialized—the only Defendant for which he contracted to perform services. However, the parties have agreed that the first set of requests for production served on CRST Expedited would be construed to also apply to CRST Specialized. *See* ECF No. 72 at 2 n.2 ("During meet and confer efforts, the parties further agreed that the 72 requests served on Expedited would also be treated as a second set of requests for Specialized."); ECF No. 76-11 at 13 n.1 ("While Specialized was initially served with only a limited set of Requests for Production, it has agreed to treat the requests served on Expedited as if they had been properly served on Specialized as a second set of requests.").

addresses, which implicates privacy concerns and may be subject to statutory protections. Additionally, the request assumes that Defendant maintains a single, comprehensive database containing all such information, which may not exist in the requested form. Providing an electronic database with this information would require Defendant to compile, verify, and format a substantial amount of data, which constitutes an undue burden. Furthermore, given that no class has been certified, such disclosure is premature and not warranted at this stage of litigation.

ECF No. 76-8 at Obj. to ROG No. 2 to CRST Expedited.

Notwithstanding their objections, Defendants have consistently offered to produce responsive documents and data with anonymized identifiers across document types wherever feasible—an offer reiterated in multiple written exchanges and meet and confer discussions. In its March 17, 2025 Response to Interrogatory No. 2, for example, CRST Expedited provided that it would "produce a spreadsheet with anonymized ID numbers for every putative class member, the last known state of residence, the beginning and end dates when each driver leased a truck from [Lincoln Sales] and drove for CRST Expedited and/or any of its divisions, and the specific division for which they drove." ECF Nos. 76-8 at Resp. to ROG No. 2.

In a May 8, 2025, letter, Defendants reiterated "they would be willing to produce an anonymized list of putative class members but will not provide class member identifying or contact information prior to class certification" and included authority in support of this position. ECF No. 76-11 at 15–16 (collecting cases). There, Defendants also requested that Plaintiff "[c]onfirm whether [he] will agree to reasonable narrowing of RFPs identified above and identify any authority Plaintiff relies on to justify the expansive scope of his requests including his requests for putative class member names and contact information." *Id.* at 22. Yet, without addressing any of Defendants' authority, Plaintiff's counsel responded by email on May 19, 2025, citing the same cases as his subsequent Motion and wrote that "[w]e disagree that Defendants may redact class member names or contact information. This information is generally discoverable." ECF No. 76-12 at 2–3.

4

In their May 28, 2025, letter, Defendants walked through each of Plaintiff's cases to show that none supported their position of blanket discoverability. ECF No. 76-13 at 2–5. Nevertheless, Defendants offered, as an alternative, to produce a sampling of putative class member contact information for lease purchase contractors for CRST Specialized (the only entity for which Plaintiff performed services). ECF No. 76-13 at 2–5.[2] Despite these good faith offers, Plaintiff refused to engage in meaningful dialogue about the issue and instead filed the present motion without further discussion.

**B.** **Defendants objected to Plaintiff's blanket, tag-along discovery requests for *Cervantes* but have agreed to produce each specific class of documents requested from *Cervantes*.**

On March 17, 2025, Defendants also objected to searching for documents responsive to Plaintiff's Requests for Production (Set One) Nos. 22–25, Lincoln Sales Requests for Production (Set One) Nos. 22–25, and Specialized Requests for Production (Set Two) Nos. 22–25, which sought from *Cervantes* all "transcripts for depositions given by your employees," "transcripts for depositions and expert reports given by your experts," "answers to interrogatories," and "responses to requests for admission."

