| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

## DECLARATION OF ANGELA S. CASH IN SUPPORT OF DEFENDANTS' RESISTANCE

I, Angela S. Cash, declare and state as follows:

1.      I am a partner of the law firm of Scopelitis, Garvin, Light, Hanson & Feary, P.C. I am admitted to this Court on a *pro hac vice* basis. I represent Defendants, CRST Expedited, Inc. (CRST Expedited), CRST Specialized Transportation, Inc. (CRST Specialized), CRST Lincoln Sales, Inc. (Lincoln Sales), and John Smith, in this case and respectfully submit this declaration in support of Defendants' Resistance. The following statements are based on my personal knowledge and review of the case materials unless otherwise indicated.

2.      On April 1, 2025, Plaintiff's counsel, Mike von Klemperer, sent an email to counsel for Defendants stating: "We have little doubt that Judge Mahoney would order the requested depositions and discovery materials produced to us." This email addressed Plaintiff's demand for sweeping tag-along discovery from the *Cervantes* litigation, including deposition transcripts, expert reports, and written discovery, without providing a tailored justification for how such materials are relevant to the claims in this case.

3.      In response, on May 8, 2025, Defendants sent a detailed letter objecting to the scope of Plaintiff's tag-along requests and explaining that the authority cited in Plaintiff's April 1 email did not support the blanket production of materials from *Cervantes*, which involved different parties, different claims, and different time periods. Nevertheless, Defendants have consistently confirmed their willingness to produce specific *Cervantes* materials that were independently relevant to Plaintiff's claims and identified in other targeted requests.

4.      In the same May 8, 2025, letter, Defendants also reiterated their position regarding Plaintiff's requests for class member names and contact information. Specifically, Defendants stated they would be willing to produce an anonymized list of putative class members but would not provide identifying or contact information prior to class certification and cited case law supporting that position. Defendants asked Plaintiff to confirm whether he would agree to narrow the scope of his requests and identify any legal authority supporting his contrary view.

5.      Plaintiff's counsel responded by email on May 19, 2025, reiterating his position that "[w]e disagree that Defendants may redact class member names or contact information. This information is generally discoverable," without addressing any of the legal authority cited by Defendants.

6.      Later, in a May 28, 2025 letter, Defendants further explained that Plaintiff's cited cases did not support blanket pre-certification disclosure of contact information and, as a compromise, stated their willingness to produce a reasonable sampling of such information limited to lease purchase contractors for CRST Specialized—the only entity for which Plaintiff contracted to perform services.

7.      Plaintiff did not respond to Defendants' May 28, 2025, proposal. He instead proceeded to file the present motion to compel, without engaging in further discussion of the sampling proposal or identifying any new authority in support of his position.

8.       During the June 3, 2025, status conference, the Court inquired whether Plaintiff had considered Defendants' offer of a sampling. Plaintiff's counsel responded that he was not aware of such an offer. Specifically, when asked about the proposal, Mr. von Klemperer stated, "I haven't heard from them about a proposal to provide a sampling. I don't think we discussed that or heard any -- any proposal from them on that topic." *See* **Exhibit 1** –Transcript of June 3, 2025, Status Conference) at 29:9–23. Attached hereto is a true and correct copy of the relevant excerpts from the Transcript of the June 3, 2025, Status Conference.

9.       Following Mr. von Klemperer's comments, I referred the Court to our prior written correspondence documenting Defendants' sampling proposal. The Court then directed the parties to further confer on this issue, stating: "So it's something I think you guys need to talk through. I understand defendants are really wanting to focus this on just CRST Specialized since that was the only entity that plaintiffs contracted with. So, I mean, that's a good starting point is to look at Specialized and then try to figure out kind of where you're at on that. Then that may help the discussion as to other entities as to whether or not that's something that should be produced." Ex. 1 at 29:24–30:13.

10.      As reflected in Defendants' Motion and prior letters, Plaintiff has been unwilling to engage with Defendants' compromise proposals regarding sampling or anonymization, despite multiple invitations to do so. His April 1 email confirmed he had no intention of narrowing the discovery disputes, asserting instead that Defendants' objections lacked merit and preemptively concluding that the Court would compel production in full.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 16, 2025 at Indianapolis, Indiana.

*/s/ Angela S Cash*
Angela S. Cash

# EXHIBIT 1

## Transcript of the June 3, 2025 Status Conference

**TRANSCRIBED FROM DIGITAL RECORDING.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

HARLEY KELCHNER, individually
and on behalf of all others
similarly situated,

      Plaintiff,

  vs.                      No. C24-0082-CJW

CRST EXPEDITED, INC., et al.,     TRANSCRIPT OF
                         STATUS CONFERENCE

      Defendants.
_____/

      The Status Conference held before the Honorable Kelly K.E. Mahoney, Chief Magistrate Judge of the United States District Court for the Northern District of Iowa, at the Federal Courthouse, 320 Sixth Street, Sioux City, Iowa, June 3, 2025, commencing at 11:30 a.m.

