# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>CRST Expedited, Inc., CRST Specialized Transportation, Inc. CRST Lincoln Sales, Inc. and John Smith, an individual<br><br>Defendant(s). | CASE NO. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 20, 22, 25 TO DEFENDANT CRST EXPEDITED, INC. AND NOS. 20 TO DEFENDANT CRST LINCOLN SALES, INC. AND FULSOME RESPONSES TO INTERROGATORY NOS. 2 AND 11 TO DEFENDANT CRST EXPEDITED, INC.**

Plaintiff, Harley Kelcher, respectfully submits this reply brief in support of his motion under Federal Rule of Civil Procedure 37(a) to compel production of documents in response to Requests for Production Nos. 20, 22–25 to CRST Expedited, Inc., No. 20 to CRST Lincoln Sales, Inc., and fulsome responses to Interrogatory Nos. 2 and 11 to CRST Expedited Inc.

In their Opposition, Defendants mischaracterize Plaintiff's discovery requests as "sweeping and intrusive" while failing to counter Plaintiff's showings of relevance and proportionality. Such baseless arguments, including about the adequacy of the parties' conferrals, illustrate Defendants continued attempts to delay resolution of this dispute and discovery generally. Because the requested discovery is relevant and proportional, Plaintiff's motion should be granted.

## I.    ARGUMENT

### a.  Plaintiff's Motion is Procedurally Proper

Likely due to the weakness of their substantive arguments, Defendants raise a host of spurious procedural arguments. These are nothing more than a transparent delay tactic, in line with Defendants' other attempts to delay, including, as recognized by this Court, their discovery proceeding at a glacial pace.

To begin, Defendants distort the Parties meet and confer process by claiming that no good faith conferral occurred. Prior to filing a motion to compel, "a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Hansen v. Vista Outdoors Inc.,* No. 17-CV-3002-LTS, 2017 U.S. Dist. LEXIS 57948, *3-4 (N.D. Iowa Apr. 17, 2017) (internal citations omitted); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (counsel must "converse, confer, compare views, consult and deliberate.") (internal citations omitted); LR 7(k); LR 37(a). Plaintiff far exceeded this

1

requirement. Prior to filing this motion, the Parties attempted to narrow the disputes over lengthy Zoom calls on March 31, April 2, and May 16. This process was continued via written correspondence on April 30, May 8, and May 28. In their correspondence, Defendants confirmed the parties were at an impasse.[1] *See* ECF No. 76-13 at 2-3 (bold added); ECF No. 76-11 at 17 (bold added). Finally, the parties discussed the dispute during two Status Conferences on April 4 and June 3. If these efforts don't meet the requirements of Local Rules 7(k) and 37(a), none would.

Next, Defendants claim Plaintiff's motion improperly attach discovery responses and correspondence. But the Local Rules expressly require Plaintiff to "attach to the motion a copy of the disputed request and any response," LR 37(b), which he did. Plaintiff thus also complied the Federal Rules: "a proper Rule 37(a) motion to compel … must attach a copy of the discovery requests at issue … and of the resisting party's responses and objections to those requests." *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017) . Likewise, Local Rule 7(k) requires a discovery motion to detail conferral efforts, which Plaintiff did by, *inter alia*, attaching discovery correspondence.

Significantly, Defendants fail to cite any authority to support the relief they are requesting due to their spurious procedural arguments—denial of Plaintiff's Motion to Compel.

### b. Plaintiff Has Demonstrated That Class Member Names and Contact Information Are Relevant and Proportional

Defendants do not dispute that class member names and contact information are relevant and discoverable or that Defendants have unilateral knowledge of, and access to, the class. That

---

[1] In this correspondence, Defendants confirmed an impasse as to class member data: "**we continue to object to the production of class member names and contact information at this stage.**" Likewise, as to the *Cervantes* materials, Defendants stated: "Status Following Meet and Confer: Defendants **stand on their objections … no further production will be made** in response to these requests."

2

alone is enough to rule in Plaintiff's favor. Instead, Defendants misrepresent their proposals and argue that the burden of producing unredacted identities outweighs the benefit, and that Plaintiff has not made a particularized showing that the requested discovery is relevant and proportional to establishing Rule 23 class certification requirements. All arguments are without merit.

First, Defendants claim that their two proposals would provide Plaintiff with the information needed to test the viability of class certification: (1) producing anonymized data with consistent litigation IDs across document types where feasible and (2) providing a reasonable sampling of contact information limited to CRST Specialized drivers. Not so. As to the first proposal, Defendants initially made clear that they did not intend to carry the litigation IDs across documents. Now, many *weeks* after Plaintiff expressed concerns about how this proposal would degrade the usability of the documents/data, Defendants are "still assessing the feasibility." ECF No. 76-13 at 5. It is backwards for Defendants to suggest to the Court that Plaintiff's motion should be denied due to Defendants' inability to determine the feasibility of their own proposal.

