# EXHIBIT A

**TRANSCRIBED FROM DIGITAL RECORDING.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

HARLEY KELCHNER, individually
and on behalf of all others
similarly situated,

      Plaintiff,

  vs.                         No. C24-0082-CJW

CRST EXPEDITED, INC., et al.,      TRANSCRIPT OF
                                 STATUS CONFERENCE

      Defendants.
_____/

      The Status Conference held before the Honorable Kelly K.E. Mahoney, Chief Magistrate Judge of the United States District Court for the Northern District of Iowa, at the Federal Courthouse, 320 Sixth Street, Sioux City, Iowa, June 3, 2025, commencing at 11:30 a.m.

```
APPEARANCES:

For the Plaintiff:      BRIAN O. MARTY, ESQ.
                        Shindler, Anderson,
                          Goplerud & Weese
                        Suite 100
                        5015 Grand Ridge Drive
                        West Des Moines, IA 50265-5749

                        MICHAEL VON KLEMPERER, ESQ.
                        Fegan Scott
                        Suite 100
                        1763 Columbia Road Northwest
                        Washington, DC 20009

For the Defendants:     ANGELA S. CASH, ESQ.
                        ANDREW J. IRELAND, ESQ.
                        JAMES H. HANSON, ESQ.
                        Scopelitis, Garvin, Light,
                          Hanson & Feary
                        Suite 1400
                        10 West Market Street
                        Indianapolis, IN 46204

Transcribed from        Shelly Semmler, RDR, CRR
digital recording by:   320 Sixth Street
                        Sioux City, IA 51101
                        (712) 233-3846
```

(The following transcript was prepared from a digital recording.)

* * * *

<u>P R O C E E D I N G S</u>

THE COURT: This is Kelchner v. CRST Expedited, Inc., et al., Case Number 24-CV-82. We're here for a status conference. As we wait for Mr. Hanson to join, I do have just a couple questions to start out with for counsel so you can kind of be thinking about those.

The first one is I know that the submission you provided indicates you've been working to meet and confer. I know there have been letters going back and forth. I am curious to how many phone calls you guys have had to try to work through those issues aside from those letters.

I do know there was the motion to compel filed yesterday. I haven't really reviewed it. It does look like it addresses some of the issues that were on the topics to discuss today, so we can just kind of table those, I think, until -- well, I guess we can talk about it and see if defendants want to do a formal response and things. But that's kind of where we're at on that.

And also I had questions on defendants' -- I assume that you're using and I think you're using but I wanted to confirm you're using a third-party vendor to handle

sorts of drivers that might not be relevant to this class definition. And so that review can be fairly painstaking to make sure what's related to the class definition here which is independent contractors versus other types of drivers that they have, employees and different companies, et cetera.

THE COURT: All right. Well, I guess kind of on the issues of search terms, custodial ESI production, I mean, frankly, we're not even able to have meaningful conversations at this point because we're still back at the point of gathering information and noting it to be able to run those things. I don't know that I'm able to give you much help right now as far as hit counts and things.

I understand litigation's just burdensome. It just is. The good news is is that the defendants and plaintiffs both have multiple lawyers on the case, so that's kind of what's needed in these kinds of cases, so you should be able to get the work done.

I guess is there anything specific you want me to help you with on hit counts or, like, on search terms and things at this point? Or it sounds like you're still working through it. I just -- I, frankly, am a little flabbergasted we're at this point in the case and no further along in collecting information. This didn't

start till 30 days ago. It's kind of mind blowing.

So I would expect that, again, all of that information should be collected and uploaded to the vendor within the next 30 days if not sooner. And obviously the sooner the better. Really until you get to that point and you can start running some hit counts and things, you really can't even have, I think, a meaningful discussion probably on search terms.

But from what I'm hearing, it doesn't necessarily sound like what plaintiffs are requesting is unreasonable. I just don't have enough information really to be able to help you more beyond that.

I guess, Mr. von Klemperer, any thoughts?

MR. VON KLEMPERER: Your Honor, I think that's right. Until we have all of the custodians loaded, the, you know, hit counts on a single person are not that informative for a variety of reasons including that, you know, as you add additional custodians, you're not necessarily exponentially increasing the number of hits because if one custodian emails another person, that's only one document. They don't need to review that same document twice. And so just because one person has a large number of hits, it doesn't necessarily mean that every custodian is going to add the same number of additional hits.

be precluded from eliminating those things.

THE COURT: Well, I guess -- and really the main concern is that it is the glacial pace at which you guys are moving. I mean, have you -- have you started reviewing any of the documents for the one custodian, Mr. Gannon, or not?

MS. CASH: Your Honor, we have not. Until we got terms agreed upon, we're trying to be as efficient as possible because obviously, as you pointed out, it's going to take a lot of lawyer review time, and it's -- given the size of the documents, the cost is going to be quite substantial. And so we didn't want to start moving with that while we're still finalizing these terms. And certainly we intend to provide plaintiff's counsel with the hit list very promptly.

THE COURT: I guess -- I guess my concern is if we're -- like let's say we're a month out before you guys get everything collected and uploaded and then you run hit counts and you're still trying to negotiate search terms. It's probably going to be the end of the summer before you're even at a point where you're starting to review documents. I guess that's -- I mean, that just -- that's my concern.

So I guess what's your response to that from the defendant's perspective?

of depends on what the parties request and if I think it's needed or not.

MS. CASH: Right. Thank you so much. Appreciate that insight.

THE COURT: Yeah. I'm always happy to answer those type of logistical questions if I can because I get what it's like to practice. I mean, you don't know (unintelligible) to guess, and it can help your work as a practitioner if you -- if you know those things.

Also, too, if you have questions just about the district judge's practice, I'm happy -- you can always ask me those things too, and I'll answer them if I can, or if I can't, I'll let you know that.

So anything else, Miss Cash?

MS. CASH: No. Thank you.

THE COURT: Anything else, Mr. von Klemperer?

MR. VON KLEMPERER: No thank you.

THE COURT: Anything from anybody else? All right. Thank you, counsel. That will conclude this hearing.

(The hearing was concluded at 12:13 p.m.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the digital recording of proceedings in the above-entitled matter to the best of my ability, given the limitation of using a digital recording system.

S/Shelly Semmler                     6-6-25
Shelly Semmler, RDR, CRR              Date