# EXHIBIT B

**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

HARLEY KELCHNER, individually
and on behalf of all others
similarly situated,

      Plaintiff,

   vs.                            No. C24-0082-CJW

CRST EXPEDITED, INC., et al.,      TRANSCRIPT OF
                                   STATUS CONFERENCE

      Defendants.
_____/

      The Status Conference held before the Honorable Kelly K.E. Mahoney, Chief Magistrate Judge of the United States District Court for the Northern District of Iowa, at the Federal Courthouse, 320 Sixth Street, Sioux City, Iowa, April 4, 2025, commencing at 11:30 a.m.

```
APPEARANCES:

For the Plaintiff:      J. BARTON GOPLERUD, ESQ.
                        Shindler, Anderson,
                          Goplerud & Weese
                        Suite 100
                        5015 Grand Ridge Drive
                        West Des Moines, IA 50265-5749

                        MICHAEL VON KLEMPERER, ESQ.
                        Fegan Scott
                        Suite 100
                        1763 Columbia Road Northwest
                        Washington, DC 20009

For the Defendants:     KEVIN J. VISSER, ESQ.
                        Simmons, Perrine, Moyer & Bergman
                        Suite 1200
                        115 Third Street Southeast
                        Cedar Rapids, IA 52401

                        ANGELA S. CASH, ESQ.
                        Scopelitis, Garvin, Light,
                          Hanson & Feary
                        Suite 1400
                        10 West Market Street
                        Indianapolis, IN 46204

Transcribed from        Shelly Semmler, RDR, CRR
digital recording by:   320 Sixth Street
                        Sioux City, IA 51101
                        (712) 233-3846
```

(The following transcript was prepared from a digital recording.)

* * * *

P R O C E E D I N G S

THE COURT: Good morning. This is Kelchner versus CRST Expedited, Inc., et al., Case Number 24-CV-82. Who do I have on behalf of plaintiff, Harley Kelchner?

MR. VON KLEMPERER: Good morning, Your Honor. This is Mike von Klemperer for the plaintiff.

THE COURT: And for --

MR. GOPLERUD: Morning, Your Honor. Bart Goplerud also for the plaintiffs.

THE COURT: All right. And then for defendants?

MS. CASH: Angela Cash. Good morning, Your Honor.

THE COURT: Good morning.

MR. VISSER: And Kevin Visser as well, Your Honor.

THE COURT: Very good. Anybody we missed? Okay. We are here for a status conference in this matter. I did review the parties' joint notice in advance of the status conference. That's document 67. And we set this previously after having a prior status

deadline -- or just set another status conference down the road so you guys can work through these issues. We can try to narrow some of these down hopefully today. But I think we need to go ahead and just set another status conference so we can check in and see where things are at, also give you that way a deadline to try to move the case forward and keep narrowing issues until we can get to the point if motion practice is necessary that it would get to that point quickly rather than waiting till later and it being a huge issue that could have been narrowed earlier on.

So I'd be happy to hear, I guess, in response to those three issues that the plaintiffs have raised from the defense?

MS. CASH: Certainly, Your Honor. Thank you for the opportunity.

To start with, the first issue which I understand to be the concern is that documents that are in the possession of one defendant that weren't requested will not be produced. And so as a little context for that, Mr. Kelchner, the only named plaintiff, worked for CRST Specialized and only for CRST Specialized as a contractor. And so all of the documents that we believe are related to plaintiff's claims would be under CRST Specialized.

Despite that, they only asked for 8 requests for production for CRST Specialized, and they asked for -- I don't have them in front of me -- but something like 60 plus or 70 plus requests for production from CRST Expedited even though Mr. Kelchner never worked as a contractor for CRST Expedited.

