| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual,<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR APPEAL OF ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF NO. 89)**

Defendants, CRST Expedited, Inc. (CRST Expedited), CRST Specialized Transportation, Inc. (CRST Specialized), CRST Lincoln Sales, Inc. (Lincoln Sales), and John Smith, submit this reply in support of their objections to the Magistrate Judge's July 16, 2025 Order (ECF No. 89):

**I.    Kelchner seeks to circumvent the spirit of the Magistrate's Order and use discovery to identify a CRST Expedited class representative.**

Kelchner's Opposition takes nothing away from Defendants' objections and confirms what they have argued from the start: That he seeks to use putative class member names not to track individuals across documents—something anonymizers would permit—but instead to shop for a viable class representative for CRST Expedited lease-purchase contractors. That is improper under the Federal Rules and breaks with the spirit of the Magistrate Judge's Order.

To begin, Kelchner's waiver argument is simply wrong.  Contrary to the record, he argues "[a]t no point did CRST argue that Plaintiff was not a proper representative of Expedited drivers" and it "was never clearly presented to the Magistrate Judge." ECF No. 97 at 10–11. Defendants

have consistently argued that this type of discovery is improper, "particularly [] where discovery of class member identities appears to simply 'be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.'" ECF No. 83 at 17 (quoting *Dziennik v. Sealift, Inc.*, No. 05–CV–4659 (DLI)(MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)). Defendants expressly stated that "Plaintiff's request for contact information of putative class members who contracted with CRST Expedited—an entity he never even contracted with—further underscores the overbreadth and improper fishing nature of this demand." *Id.* at 19. "He sued a company in which he had no relationship and now seeks to find a class representative by forcing production of putative class member identities." *Id.*[1] The Court should therefore reject Kelchner's waiver arguments.

On the merits, consistent with Defendants' arguments and because Kelchner failed to explain *why* he needed to contact putative class members at this stage, the Order specifically rejected Kelchner's request for contact information for class members affiliated with any Defendant. ECF No. 89 at 12. Nevertheless, Kelchner effectively asks the Court to ignore the spirit of the Order, arguing "there is nothing impermissible about contacting relevant witnesses." ECF

---

[1] Defendants' arguments are consistent with their respective objections to the discovery requests. For each relevant request for production, Defendants objected that (1) the request was "overbroad, unduly burdensome, and premature, as no class has been certified, and Plaintiff is not entitled to class-wide discovery at this stage" and (2) the request "improperly demands personally identifiable information for individuals who are not yet established as class members, and it fails to justify why such disclosure is relevant or proportional under Rule 26(b)(1)." ECF No. 76-6 at Obj. to RFP No. 20 to CRST Expedited; ECF No. 76-7 at Obj. to RFP No. 20 to Lincoln Sales. Similarly, for the only interrogatory Kelchner sought to compel a response to, CRST Expedited similarly objected that the request was "overly broad, unduly burdensome, and not proportional to the needs of the case," that "[t]he request for the identification of 'every putative class member' seeks the disclosure of private and confidential information," and that "given that no class has been certified, such disclosure is premature and not warranted at this stage of litigation." ECF No. 76-8 at Obj. to ROG No. 2 to CRST Expedited. In any case, because relevance is Kelchner's burden, Defendants were under no obligation to spell out the myriad ways that the requested documents and response were *not* relevant. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

2

No. 97 at 14. That argument should be rejected, and the Court instead should permit Defendants to apply consistent anonymizers.

First, while Kelchner appears to disagree with the Magistrate Judge's decision that he has no basis for contacting putative class members at this stage, he did not object to any portion of the Order and therefore cannot contest it now. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). The Magistrate Judge's decision is also underscored by Kelchner's lack of any individual claim or standing against CRST Expedited, which means he cannot represent a class of CRST Expedited lease-purchase contractors. Kelchner tries to explain the problem away arguing that "all available evidence show[s] that Defendants operate as a single entity" and "are part of a family of Cedar Rapids-based trucking companies founded as Cedar Rapids Steel Transport." ECF No. 97 at 12. But that contradicts his own Complaint. *See* ECF No. 1 ¶ 13 ("Kelchner is informed, believes, and thereon alleges that CRST Specialized Transportation, Inc. is an Indiana corporation with its principal place of business in Fort Wayne, Indiana.").

Second, Defendants do not dispute that Kelchner can use his own resources and network to identify and contact putative class members. That is not the issue here. Rather, he asks that the Court compel Defendants to provide him information that would enable his counsel to identify and contact every putative class member—including for the purpose of identifying a viable class representative for CRST Expedited lease-purchase contractors. Contrary to his request, however, numerous courts have found the practice of using identifying information for solicitation— particularly when the discovery was produced for some other purpose—is impermissible and may be addressed preemptively. *See, e.g., Dziennik*, 2006 WL 1455464, at *1 ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern

3

that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." (collecting cases)).[2]

