UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual<br><br>        Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY TO STRIKE**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND .......................................................................................................... 2

III. LEGAL STANDARDS ............................................................................................... 4

IV. ARGUMENT ............................................................................................................... 6

    A. The Court should enter judgment on the pleadings under Rule 12(c). ................... 6

        1. The Court should enter judgment in favor of all Defendants because Kelchner failed to plead fraud with particularity under Rule 9. ................ 6

        2. At a minimum, the Court should enter judgment in favor of CRST Expedited for lack of standing and failure to state a claim. ........................ 8

    B. The Court should strike portions of Kelchner's Complaint under Rule 12(f) and Rule 23(d). .......................................................................................... 9

        1. The Court should strike Kelchner's classwide request for rescission. ................................................................................................ 9

        2. The Court should strike Kelchner's class allegations to the extent he seeks to represent CRST Expedited contractors. .................................... 11

        3. The Court should strike Kelchner's request for injunctive and declaratory relief, and class allegations regarding same, for lack of standing. ......................................................................................... 13

V. CONCLUSION ........................................................................................................... 14

Case 1:24-cv-00082-CJW-KEM    Document 103-1    Filed 09/09/25    Page 2 of 21

# TABLE OF AUTHORITIES

## Cases

*Aiello v. Invision Mktg. Sols.*
17 C 985, 2019 WL 1875354 (N.D. Ill. Apr. 26, 2019) ............................................................ 7

*Alberty v. United States*,
No. 4:21-CV-00075-RGE-SBJ, 2022 WL 1298599 (S.D. Iowa Mar. 28, 2022) ....................... 4

*Albin v. Resort Sales Missouri, Inc.*,
No. 20-03004-CV-S-BP, 2021 WL 5107730 (W.D. Mo. May 21, 2021) ............................... 10

*Amparan v. Plaza Home Mortg., Inc.*,
678 F. Supp. 2d 961 (N.D. Cal. 2008) .................................................................................... 10

*Andrews v. Chevy Chase Bank*,
545 F.3d 570 (7th Cir. 2008) ............................................................................................. 9, 10

*Besette v. AT&T Corp.*,
No. 030830CVWHFS, 2006 WL 2927561 (W.D. Mo. Oct. 11, 2006) ................................... 13

*Bigfoot Co-Op A Inc. v. Nationwide Mut. Ins. Co.*,
No. 23-CV-1016-CJW-MAR, 2024 WL 3445007 (N.D. Iowa July 16, 2024) ..................... 6, 7

*Blum v. Yaretsky*,
457 U.S. 991 (1982) ................................................................................................................. 9

*Bond v. Antero Res. Corp.*,
328 F.R.D. 187 (S.D. Ohio 2018) ........................................................................................... 11

*Bucco v. W. Iowa Tech Cmty. Coll.*,
555 F. Supp. 3d 628 (N.D. Iowa 2021) .................................................................................... 7

*Calzone v. Hawley*,
866 F.3d 866 (8th Cir. 2017) .................................................................................................... 8

*Chmieleski v. City Prods. Corp.*,
71 F.R.D. 118 (W.D.Mo.1976) ............................................................................................... 14

*Com. Prop. Inv., Inc. v. Quality Inns Int'l, Inc.*,
61 F.3d 639 (8th Cir. 1995) ...................................................................................................... 6

*Corrigan v. First Horizon Home Loan Corp.*,
No. CIV. 09-12721, 2010 WL 728780 (E.D. Mich. Feb. 25, 2010) ....................................... 11

*Donelson v. Ameriprise Fin. Servs., Inc.*,
999 F.3d 1080 (8th Cir. 2021) .................................................................................................. 5

*E. Texas Motor Freight Sys. Inc. v. Rodriguez*,
  431 U.S. 395 (1977) .................................................................................................. 11

*E.E.O.C. v. La Rana Hawaii, LLC*,
  888 F. Supp. 2d 1019 (D. Haw. 2012) ........................................................................ 7

*Ellis v. City of Minneapolis*,
  860 F.3d 1106 (8th Cir. 2017) .................................................................................... 4

*Fox v. Saginaw Cnty., Michigan*,
  67 F.4th 284 (6th Cir. 2023) ................................................................................... 8, 9

*Goff v. LaSalle Bank, N.A.*,
  No. 7:09-CV-147-TMP, 2009 WL 10688636 (N.D. Ala. July 27, 2009) ................................. 10

*Great Plains Tr. Co. v. Union Pac. R.R.*,
  492 F.3d 986 (8th Cir. 2007) ...................................................................................... 6

*Hanten v. Sch. Dist. of Riverview Gardens*,
  183 F.3d 799 (8th Cir. 1999) ...................................................................................... 4