As Defendants explained, these sweeping requests were overly broad and improper, particularly in light of the distinct factual and legal issues between this case and *Cervantes*. ECF

---

[2] Plaintiff's counsel, Mike von Klemperer, acknowledged during the June 3, 2025, status conference that he did not read that portion of the letter and was not aware of Defendants' offer. *See* **Exhibit A** – Declaration of Angela Cash (*Cash Decl.*), Ex. 1 at 29:9-23 (excerpts from Transcript of June 3, 2025, Status Conference) ("MR. VON KLEMPERER: . . . I haven't heard from them about a proposal to provide a sampling. I don't think we discussed that or heard any -- any proposal from them on that topic."). After Defendants' counsel pointed Plaintiff's counsel to the letter, the Court stated that parties needed to discuss this issue further. *See id.* at 29:24-30:13 ("THE COURT: . . . So it's something I think you guys need to talk through. I understand defendants are really wanting to focus this on just CRST Specialized since that was the only entity that plaintiffs contracted with. So, I mean, that's a good starting point is to look at Specialized and then try to figure out kind of where you're at on that. Then that may help the discussion as to other entities as to whether or not that's something that should be produced.").

Nos. ECF No. 76-6 at Obj. to RFP Nos. 22–25:

> Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. The request seeks information from prior litigation that involved (a) different causes of action and primarily focused on minimum wage claims under the Fair Labor Standards Act, (b) a dispute not including CRST Specialized, CRST Lincoln Sales, nor John Smith as defendants, (c) and different legal and factual issues focused on misclassification and wages not business opportunities and promotions. Based on differences between this case and *Cervantes*, initially filed over 5 years ago, Defendant objects to producing the cloned or piggybacked discovery request. *See In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014) (allowed objection to "cloned" or "piggyback" discovery because the request does not specify which prior litigation requests, why it is relevant, how documents are reasonably calculated to lead to admissible evidence); *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388 (N.D. Iowa 2009) (denied a motion to compel discovery from prior State Farm litigation). *See also Town of Westport v. Monsanto Co.*, No. CV 14-12041-DJC, 2015 WL 13685105 (D. Mass. Nov. 5, 2015) (information from prior litigation is not compelled because there is no showing of "substantial similarity"). Additionally, Defendant objects to the extent this request seeks documents that may contain privileged, confidential, or proprietary information, including material protected by the attorney-client privilege, work product doctrine, or confidentiality agreements governing the prior litigation. Further, Defendant object (sic) to this request as cumulative and duplicative, as Plaintiff can obtain relevant information through more targeted discovery methods directly related to the claims and defense at issue in this case.

But, each Defendant continued, "[w]ithout waiving these objections, [they] remain[] willing to meet and confer with Plaintiff to discuss whether a narrower, more tailored request may be appropriate." *Id.*

Plaintiff has repeatedly refused to narrow his requests. In an April 1, 2025, email citing the same cases as their Motion, Plaintiff's counsel wrote that they "have little doubt that Judge Mahoney would order the requested depositions and discovery materials produced to us." *Cash Decl.*, ¶ 2; *see also* ECF No. 76-10 at 4 ("Finally, Plaintiff emailed Defendants concerning *Cervantes* materials and information responsive to RFPs 22-25 and Interrogatory 12 on April 1, providing substantial caselaw recognizing that courts have 'overwhelmingly and decisively endorsed the sharing of discovery' between cases. However, we have not received a substantive response and will assume we are at an impasse.").

6

In their May 8, 2025, letter, Defendants responded that they intend to "stand on their objections" and explained that "[t]he authority cited by Plaintiff on this issue in his April 1, 2025, email does not support production." ECF No. 76-11 at 17. Specifically:

> The *CRST Expedited, Inc. v. Transam Trucking, Inc.*, case involved the unsealing of summary judgment filings in a prior case, not wholesale production in unrelated litigation. The 2018 Wisconsin case, *EEOC v. Wal-Mart Stores, E. LP*, involved a stipulated protective order and does not speak to the appropriateness of cross-litigation discovery. The final case cited, *Foltz v. State Farm Mut. Auto. Ins. Co.*, from 1987, addressed video depositions being shared across counsel in pending, related cases, and is both outdated and inapplicable here. Accordingly, consistent with the authority cited in the objections to these requests, no further production will be made in response to these requests.