APPEARANCES:

For the Plaintiff:      BRIAN O. MARTY, ESQ.
                        Shindler, Anderson,
                          Goplerud & Weese
                        Suite 100
                        5015 Grand Ridge Drive
                        West Des Moines, IA 50265-5749

                        MICHAEL VON KLEMPERER, ESQ.
                        Fegan Scott
                        Suite 100
                        1763 Columbia Road Northwest
                        Washington, DC 20009

For the Defendants:     ANGELA S. CASH, ESQ.
                        ANDREW J. IRELAND, ESQ.
                        JAMES H. HANSON, ESQ.
                        Scopelitis, Garvin, Light,
                          Hanson & Feary
                        Suite 1400
                        10 West Market Street
                        Indianapolis, IN 46204

Transcribed from      Shelly Semmler, RDR, CRR
digital recording by: 320 Sixth Street
                        Sioux City, IA 51101
                        (712) 233-3846

(The following transcript was prepared from a digital recording.)

* * * *

P R O C E E D I N G S

THE COURT: This is Kelchner v. CRST Expedited, Inc., et al., Case Number 24-CV-82. We're here for a status conference. As we wait for Mr. Hanson to join, I do have just a couple questions to start out with for counsel so you can kind of be thinking about those.

The first one is I know that the submission you provided indicates you've been working to meet and confer. I know there have been letters going back and forth. I am curious to how many phone calls you guys have had to try to work through those issues aside from those letters.

I do know there was the motion to compel filed yesterday. I haven't really reviewed it. It does look like it addresses some of the issues that were on the topics to discuss today, so we can just kind of table those, I think, until -- well, I guess we can talk about it and see if defendants want to do a formal response and things. But that's kind of where we're at on that.

And also I had questions on defendants' -- I assume that you're using and I think you're using but I wanted to confirm you're using a third-party vendor to handle

partially covered because one of the things that they're proposing to do when they produce that data is to anonymize the class member names and contact information. So in a sense it is covered. But we haven't even received the anonymized data that they've agreed to produce.

THE COURT: Okay.

MR. VON KLEMPERER: So --

THE COURT: And that was one thing I noted. They were looking into the compromise of doing the anonymized documents or a sampling of class members. I guess is that something that you think might be feasible or not?

MR. VON KLEMPERER: We certainly don't agree that anonymizing class member information is appropriate as we lay out in the motion that we just filed. I -- I haven't heard from them about a proposal to provide a sampling. I don't think we discussed that or heard any -- any proposal from them on that topic. I could be --

THE COURT: Okay.

MR. VON KLEMPERER: -- misremembering, but I don't remember ever discussing that.

MS. CASH: So we did propose that, Mike, in -- on May 28 about providing a sample for Specialized, and I

don't think you guys responded to it.  And then it was in the -- attached to the motion to compel.  So there's certainly more ground to cover there if you guys didn't notice that offer.

THE COURT:  All right.  So it's something I think you guys need to talk through.  I understand defendants are really wanting to focus this on just CRST Specialized since that was the only entity that plaintiffs contracted with.  So, I mean, that's a good starting point is to look at Specialized and then try to figure out kind of where you're at on that.  Then that may help the discussion as to other entities as to whether or not that's something that should be produced.

I guess I'm really -- what -- what -- I'm kind of honestly at a loss at this point of what we should talk about or how best to help you guys forward.  And I'm not sure I'm -- I'm -- I've really been much help here today.

I guess, Mr. von Klemperer, what are your thoughts about what else we need to talk about and how best to help?  I know there's -- the personal jurisdiction discovery issue was flagged, the Cervantes case discovery.  What do you want to talk about next?

MR. VON KLEMPERER:  The Cervantes discovery issue in our motion to compel.  I'm obviously happy to discuss --

of depends on what the parties request and if I think it's needed or not.

MS. CASH: Right. Thank you so much. Appreciate that insight.

THE COURT: Yeah. I'm always happy to answer those type of logistical questions if I can because I get what it's like to practice. I mean, you don't know (unintelligible) to guess, and it can help your work as a practitioner if you -- if you know those things.

Also, too, if you have questions just about the district judge's practice, I'm happy -- you can always ask me those things too, and I'll answer them if I can, or if I can't, I'll let you know that.

So anything else, Miss Cash?

MS. CASH: No. Thank you.

THE COURT: Anything else, Mr. von Klemperer?

MR. VON KLEMPERER: No thank you.

THE COURT: Anything from anybody else? All right. Thank you, counsel. That will conclude this hearing.

(The hearing was concluded at 12:13 p.m.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the digital recording of proceedings in the above-entitled matter to the best of my ability, given the limitation of using a digital recording system.

____S/Shelly Semmler_____     6-6-25
Shelly Semmler, RDR, CRR          Date