Defendants' sampling proposal is also insufficient. To begin, by proposing a sample of contact information, Defendants implicitly concede they *can* produce such information, they just don't want to. Nor is there a defensible basis for producing a sample versus the entire universe of data. For instance, there is no huge data set that would be incredibly burdensome to produce, thereby warranting production of some smaller, statistically significant sample. On the contrary, production *with* redactions *increases* the burden, and will lead to further discovery delays as those redactions are manually applied. Producing a sample also creates other needless logistical hurdles, including negotiating the size and composition of the sample. It will also not obviate the problem of tracking class members across documents—if someone files a complaint, unless they happen to be in the sample set, Plaintiff will be unable to track them across documents. Plaintiff would then

need to negotiate with Defendants to have the redactions removed and, if that fails, seek further court intervention, imposing further costs and delaying discovery. Above all, this proposal still does not address Defendants' unilateral access to information about the majority of the class. All class members are relevant witnesses, not whatever sample Defendants wish to identify.

Second, Defendants assert that the burden of producing unredacted identities outweighs the benefit, particularly given that Plaintiff can locate potential affiants as a current contractor for CRST Specialized. Defendants have it backwards. The real burden, delay, and expense comes from anonymizing the data and making it less useable. It is significantly less burdensome to produce the requested information unredacted, as Plaintiff requests.

Finally, Defendants argue that Plaintiff has not made a particularized showing that the requested discovery is relevant and proportional to Rule 23. Defendants also misstate the standard as requiring a "clear showing of necessity." ECF No. 83 at 16. Discoverability is governed by Rule 26(b)(1)—the standard does not shift based on the type of evidence sought. Class contact information is discoverable "if it is relevant for Federal Rule of Civil Procedure 23 purposes or where there is good reason to think that communication with class members might yield information bearing on those Rule 23 issues." *Swelnis v. Universal Fidelity L.P.*, No. 2:13-CV-104-PRC, 2014 U.S. Dist. LEXIS 53058, *6 (N.D. Ind. Apr. 17, 2014) (internal citations omitted). Plaintiff makes a clear showing of relevance and outlines how he anticipates using class information to support class certification. *See* ECF No. 76-1 at 9-11. Defendants' disregard of this showing is demonstrated by the comment that Plaintiff can establish numerosity based on anonymized data even though Plaintiff never argued he wanted the data for numerosity purposes.

For these reasons and those stated in Plaintiff's motion to compel, Plaintiff's discovery requests for class member names and contact information should be granted, without redactions.

4

### c. Plaintiff Has Demonstrated That *Cervantes* Materials Are Relevant and Proportional

Defendants do not engage with or even counter Plaintiff's arguments for why the *Cervantes* materials are relevant and proportional. *See* ECF No. 76-1 at 13-16. Instead, Defendants make the unsupported assertion that because the case has some differences to the present case—the date of filing, the class definition, the fact that only Expedited was a defendant in both cases—there is no conceivable relevance to the materials.

None of these differences are meaningful. It is worth reiterating that evidence is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal citations omitted). As Plaintiff detailed in his motion, the limited set of publicly available *Cervantes* materials reflect that the cases involve a wide range of overlapping issues, *see* ECF No. 76-1 at 13-15, and that numerous proportionality factors weigh heavily in favor of disclosure. *Id.* at 15-16.

Nor do Defendants even attempt to establish disproportionality. There is no conceivable burden in producing the requested materials, which should be readily available to defense counsel (CRST is represented by the same counsel in both matters). Should Defendants be correct that the *Cervantes* materials are irrelevant, then there is no cost or harm in producing them. What is more likely—and why Defendants are so unwilling to produce these materials—is that the requested discovery contains damaging admissions, much like the *Cervantes* testimony about the "negative paychecks" in the U.S. Department of Transportation Trucking Leasing Task Force's January 2025 report to Congress. *See* ECF No. 76-13 at Kelchner03506.

Given that Defendants have not countered Plaintiff's showing as to the relevance and proportionality of the *Cervantes* materials, Defendants should be compelled to produce them.

Dated: June 23, 2025

Respectfully Submitted,

**FEGAN SCOTT LLC**

/s/ *Michael von Klemperer*
Michael von Klemperer (*pro hac vice*)
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
Ph: (202) 921-0002
Fax: (312) 264-0100
mike@feganscott.com

Elizabeth A. Fegan (*pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com

J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
SHINDLER, ANDERSON, GOPLERUD,
& WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

Robert S. Boulter
LAW OFFICES OF ROBERT S.
BOULTER
1101 5th Ave #310
San Rafael, CA 94901
Ph: (415) 233-7100
rsb@boulter-law.com

*Attorneys for Kelchner and the Putative Class*

6