They also asked for the same -- primarily the same set of documents from Lincoln Sales, the third defendant here. To stay -- to stay with Lincoln Sales for a minute, as we explained to plaintiff's counsel in our meet-and-confer calls, many of the requests that are directed to Lincoln Sales simply don't apply to Lincoln Sales. Lincoln Sales is just the arm of the company that leases or makes available for purchase trucks. And so many of the requests about advertising, et cetera, just simply don't apply to Lincoln Sales, and we think that they're not responsive. So I don't think that piece is an issue but wanted to point that out.

And then as far as if a document was requested from Expedited but Expedited doesn't have it but Specialized has it and it wasn't requested from Specialized, we've made clear that we'll produce those documents. But we also make clear that we want to produce them under the proper custodian because that would prevent miscon -- misunderstandings going forward with regard to who might

be the right person to talk about those documents.

So we're willing to work with plaintiff. We've explained to plaintiff that we're not trying to withhold any Specialized documents that are relevant to the case. It's our intent to produce those as long as we can produce them in a way that makes clear who's producing it, and we'll have to have some mechanism to do that because we weren't formally asked for it. But we intend to do that and make that production of the documents that are pertinent and relate to Specialized.

THE COURT: And I guess how long do you anticipate that taking? I know that the -- your portion of the notice indicated you had, I think, some significant additional disclosures you plan to make. What timeframe are you looking at on that?

MS. CASH: So we are working very diligently, Your Honor, to make these productions. I anticipate we'll have another production to them in the next seven to ten days. It won't be everything, but it will be another significant production. We did have a production yesterday as well on behalf of CRST Expedited.

THE COURT: Okay. And I guess, Mr. von Klemperer, does that -- well, I guess let me just go ahead and get to the rest of your responses. For -- so the second point that Mr. von Klemperer raised was

cost to bring them back because I thought we could grab them in a different way. And that's turned out to be a little more difficult. So we're in the process of bringing back that archived material. And so that's -- that's delayed the response.

Plus, you know, I -- I appreciate Mike's compliment to us that we can work this together in 20 minutes. But there were multiple levels of discovery responses and multiple supplements. And so it is a bit more involved in terms of just grabbing all that. So those are the main reasons that it's taken a bit.

THE COURT: All right. And what about his argument that there's no bifurcated discovery here so saying that things are premature because there's no class certification yet is a proper discovery response?

MS. CASH: We've also asserted, Your Honor, that objection, and primarily that relates to requests for information that includes the identity and contact information for class members who are, you know, not yet part of any certified class. And we believe we have a good basis to stand on not producing that information to them prior to class certification. We've advised and are working on producing the information that's requested in an anonymized fashion. And so they'll have the pay data and the deduction data that they need to do any sort of

analysis.  It's just that contact information that we are arguing should not be produced in a precertification discovery.

THE COURT:  Okay.  So you don't want to produce content.  But what is it you are producing in this vein?

MS. CASH:  Sure.  The full set of information regarding their pay and deductions for all putative class members in an anonymized fashion.

THE COURT:  All right.  I guess, Mr. von Klemperer, any response?

MR. VON KLEMPERER:  Just -- just briefly, Your Honor.  I just want to clarify for the Cervantes issue, we are not asking for every scrap of paper that was exchanged in that matter.  We are asking for targeted discovery which is the transcripts from depositions of their own employees and their own experts and their own discovery responses.  So this is not a massive volume of documents that we imagine.

And on the prematurity objection, the class certification issue, you know, we disagree that withholding the identities of class members and their contact information is appropriate.  That's a separate issue that I think we may need to bring to the Court in short order.  But just to clarify, they're asserting that objection in response to dozens of requests, not just

That will conclude this status conference.

MS. CASH:  Thank you.

(The foregoing hearing was concluded at 11:53 a.m.)

* * * *

(This concludes the transcript of the audio recording.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the digital recording of proceedings in the above-entitled matter to the best of my ability, given the limitation of using a digital recording system.

S/Shelly Semmler                    6-6-25
Shelly Semmler, RDR, CRR            Date