Notably, none of Kelchner's authorities hold otherwise. The *Great Rivers Coop. v. Farmland Indus.* case he cites involved a corrective notice after a defendant's communications with class members; it said nothing about whether a defendant may be compelled to help a plaintiff shop for a new class representative. 59 F.3d 764, 766 (8th Cir. 1995). The one other case he offers is also inapposite. In *Cosgrove v. OS Rest. Servs., Inc.*, No. 10-CV-1937 (JNE/SRN), 2010 WL 11575055 (D. Minn. Aug. 31, 2010), the court noted "what [the] Plaintiffs intend to do with that information [was] not directly before the Court," and the defendant actually "opened the door to this discovery by identifying a group of 95 employees of its own selection, from whom it obtained informal discovery with the intent of using this information to defeat classwide certification." No. 10-CV-1937 (JNE/SRN), 2010 WL 11575055, at *3 (D. Minn. Aug. 31, 2010). That is not the case here.[3] Contrary to Kelchner's proposed unilateral use here, *Cosgrove* also noted limits on who the plaintiffs would contact. Specifically, the defendant expressed "concern that Plaintiffs' counsel

---

[2] *See also Hogan v. Cleveland Ave Rest., Inc.*, No. 2:15-CV-2883, 2023 WL 2568299, at *5 (S.D. Ohio Mar. 20, 2023) ("[W]hat sets this case apart from Plaintiffs' relied-upon authority is the fact that Plaintiffs aren't merely asking to communicate with potential clients: they are asking Defendants to find potential clients for them. But as Defendants note, courts routinely decline to order defendants to identify potential clients for plaintiff's counsel." (collecting cases)); *Kaufman v. Am. Fam. Mut. Ins. Co.*, 601 F.3d 1088, 1093 (10th Cir. 2010) (affirming order finding the plaintiff's use of discovery that contained identifying information to solicit clients violated protective order and was an abuse of discovery); *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 160 (6th Cir. 2010) ("Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so they can sue defendant."); *In re Pella Corp. Architect & Designer Series Windows Mktg.*, No. 2:14-MN-00001-DCN, 2014 WL 12622421, at *3 (D.S.C. Nov. 20, 2014) (clarifying that "solicitation using confidential information" produced in discovery is not permitted under the Court's protective order and this limitation "protects the interests of [defendant] and its customers without burdening plaintiffs' ability to vindicate their legal rights").

[3] Defendants' initial disclosures listed as witnesses all "[p]utative class members, including those who provide affidavits, declarations, or any other form of witness statements or testimony." That is because, on the merits at summary judgment or at trial, class member testimony may be relevant *if* a class is certified. But Defendants have not contacted and do not intend to contact putative class members to oppose class certification.

4

have no contact with any of its management-level employees," the plaintiff "represented that they will not have any contact with" them, and the court "direct[ed] the parties to meet and confer in an effort to manage the scope of this discovery." *Id.* at *4.

**II.     Neither Kelchner nor the Order offers any authority suggesting that sweeping tag-along discovery related to CRST Expedited is proper under these circumstances.**

The Court must consider timely objections to non-dispositive orders that are "contrary to law." Fed. R. Civ. P. 72(a). A decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F.Supp.2d 1049, 1050 (D. Minn. 2010) (cleaned up). And for such challenges, courts engage in a "plenary review." *Golden v. Stein*, No. 418CV00331JAJCFB, 2020 WL 13553710, at *2 (S.D. Iowa Apr. 14, 2020). Neither Kelchner nor the Order identified *any* caselaw suggesting that a plaintiff who individually lacks standing against any party in another case is nevertheless entitled to sweeping tag-along discovery under Rule 26—particularly when the movant offered little more than speculation about the relatedness of the two cases. Indeed, here, Kelchner offered nothing to suggest *every* interrogatory response, admission, deposition transcript, and expert report in *Cervantes* would be relevant to his own individual claims or those of any class that he himself could represent. The Court should therefore sustain Defendants' objections.[4]

**III.     CONCLUSION**

For the foregoing reasons, the Court should (1) set aside the Order compelling production of putative class member names and adopt Defendants' proposal to use consistent anonymized identifiers and (2) sustain their objections to the production of tag-along discovery from *Cervantes*.

---

[4] Even if the Court's review was subject to the more deferential "clearly erroneous" standard under Rule 72(a), it has the discretion to review the Magistrate Judge's findings under a more intense review. *United States v. Yockey*, 654 F.Supp.2d 945, 952 (N.D. Iowa 2009) (citing *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996)) ("[W]hile a clearly erroneous standard of review is deferential . . . it is not mandatory, and the district court may choose to apply a less deferential standard."). Given the Court's intimate knowledge of *Cervantes* having recently conducted a bench trial in the case, it should exercise that discretion here.

Dated: August 20, 2025                    Respectfully submitted,


                                          */s/ Angela S. Cash*
                                          James H. Hanson (*pro hac vice*)
                                          Angela S. Cash (*pro hac vice*)
                                          Andrew J. Ireland (*pro hac vice*)
                                          SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
                                          10 West Market Street, Suite 1400
                                          Indianapolis, IN 46204
                                          P: 317-492-9205
                                          F: 317-684-2414
                                          jhanson@scopelitis.com
                                          acash@scopelitis.com
                                          aireland@scopelitis.com

                                          Thomas D. Wolle
                                          SIMMONS PERRINE MOYER BERGMAN PLC
                                          115 Third Street SE, Suite 1200
                                          Cedar Rapids, IA 52401-1266
                                          P: 319-366-7641
                                          F: 319-366-1917
                                          twolle@spmblaw.com

                                          *Attorneys for Defendants,*
                                          *CRST Expedited, Inc., CRST Specialized*
                                          *Transportation, Inc., CRST Lincoln Sales, Inc.*
                                          *and John Smith*