*In re Milk Prods. Antitrust Litig.*,
  195 F.3d 430 (8th Cir.1999) ...................................................................................... 14

*Iowa Voter All. v. Black Hawk Cnty.*,
  515 F. Supp. 3d 980 (N.D. Iowa 2021) ...................................................................... 3

*James v. Home Const. Co. of Mobile*,
  621 F.2d 727 (5th Cir. 1980) .................................................................................... 10

*Kontrick v. Ryan*,
  540 U.S. 443 (2004) ................................................................................................... 4

*Kuhns v. Scottrade, Inc.*,
  868 F.3d 711 (8th Cir. 2017) ...................................................................................... 6

*Ledet v. Freightbull, Inc.*,
  No. 24 C 10974, 2025 WL 1505406 (N.D. Ill. May 27, 2025) ............................... 13

*McGraw v. Wachovia Sec., LLC*,
  No. 08-CV-2064-LRR, 2009 WL 2949290 (N.D. Iowa Sept. 10, 2009) .................. 6

*McKenna [v. First Horizon Home Loan Corp.*,
  475 F.3d 418 (1st Cir. 2007) ................................................................................. 9, 10

*Merchants' Bank v. Hanna*,
  73 F.2d 818 (8th Cir. 1934) ...................................................................................... 10

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
  549 F.2d 884 (3d Cir. 1977) ....................................................................................... 5

Case 1:24-cv-00082-CJW-KEM    Document 103-1    Filed 09/09/25    Page 4 of 21

*Morton v. Becker*,
793 F.2d 185 (8th Cir. 1986) ................................................................................................. 4

*Murry v. Am.'s Mortg. Banc, Inc.*,
No. 03 C 5811, 2005 WL 1323364 (N.D. Ill. May 5, 2005) .................................................. 10

*Murthy v. Missouri*,
603 U.S. 43 (2024).................................................................................................................. 8

*Olin v. Dakota Access, LLC*,
910 F.3d 1072 (8th Cir. 2018) ............................................................................................... 6

*Osborn v. United States*,
918 F.2d 724 (8th Cir. 1990) ................................................................................................. 5

*O'Shea v. Littleton*,
414 U.S. 488 (1974).................................................................................................................. 8

*Perry v. Allstate Indem. Co.*,
953 F.3d 417 (6th Cir. 2020) ............................................................................................... 12

*Pop v. LuliFama.com LLC*,
145 F.4th 1285, 1293–94 (11th Cir. 2025) ............................................................................ 6

*Remmes v. Int'l Flavors & Fragrances, Inc.*,
389 F. Supp. 2d 1080 (N.D. Iowa 2005)................................................................................. 7

*Roberson v. Kansas City S. Ry. Co.*,
No. 4:22-CV-00358-RK, 2024 WL 4502281 (W.D. Mo. Oct. 16, 2024)............................... 13

*Robinson v. Nat'l Credit Sys., Inc.*,
No. 21-CV-34-CJW-KEM, 2021 WL 9682167 (N.D. Iowa Nov. 24, 2021) ........................... 8

*Roby v. St. Louis Sw. Ry. Co.*,
775 F.2d 959 (8th Cir. 1985) ............................................................................................... 11

*Stalley v. Catholic Health Initiatives*,
509 F.3d 517 (8th Cir. 2007) ................................................................................................. 5

*Tatone v. SunTrust Mortg., Inc.*,
857 F. Supp. 2d 821 (D. Minn. 2012)..................................................................................... 7

*Thompson v. Bd. of Educ. of Romeo Cmty. Sch.*,
709 F.2d 1200 (6th Cir. 1983) ............................................................................................. 12

*Thor Corp. v. Automatic Washer Co.*,
91 F. Supp. 829 (S.D. Iowa 1950) ......................................................................................... 5

*V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*,
235 F.3d 1109 (8th Cir. 2000) ............................................................................................... 5

Case 1:24-cv-00082-CJW-KEM   Document 103-1   Filed 09/09/25   Page 5 of 21

*Warth v. Seldin*,
422 U.S. 490 (1975)...................................................................................................... 9

*Weimer v. Int'l Flavors & Fragrance*,
240 F.R.D. 431 (N.D. Iowa 2007) .............................................................................. 7

*Westcott v. City of Omaha*,
901 F.2d 1486 (8th Cir. 1990) .................................................................................... 4

*Whatley v. Canadian Pac. Ry. Ltd.*,
904 F.3d 614 (8th Cir. 2018) ...................................................................................... 4

*Whittemore v. Vast Holdings Group, LLC*, et al.,
No. 2:19-CV-01951GMNEJY, 2020 WL 5848096 (D. Nev. Sept. 30, 2020)............................ 7