*Id.* Despite this absence of authority, Plaintiff did not attempt to identify any additional caselaw and did not confer on the issue further before filing his Motion.

To be sure, Defendants have been willing to produce targeted discovery that potentially relates to the claims in this case—including when it overlaps with materials from *Cervantes*. *See* ECF No. 75 at 5–6 ("Defendants have also been willing to provide certain discovery relevant to Plaintiff's claims from the *Cervantes* case, which is separate and involves different factual and legal issues, and have worked to compile those specific types of documents identified in Plaintiff's requests. However, Defendants object to Plaintiff's blanket requests for production of *all* written discovery, affidavits, interrogatory responses, and deposition transcripts, among other things . . ."). That is why Defendants have agreed to produce the documents specifically identified in Plaintiff's other requests that reference the *Cervantes* case, including:

- Expedited RFP (Set One) No. 26 (All "Contractor recruiting and orientation materials" referenced in Amended Initial Disclosures from *Cervantes*, in effect from January 1, 2019, to present)

- Expedited RFP (Set One) No. 27 (All "CRST's driver handbook and safety handbook[s]" referenced in Amended Initial Disclosures from *Cervantes*, in effect from January 1, 2019,

to present)

- Expedited RFP (Set One) No. 53 (All documents concerning "Lease Purchase Information Packets" (*Cervantes* trial exhibit 13), including final and draft versions as well as emails from 2019 to present)

- Expedited RFP (Set One) No. 54 (All documents concerning "Operations Overviews" (*Cervantes* trial exhibit 212), including final and draft versions and emails from 2019 to present)

- Expedited RFP (Set One) No. 55 (All documents concerning Orientation/Onboarding Activities/Scheduling (*Cervantes* trial exhibit 89), including final and draft versions and emails from 2019 to present)

- Expedited RFP (Set One) No. 56 (All documents concerning Revenue and Cost charts/projections (*Cervantes* trial exhibit 46), including final and draft versions and emails from 2019 to present)

- Expedited RFP (Set One) No. 57 (All documents concerning "Weekly Fixed Costs/Deductions" (*Cervantes* trial exhibit 38), including final and draft versions and emails from 2019 to present)

## III. ARGUMENT

### A. Plaintiff's motion is procedurally deficient and therefore should be denied.

#### 1. Plaintiff failed to meet and confer pursuant to Local Rules 7(k) and 37(a) and ignored Defendants attempts to resolve these disputes.

Plaintiff's motion should be denied outright because it violates the mandatory meet-and-confer requirements of Local Rules 7(k) and 37(a). Under Local Rule 37(a), no motion relating to discovery may be filed unless the moving party's counsel attaches a declaration attesting that "counsel, in good faith, has conferred personally with counsel for the opposing party in an attempt to resolve or narrow by agreement the issues raised by the motion." To that end, a mere exchange

8

of written communications or a single phone call is insufficient. *Id.* Similarly, Local Rule 7(k) requires that all non-dispositive motions "contain a representation that counsel for the moving party personally has conferred in good faith with counsel for all other parties . . . and a statement of whether or not the other parties consent to the motion."

The record here shows that Plaintiff did not comply with these obligations, and he therefore could not provide a representation that he conferred in good faith with Defendants' counsel. Defendants repeatedly sought to resolve these disputes through meaningful conferral. For example, in their May 28, 2025, letter to Plaintiff's counsel, Defendants proposed "as a potential middle ground, the production of contact information related to a small sample of drivers who entered into lease purchase agreements with CRST Specialized" and asked Plaintiff to "please let us know if you would like to discuss this possibility." ECF No. 76-13 at 5. Defendants also explained that, "[a]s to Plaintiff's concerns about usability, we are still assessing the feasibility of applying consistent litigation ID numbers across all document types, including emails, complaints, and exit interviews," and that they were "open to considering this approach; however, there are significant questions about whether it is feasible for certain document types—particularly emails with BCC email strings." *Id.*