*Williams v. Bob Evans Restaurants, LLC*,
No. 2:18-CV-01353, 2020 WL 4692504 (W.D. Pa. Aug. 13, 2020)........................................ 7

*Wong v. Wells Fargo Bank N.A.*,
789 F.3d 889 (8th Cir. 2015) ........................................................................... 8, 9, 12

*Wright v. Brooke Grp. Ltd.*,
114 F. Supp. 2d 797 (N.D. Iowa 2000).......................................................................... 7

*Wright v. Stone Container Corp.*,
524 F.2d 1058 (8th Cir. 1975) ................................................................................... 11

*Zean v. Fairview Health Servs.*,
858 F.3d 520 (8th Cir. 2017) .................................................................................. 2, 3

*Zehentbauer Fam. Land LP v. Chesapeake Expl., L.L.C.*,
No. 4:15CV2449, 2018 WL 3496089 (N.D. Ohio July 20, 2018)......................................... 11

# Rules

Fed. R. Civ. P. 9................................................................................................... 1, 6, 7

Fed. R. Civ. P. 12....................................................................................... 3, 4, 5, 6, 8, 9

Fed. R. Civ. P. 23................................................................................................... 10

# Regulations

49 CFR Part 376........................................................................................................ 2

Defendants, CRST Expedited, Inc. (CRST Expedited), CRST Specialized Transportation, Inc. (CRST Specialized), CRST Lincoln Sales, Inc. (Lincoln Sales), and John Smith, respectfully submit this memorandum of points and authorities in support of their Motion for Judgment on the Pleadings or Alternatively to Strike.

## I.  INTRODUCTION

Plaintiff, Harley Kelchner (Kelchner), alleges four defendants—CRST Expedited, CRST Specialized, Lincoln Sales, and John Smith—defrauded him by tricking him into becoming an independent contractor truck driver in violation of the Iowa Business Opportunity Promotions Law, Iowa Code Ch. 551A, *et seq*. The Court should enter judgment against Kelchner or strike certain allegations for four reasons.

First, Kelchner fails to plead fraud with particularity as required by Fed. R. Civ. P. 9. Rather than identify who made each fraudulent misrepresentation or omission and when such misrepresentation or omission was made, Kelchner instead lumps all four Defendants together and pleads his fraud allegations generally. That is impermissible, and the Court should enter judgment against Kelchner.

Second, at a minimum, the Court should enter judgment against Kelchner on his claim against CRST Expedited. Kelchner leased a truck from Lincoln Sales and contracted with CRST Specialized to perform services as an independent contractor truck driver. Kelchner never contracted with CRST Expedited. Unsurprisingly, his Complaint does not plausibly allege facts which, if true, would support a claim against CRST Expedited since he had no business or other dealings with CRST Expedited related to his work as an independent contractor.

Third, if the Court declines to enter judgment against Kelchner, it should at least strike certain allegations pursuant to Rule 12(f) and Rule 23(d). As other courts have recognized, the remedy of rescission requires a uniquely individualized assessment that cannot be done on a

1

classwide basis. Therefore, Kelchner's classwide request for rescission should be stricken. The Court should likewise strike the class allegations to the extent Kelchner seeks to represent contractors who contracted with CRST Expedited. Again, Kelchner never contracted with CRST Expedited, and he cannot represent others who did.

Finally, as a former contractor, Kelchner lacks standing to pursue injunctive or declaratory relief, and his allegations requesting such relief must be stricken.

## II. BACKGROUND

CRST Specialized is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. *Complaint*, ¶ 13. CRST Expedited is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. *Complaint*, ¶ 12. Lincoln Sales is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. *Complaint*, ¶ 14.

On March 2, 2022, Kelchner signed an Independent Contractor Operating Agreement with CRST Specialized. *See Kelchner Independent Contactor Operating Agreement* (ICOA), previously filed at ECF No. 28-2 at 6-57.[1] Under the ICOA, Kelchner agreed to provide the equipment necessary to perform delivery services and to lease that equipment to CRST Specialized within the meaning of the Federal Leasing Regulations, 49 CFR Part 376. *See generally ICOA*. CRST Specialized, in turn, agreed to compensate Kelchner for the transportation services performed under the ICOA. *Id.* Under the ICOA, Kelchner expressly authorized CRST Specialized to make certain deductions and chargebacks from his compensation. *Id.*

Kelchner separately signed a Lease Purchase Agreement with CRST Lincoln Sales. *See Kelchner Lease Purchase Agreement*, previously filed at ECF No. 91-1 at 5-32.[2] Under that

---

[1] Although the agreement was not attached to Kelchner's Complaint, the Court may consider it without treating this motion as one for summary judgment under Rule 56. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017)

[2] Again, the Court can properly consider this agreement under Rule 12. *Zean*, 858 F.3d at 526.