Similarly, in the parties' May 30, 2025, Joint Status Conference Statement, Defendants explained that "Plaintiff has been unwilling to engage in any compromise to receive anonymized documents or, alternatively, a sampling of class member information for CRST Specialized (the only entity that Plaintiff contracted with)." ECF No. 75 at 5. Defendants also noted that Plaintiff has not articulated why it is entitled to tag-along discovery from *Cervantes* and has failed to explain why this material is relevant or proportional to the current case. *Id.* ("When asked for caselaw in support of his position, Plaintiff identified no authority where any court has permitted such a sweeping request."). Despite initial conversations conferring on these topics, Plaintiff never

9

responded in any meaningful way to these proposals.

As this Court has repeatedly emphasized, a moving party's failure to genuinely engage in good faith discussions with opposing counsel warrants denial of the motion. *See Nunes v. Lizza*, No. 20-CV-04003-CJW, 2021 WL 7186265, at *6 (N.D. Iowa Dec. 16, 2021) (explaining that "complying with Local Rule 7(k) requires more than merely an empty recitation that the moving party has met and conferred in good faith; such a recitation must also be true"); *Epstein Construction, Inc. v. Modern Piping, Inc.*, No. 19-CV-106-CJW-KEM, 2022 WL 407382, at *5 (N.D. Iowa Feb. 9, 2022) ("Given that plaintiff does not dispute that it failed to comply with Local Rule 7(k), the Court could deny its Motion on that reason alone.").[3] Similarly, in *J.S.X. v. Foxhoven*, No. 4:17-CV-00417-SMR-HCA, 2019 WL 13167113, at *2 (S.D. Iowa May 21, 2019), the court denied a motion to compel outright where the moving party failed to comply with Local Rule 7(k) ("Even if the Court did find Defendants have standing, it would deny the motion due to their failure to follow Local Rule 7(k).").

In short, Plaintiff's incomplete efforts to confer do not satisfy the clear requirements of Local Rules 7(k) and 37(a). By unilaterally filing his Motion rather than engaging with Defendants' proposed compromises—despite multiple invitations to do so—Plaintiff has deprived Defendants of the opportunity to resolve or narrow the disputes without Court intervention. The motion should be denied for this procedural failure alone.

>   **2.      Plaintiff's Motion improperly includes entire discovery responses and correspondence in violation of the Federal and Local Rules**

In addition to Plaintiff's failure to engage in a meaningful meet and confer, his Motion should also be denied because it improperly includes full discovery responses and correspondence

---

[3] As the *Nunes* court noted, failure to comply with Local Rule 7(k) may warrant sanctions under both Local Rule 1(f) and Federal Rule of Civil Procedure 11(c), particularly where, just like in this case, the representation of "good faith" conferral is belied by the record. *See* 2021 WL 7186265, at *6.

in violation of the Federal Rules of Civil Procedure and this District's Local Rules. Local Rule 26(f) explicitly states: "The following documents must not be filed with the Clerk of Court unless filing is required specifically by the Federal Rules of Civil Procedure, Local Rules 37(b) or 56, or an order of the court: … 10. Answers or responses to discovery requests."[4] Similarly, Rule 37(b) of the Federal Rules of Civil Procedure requires that a party moving to compel discovery attach to the motion only the disputed discovery requests and any relevant responses—not wholesale production of all discovery materials or correspondence.

Here, Plaintiff's motion violates these procedural safeguards by attaching more than *172 pages* of written discovery responses and *15 pages* of initial disclosures. Plaintiff also included *29 pages* of correspondence between counsel, which violates Iowa Standard of Professional Conduct r. 33.2(32), which states that, "[u]nless specifically permitted or invited by the court, we will not send copies of correspondence between counsel to the court." Plaintiff's wholesale inclusion of these materials (a total of 216 pages) is precisely what the rules are designed to prevent: the unnecessary cluttering of the Court's docket with extraneous discovery materials that are not relevant to the issues raised in the motion. This disregard for both federal and local procedural rules not only burdens the Court, but it also underscores Plaintiff's failure to engage in focused, good faith efforts to resolve the discovery disputes at issue. His Motion should be denied for this reason, as well.