2

agreement, Kelchner procured a 2019 Freightliner truck in exchange for weekly lease payments for a term of 156 weeks (plus a final payment), after which he had the option to purchase the truck. *Id.* Under the Lease Purchase Agreement and ICOA, Kelchner authorized CRST Specialized to deduct his weekly lease payments from his compensation and forward those payments to Lincoln Sales. *Lease Purchase Agreement*, Authorization and Assignment (ECF No. 91-1 at 23); *ICOA*, Appendix A, § 4 (ECF No. 28-2 at 32).

After over two years operating under these agreements, Kelchner filed this lawsuit. *See Complaint.*[3] He alleges the truck he leased from Lincoln Sales and the ICOA he signed with CRST Specialized amounted to a "business opportunity" subject to regulation by the Iowa Business Opportunity Promotions Law, Iowa Code Ch. 551A, *et seq. Complaint*, ¶ 1. He alleges Lincoln Sales and CRST Specialized failed to comply with various provisions of the statute, failed to make required disclosures under the statute, and made fraudulent statements or omissions in violation of the statute. *See generally Complaint*. Kelchner seeks rescission of his agreements with Lincoln Sales and CRST Specialized along with damages, including "all monies paid." *Complaint*, ¶¶ 6, 51. He also seeks injunctive and declaratory relief. *Complaint*, ¶¶ 6, 52; *id.*, Prayer for Relief, ¶¶ b, c.

However, Kelchner does not limit his Complaint to Lincoln Sales and CRST Specialized. Although he never alleges he either worked for or contracted with CRST Expedited, he includes that company as a named defendant and seeks to represent a class that includes individuals who contracted with CRST Expedited. Specifically, even though his Complaint acknowledges that

---

[3] At the time he filed the Complaint, Kelchner was still operating as an independent contractor truck driver with CRST Specialized. *Complaint*, ¶ 5. Recently, however, he made the final payment under his Lease Purchase Agreement, bought the 2019 Freightliner, and terminated his ICOA with CRST Specialized. ECF No. 91-1, ¶¶ 5-7. The Court may consider these additional facts under Fed. R. Civ. P. 12(b)(1) as they relate to Kelchner's lack of standing to pursue injunctive and declaratory relief. *Iowa Voter All. v. Black Hawk Cnty.*, 515 F. Supp. 3d 980, 987 (N.D. Iowa 2021).

CRST Specialized and CRST Expedited are separate corporations with separate principal places of business in separate states, Kelchner does not make allegations specific to each. Instead, he lumps them together under the same label—"CRST Trucking"—and defines his class to include all individuals who "leased trucks from CRST Lincoln and drove for CRST Trucking in any week within the United States at any time during the period beginning three years prior to the filing of this Complaint." *Complaint*, ¶ 33.

## III.    LEGAL STANDARDS

Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings "should be granted only if the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Whatley v. Canadian Pac. Ry. Ltd.*, 904 F.3d 614, 617-18 (8th Cir. 2018). "The same standards that govern motions to dismiss under Rule 12(b)(6) also govern motions for judgment on the pleadings under Rule 12(c)." *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017). Although in deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant, *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986), it need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

A challenge to subject matter jurisdiction can be raised at any time, *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004), including through a Rule 12(c) motion. *Alberty v. United States*, No. 4:21-CV-00075-RGE-SBJ, 2022 WL 1298599, at *2 (S.D. Iowa Mar. 28, 2022), *aff'd*, 54 F.4th 571 (8th Cir. 2022). The plaintiff bears the burden of proving subject matter jurisdiction by a

4

preponderance of the evidence. *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). A defendant can either attack the complaint's asserted jurisdictional basis on its face or the factual basis underlying the pleadings. In a facial attack, the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). In such cases, the court must "accept as true all factual allegations in the complaint," *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007), and should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Osborn*, 918 F.2d at 729 n.6 (citation and internal quotation marks omitted). By contrast, "[i]n a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* (citations omitted). Here, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "no presumptive truthfulness attaches to the plaintiff's allegations[.]" *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Finally, on its own or upon motion by a party, the Court may strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). *See e.g. Thor Corp. v. Automatic Washer Co.*, 91 F. Supp. 829 (S.D. Iowa 1950) (striking certain paragraphs of a pleading). District courts have discretion to strike class allegations even before the plaintiff moves for class certification. *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1094 (8th Cir. 2021). Indeed, a district court abuses its discretion if it fails to strike class allegations when it is "apparent from the pleadings that the class cannot be certified" as alleged. *Id.*

5

## IV. ARGUMENT

### A. The Court should enter judgment on the pleadings under Rule 12(c).

#### 1. The Court should enter judgment in favor of all Defendants because Kelchner failed to plead fraud with particularity under Rule 9.