### B. Plaintiff's discovery demands are substantively improper and should be denied.

The Court should not consider Plaintiff's motion because of its procedural deficiencies. Nevertheless, on its merits, it should be denied because the discovery that Plaintiff seeks is neither relevant nor proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1).

---

[4] As this Court has emphasized, only those portions of materials "necessary for a determination of the motion" are to be filed. See Local Rule 56(e).

While discovery is broad, it is not unlimited, and courts must weigh relevance and proportionality to avoid undue burden and harassment. Here, Plaintiff's demands for pre-certification class member names and contact information and for materials from the unrelated *Cervantes* litigation are overly broad, unsupported by controlling authority, and not proportional to the claims at issue in this case. As explained below, the Court should deny these requests in their entirety.

**1. Plaintiff's request for pre-certification class member names and contact information is unsupported and should be denied.**

Plaintiff's demand for the names and contact information of thousands of putative class members is improper, overly broad, and unsupported by controlling law. Courts have repeatedly held that pre-certification discovery of putative class member identities is not automatic. Rather, plaintiffs must make a particularized showing that such discovery is relevant and proportional to establishing class certification requirements under Rule 23. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978) (district courts must exercise discretion to ensure discovery remains proportional and protects privacy interests).

Courts routinely reject pre-certification disclosure of class member contact information absent a clear showing of necessity. *See, e.g.*, *Fausz v. NPAS, Inc.*, No. 3:15-CV-00145-CRS, 2016 WL 11658797, at *10 (W.D. Ky. Jan. 5, 2016) (limiting pre-certification discovery to anonymized productions, precisely what Defendants offered here); *Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2015 WL 1964400, at *5–8 (E.D.N.C. May 1, 2015) (denying pre-certification discovery of putative class members' identities and contact information where plaintiff made no showing of tailored need); *Swelnis v. Universal Fid. L.P.*, No. 2:13-CV-104-PRC, 2014 WL 1571323, at *3 (N.D. Ind. Apr. 17, 2014) (denying pre-certification discovery absent demonstration of relevance to Rule 23); *Kernats v. Comcast Corp.*, No. 09 C 3368, 2010 WL 8742753, at *3 (N.D. Ill. Jan. 14, 2010) ("The full employee list will be necessary and relevant after class certification in order to allow for class notification, but Plaintiffs need not rely upon it

12

at this stage."). That is particularly true where discovery of class member identities appears to simply "be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, No. 05–CV–4659 (DLI)(MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006).

In a good faith effort to ensure that Plaintiff had the information he needed to test the viability of class certification, Defendants have made two proposals that align with these authorities and the principle of proportionality enshrined in Rule 26(b)(1). First, Defendants have offered to produce anonymized data with consistent litigation IDs across all document types wherever feasible.[5] Second, Defendants have offered to provide a reasonable sampling of actual contact information limited to drivers for CRST Specialized (the only entity Plaintiff ever contracted with).[6] Plaintiff has not agreed to—or even materially addressed—either proposal.

Plaintiff instead asserts two primary justifications for why he needs unredacted names and contact information: (1) to identify potential witnesses and (2) to support class certification under Rule 23. Neither argument justifies the sweeping discovery he demands.