The Federal Rules of Civil Procedure include a heightened pleading standard for fraud claims. *Bigfoot Co-Op A Inc. v. Nationwide Mut. Ins. Co.*, No. 23-CV-1016-CJW-MAR, 2024 WL 3445007, at \*5 (N.D. Iowa July 16, 2024) (Williams, C.J.). When a party is alleging fraud, the party "must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). "Put another way, when making a claim of fraud, a party must plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Bigfoot Co-Op A Inc.*, 2024 WL 3445007, at \*5 (quoting *Great Plains Tr. Co. v. Union Pac. R.R.*, 492 F.3d 986, 995 (8th Cir. 2007)). The Court "need not accept conclusory legal allegations as true." *Id.* "[O]ne of the main purposes of the rule is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud[.]" *Com. Prop. Inv., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995). Thus, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b)]." *Id.*

Here, Kelchner's claims sound in fraud. *E.g., Complaint*, ¶ 18 ("In order to induce Drivers to purchase the Driving Opportunity and defraud them out of their labor and money, CRST Trucking and Smith, from within Iowa, directed and implemented a fraudulent scheme.") Accordingly, he must satisfy Rule 9's heightened pleading standard. *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1075 (8th Cir. 2018) (plaintiff's claim under state statute sounded in fraud and was subject to Rule 9); *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 719 (8th Cir. 2017) (same); *McGraw v. Wachovia Sec., LLC*, No. 08-CV-2064-LRR, 2009 WL 2949290, at \*5 (N.D. Iowa Sept. 10, 2009) (same); *see also Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1293–94 (11th Cir. 2025) (collecting cases from other circuits).

He failed to do so. Kelchner does not allege the "who, what, when, where, and how" of the alleged fraud. Indeed, even for the handful of alleged "advertisements" identified in his Complaint, he never even asserts he (or anyone else) saw them, let alone that he (or anyone else) relied on them to their detriment. Nor does Kelchner allege what portions, if any, of the "advertisements" are fraudulent.

Even worse, Kelchner obfuscates his pleading by lumping defendants together and refusing to specify "the who, what, when, where, and how" *for each defendant*. Even under the laxer Rule 8 pleading standard, "[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012).[4] That is even more true in cases sounding in fraud. *Remmes v. Int'l Flavors & Fragrances, Inc.*, 389 F. Supp. 2d 1080, 1088-1090 (N.D. Iowa 2005) (dismissing claims where plaintiff alleged fraud collectively and failed to plead fraud with particularity as to each defendant); *Weimer v. Int'l Flavors & Fragrance*, 240 F.R.D. 431, 438 (N.D. Iowa 2007) (same); *Bucco v. W. Iowa Tech Cmty. Coll.*, 555 F. Supp. 3d 628, 642 (N.D. Iowa 2021); *Wright v. Brooke Grp. Ltd.*, 114 F. Supp. 2d 797, 834 (N.D. Iowa 2000).

Based on Kelchner's failure to plead the who, what, when, where, and how of the fraud, inappropriately grouping Defendants together, and failing to make allegations specific to each Defendant, the Court should enter judgment on the pleadings against him. *Bigfoot Co-Op A Inc. v. Nationwide Mut. Ins. Co.*, No. 23-CV-1016-CJW-MAR, 2024 WL 3445007, at *6 (N.D. Iowa July

---

[4] *Aiello v. Invision Mktg. Sols.*, No. 17 C 985, 2019 WL 1875354, at *2 (N.D. Ill. Apr. 26, 2019) (granting motion to dismiss where "[t]he Complaint lump[ed] Kube and Invision as 'Defendants'" and made "no attempt to distinguish them as to specific allegations"); *Whittemore v. Vast Holdings Group, LLC*, et al., No. 2:19-CV-01951GMNEJY, 2020 WL 5848096, at *4 (D. Nev. Sept. 30, 2020); *E.E.O.C. v. La Rana Hawaii, LLC*, 888 F. Supp. 2d 1019, 1046 (D. Haw. 2012); *Williams v. Bob Evans Restaurants, LLC*, No. 2:18-CV-01353, 2020 WL 4692504, at *7 (W.D. Pa. Aug. 13, 2020).

16, 2024); *Robinson v. Nat'l Credit Sys., Inc.*, No. 21-CV-34-CJW-KEM, 2021 WL 9682167, at *3 (N.D. Iowa Nov. 24, 2021).