First, Plaintiff points to CRST Expedited's initial disclosures, where it generally identified "putative class members" as potential witnesses. ECF No. 76-14, ¶ 6. But the fact that some putative class members may become relevant witnesses does not entitle Plaintiff to the identities

---

[5] For emails with pages of email addresses in the BCC line, Defendants recognize this may not be practical. In their May 28, 2025, letter, Defendants asked Plaintiff about the use of anonymizers (versus redaction). *See* ECF No. 76-13 at 5 ("[T]here are significant questions about whether it is feasible for certain document types—particularly emails with BCC email strings. **Would Plaintiff agree that anonymizers are unnecessary for BCC emails and that such documents need not be separately anonymized?**"). However, to date, Plaintiff has not responded to that question.

[6] Though Plaintiff has not articulated why he needs the information prior to certification, Defendants remain willing to provide the names and contact information for 10% or another reasonable sum of the putative class members who contracted with CRST Specialized (in addition to anonymized documents and data including an anonymized list of the remaining putative class members).

and multiple forms of contact information of *all* putative class members in the case. Of course, Defendants will timely identify any putative class member witnesses they intend to rely upon—if any—through amended Rule 26 disclosures or on their witness and exhibit lists; but that will only occur if Plaintiff demonstrates class certification under Rule 23. Still, even assuming relevance, the burden of producing thousands of unredacted identities and multiple forms of contact information far outweighs any marginal benefit—particularly where Plaintiff has other means of locating potential affiants, including his own existing network as a *current* contractor for CRST Specialized.

Second, Plaintiff contends that he needs the names and contact information of all putative class members to satisfy Rule 23. But he can establish numerosity and commonality based on anonymized data that includes, among other things, tenure, compensation, and contractual terms— exactly what Defendants have already agreed to produce. Plaintiff does not and cannot explain how knowing the names, phone numbers, or email addresses of potential class members would shed light on his ability to certify a class.

Plaintiff's cited cases also do not support his blanket request for this information and are all readily distinguishable. For example, *Cortez v. Target Corp.*, No. 1:23-CV-01435, 2023 WL 7325965, at \*2–4 (N.D. Ill. Nov. 7, 2023), involved plaintiffs who identified "specific information they hope to acquire" to substantiate Rule 23 requirements and where the data was already produced in another case. Here, Plaintiff has made no tailored showing of why the requested information is specifically relevant to class certification of his BOPA claims. Similarly, *Drake v. Aerotek, Inc.*, No. 14-CV-216-BBC, 2014 WL 7408715, at \*1–2 (W.D. Wis. Dec. 30, 2014), recognized that "in some situations access to putative class members' information is unnecessary and even intrusive" and that courts have "wide discretion to limit the scope of discovery." Notably, *Drake* also suggested that a random sampling approach may have been a more reasonable

alternative—exactly the compromise Defendants have offered here.

Another case Plaintiff cites, *Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2016 WL 5811292, at *2 (E.D. Mo. Oct. 5, 2016), involved a TCPA claim where contact information was directly relevant to consent to phone calls—an issue central to class certification there. In contrast, Plaintiff here has made no such showing linking class member identities to any core element of BOPA certification. And *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 168–69 (E.D. Cal. 2022), found that discovery was warranted only because the "violation [was] largely undisputed" and the contact information would help confirm the defendant's conduct. No such circumstances exist here, and Plaintiff has not made any showing that class member identities will "produce substantiation of class allegations."[7] Finally, the decision in *Fausz*, 2016 WL 11658797, at *10, aligns with Defendants' approach—limiting production to redacted or anonymized data, precisely the type of compromise Defendants have offered here.

In short, not one of Plaintiff's cited cases support a blanket rule of discoverability. Rather, all confirm that courts retain broad discretion to deny pre-certification discovery of class member identities absent a clear showing of tailored relevance and necessity—something Plaintiff has not even attempted to articulate here. Moreover, Plaintiff's request for contact information of putative class members who contracted with CRST Expedited—an entity he never even contracted with—further underscores the overbreadth and improper fishing nature of this demand. He sued a company in which he had no relationship and now seeks to find a class representative by forcing production of putative class member identities. The Court should deny Plaintiff's Motion outright or adopt Defendants' reasonable, good faith compromise proposals. Specifically, the Court should