### 2. At a minimum, the Court should enter judgment in favor of CRST Expedited for lack of standing and failure to state a claim.

There is a reason Kelchner intentionally lumped defendants together in his Complaint—he doesn't actually have a claim against CRST Expedited. Kelchner only contracted with CRST Specialized and CRST Lincoln Sales. He never contracted with CRST Expedited. And he has alleged no *facts* which, if accepted as true, would state a claim against CRST Expedited, so his claim against CRST Expedited should be dismissed and judgment entered under Fed. R. Civ. P. 12(c).

Even more fundamentally, Kelchner fails to plausibly allege "a causal connection between [his] injury and [CRST Expedited's] allegedly unlawful conduct," meaning his claim against CRST Expedited should also be dismissed for lack of standing under Fed. R. Civ. P. 12(b)(1). *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 895 (8th Cir. 2015); *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017) ("Article III standing to sue each defendant also requires a showing that each defendant caused his injury and that an order of the court against each defendant could redress the injury."); *Murthy v. Missouri*, 603 U.S. 43, 61 (2024) (holding lower court "erred by treating the defendants, plaintiffs, and platforms each as a unified whole" because "'plaintiffs must demonstrate standing for each claim that they press' against each defendant, 'and for each form of relief that they seek'").

That CRST Expedited contracted with *other* independent contractors and that Kelchner seeks to include those contractors in his proposed class does not change this. Putative class representatives must plausibly allege their own "case or controversy with the defendants" to seek relief for "any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). They must "allege an individual injury; they cannot piggyback off the injuries 'suffered by other,

8

unidentified members of the class[.]'" *Fox v. Saginaw Cnty., Michigan*, 67 F.4th 284, 294 (6th Cir. 2023) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). "And even when they have incurred an injury, they lack standing to seek class-wide relief that would go beyond remedying that injury." *Id.* "That is, they may not seek relief against different conduct that has harmed other class members even when it is 'similar' to the conduct that harmed the representatives." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 999–1001 & 1001 n.13 (1982)).

In short, Kelchner failed to plausibly allege a claim against CRST Expedited or a causal connection between *his* injury and CRST Expedited's allegedly unlawful conduct. *Wong*, 789 F.3d at 895. Accordingly, his claim against CRST Expedited should be dismissed under Rule 12(b)(1) or judgment entered under Rule 12(c).

**B.    The Court should strike portions of Kelchner's Complaint under Rule 12(f) and Rule 23(d)**

**1.    The Court should strike Kelchner's classwide request for rescission.**

Kelchner asserts that he and other members of the putative class are entitled to rescission of the leases they signed. *Complaint*, ¶¶ 6, 51. The Court should strike Kelchner's classwide request for rescission because that remedy is inherently individualized and cannot be pursued on a classwide basis. The Seventh Circuit in *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 575 (7th Cir. 2008), analyzed this issue in the context of a claim for rescission for violations of the disclosure requirements under the Truth-in-Leasing Act (TILA):

> Rescission is a highly individualized remedy as a general matter, and rescission under TILA is no exception. The variations in the transactional "unwinding" process that may arise from one rescission to the next make it an extremely poor fit for the class-action mechanism.
>
> A court's certification of a class of persons entitled to seek rescission would be just the beginning. Each class member individually would have the option of exercising his or her right to rescind, and not all class members will want to do so because it requires returning the loan principle in exchange for the release of the lien and any interest or other payments. Individual controversies would erupt and likely continue because "the equitable nature of rescission generally entitles the affected creditor

to judicial consideration of the individual circumstances of the particular transaction." *McKenna [v. First Horizon Home Loan Corp.*, 475 F.3d 418, 427 n.6 (1st Cir. 2007)]. Accordingly, a host of individual proceedings would almost certainly follow in the wake of the certification of a class whose loan transactions are referable to rescission.

*Andrews*, 545 F.3d at 574. For these reasons, the Seventh Circuit concluded the "the rescission remedy prescribed by TILA is procedurally and substantively incompatible with the class-action device." *Id.* Other courts have reached the same conclusion. *E.g., McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 427 n.6 (1st Cir. 2007); *James v. Home Const. Co. of Mobile*, 621 F.2d 727, 731 (5th Cir. 1980); *Amparan v. Plaza Home Mortg., Inc.*, 678 F. Supp. 2d 961, 979 (N.D. Cal. 2008); *Murry v. Am.'s Mortg. Banc, Inc.*, No. 03 C 5811, 2005 WL 1323364, at *11–12 (N.D. Ill. May 5, 2005), *report and recommendation adopted as modified*, No. 03 C 5811, 2006 WL 1647531 (N.D. Ill. June 5, 2006).