---

[7] Another cited case, *Edwards v. PJ Ops Idaho, LLC*, No. 1:17-CV-00283-DCN, 2024 WL 2060503, at *4 (D. Idaho May 7, 2024), is inapposite because it addressed spoliation and sanctions, not discovery of class member contact information. Its brief mention of class contact information was merely dicta relying on *Holland-Hewitt*.

only order production of a reasonable sampling of contact information limited to lease purchase contractors for CRST Specialized only (*e.g.*, 10% of putative class members), while permitting the use of anonymized IDs for the remaining putative class members when feasible—precisely what Defendants had offered Plaintiff before he unilaterally filed his Motion.

### 2. Plaintiff is not entitled to tag-along discovery from an unrelated case.

Plaintiff's motion also seeks to compel sweeping "tag-along" discovery—demanding that Defendants produce entire categories of discovery from the *Cervantes* case. Specifically, Expedited Requests for Production (Set One) Nos. 22–25, Lincoln Sales Requests for Production (Set One) Nos. 22–25, and Specialized Requests for Production (Set Two) Nos. 22–25 seek production of "transcripts for depositions given by your employees," "transcripts for depositions and expert reports given by your experts," "answers to interrogatories," and "responses to requests for admission" from *Cervantes*. These requests are overbroad and fail to meet the relevance and proportionality standards of Rule 26(b)(1).

Plaintiff incorrectly argues that *Cervantes* is "a class action by a similarly defined class involving allegations of similarly fraudulent and deceptive practices by Expedited and its parent CRST International, Inc." ECF No. 76-1 at 3. As Defendants have consistently explained, *Cervantes*, which was filed more than four years earlier in January 2020, focused on alleged misclassification of independent contractor owner-operators and wage claims under federal law. It involved only CRST Expedited and CRST International, Inc.—an entity that merged into CRST Expedited on January 2, 2021, and is not the same entity as the parent company, CRST International Holdings, LLC. *See Cervantes v. CRST International, Inc.*, Case No. 1:20-cv-00075-CJW-KEM (N.D. Iowa Feb. 18, 2021) at ECF No. 155 ("Defendants [CRST International, Inc. and CRST Expedited, Inc.] merged under the laws of Iowa effective January 2, 2021. [CRST] Expedited is the surviving entity and does business as CRST The Transportation Solution, Inc.").

The Court in *Cervantes* declined to certify the plaintiff's Iowa common law fraud claim, and the plaintiff there never alleged any form of an Iowa BOPA claim. *See Cervantes v. CRST International, Inc.*, Case No. 1:20-cv-00075-CJW-KEM (N.D. Iowa June 14, 2022) at ECF No. 276 at 54. Because Plaintiff did not contract with CRST Expedited, he was also not a class member in that case. And notably, the *Cervantes* class period encompasses several years that are prior to the putative class period in this case. These are material differences, and Plaintiff has not otherwise made a showing that these broad categories of discovery from *Cervantes* are relevant to the BOPA claims at issue here, let alone that they are necessary to resolve any central question in this litigation. Instead, Plaintiff seeks a fishing expedition into a separate matter, demanding wholesale production without any tailored demonstration of need.

Courts have repeatedly rejected this sort of sweeping tag-along discovery where the requesting party fails to make a particularized showing of relevance. *See In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2014 WL 5654318, at *2–3 (D. Minn. Jan. 28, 2014) (allowing objections to "cloned" discovery because the request did not specify which prior litigation requests were relevant or how the documents were reasonably calculated to lead to admissible evidence); *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388, 393–94 (N.D. Iowa 2009) (denying motion to compel discovery from prior litigation because the plaintiff failed to show that the requests were tailored to the current case); *Town of Westport v. Monsanto Co.*, No. CV 14-12041-DJC, 2015 WL 13685105, at *3–4 (D. Mass. Nov. 5, 2015) (declining to compel production of prior litigation information absent a showing of "substantial similarity").[8]