The reasoning from these courts applies with equal force here. Kelchner's classwide request for rescission is inherently at odds with class treatment under Rule 23. Indeed, Kelchner's request ignores that it would include people, like him, who continued operating under the allegedly defective agreements even after discovering the "fraudulent" scheme, paid off their lease, secured title to their truck, and no longer have any ongoing contractual relationship. *Compare Albin v. Resort Sales Missouri, Inc.*, No. 20-03004-CV-S-BP, 2021 WL 5107730, at *6 (W.D. Mo. May 21, 2021) ("many putative class members may not want rescission as a remedy—they may want to recover their Preparation Fees, but keep the timeshares"). As the Eighth Circuit has observed, "[a] contract that has been performed cannot be rescinded, because there is nothing left to rescind[.]" *Merchants' Bank v. Hanna*, 73 F.2d 818, 821 (8th Cir. 1934) ("Rescission is to save a loss where a contract has not been performed, or a greater loss where there has been only partial performance.").

The very nature of rescission makes these and other individualized issues inescapable.

Accordingly, the Court should strike Kelchner's classwide request for rescission. *Goff v. LaSalle Bank, N.A.*, No. 7:09-CV-147-TMP, 2009 WL 10688636, at \*5 (N.D. Ala. July 27, 2009) (granting motion to strike class allegations seeking rescission), *report and recommendation adopted*, No. 09-CV-147-TMP-WMA, 2009 WL 10688475 (N.D. Ala. Sept. 16, 2009); *Corrigan v. First Horizon Home Loan Corp.*, No. CIV. 09-12721, 2010 WL 728780, at \*6–7 (E.D. Mich. Feb. 25, 2010) (granting motion to dismiss class claim for rescission).

### 2. The Court should strike Kelchner's class allegations to the extent he seeks to represent CRST Expedited contractors.

Kelchner cannot represent CRST Expedited contractors. First, he did not contract with CRST Expedited. For that reason, his claim against it should be dismissed. *See supra* IV.A.2 But at a minimum, he has no basis to represent others who did contract with CRST Expedited. He would be both an inadequate class representative and an atypical plaintiff as to individuals who contracted with CRST Expedited. He does not "possess the same interest" and has not "suffer[ed] the same injury" as individuals who contracted with CRST Expedited. *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977); *Zehentbauer Fam. Land LP v. Chesapeake Expl., L.L.C.*, No. 4:15CV2449, 2018 WL 3496089, at \*5 (N.D. Ohio July 20, 2018) ("An additional consideration required by the facts of this case is whether there is a named representative of each subclass. As previously stated, Zehentbauer and Hanover have leases within Group A and Young's lease falls within Group B, but none of the named Plaintiffs' agreements are a part of Group C. As a result Plaintiffs have not satisfied the typicality requirement as to Group C."), *aff'd*, 935 F.3d 496 (6th Cir. 2019); *Bond v. Antero Res. Corp.*, 328 F.R.D. 187, 197 (S.D. Ohio 2018).[5] Indeed,

---

[5] These issues cannot be cured by simply splitting Kelchner's proposed class into two subclasses (one composed of individuals who contracted with CRST Specialized and the other composed of CRST Expedited contractors) because he would not be a member of *both* subclasses and could not satisfy Rule 23. *Roby v. St. Louis Sw. Ry. Co.*, 775 F.2d 959, 961 (8th Cir. 1985) ("A fundamental requirement of representatives in a class action is that they must be members of the subclasses they seek to represent."); *Wright v. Stone Container Corp.*, 524 F.2d 1058, 1062 (8th Cir. 1975)

11

he lacks Article III standing to assert claims against CRST Expedited on behalf of these individuals. *Wong*, 789 F.3d at 895; *Perry v. Allstate Indem. Co.*, 953 F.3d 417, 420 (6th Cir. 2020) ("Allstate argues that Perry has standing only to pursue her claims against Allstate Indemnity Company, the division that issued her insurance policy. Perry concedes that the remaining Allstate entities are not parties to the policy at issue in this case. Therefore, Perry lacks standing to pursue her claims against those entities because her injury is not traceable to them."); *Thompson v. Bd. of Educ. of Romeo Cmty. Sch.*, 709 F.2d 1200, 1205 (6th Cir. 1983) ("the plaintiffs in the present case have no standing to sue the defendant school boards for which they have not worked").