---

[8] *See also, e.g.*, *Wollam v. Wright Med. Grp., Inc.*, No. 10-CV-03104-DME-BNB, 2011 WL 1899774, at *1 (D. Colo. May 18, 2011) (denying "cloned discovery" request including for "all 'transcripts of each, any, and all depositions,' 'all reports by experts by any party,' and 'all other discovery responses served by any defendant'"); *Humana Inc. v. Teva Pharms. USA, Inc.*, No. 6:21-CV-72-CEM-DCI, 2021 WL 8651837, at *1 (M.D. Fla. Oct. 19, 2021) ("Generally, cloned discovery has not been compelled, even absent a showing of undue burden, unless the requesting party shows that all the cloned discovery is relevant."); *TravelPass Grp., LLC v.*

Plaintiff's reliance on certain cases in his Motion only underscores the lack of support for his position. For example, he cites *CRST Expedited, Inc. v. Transam Trucking, Inc.*, No. 16-CV-1004, 2018 WL 3650219 (N.D. Iowa 2018) which addressed the unsealing of summary judgment filings in a prior case—not the compelled production of discovery from unrelated litigation. Likewise, *EEOC v. Wal-Mart Stores, E. LP*, No. 17-C-70, 2018 WL 4923046 (E.D. Wis. Oct. 15, 2018), involved a stipulated protective order—it never addressed whether cross-litigation discovery was proper in the first place. Similarly, *Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 546–47 (N.D. Ind. 1991), addressed a defendant's motion for a protective order to bar the plaintiffs from "disclosing any discovery material designated as confidential"—a motion motivated by the mere speculation the plaintiffs would share the documents with future litigants. And notably, the court there actually granted the motion in part for any documents that included "confidential proprietary information." *Id.* at 547.

Plaintiff's final case, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003), is also inapposite. There, the Ninth Circuit addressed a lower court's refusal "to modify its protective order to allow [intervenor plaintiffs] access to unfiled discovery materials from the *Foltz* litigation for use in their collateral litigation." *Id.* at 1130. But, as the Ninth Circuit noted, the intervenor plaintiffs "in these collateral lawsuits ma[de] accusations against [the defendants] similar to those made in the *Foltz* litigation." *Id.* at 1128–29. But Plaintiff did not list *Cervantes* as a "related pending case[]" on his civil cover sheet, *see* ECF No. 1-4 § VIII (omitting any reference to *Cervantes*), which undercuts his argument that his Iowa BOPA case is collateral to *Cervantes*.

---

*Caesars Ent. Corp.*, No. 5:18-CV-153-RWS-CMC, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) ("[T]he Court finds that an informal request that seeks wholesale duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance. Defendants are not entitled to the wholesale reproduction . . . simply because there may be overlap between the issues in those cases and those in this case.").

Plaintiff also ignores that *Foltz* held that a "collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein" and that "[r]equiring a showing of relevance prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding." *Id.* at 1132. "Such relevance hinges 'on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings.'" *Id.* (citation omitted). Yet, Plaintiff has failed to articulate why his broad categories of tag-along discovery from *Cervantes*—a case focused on misclassification and wage-and-hour claims filed in January 2020 against a company he never contracted with —would have any bearing on his Iowa BOPA claim or class certification here. Absent a showing of relevance or necessity, Plaintiff's sweeping tag-along demands are precisely the sort of disproportionate and burdensome discovery that courts routinely reject. Accordingly, the Court should deny this portion of Plaintiff's Motion, as well.

## IV. CONCLUSION

For these reasons, the Court should deny Plaintiff's motion to compel.

Dated: June 16, 2025

Respectfully submitted,

/s/ Angela S. Cash
James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Kevin J. Visser
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200

Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com

*Attorneys for Defendant*
*CRST Specialized Transportation, Inc.*