Second, Kelchner is also an inadequate class representative with respect to CRST Expedited contractors because those contractors are subject to unique defenses based on their participation as class members in the *Cervantes v. CRST Int'l, Inc.*, No. 20-CV-75-CJW-KEM (*Cervantes*) litigation. The CRST Expedited contractors who are members of the certified class in *Cervantes* will be bound by the eventual judgment entered in that case, including whatever res judicata or preclusive effect the Court's Findings of Fact and Conclusions of Law may have. *Cervantes*, ECF No. 455. Some of those findings go to the heart of—and directly undercut— Kelchner's allegations in this case. *Compare Complaint*, ¶ 22 (alleging "CRST Trucking had the right to control Drivers, because, among other things, CRST Trucking decided the rates drivers will be paid, the customer loads they will transport, and Drivers were unable to work for others since CRST Trucking had the exclusive possession, control and use of each Drivers' vehicle during the term of the lease and the Drivers were required to be available for service upon demand of the CRST Trucking"), *with Cervantes*, ECF No. 455 at 4-5 ("[T]he evidence shows that lease operators were independent contractors with the ability to control their operations and make a profit if they

---

(refusing to "foist upon the class a representative who would not himself be a member of the class").

were careful, skilled, and lucky."); *id.* at 5 ("And to be clear, the evidence did not support claims that defendant intentionally misled or committed any type of fraud on the lease operators. Defendant provided lease operators with realistic estimates, couched in terms of contingent factors easy for drivers to understand, about what lease operators might expect to earn, but defendant made no false representations or promises to induce drivers to become lease operators.").[6]

CRST Expedited contractors who participated in *Cervantes* are also subject to attack based on their choice to ratify and attempt to recover under the very agreements that Kelchner seeks to rescind in this case. Specifically, CRST Expedited contractors in *Cervantes* chose to enforce their written agreements pursuant to the Truth-in-Leasing Act Regulations. *See generally Cervantes*, ECF No. 455. Kelchner cannot adequately represent CRST Expedited contractors because he is not subject to the same challenges.

### 3. The Court should strike Kelchner's request for injunctive and declaratory relief, and class allegations regarding same, for lack of standing.

Kelchner is no longer contracting or operating with CRST Specialized or Lincoln Sales. Accordingly, the Court should strike his request for injunctive and declaratory relief because he lacks standing to pursue either. *Ledet v. Freightbull, Inc.*, No. 24 C 10974, 2025 WL 1505406, at *7 (N.D. Ill. May 27, 2025) (noting plaintiff truck driver "no longer work[ed]" for defendant and failed to "plausibly allege that he would again be harmed by the [defendant's] practices," and dismissing claim for injunctive relief); *Roberson v. Kansas City S. Ry. Co.*, No. 4:22-CV-00358-

---

[6] *See also id.* at 25 ("Almost without exception, lease operators frequently turned down loads they did not like for various reasons, whether they did not want to drive in a particular area of the country, or did not want to drive a load because they believed it would be unprofitable."), *id.* at 27 ("Lease operators could also haul brokered loads."), *id.* at 28 ("the evidence showed the lease operators set their own hours and determined their own schedules"), *id.* at 28 ("The load board system gave lease operators more freedom to plan their own trips and gave them more options in choosing which loads to haul. This gave lease operators even more control than they had before because they had greater knowledge and less dependence on fleet managers alerting them to available loads.").

RK, 2024 WL 4502281, at *6 (W.D. Mo. Oct. 16, 2024) ("Generally, former employees do not have standing to request injunctive or declaratory relief against a former employer."); *Besette v. AT&T Corp.*, No. 030830CVWHFS, 2006 WL 2927561, at *1 (W.D. Mo. Oct. 11, 2006) ("It is clear, however, that a declaratory judgment controversy becomes moot when the plaintiff no longer has standing.").

Moreover, because Kelchner does not have standing to pursue injunctive or declaratory relief, he cannot represent individuals who do, so all class allegations seeking such relief should be stricken. *See In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 436 (8th Cir.1999) ("Because [the named plaintiff's] individual claim was properly dismissed for lack of standing, it was not a member of the class and could not represent the class. Because [the named plaintiff] was the only remaining named plaintiff, the class . . . could not have been properly certified."); *see also Chmieleski v. City Prods. Corp.*, 71 F.R.D. 118, 153 (W.D.Mo.1976) (noting that the fact that the certain plaintiffs were not "members of any class or subclass in the requests for injunctive relief" rendered them unable to represent that part of the class).

## V.      CONCLUSION

For these reasons, the Court should enter judgment against Kelchner and in favor of all Defendants. At a minimum the Court should enter judgment in favor of CRST Expedited and should strike (1) Kelchner's classwide request for rescission; (2) Kelchner's allegations to the extent he seeks to represent CRST Expedited contractors; and (3) Kelchner's request for injunctive and declaratory relief.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Angela S. Cash*
James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Thomas D. Wolle
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
twolle@spmblaw.com

*Attorneys for Defendant*
*CRST Specialized Transportation, Inc.*