IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, ANTHONY HICKS, DANIEL WECHE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL HOLDINGS LLC, CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., JOHN SMITH, an individual, and MICHAEL GANNON, an individual,<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

## DECLARATION OF ANGELA S. CASH IN SUPPORT OF THE CORPORATE DEFENDANTS' MOTION TO DISMISS

I, Angela S. Cash, declare and state as follows:

1.      I am a partner of the law firm of Scopelitis, Garvin, Light, Hanson & Feary, P.C. I am admitted to this Court on a *pro hac vice* basis. I represent Defendants, CRST International Holdings, LLC (CRST International Holdings), CRST Expedited, Inc. (CRST Expedited), CRST Specialized Transportation, Inc. (CRST Specialized), CRST Lincoln Sales, Inc. (Lincoln Sales) (now operating as CRST Equipment Solutions, Inc.), John Smith, and Michael Gannon, in this case and respectfully submit this declaration in support of the Corporate Defendants' Motion to Dismiss.

2.      The following facts are based upon my personal knowledge and my review of documents in the case file.

3.      Based on my review of the equipment lease documents executed by Plaintiffs Anthony Hicks (Hicks), on behalf of his business entity, W & J Brooke Transport LLC, and Daniel

Weche (Weche) in connection with their contractual relationships with CRST Expedited and Lincoln Sales, I understand that they each signed their agreements outside Iowa.

4.      A true and correct copy of W & J Brooke Transport LLC's leases are attached as **Exhibit A** and **Exhibit B**.

5.      A true and correct copy of Weche's lease is attached as **Exhibit C**.

6.      Specifically, the lease documents reflect that Plaintiff Hicks electronically signed his lease on behalf of his business entity, W & J Brooke Transport LLC, in Antioch, Tennessee, and Lincoln Sales' personnel electronically signed that lease in Birmingham, Alabama. Ex. A at 18. Hicks's business took possession of its truck from Lincoln Sales in Mableton, Georgia. *Id.* at 10.

7.      The lease documents further reflect that, approximately a week later, Plaintiff Hicks electronically signed a new lease on a different truck on behalf of his business entity, W & J Brooke Transport LLC, in Antioch, Tennessee, and Lincoln Sales' personnel electronically signed that lease in Birmingham, Alabama. Ex. B at 18. Hicks's business took possession of its truck from Lincoln Sales in Carlisle, Pennsylvania. *Id.* at 10.

8.      The lease documents also reflect that Plaintiff Weche electronically signed his lease in Gadsden, Alabama, and Lincoln Sales' personnel electronically signed Weche's lease in Hoover, Alabama. Ex. C at 18. Weche took possession of his truck from Lincoln Sales in Birmingham, Alabama. *Id.* at 10.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2025 at Indianapolis, Indiana.

*/s/ Angela S Cash*
Angela S. Cash

# EXHIBIT A

# W&J Brooke Transport LLC's Equipment Lease

# Equipment Lease

**CRST Equipment Solutions, Inc.**
3930 16th Avenue, SW
Cedar Rapids, IA 52404
Phone: (319) 289-7850
lpc@crst.com

Lessee Business Name: Anthony Hicks

DBA (If Applicable): W & J Brooke Transport LLC

Street Address: 1464 Grosbeak Pl SW

City/State/Zip: Shallotte, NC 28470

Contact/Principle Business Owner: Phone ▮▮▮▮▮ Email ▮▮▮▮▮

**OPERATION TYPE** (See Section 3 below regarding Team Operation obligations)  Check One: [☑] Solo [ ] Team

| EQUIPMENT DESCRIPTION | | | | | | | |
|---|---|---|---|---|---|---|---|
| YEAR | 2021 | MAKE | FRTL | MODEL | CASCADIA | ENGINE TYPE | DD15 |
| VIN | 3AKJHHDR2MSMA9747 | | | MILEAGE | 574264 | UNIT # | 104338 |

| LEASE TERMS | | |
|---|---|---|
| **START DATE** | **LENGTH (WEEKS)** | **BASE RENT\* (WEEKLY)** |
| 01 / 17 / 2025 | 49 | $465 |
| **FIRST LEASE PAYMENT DATE** | **SECURITY DEPOSIT** | **IMPLIED INTEREST RATE** |
| 02 / 07 / 2025 | $0.00 | 11% |
| **TOTAL LEASE PAYMENTS** | **PURCHASE PRICE/STIP LOSS VALUE** | **MILEAGE CHARGE\*** [Check One] |
| $22,785 | $31,000 | (●) ] **Flatbed** $.20 per mile for all dispatched miles (loaded and empty) as included on Electronic On-Board Recorder (EOBR) dispatch information<br><br>( ) ] **Van** $.16 per mile for all dispatched miles (loaded and empty) as included on EOBR dispatch information |
| **CARRIER\*\*** CRST Expedited, Inc. d/b/a CRST The Transportation Solution, Inc. MC#114273 1332 Edgewood Rd SW Cedar Rapids, IA 52404 | | |

\*Base Rent and Mileage Charge payments include administrative cost reimbursements and markups benefiting CRST Equipment Solutions, Inc.

\*\* See also Section 2(e) below.

This **Equipment Lease (With Maintenance)**, including all attached Schedules and addendums (collectively "Lease") is entered into by and between Lessor, CRST Equipment Solutions, Inc., an Iowa corporation ("Equipment Solutions"), with its principal place of business at 3930 16th Avenue, SW, Cedar Rapids, IA 52406-0068, and the above-named Lessee.

1.  **LEASE OF EQUIPMENT.** Equipment Solutions shall lease to Lessee the vehicle(s) described above, (the "Equipment"), on the terms and conditions in this Lease. **Lessee acknowledges Lessee is not required to enter into this Lease and could have, prior to entering this Lease with Equipment Solutions, chosen to lease similar equipment from another equipment leasing company**.

2.  **LEASE TERMS AND PAYMENTS.**

    a.  **Length.** The lease length is specified in the table above.

    b.  **Lease Payments.** The Equipment rent shall consist of the weekly Base Rent Payments (including an implied interest assessment) and Mileage Charges (which is additional rent determined in Equipment Solutions' sole discretion based on wear and tear of the Equipment) (referred to as "Equipment Rent"), which includes administrative-cost reimbursements and markups benefiting Equipment Solutions. The Equipment Rent and all other items owed to Equipment Solutions under the Lease ("Lease Payments") shall be due and payable, starting on the First Lease Payment Date specified on the cover page above, and weekly thereafter. All Lease Payments shall be payable, without notice or demand, at the above address of Equipment Solutions or at such other place as Equipment Solutions designates in writing.

    c.  **Additional Obligations.** In addition to the Lease Payments and except to the extent Carrier expressly assumes the following obligations through the ICOA (defined below), Lessee shall be responsible for acquiring and paying for any plates, licenses, or permits necessary to operate the Equipment and any federal, state, or local taxes and fees, including the Federal Heavy Vehicle Use Tax, registration fees, weight-distance taxes, state property taxes, sales taxes (including in connection with this Lease transaction), highway use taxes, ferry, bridge, tunnel, and road tolls, or other charges assessed against the Equipment arising from Lessee's use, as well as all fuel costs, fuel taxes, empty mileage, loading and unloading expenses, detention and accessorial charges, and any other costs of operating the Equipment. Lessee's liability for these taxes, fees, and other expenses shall survive the expiration of this Lease.

    d.  **Method of Payment.** Lessee agrees to timely pay all Lease Payments to Equipment Solutions. Lessee may arrange for the motor carrier to which Lessee has leased the Equipment pursuant to a written agreement contemplated by 49 C.F.R. Part 376 (an Independent Contractor Operating Agreement, hereafter "ICOA") to deduct the Lease Payments from Lessee's earned and available settlement compensation and/or escrow fund balances under the ICOA ("ICOA Funds") and remit them to Equipment Solutions. **Notwithstanding anything to the contrary, if Lessee elects to have Carrier deduct and remit Lease Payments to Equipment Solutions on Lessee's behalf, Lessee remains responsible for all Lease Payments and, in the event Carrier fails to make timely payment of any Lease Payment, Lessee agrees to immediately make payment of such to Equipment Solutions**.

    e.  **Portability**. The Equipment shall be operated under the proper licenses, permits and motor carrier authority by Lessee pursuant to an ICOA in effect between Lessee and a lawfully operating for-hire or private motor carrier with sufficient financial strength. In the event the ICOA between Lessee and the Carrier identified on the cover page of this Lease is no longer in effect, and Lessee signs an independent contractor agreement with another motor carrier, then Equipment Solutions may, in its sole discretion, approve Lessee's continued exclusive possession, control, and use of the Equipment as set forth herein, but such other motor carrier must have the capability and willingness to deduct Lessee's Lease Payments from Lessee's compensation under its agreement with the new motor carrier and remit them to Equipment Solutions as stated in the Authorization and Assignment attached hereto. For Equipment Solutions to approve Lessee's continued possession, control and use of the Equipment in these instances, the following conditions must also be satisfied.

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

i. Lessee does not owe Equipment Solutions any Lease Payments;

ii. The new motor carrier: (i) does not have, and has not had at any time within the preceding two (2) years, an "Unsatisfactory" or "Conditional" safety rating from the Federal Motor Carrier Safety Administration, the; and

iii. Lessee gives ten (10) days' written notice of Lessee's intention to change motor carriers.

3. **OPERATION TYPE: TEAM OR SOLO.** Lessee agrees to operate the Equipment as Team or Solo as designated on the cover page above. If at any time during this Lease, Lessee desires to change Operation Type, Lessee must provide a written request to Equipment Solutions to change Operation Type, but Equipment Solutions may in its sole discretion approve or deny such request, and any change in Operation Type may require additional terms and conditions mutually agreeable to the parties. Unless and until Equipment Solutions approves a request, the terms and conditions of this Lease shall continue to apply; provided, however, that any Solo Operation that desires to change to a Team Operation will be responsible for any corresponding increase in Lease Payments associated with Team Operations from the date the Solo Operation brings on a team driver.

4. **DELIVERY AND ACCEPTANCE.** Equipment Solutions will provide Lessee a choice of Equipment. Equipment Solutions is not responsible for any failure or delay in delivering the Equipment to Lessee. Upon delivery of the Equipment to Lessee, and before Lessee's acceptance of the Equipment, Lessee shall inspect the Equipment and, unless Lessee gives prompt written notice of any defect, including that the Equipment is not in Good Operating Condition (defined as roadworthy and meeting all applicable Federal and state regulatory requirements as to safety and equipment), Lessee shall sign and deliver to Equipment Solutions an Acceptance Certificate, in the attached form, covering the Equipment. Lessee's signing the Acceptance Certificate will establish that, as between Equipment Solutions and Lessee, Lessee has unconditionally accepted the Equipment as-is, including all modifications, options, added features and ancillary equipment, for all purposes of this Lease and has agreed that the Equipment is in Good Operating Condition.

5. **NO OFFSET.** Lessee has no right to offset any Lease Payments for any claims Lessee may have against Equipment Solutions or any affiliate of Equipment Solutions, either now or in the future. All Lease Payments must be paid in full when due.

6. **DISCLAIMER OF WARRANTIES.** Equipment Solutions is not the manufacturer or vendor of the Equipment and makes no representations or warranties of any kind regarding the Equipment, including, but not limited to, the design or condition of the Equipment, its merchantability or fitness for a particular purpose, or its capacity or durability, or the quality of the material or workmanship, or conformity of the Equipment to the provisions and specifications of any purchase order related to the Equipment, or any patent infringement or patent or latent defects. By signing this Lease, Lessee acknowledges the foregoing disclaimer by Equipment Solutions.

7. **USE, MAINTENANCE, AND INSPECTION OF EQUIPMENT.**

a. <u>Use of Equipment.</u> Except as set forth otherwise in this Lease, Lessee shall use the Equipment exclusively in the operation of Carrier's transportation business and in compliance with all applicable laws (including all Federal Motor Carrier Safety Regulations ("FMCSRs"), and other highway safety, vehicle inspection, vehicle maintenance, traffic, road, truck size-and-weight, hazardous materials transportation, environmental, health, cargo security, or other laws and regulations) and applicable insurance policy conditions. Lessee agrees to ensure that all drivers or operators of the Equipment possess valid commercial driver's licenses and meet all applicable federal and state driver qualifications and motor vehicle safety requirements (including the FMCSRs). Lessee will be responsible for the payment of any fines or other penalties arising out of any violations of laws and regulations related to the Equipment during the term of this Lease. Lessee agrees to pay the cost of modifications to the Equipment required by applicable law as to place and nature of operations to which Equipment is subjected to during the term of this Lease. Nothing in this Lease authorizes Lessee, itself

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

or through any of its drivers, to operate the Equipment, or to incur any liability or obligation, on Equipment Solutions' behalf.

**b.** **Maintenance and Repairs.**

    i.    **Maintenance Furnished During Lease Term.** Except as otherwise set forth herein, during the term of the Lease, and only during that time, Equipment Solutions shall furnish, at Equipment Solutions' expense, maintenance services for the Equipment, at an operational level that is sufficient to perform in a safe and timely manner, the intended and customary functions of the Equipment (See Schedule D). Such maintenance services (including but not limited to all labor, parts and supplies) shall occur at the maintenance facilities of a provider specified or approved by Equipment Solutions.

    ii.    Equipment Solutions shall maintain each unit of Equipment in compliance with all applicable original-equipment-manufacturer maintenance procedures and warranty policies, and the safety standards for over-the-road vehicles and emissions controls, and the Federal Motor Carrier Safety Act. Equipment Solutions will follow the applicable preventive maintenance schedule (See Schedule D) and Lessee shall cooperate by making the Equipment available for such scheduled maintenance in a timely manner.

    iii.    Lessee is responsible for all repairs and/or replacements caused by loss of or damage to the Equipment or its systems or components (including, but not limited to its tires, brakes, glass, mattresses, fire extinguishers, and triangle kits), resulting from (1) a collision or other serious accident, whether or not caused by Lessee; (2) abusive or negligent handling of the Equipment by Lessee (including but not limited to using excessive speed downhill and causing rear-end failures through spin-outs); (3) theft or vandalism, whether or not caused by Lessee; (4) Lessee's fuel starvation of the Equipment; (5) Lessee's engaging of the power-divider incorrectly; (6) Lessee's failure to drain air tanks daily following each use; or (7) any other act or omission of Lessee where such loss or damage could reasonably have been prevented. Any such repairs shall be performed only with the consent of Equipment Solutions and as set forth in this Lease. Lessee shall keep the Equipment interior clean and free of debris to allow for proper accomplishment of services and repairs; and Lessee shall defer all non-safety-related maintenance requests until the Equipment's next scheduled servicing. Lessee may also be responsible for inverter installations and removals (but only with Equipment Solutions' prior approval).

    iv.    Notwithstanding the foregoing, Equipment Solutions will provide road service (including towing) for Equipment mechanical and tire failures, caused by any failure on Equipment Solutions' part to perform, in a commercially reasonable manner, the maintenance and inspection services required by this Lease.

    v.    Lessee shall return the Equipment to a maintenance facility as set forth herein for inspection, preventive maintenance and repair at scheduled times as agreed upon by the parties. Any concerns Lessee has with the condition of the Equipment shall be promptly reported to Equipment Solutions and Lessee shall follow Equipment Solutions' reasonable instructions regarding the Equipment. Any concern Lessee has regarding the safe operations of the Equipment as to third-party safety, Lessee safety or protection of the Equipment hereby obligates Lessee to safely cease operations of the Equipment and provide verbal followed by written notice of all safety issues to Equipment Solutions. To prevent damage, Lessee shall also conduct pre-trip inspections of the Equipment, including checking oil and coolant levels, tire pressure, and any DOT-specified in-service item. In addition, Lessee agrees to have a full annual inspection pursuant to 49 C.F.R. § 396.17 performed on the Equipment at least once every 365 days and to have any necessary maintenance or repairs identified during that process performed and completed as required by Equipment Solutions. Lessee agrees to provide Equipment Solutions with a copy of the annual inspection report, as well as promptly forwarding to Equipment Solutions all other inspection, maintenance, and repair records for the Equipment, upon completion of such inspection, maintenance, or repair. Upon Equipment Solutions' request, Lessee shall permit Equipment Solutions to have access to the Equipment at all reasonable

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

times for the purpose of inspection and examination, including the periodic inspections mandated by this Lease, including Schedule D.

    vi.    Equipment Solutions shall have no responsibility for any repair or service to the Equipment away from its facilities or Equipment Solutions-approved facilities unless authorized by Equipment Solutions in writing and documented by a properly-receipted and itemized bill for such repairs or services, listing the Equipment Solutions' Unit Number for the Equipment. Lessee. Lessee at Lessee's expense, shall safely transport the Equipment to Equipment Solutions or the Equipment Solutions-approved facility for regular and emergency maintenance services.

    vii.    Equipment Solutions shall not be obligated to provide substitute vehicles or to pay for Lessee's hotel/lodging, meals, or other incidental or operating expenses while maintenance or repairs are being performed on the Equipment.

**c.**    **Modifications to Equipment.** Lessee shall make no addition, improvement, or modification to the Equipment, or change or remove any item that is or will be affixed to the Equipment unless Equipment Solutions gives Lessee written permission in advance. When Lessee returns the Equipment to Equipment Solutions, any item Lessee affixed with Equipment Solutions' approval may be removed only if Equipment Solutions reasonably determines that removal will not damage or lessen the value of the Equipment and Lessee pays for any such removal. Any alteration Equipment Solutions does not approve in writing shall be removed at Lessee's expense or retained by Equipment Solutions as its property, at Equipment Solutions' discretion.

**d.**    **Inspection/Use of Equipment in California**. The Lessee of Equipment (if a heavy-duty tractor) understands that when using Equipment to pull a long box-type trailer on a highway within California, the Equipment must be compliant with sections 95300-95312, title 17, California Code of Regulations, and that it is the responsibility of the Lessee to ensure the Equipment is compliant. The regulations may require the Equipment to have low-rolling-resistance tires that are U.S. Environmental Protection Agency (U.S. EPA) SmartWay Verified Technologies prior to current or future use in California, or may entirely prohibit use of the Equipment in California if it is a model year 2011 or later and is not a U.S. EPA SmartWay Certified, if a Tractor. Cal. Code Regs. tit. 17, § 95302(a)(42)(B) (emphasis in original).

**8.**    **TITLE TO AND LOCATION OF EQUIPMENT.**  As between Equipment Solutions and Lessee, Lessee shall have exclusive possession, control, and use of the Equipment for the duration of this Lease, and shall assume complete responsibility for the operation of the Equipment. However, Lessee is not buying the Equipment during this Lease. This Lease constitutes a lease and Equipment Solutions is merely allowing Lessee to use the Equipment, with an option to purchase it at the successful completion of the Lease Term. The Equipment shall at all times be and remain property of Equipment Solutions, notwithstanding that any items may now or hereafter be affixed to the Equipment, and title thereto shall at all times during this Lease remain in Equipment Solutions. The relationship between Equipment Solutions and Lessee shall always be only that of lessor and lessee. Lessee agrees that Equipment Solutions is entitled to and shall have the right to claim the following tax benefits with respect to the Equipment: (a) depreciation deductions for Federal Income Tax purposes and depreciation or cost recovery deductions for Iowa and any other applicable state income tax purposes, and (b) all items of income and deduction relating to this Lease.  Upon Equipment Solutions' request, Lessee agrees to affix a tag, plate or stencil to the Equipment showing Equipment Solutions' right, interest or title thereto.  Provided that Lessee is not in default in any manner, and subject to the terms of this Lease, Equipment Solutions agrees that it will not interfere with Lessee's quiet enjoyment and use of the Equipment during the Lease.

**9.**    **INDEMNIFICATION.** Lessee shall indemnify, defend, and hold Equipment Solutions and its assigns harmless from and against any claim (including any for which Equipment Solutions is not indemnified by its insurance) of direct, indirect, or consequential loss, damage, delay, fine, civil penalty, or expense, including reasonable attorneys' fees and costs of litigation (together "Damages") that Equipment Solutions incurs arising out of Lessee's (including Lessee's agents' or employees') negligence, gross negligence, willful misconduct, or other culpable acts or omissions in inspecting, maintaining, or using the Equipment or otherwise performing, or failing to perform, Lessee's obligations under this Lease. Lessee hereby authorizes Equipment Solutions to charge Lessee back for all amounts

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

due Equipment Solutions under this Section. The parties' obligations under this Section shall survive the expiration or earlier termination of this Lease as to events that occurred, or obligations incurred during its term.

10. **LIENS AND ENCUMBRANCES.** Lessee shall not directly or indirectly create or permit to exist and shall promptly and at Lessee's expense discharge, any lien, charge, or encumbrance on the Equipment, except for any lien, charge, or encumbrance resulting solely from the acts of Equipment Solutions.

11. **LOSS, DAMAGE OR DESTRUCTION.** Lessee is responsible for loss, damage, theft, or destruction of or to the Equipment. If the Equipment becomes lost, stolen, destroyed, irreparably damaged, confiscated, requisitioned, or commandeered (herein called a "Loss"), Lessee shall promptly notify Equipment Solutions thereof in writing and: (a) On the Lease Payment date following the date of such Loss, Lessee shall pay Equipment Solutions all accrued and unpaid Lease Payments owing for the Equipment for all periods commencing prior to such date; and (b) Equipment Solutions and Lessee agree to keep each other informed of any reporting information relating to the Loss and shall cooperate with each other and insurers in the investigation of the Loss.

12. **INSURANCE.** Lessee's obligations as to insurance shall be as set forth in attached <u>Schedule B</u> ("Insurance").

13. **DEFAULT.** Lessee shall be in default under this Lease upon the happening of any of the following events or conditions (herein called "Events of Default"):

    a. Lessee fails to make any Lease Payment, or other obligations owed to Equipment Solutions by Lessee, within fourteen (14) days of the payment due date.

    b. Lessee fails to perform or observe any other covenant, obligation, or agreement under this Lease, and such failure continues for ten (10) days after written notice by Equipment Solutions to Lessee.

    c. Lessee makes an assignment for the benefit of creditors, or bankruptcy, arrangement, reorganization, liquidation, insolvency, receivership, or dissolution proceedings shall be instituted by or against Lessee, and if instituted against Lessee, shall be consented to or be pending and not dismissed for a period of 30 days.

    d. Lessee abandons the Equipment or the Equipment or any part thereof, is taken via foreclosure, levy, execution, attachment or other process of law or equity enforced against Lessee.

    e. If, in Equipment Solutions' sole, reasonable opinion, Lessee neglects, abuses or misuses the Equipment in any way, threatens to sell or take unlawful possession of the Equipment, or otherwise takes any other action which Equipment Solutions reasonably believes threatens Equipment Solutions' interest in the Equipment or this Lease.

    f. If, during the term of this Lease, Lessee's ICOA with the Carrier designated above or such similar agreement with a carrier later approved pursuant to this Lease is terminated prior to the expiration of its term, or expires without immediate renewal.

14. **REMEDIES OF EQUIPMENT SOLUTIONS.** Upon the occurrence of an Event of Default, Equipment Solutions, in its sole discretion, may exercise any one or more of the remedies set forth below:

    a. Terminate this Lease immediately, upon written notice to Lessee.

    b. Declare the entire amount of unpaid Rent, Lease Payments, or other obligations then accrued for the Equipment immediately due and payable.

    c. Cause Lessee, at their expense, to promptly return the Equipment at such place as Equipment Solutions designates. If Lessee does not return the Equipment as instructed, Equipment Solutions may, without liability, enter on the premises where the Equipment is located, and without notice or process, take immediate possession of the Equipment.

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

**d.** Charge back to Lessee all accrued and unpaid Lease Payments or other obligations owing for the Equipment prior to the Event of Default.

**e.** Lessee will also be responsible for and pay to Equipment Solutions all expenses of any kind incurred by Equipment Solutions in enforcing its remedies, including reasonable attorney's fees, litigation expenses, and costs. All remedies hereunder are cumulative and are in addition to any other remedies provided for by law and may, to the extent permitted by law, be exercised concurrently or separately. The exercise of any one remedy shall not be deemed to be an election of such remedy or to preclude the exercise of any other remedy.

**15. FURTHER ASSURANCES.** Lessee shall promptly execute and deliver [including circumstances where Lessee changes Carrier] to Equipment Solutions any documents and take such further action as Equipment Solutions may reasonably request to effectively carry out this Lease and to protect the rights and remedies of Equipment Solutions hereunder. Lessee authorizes Equipment Solutions to sign and execute any and all necessary forms to protect Equipment Solutions' rights and remedies related to the Equipment, including, but not limited to insurance claims, financing statements under the Uniform Commercial Code, and appropriate consents and waivers.

**16. ASSIGNMENT.** The provisions of this Lease shall be binding upon, and shall inure to the benefit all of Equipment Solutions' assigns and successors, and any permitted successors and assigns of Lessee.

**a.** Without Equipment Solutions' prior written consent, Lessee shall not assign any of Lessee's rights hereunder or sublet or transfer the Equipment, which Equipment Solutions' consent shall be conditioned upon Lessee remaining liable for the full and faithful performance of all obligations of Lessee under this Lease. Lessee may sublease the Equipment, but only in accordance with this Lease.

**b.** Equipment Solutions may, at any time, with or without notice to Lessee, sell, transfer, assign, mortgage, and grant a security interest in this Lease, any Schedule, and the Equipment, in whole or in part, and in such event any such purchaser, transferee, assignee, or secured party will have the same rights as Equipment Solutions' hereunder. If any such sale, transfer, assignment, mortgage or security interest occurs, Lessee will still have the same rights and options, if any, in this Lease so long as no Event of Default then exists.

**17. NOTICES.** All notices required by this Lease shall be in writing and shall be deemed to have been given when delivered personally; when mailed with proper postage, for first class mail prepaid, addressed to Equipment Solutions or Lessee, as the case may be, at their respective addresses as set forth herein or at such other address as either of them shall designate in writing to the other, or in the case of Equipment Solutions' assigns, at the addresses designated by them in writing; when deposited with an overnight delivery company with the express charges prepaid and properly addressed to the other party at the foregoing addresses.

**18. LATE CHARGES.** If Lessee fails to pay any Lease Payment when the same becomes due, Lessee shall, upon written demand from Equipment Solutions, pay interest on such delinquent payment from the due date until paid (without regard to any grace period) at the lower of one and one-half percent (1-1/2%) per month or the maximum rate of interest permitted by law. If Lessee fails to pay on time and Equipment Solutions must refer Lessee's account to a third party for collection, a collection fee will be assessed by Equipment Solutions and will be due at the time of the referral to the third party. The fee will be calculated as a percentage of the amount due to the extent permitted, or not otherwise prohibited, by applicable law. Collection fees are intended to be a reasonable advance estimate of actual costs resulting from late payments and non-payments, which are not readily ascertainable and are difficult to predict.

**19. PURCHASE OF THE EQUIPMENT.** IF LESSEE IS NOT IN DEFAULT, LESSEE MAY PURCHASE THE EQUIPMENT AT THE EXPIRATION OF THE LEASE TERM FOR THE STIPULATED LOSS VALUE AT THE TIME, AS SHOWN ON <u>SCHEDULE A</u>, WHICH VALUE INCLUDES ADMINISTRATIVE-COST REIMBURSEMENTS AND MARKUPS BENEFITING EQUIPMENT SOLUTIONS. IN ADDITION, LESSEE MAY REQUEST TERMINATION OF THIS LEASE IN ORDER TO PURCHASE THE EQUIPMENT AT ANY TIME DURING THE LEASE. IF EQUIPMENT SOLUTIONS, IN ITS SOLE DISCRETION, GRANTS SUCH

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

REQUEST, SUCH TERMINATION SHALL BECOME EFFECTIVE, AND LESSEE SHALL RECEIVE TITLE TO THE EQUIPMENT, ONLY ON PAYMENT OF THE STIPULATED LOSS VALUE AT THE TIME AS SHOWN ON SCHEDULE A, WHICH VALUE INCLUDES ADMINISTRATIVE-COST REIMBURSEMENTS AND MARKUPS BENEFITING EQUIPMENT SOLUTIONS, PLUS ALL ACCRUED AND UNPAID LEASE PAYMENTS OWING FOR THE EQUIPMENT FOR ALL PERIODS COMMENCING PRIOR TO SUCH TERMINATION.

20. **RETURN OF EQUIPMENT.** Unless Lessee purchases the Equipment pursuant to this Lease, Lessee shall return the Equipment to Equipment Solutions, at Lessee's expense, at the expiration or termination of this Lease, to 3930 16th Avenue, SW, Cedar Rapids, Iowa or other location as instructed by Equipment Solutions, in the same Good Operating Condition as when leased, excepting only reasonable wear and tear from normal use, together with any license plates, registration certificates, or other equipment or documents, owned or in the name of Equipment Solutions, relating to the Equipment. Upon Lessee's request, Equipment Solutions may, in its sole discretion, allow Lessee to retain some or all of such license plates or other documents. Unless otherwise agreed by Equipment Solutions, Lessee shall give Equipment Solutions at least twenty (20) days' notice of the return of the Equipment. At the expiration of this Lease, Equipment Rent will continue to accrue until such time as the Equipment is returned to the designated location. In addition, if Lessee does not timely return the Equipment to the location as instructed by Equipment Solutions, Equipment Solutions may, but is not required to, retrieve the Equipment, in which case Lessee will be charged the fee incurred by Equipment Solutions to recover the Equipment. This recovery fee is not an exclusive remedy for Lessee's failure to return the Equipment in compliance with this Lease and does not preclude Equipment Solutions from enforcing other rights or recovering any other remedies to which Equipment Solutions is entitled under this Lease.

21. **MISCELLANEOUS.** This Lease (including all Schedules and addendums executed by Lessee and Equipment Solutions) constitutes the entire agreement between Equipment Solutions and Lessee with respect to the leasing of the Equipment, and fully replaces and supersedes all prior agreements and undertakings (including attachments), oral and written, express or implied, or practices between the parties, relating to the same subject matter. No provision of this Lease may be changed, waived, discharged or terminated except by a written document, signed by both parties, except that Equipment Solutions may insert the serial number of the Equipment on any Schedule. If any provision (including any sentence or part of a sentence) of this Lease is declared invalid for any reason, such provision shall be deemed ineffective without invalidating the other provisions hereof. If Lessee fails to perform any of their obligations under the Lease, Equipment Solutions may, but shall not be obligated to, perform the same without thereby waiving such default, and any amount paid or expense or liability incurred by Equipment Solutions in such performance shall be paid or reimbursed by Lessee upon Equipment Solutions' demand.

22. **GOVERNING LAW.** This Lease shall in all respects be governed by and construed in accordance with the laws of the United States and, except as otherwise provided herein, the State of Iowa, without regard to the choice-of-law rules of Iowa or any other jurisdiction. THE PARTIES AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS LEASE, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING LINN COUNTY, IOWA. EQUIPMENT SOLUTIONS AND LESSEE HEREBY CONSENT TO THE JURISDICTION OF SUCH COURTS.

23. **PERSONAL PROPERTY**. Equipment Solutions is not liable for loss or damage to personal property that Lessee or anyone else carries or keeps in the Equipment. If Lessee or anyone else has personal property in the Equipment at the time Equipment Solutions secures possession of the Equipment under this Lease, Equipment Solutions shall not be liable for any damage to, loss of, or disposition of such property.

24. **CONSENT TO CONDUCT BUSINESS USING ELECTRONIC METHODS**. Equipment Solutions and Lessee consent to conduct business using any method permitted by applicable law. This consent encompasses the use of electronic methods (including email correspondence) to transmit and effect the signature of any document related to or required by this Lease. The parties agree that any document signed by facsimile, e-mail or other means of electronic transmission is deemed to have the same legal effect as delivery of an original paper document or handwritten signature.

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

**Lessee and Equipment Solutions hereby execute this Equipment Lease on , at <u>12: 01</u> <u>a</u>.m.**

**BY SIGNING BELOW, LESSEE ACKNOWLEDGES THAT:**
- **VEHICLES SUITABLE FOR LESSEE'S PROVISION OF SERVICES UNDER INDEPENDENT CONTRACTOR OPERATING AGREEMENTS WITH CRST EXPEDITED, INC. d/b/a CRST THE TRANSPORTATION SOLUTION, INC., AND OTHER MOTOR CARRIERS ARE AVAILABLE FOR PURCHASE OR LEASE FROM NUMEROUS COMPANIES OTHER THAN CRST EQUIPMENT SOLUTIONS, INC.;**
- **LESSEE IS FREE TO LEASE A VEHICLE OBTAINED FROM ANOTHER SOURCE TO SUCH CARRIERS; AND**
- **LESSEE IS <u>NOT</u> REQUIRED TO SIGN THIS EQUIPMENT LEASE AS A CONDITION OF ENTERING INTO AN INDEPENDENT CONTRACTOR OPERATING AGREEMENT WITH ANY SUCH CARRIERS.**

**LESSEE**

By  **X** *Anthony Hicks*                        Title <u>Owner</u>                Date 01 / 16 / 2025

Printed Name    Anthony Hicks

**EQUIPMENT SOLUTIONS**
By */s/*                         *Michelle Witherspoon*                        Date 01 / 16 / 2025

Printed Name:    Michelle Witherspoon

**<u>PERSONAL</u> <u>GUARANTY</u>:  In consideration of Equipment Solutions' entering into the above Lease with Lessee and other good and valuable consideration, which is acknowledged to have been received, the undersigned jointly and severally unconditionally guarantee the due, regular, and punctual payment of all Lease Payments due and the prompt performance of all of Lessee's obligations and duties under the above Lease. Equipment Solutions shall not be required to exhaust its remedies against Lessee or the Equipment as a condition of recovery under this guaranty. The undersigned waives any right to notice or of consent to acceptance of this guaranty, or default, failure to perfect a security interest, amendment, release, settlement, extension, or compromise of the Lease, the Equipment, or Lessee. The obligations under this guaranty shall survive any initiation by or against Lessee of insolvency or bankruptcy proceedings. This guaranty is effective as of the earlier of the Start Date of the above Lease or the date of signature hereof by the undersigned.**

Guarantor's Signature _____        Guarantor's Signature_____

Printed Name _____        Printed Name _____

Street Address _____        Street Address _____

City, State, Zip Code_____        City, State, Zip Code_____

Date _____        Date _____

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

# CERTIFICATE OF ACCEPTANCE OF LEASED EQUIPMENT

Lessee certifies that the Equipment identified as follows:

| EQUIPMENT DESCRIPTION | | | | | | | |
|---|---|---|---|---|---|---|---|
| **YEAR** | 2021 | **MAKE** | FRTL | **MODEL** | CASCADIA | **ENGINE TYPE** | DD15 |
| **VIN** | | **MILEAGE** | 574264 | **UNIT #** | 104338 | | |

3AKJHHDR2MSMA9747

has been received by Lessee; that all necessary installations have been completed; that Lessee has inspected the Equipment before signing the Lease and found the Equipment to be in Good Operating Condition; that, in all respects, the Equipment is satisfactory to Lessee; and that the Equipment is accepted "as is" by Lessee for all purposes under the Lease. The Equipment is correctly described in this Lease, and Equipment Solutions is authorized to insert serial numbers on the Lease.

**LESSEE**

By **X** *Anthony Hicks*

Printed Name ___Anthony Hicks_____ Title _____

Date Accepted ___01 / 16 / 2025_____

Location Where Delivery of Equipment Was Made: ___Mableton_____, ___GA___.
                                                         City           State

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

**CRST Equipment Solutions, Inc.**
3930 16th Avenue, SW
Cedar Rapids, IA 52404
Phone: (319) 289-7850
lpc@crst.com

## AUTHORIZATION AND ASSIGNMENT

To: CRST Expedited, Inc. d/b/a CRST The Transportation Solution, Inc. ("Carrier")

1. The undersigned Lessee hereby authorizes and directs Carrier to pay CRST Equipment Solutions, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa 52404 ("Equipment Solutions"), the Equipment Rent, and all other items owed to Equipment Solutions under the Equipment Lease entered into by Lessee and Equipment Solutions on 01 / 17 / 2025 ("Lease") (Equipment Rent and all other items collectively referred to as "Lease Payments") in varying amounts communicated by Equipment Solutions to Carrier each week, and to deduct these amounts from Lessee's weekly settlement under Lessee's Independent Contractor Operating Agreement ("ICOA") with Carrier. The weekly deductions shall begin on the First Lease Payment Date shown on the page 1 of the Lease and weekly thereafter for 49 (__) consecutive weeks or until the balance due has been paid to Equipment Solutions.

2. If Lessee's ICOA with Carrier expires or is terminated for any reason and a subsequent carrier is not approved by Equipment Solutions, Carrier is hereby authorized and directed to use all final settlement compensation, escrow funds, or other amounts due Lessee under the ICOA, after deducting amounts due Carrier, to pay Equipment Solutions any Lease Payment amounts still owed by Lessee to Equipment Solutions, except as provided in herein, and only thereafter to pay the balance to Lessee.

3. At such time as Lessee's ICOA with Carrier expires or is terminated, Carrier is authorized and directed to immediately notify Equipment Solutions of the expiration or termination.

4. Carrier is authorized and directed to supply Equipment Solutions, upon request, a copy of Lessee's ICOA.

**LESSEE**

By **X** _Anthony Hicks_ Title _____ Date 01 / 16 / 2025

Printed Name _Anthony Hicks_

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

## STIPULATED LOSS VALUE SCHEDULE

The parties to this Agreement agree that the Stipulated Loss Value of the Equipment is the amount shown below for each payment period
with an implied interest rate of  percent.

Truck #    104338

| No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/7/2025 | $ 49,213 | 53 | | | 105 | | | 157 | | | 209 | | |
| 2 | 2/14/2025 | $ 48,852 | 54 | | | 106 | | | 158 | | | 210 | | |
| 3 | 2/21/2025 | $ 48,490 | 55 | | | 107 | | | 159 | | | 211 | | |
| 4 | 2/28/2025 | $ 48,128 | 56 | | | 108 | | | 160 | | | 212 | | |
| 5 | 3/7/2025 | $ 47,765 | 57 | | | 109 | | | 161 | | | 213 | | |
| 6 | 3/14/2025 | $ 47,401 | 58 | | | 110 | | | 162 | | | 214 | | |
| 7 | 3/21/2025 | $ 47,036 | 59 | | | 111 | | | 163 | | | 215 | | |
| 8 | 3/28/2025 | $ 46,670 | 60 | | | 112 | | | 164 | | | 216 | | |
| 9 | 4/4/2025 | $ 46,304 | 61 | | | 113 | | | 165 | | | 217 | | |
| 10 | 4/11/2025 | $ 45,937 | 62 | | | 114 | | | 166 | | | 218 | | |
| 11 | 4/18/2025 | $ 45,569 | 63 | | | 115 | | | 167 | | | 219 | | |
| 12 | 4/25/2025 | $ 45,201 | 64 | | | 116 | | | 168 | | | 220 | | |
| 13 | 5/2/2025 | $ 44,831 | 65 | | | 117 | | | 169 | | | 221 | | |
| 14 | 5/9/2025 | $ 44,461 | 66 | | | 118 | | | 170 | | | 222 | | |
| 15 | 5/16/2025 | $ 44,090 | 67 | | | 119 | | | 171 | | | 223 | | |
| 16 | 5/23/2025 | $ 43,718 | 68 | | | 120 | | | 172 | | | 224 | | |
| 17 | 5/30/2025 | $ 43,346 | 69 | | | 121 | | | 173 | | | 225 | | |
| 18 | 6/6/2025 | $ 42,973 | 70 | | | 122 | | | 174 | | | 226 | | |
| 19 | 6/13/2025 | $ 42,599 | 71 | | | 123 | | | 175 | | | 227 | | |
| 20 | 6/20/2025 | $ 42,224 | 72 | | | 124 | | | 176 | | | 228 | | |
| 21 | 6/27/2025 | $ 41,848 | 73 | | | 125 | | | 177 | | | 229 | | |
| 22 | 7/4/2025 | $ 41,471 | 74 | | | 126 | | | 178 | | | 230 | | |
| 23 | 7/11/2025 | $ 41,094 | 75 | | | 127 | | | 179 | | | 231 | | |
| 24 | 7/18/2025 | $ 40,716 | 76 | | | 128 | | | 180 | | | 232 | | |
| 25 | 7/25/2025 | $ 40,337 | 77 | | | 129 | | | 181 | | | 233 | | |
| 26 | 8/1/2025 | $ 39,958 | 78 | | | 130 | | | 182 | | | 234 | | |
| 27 | 8/8/2025 | $ 39,577 | 79 | | | 131 | | | 183 | | | 235 | | |
| 28 | 8/15/2025 | $ 39,196 | 80 | | | 132 | | | 184 | | | 236 | | |
| 29 | 8/22/2025 | $ 38,814 | 81 | | | 133 | | | 185 | | | 237 | | |
| 30 | 8/29/2025 | $ 38,431 | 82 | | | 134 | | | 186 | | | 238 | | |
| 31 | 9/5/2025 | $ 38,047 | 83 | | | 135 | | | 187 | | | 239 | | |
| 32 | 9/12/2025 | $ 37,663 | 84 | | | 136 | | | 188 | | | 240 | | |
| 33 | 9/19/2025 | $ 37,277 | 85 | | | 137 | | | 189 | | | 241 | | |
| 34 | 9/26/2025 | $ 36,891 | 86 | | | 138 | | | 190 | | | 242 | | |
| 35 | 10/3/2025 | $ 36,504 | 87 | | | 139 | | | 191 | | | 243 | | |
| 36 | 10/10/2025 | $ 36,116 | 88 | | | 140 | | | 192 | | | 244 | | |
| 37 | 10/17/2025 | $ 35,728 | 89 | | | 141 | | | 193 | | | 245 | | |
| 38 | 10/24/2025 | $ 35,338 | 90 | | | 142 | | | 194 | | | 246 | | |
| 39 | 10/31/2025 | $ 34,948 | 91 | | | 143 | | | 195 | | | 247 | | |
| 40 | 11/7/2025 | $ 34,557 | 92 | | | 144 | | | 196 | | | 248 | | |
| 41 | 11/14/2025 | $ 34,165 | 93 | | | 145 | | | 197 | | | 249 | | |
| 42 | 11/21/2025 | $ 33,772 | 94 | | | 146 | | | 198 | | | 250 | | |
| 43 | 11/28/2025 | $ 33,379 | 95 | | | 147 | | | 199 | | | 251 | | |
| 44 | 12/5/2025 | $ 32,985 | 96 | | | 148 | | | 200 | | | 252 | | |
| 45 | 12/12/2025 | $ 32,589 | 97 | | | 149 | | | 201 | | | 253 | | |
| 46 | 12/19/2025 | $ 32,193 | 98 | | | 150 | | | 202 | | | 254 | | |
| 47 | 12/26/2025 | $ 31,796 | 99 | | | 151 | | | 203 | | | 255 | | |
| 48 | 1/2/2026 | $ 31,399 | 100 | | | 152 | | | 204 | | | 256 | | |
| 49 | 1/9/2026 | $ 31,000 | 101 | | | 153 | | | 205 | | | 257 | | |
| 50 | | | 102 | | | 154 | | | 206 | | | 258 | | |
| 51 | | | 103 | | | 155 | | | 207 | | | 259 | | |
| 52 | | | 104 | | | 156 | | | 208 | | | 260 | | |

**This SCHEDULE A, which completely replaces and supersedes any earlier schedule, addendum, or other provision of this lease relating
to the same subjects, is agreed to by the undersigned parties as of the latest date set forth below:**

LESSEE *Anthony Hicks*

By: _____
Signature

Anthony Hicks
Printed Name and Title

01 / 16 / 2025
Date

LESSOR: **CRST Lincoln Sales, Inc.**

*Michelle Witherspoon*

By: _____
Signature

Michelle Witherspoon
Printed Name and Title

01 / 17 / 2025
Date

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

**SCHEDULE B**

**INSURANCE**

1. <u>**LESSEE'S INSURANCE OBLIGATIONS.**</u> Lessee shall procure, carry, and maintain, at Lessee's sole expense, the following minimum insurance coverages during this Lease:

    a. <u>**Non-Trucking (Bobtail) Liability Insurance.**</u> Commercial automobile liability insurance which shall provide coverage to Lessee whenever the Equipment is not being operated on behalf of, or in the business, of a motor carrier (including, but not limited to, whenever the Equipment is being operated on behalf of Lessee alone) in a combined single limit of not less than one million dollars ($1,000,000), with a deductible no greater than one thousand dollars ($1,000), for injury or death to any person or for damages to property in any one occurrence. Such coverage shall be primary to any other insurance that may be available from Equipment Solutions. Lessee shall be responsible for all deductible amounts and for any loss or damage in excess of the policy limit. Lessee shall also provide Equipment Solutions with a certificate of insurance evidencing the foregoing insurance, and naming Equipment Solutions as additional insured.

    b. <u>**Physical Damage Insurance**</u>. Physical damage insurance that will provide coverage to Lessee at all times in a combined single limit of no less than the Stipulated Loss Value of the Equipment as shown in <u>Schedule A</u> for the next date after the occurrence, with a deductible no greater than two thousand five hundred dollars ($2,500), for physical loss or damage to the Equipment (including theft and collision for Equipment consisting of motor vehicles) in any one occurrence. Such coverage shall be primary to any other insurance that may be available from Equipment Solutions. Lessee shall be responsible for all deductible amounts and for any loss or damage in excess of the policy limit. Equipment Solutions shall be named as Loss Payee on Lessee's physical damage insurance.

    c. <u>**Other Insurance.**</u> In addition to the insurance coverages required under Sections 1(a)-(b) above, it is solely Lessee's responsibility to procure, carry, and maintain any other insurance coverage that Lessee may desire for the Equipment or for Lessee's health care or other needs. Lessee holds Equipment Solutions harmless with respect to loss of or damage to Lessee's Equipment, trailer, or other property, and Equipment Solutions has no responsibility to procure, carry, or maintain any insurance covering loss of or damage to Lessee's Equipment, trailer, or other property. Lessee acknowledges that Equipment Solutions may, and Lessee hereby authorizes Equipment Solutions to, waive, reject, or reduce no-fault, uninsured, and underinsured motorist coverage from Equipment Solutions' insurance policies to the extent allowed under applicable laws Equipment Solutions, and Lessee shall cooperate in the completion of all necessary documentation for such waiver, election, rejection, or reduction.

2. <u>**REQUIREMENTS APPLICABLE TO ALL OF LESSEE'S INSURANCE COVERAGES.**</u> Lessee shall procure insurance policies providing the above-described coverages solely from insurance carriers that are AM Best "A"-rated (or of equivalent financial strength in the commercially reasonable judgment of Equipment Solutions), and Lessee shall not operate the Equipment under this Lease unless and until Equipment Solutions has determined that the policies are acceptable (Equipment Solutions' approval shall not be unreasonably withheld). Lessee shall furnish to Equipment Solutions written certificates (and policies if requested by Equipment Solutions) obtained from Lessee's insurance carrier or carriers showing that all coverages required by this Lease have been procured from insurance carriers that are AM Best "A"-rated (or of equivalent financial strength in the commercially reasonable judgment of Equipment Solutions), that the coverages are being properly maintained, and that the premiums thereof are paid. Each insurance certificate shall specify the name of the insurance carrier, the policy number, the expiration date, list Equipment Solutions and Equipment Solutions' assigns as additional insureds with primary coverage, and show that written notice of cancellation or modification of the policy shall be given to Equipment Solutions and Equipment Solutions' assigns at least thirty (30) days prior to such cancellation or modification.

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

3. **LESSEE'S LIABILITY IF REQUIRED COVERAGES ARE NOT MAINTAINED.** In addition to Lessee's indemnity obligations to Equipment Solutions under this Lease, Lessee agrees to defend, indemnify, and hold Equipment Solutions harmless from any direct, indirect, or consequential loss, damage, fine, expense, including reasonable attorney fees, actions, claim for injury to persons, including death, and damage to property that Equipment Solutions may incur arising out of or in connection with Lessee's failure to maintain the insurance coverages required by this Lease. In addition, Lessee, on behalf of Lessee's insurer, expressly waives all subrogation rights against Equipment Solutions, and, in the event of a subrogation action brought by Lessee's insurer, Lessee agrees to defend, indemnify, and hold Equipment Solutions harmless from such claim.

   This SCHEDULE B, which completely replaces and supersedes any earlier schedule, addendum, or other provisions of this Lease relating to the same subjects, is agreed to by the undersigned parties as of the latest date set forth below:

LESSEE

By: **X** *Anthony Hicks*
    _____
    Signature

Anthony Hicks
_____
Printed Name and Title

01 / 16 / 2025
_____
Date

EQUIPMENT SOLUTIONS: CRST Equipment Solutions, Inc.

                    *Michelle Witherspoon*
By:
    Signature

    01 / 16 / 2025
    _____
    Date

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

**SCHEDULE C**

**Miscellaneous Overall Lease Payment Items**.  Lessee agrees to pay Equipment Solutions applicable Lease Payment items, including, but not limited to, the items set forth in the table below, in the next-following weekly Lease Payment. Where no dollar figure is listed in the table below, the amount will be computed as indicated in the column headed "Amount or Method of Computation."  Except as otherwise indicated in that column, (a) Equipment Solutions shall charge Lessee no administrative ("admin.") fee or markup and (b) Equipment Solutions shall credit Lessee with all rebates, discounts, credits, or refunds that correspond to particular charge-backs or deductions that Equipment Solutions receives while this Lease is in effect or, in the case of taxes and fees, even after this Lease is terminated.

| LEASE PAYMENT ITEM | AMOUNT OR METHOD OF COMPUTATION |
|---|---|
| **Changes, alterations, modifications, improvements** in the Equipment required by law, approved by Equipment Solutions, or removed at Lessee's expense because not approved by Equipment Solutions | Amount Equipment Solutions paid or otherwise incurred |
| **Claims, losses, damages, or expenses** (including reasonable attorneys' fees) under Lease | Amount Equipment Solutions paid or otherwise incurred, as further specified in Lease |
| **Equipment Purchase** | *See* Lease § 19 and Schedule A |
| **Equipment Rent** | *See* table on page 1 of Lease.  Equipment Rent payments include administrative-cost reimbursements and markups benefiting Equipment Solutions as well as interest and Mileage Charges |
| **Federal Heavy Highway Vehicle Use Tax** | $10.58 per week (the $550 annual tax divided by 52 weeks) |
| **Late Charges** on amount of Equipment Rent and other charges due under Lease § 18 | 1.5% per month (18% annually) or maximum lawful rate if less |
| **Licenses, permits, taxes, other operating expenses**, related levies, fines, penalties, liens, and encumbrances pursuant to Lease § 2 | Amount Equipment Solutions paid or otherwise incurred, including administrative-cost reimbursements and markups benefiting Equipment Solutions |
| **Termination-related expenses and losses - Equipment** Rent and all other amounts due under this Lease | Actual amount Equipment Solutions paid or otherwise incurred |

**Supporting Information**.  Equipment Solutions shall provide Lessee with a written explanation and itemization of any amounts owed pursuant to this Lease. With respect to all amounts in the table above, Equipment Solutions shall make available to Lessee, upon request, copies of those documents that are necessary to determine the validity of the amount.

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

**THIS SCHEDULE C, which completely replaces and supersedes any earlier schedule, addendum, or other provisions of this Lease relating to the same subjects, is agreed to by the undersigned parties as of the latest date set forth below.**

LESSEE

By: **X** *Anthony Hicks*

Anthony Hicks

Printed Name and Title

01 / 16 / 2025

Date

EQUIPMENT SOLUTIONS: CRST Equipment Solutions, Inc.

By: *Michelle Witherspoon*

Michelle Witherspoon Lease Manager

Printed Name and Title

01 / 16 / 2025

Date

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

**<u>SCHEDULE D</u>**

During the term of the Lease, Equipment Solutions shall furnish, at Equipment Solutions' expense, maintenance services for the Equipment subject to this Lease, at an operational level that is sufficient to perform in a safe and timely manner, the intended and customary functions of the Equipment in accordance with the maintenance schedules found at the following link:[1]

https://careers.crst.com/lease-intervals

---

[1] Maintenance schedules found at this link are subject to change based on manufacturer requirements and recommendations, or as required by ES policies and procedures or applicable law.

Document Ref: BJMKT-8RR2A-6KAEK-9QUB3

# Signature Certificate

Reference number: BJMKT-8RR2A-6KAEK-9QUB3

| Signer | Timestamp | Signature |
|---|---|---|

**Michelle Witherspoon**
Email: lpc1@crst.com

| | | |
|---|---|---|
| Sent: | 16 Jan 2025 20:52:43 UTC | |
| Signed: | 16 Jan 2025 20:52:44 UTC | |

IP address: 32.143.207.154
Location: Birmingham, United States

**Anthony Hicks**
Email: ███████████████████

| | | |
|---|---|---|
| Sent: | 16 Jan 2025 20:52:43 UTC | |
| Viewed: | 16 Jan 2025 22:15:11 UTC | |
| Signed: | 16 Jan 2025 22:18:21 UTC | |

**Recipient Verification:**

✔ Email verified       16 Jan 2025 22:15:11 UTC

IP address: ███████████
Location: Antioch, United States

Document completed by all parties on:
16 Jan 2025 22:18:21 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature
solution trusted by 50,000+ companies worldwide.



# EXHIBIT B

# W&J Brooke Transport LLC's Equipment Lease

# Equipment Lease

**CRST Equipment Solutions, Inc.**
3930 16th Avenue, SW
Cedar Rapids, IA  52404
Phone: (319) 289-7850
lpc@crst.com

Lessee Business Name: **Anthony Hicks**

DBA (If Applicable): **W & J Brooke Transport LLC**

Street Address: **1464 Grosbeak PL SW**

City/State/Zip: **Shallotte, NC 28470**

Contact/Principle Business Owner: Phone ▆▆▆▆▆▆ Email ▆▆▆▆▆▆▆▆▆▆

**OPERATION TYPE** (See Section 3 below regarding Team Operation obligations)   Check One:   [☑] **Solo** [ ] **Team**

| EQUIPMENT DESCRIPTION | | | | | | | |
|---|---|---|---|---|---|---|---|
| **YEAR** | 2022 | **MAKE** | FRTL | **MODEL** | CASCADIA | **ENGINE TYPE** | DD15 |
| **VIN** | 3AKJHHDR2NSNC1210 | | | **MILEAGE** | 541651 | **UNIT #** | 104542 |

| LEASE TERMS | | |
|---|---|---|
| **START DATE** | **LENGTH (WEEKS)** | **BASE RENT\* (WEEKLY)** |
| 01 / 21 / 2025 | 70 | $465 |
| **FIRST LEASE PAYMENT DATE** <br> 02 / 14 / 2025 | **SECURITY DEPOSIT** <br> $0.00 | **IMPLIED INTEREST RATE** <br> 11% |
| **TOTAL LEASE PAYMENTS** <br><br> $32550 | **PURCHASE PRICE/STIP LOSS VALUE** <br><br> $31,000 | **MILEAGE CHARGE\*** [Check One] <br> (●) ] **Flatbed** <br> $.20 per mile for all dispatched miles (loaded and empty) as included on Electronic On-Board Recorder (EOBR) dispatch information <br><br> ( ) ] **Van** <br> $.16 per mile for all dispatched miles (loaded and empty) as included on EOBR dispatch information |
| **CARRIER\*\*** <br> **CRST Expedited, Inc. d/b/a CRST The Transportation Solution, Inc.** <br> **MC#114273** <br> **1332 Edgewood Rd SW** <br> **Cedar Rapids, IA 52404** | | |

\*Base Rent and Mileage Charge payments include administrative cost reimbursements and markups benefiting CRST Equipment Solutions, Inc.

\*\* See also Section 2(e) below.

This **Equipment Lease (With Maintenance)**, including all attached Schedules and addendums (collectively "Lease") is entered into by and between Lessor, CRST Equipment Solutions, Inc., an Iowa corporation ("Equipment Solutions"), with its principal place of business at 3930 16th Avenue, SW, Cedar Rapids, IA 52406-0068, and the above-named Lessee.

1.   **LEASE OF EQUIPMENT.** Equipment Solutions shall lease to Lessee the vehicle(s) described above, (the "Equipment"), on the terms and conditions in this Lease. **Lessee acknowledges Lessee is not required to enter into this Lease and could have, prior to entering this Lease with Equipment Solutions, chosen to lease similar equipment from another equipment leasing company**.

2.   **LEASE TERMS AND PAYMENTS.**

   a.   **Length.** The lease length is specified in the table above.

   b.   **Lease Payments.** The Equipment rent shall consist of the weekly Base Rent Payments (including an implied interest assessment) and Mileage Charges (which is additional rent determined in Equipment Solutions' sole discretion based on wear and tear of the Equipment) (referred to as "Equipment Rent"), which includes administrative-cost reimbursements and markups benefiting Equipment Solutions. The Equipment Rent and all other items owed to Equipment Solutions under the Lease ("Lease Payments") shall be due and payable, starting on the First Lease Payment Date specified on the cover page above, and weekly thereafter. All Lease Payments shall be payable, without notice or demand, at the above address of Equipment Solutions or at such other place as Equipment Solutions designates in writing.

   c.   **Additional Obligations.** In addition to the Lease Payments and except to the extent Carrier expressly assumes the following obligations through the ICOA (defined below), Lessee shall be responsible for acquiring and paying for any plates, licenses, or permits necessary to operate the Equipment and any federal, state, or local taxes and fees, including the Federal Heavy Vehicle Use Tax, registration fees, weight-distance taxes, state property taxes, sales taxes (including in connection with this Lease transaction), highway use taxes, ferry, bridge, tunnel, and road tolls, or other charges assessed against the Equipment arising from Lessee's use, as well as all fuel costs, fuel taxes, empty mileage, loading and unloading expenses, detention and accessorial charges, and any other costs of operating the Equipment. Lessee's liability for these taxes, fees, and other expenses shall survive the expiration of this Lease.

   d.   **Method of Payment.** Lessee agrees to timely pay all Lease Payments to Equipment Solutions. Lessee may arrange for the motor carrier to which Lessee has leased the Equipment pursuant to a written agreement contemplated by 49 C.F.R. Part 376 (an Independent Contractor Operating Agreement, hereafter "ICOA") to deduct the Lease Payments from Lessee's earned and available settlement compensation and/or escrow fund balances under the ICOA ("ICOA Funds") and remit them to Equipment Solutions. **Notwithstanding anything to the contrary, if Lessee elects to have Carrier deduct and remit Lease Payments to Equipment Solutions on Lessee's behalf, Lessee remains responsible for all Lease Payments and, in the event Carrier fails to make timely payment of any Lease Payment, Lessee agrees to immediately make payment of such to Equipment Solutions**.

   e.   **Portability**. The Equipment shall be operated under the proper licenses, permits and motor carrier authority by Lessee pursuant to an ICOA in effect between Lessee and a lawfully operating for-hire or private motor carrier with sufficient financial strength. In the event the ICOA between Lessee and the Carrier identified on the cover page of this Lease is no longer in effect, and Lessee signs an independent contractor agreement with another motor carrier, then Equipment Solutions may, in its sole discretion, approve Lessee's continued exclusive possession, control, and use of the Equipment as set forth herein, but such other motor carrier must have the capability and willingness to deduct Lessee's Lease Payments from Lessee's compensation under its agreement with the new motor carrier and remit them to Equipment Solutions as stated in the Authorization and Assignment attached hereto. For Equipment Solutions to approve Lessee's continued possession, control and use of the Equipment in these instances, the following conditions must also be satisfied.

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

i. Lessee does not owe Equipment Solutions any Lease Payments;

ii. The new motor carrier: (i) does not have, and has not had at any time within the preceding two (2) years, an "Unsatisfactory" or "Conditional" safety rating from the Federal Motor Carrier Safety Administration, the; and

iii. Lessee gives ten (10) days' written notice of Lessee's intention to change motor carriers.

3. **OPERATION TYPE: TEAM OR SOLO.** Lessee agrees to operate the Equipment as Team or Solo as designated on the cover page above. If at any time during this Lease, Lessee desires to change Operation Type, Lessee must provide a written request to Equipment Solutions to change Operation Type, but Equipment Solutions may in its sole discretion approve or deny such request, and any change in Operation Type may require additional terms and conditions mutually agreeable to the parties. Unless and until Equipment Solutions approves a request, the terms and conditions of this Lease shall continue to apply; provided, however, that any Solo Operation that desires to change to a Team Operation will be responsible for any corresponding increase in Lease Payments associated with Team Operations from the date the Solo Operation brings on a team driver.

4. **DELIVERY AND ACCEPTANCE.** Equipment Solutions will provide Lessee a choice of Equipment. Equipment Solutions is not responsible for any failure or delay in delivering the Equipment to Lessee. Upon delivery of the Equipment to Lessee, and before Lessee's acceptance of the Equipment, Lessee shall inspect the Equipment and, unless Lessee gives prompt written notice of any defect, including that the Equipment is not in Good Operating Condition (defined as roadworthy and meeting all applicable Federal and state regulatory requirements as to safety and equipment), Lessee shall sign and deliver to Equipment Solutions an Acceptance Certificate, in the attached form, covering the Equipment. Lessee's signing the Acceptance Certificate will establish that, as between Equipment Solutions and Lessee, Lessee has unconditionally accepted the Equipment as-is, including all modifications, options, added features and ancillary equipment, for all purposes of this Lease and has agreed that the Equipment is in Good Operating Condition.

5. **NO OFFSET.** Lessee has no right to offset any Lease Payments for any claims Lessee may have against Equipment Solutions or any affiliate of Equipment Solutions, either now or in the future. All Lease Payments must be paid in full when due.

6. **DISCLAIMER OF WARRANTIES.** Equipment Solutions is not the manufacturer or vendor of the Equipment and makes no representations or warranties of any kind regarding the Equipment, including, but not limited to, the design or condition of the Equipment, its merchantability or fitness for a particular purpose, or its capacity or durability, or the quality of the material or workmanship, or conformity of the Equipment to the provisions and specifications of any purchase order related to the Equipment, or any patent infringement or patent or latent defects. By signing this Lease, Lessee acknowledges the foregoing disclaimer by Equipment Solutions.

7. **USE, MAINTENANCE, AND INSPECTION OF EQUIPMENT.**

a. **Use of Equipment.** Except as set forth otherwise in this Lease, Lessee shall use the Equipment exclusively in the operation of Carrier's transportation business and in compliance with all applicable laws (including all Federal Motor Carrier Safety Regulations ("FMCSRs"), and other highway safety, vehicle inspection, vehicle maintenance, traffic, road, truck size-and-weight, hazardous materials transportation, environmental, health, cargo security, or other laws and regulations) and applicable insurance policy conditions. Lessee agrees to ensure that all drivers or operators of the Equipment possess valid commercial driver's licenses and meet all applicable federal and state driver qualifications and motor vehicle safety requirements (including the FMCSRs). Lessee will be responsible for the payment of any fines or other penalties arising out of any violations of laws and regulations related to the Equipment during the term of this Lease. Lessee agrees to pay the cost of modifications to the Equipment required by applicable law as to place and nature of operations to which Equipment is subjected to during the term of this Lease. Nothing in this Lease authorizes Lessee, itself

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

or through any of its drivers, to operate the Equipment, or to incur any liability or obligation, on Equipment Solutions' behalf.

**b.** **Maintenance and Repairs.**

    i.    **Maintenance Furnished During Lease Term.** Except as otherwise set forth herein, during the term of the Lease, and only during that time, Equipment Solutions shall furnish, at Equipment Solutions' expense, maintenance services for the Equipment, at an operational level that is sufficient to perform in a safe and timely manner, the intended and customary functions of the Equipment (See Schedule D). Such maintenance services (including but not limited to all labor, parts and supplies) shall occur at the maintenance facilities of a provider specified or approved by Equipment Solutions.

    ii.    Equipment Solutions shall maintain each unit of Equipment in compliance with all applicable original-equipment-manufacturer maintenance procedures and warranty policies, and the safety standards for over-the-road vehicles and emissions controls, and the Federal Motor Carrier Safety Act. Equipment Solutions will follow the applicable preventive maintenance schedule (See Schedule D) and Lessee shall cooperate by making the Equipment available for such scheduled maintenance in a timely manner.

    iii.    Lessee is responsible for all repairs and/or replacements caused by loss of or damage to the Equipment or its systems or components (including, but not limited to its tires, brakes, glass, mattresses, fire extinguishers, and triangle kits), resulting from (1) a collision or other serious accident, whether or not caused by Lessee; (2) abusive or negligent handling of the Equipment by Lessee (including but not limited to using excessive speed downhill and causing rear-end failures through spin-outs); (3) theft or vandalism, whether or not caused by Lessee; (4) Lessee's fuel starvation of the Equipment; (5) Lessee's engaging of the power-divider incorrectly; (6) Lessee's failure to drain air tanks daily following each use; or (7) any other act or omission of Lessee where such loss or damage  could reasonably have been prevented. Any such repairs shall be performed only with the consent of Equipment Solutions and as set forth in this Lease. Lessee shall keep the Equipment interior clean and free of debris to allow for proper accomplishment of services and repairs; and Lessee shall defer all non-safety-related maintenance requests until the Equipment's next scheduled servicing.  Lessee may also be responsible for inverter installations and removals (but only with Equipment Solutions' prior approval).

    iv.    Notwithstanding the foregoing, Equipment Solutions will provide road service (including towing) for Equipment mechanical and tire failures, caused by any failure on Equipment Solutions' part to perform, in a commercially reasonable manner, the maintenance and inspection services required by this Lease.

    v.    Lessee shall return the Equipment to a maintenance facility as set forth herein for inspection, preventive maintenance and repair at scheduled times as agreed upon by the parties. Any concerns Lessee has with the condition of the Equipment shall be promptly reported to Equipment Solutions and Lessee shall follow Equipment Solutions' reasonable instructions regarding the Equipment. Any concern Lessee has regarding the safe operations of the Equipment as to third-party safety, Lessee safety or protection of the Equipment hereby obligates Lessee to safely cease operations of the Equipment and provide verbal followed by written notice of all safety issues to Equipment Solutions. To prevent damage, Lessee shall also conduct pre-trip inspections of the Equipment, including checking oil and coolant levels, tire pressure, and any DOT-specified in-service item. In addition, Lessee agrees to have a full annual inspection pursuant to 49 C.F.R. § 396.17 performed on the Equipment at least once every 365 days and to have any necessary maintenance or repairs identified during that process performed and completed as required by Equipment Solutions. Lessee agrees to provide Equipment Solutions with a copy of the annual inspection report, as well as promptly forwarding to Equipment Solutions all other inspection, maintenance, and repair records for the Equipment, upon completion of such inspection, maintenance, or repair. Upon Equipment Solutions' request, Lessee shall permit Equipment Solutions to have access to the Equipment at all reasonable

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

times for the purpose of inspection and examination, including the periodic inspections mandated by this Lease, including Schedule D.

vi. Equipment Solutions shall have no responsibility for any repair or service to the Equipment away from its facilities or Equipment Solutions-approved facilities unless authorized by Equipment Solutions in writing and documented by a properly-receipted and itemized bill for such repairs or services, listing the Equipment Solutions' Unit Number for the Equipment. Lessee. Lessee at Lessee's expense, shall safely transport the Equipment to Equipment Solutions or the Equipment Solutions-approved facility for regular and emergency maintenance services.

vii. Equipment Solutions shall not be obligated to provide substitute vehicles or to pay for Lessee's hotel/lodging, meals, or other incidental or operating expenses while maintenance or repairs are being performed on the Equipment.

c. **Modifications to Equipment.** Lessee shall make no addition, improvement, or modification to the Equipment, or change or remove any item that is or will be affixed to the Equipment unless Equipment Solutions gives Lessee written permission in advance. When Lessee returns the Equipment to Equipment Solutions, any item Lessee affixed with Equipment Solutions' approval may be removed only if Equipment Solutions reasonably determines that removal will not damage or lessen the value of the Equipment and Lessee pays for any such removal. Any alteration Equipment Solutions does not approve in writing shall be removed at Lessee's expense or retained by Equipment Solutions as its property, at Equipment Solutions' discretion.

d. **Inspection/Use of Equipment in California**. The Lessee of Equipment (if a heavy-duty tractor) understands that when using Equipment to pull a long box-type trailer on a highway within California, the Equipment must be compliant with sections 95300-95312, title 17, California Code of Regulations, and that it is the responsibility of the Lessee to ensure the Equipment is compliant. The regulations may require the Equipment to have low-rolling-resistance tires that are U.S. Environmental Protection Agency (U.S. EPA) SmartWay Verified Technologies prior to current or future use in California, or may entirely prohibit use of the Equipment in California if it is a model year 2011 or later and is not a U.S. EPA SmartWay Certified, if a Tractor. Cal. Code Regs. tit. 17, § 95302(a)(42)(B) (emphasis in original).

8. **TITLE TO AND LOCATION OF EQUIPMENT.** As between Equipment Solutions and Lessee, Lessee shall have exclusive possession, control, and use of the Equipment for the duration of this Lease, and shall assume complete responsibility for the operation of the Equipment. However, Lessee is not buying the Equipment during this Lease. This Lease constitutes a lease and Equipment Solutions is merely allowing Lessee to use the Equipment, with an option to purchase it at the successful completion of the Lease Term. The Equipment shall at all times be and remain property of Equipment Solutions, notwithstanding that any items may now or hereafter be affixed to the Equipment, and title thereto shall at all times during this Lease remain in Equipment Solutions. The relationship between Equipment Solutions and Lessee shall always be only that of lessor and lessee. Lessee agrees that Equipment Solutions is entitled to and shall have the right to claim the following tax benefits with respect to the Equipment: (a) depreciation deductions for Federal Income Tax purposes and depreciation or cost recovery deductions for Iowa and any other applicable state income tax purposes, and (b) all items of income and deduction relating to this Lease. Upon Equipment Solutions' request, Lessee agrees to affix a tag, plate or stencil to the Equipment showing Equipment Solutions' right, interest or title thereto. Provided that Lessee is not in default in any manner, and subject to the terms of this Lease, Equipment Solutions agrees that it will not interfere with Lessee's quiet enjoyment and use of the Equipment during the Lease.

9. **INDEMNIFICATION.** Lessee shall indemnify, defend, and hold Equipment Solutions and its assigns harmless from and against any claim (including any for which Equipment Solutions is not indemnified by its insurance) of direct, indirect, or consequential loss, damage, delay, fine, civil penalty, or expense, including reasonable attorneys' fees and costs of litigation (together "Damages") that Equipment Solutions incurs arising out of Lessee's (including Lessee's agents' or employees') negligence, gross negligence, willful misconduct, or other culpable acts or omissions in inspecting, maintaining, or using the Equipment or otherwise performing, or failing to perform, Lessee's obligations under this Lease. Lessee hereby authorizes Equipment Solutions to charge Lessee back for all amounts

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

due Equipment Solutions under this Section. The parties' obligations under this Section shall survive the expiration or earlier termination of this Lease as to events that occurred, or obligations incurred during its term.

10. **LIENS AND ENCUMBRANCES.** Lessee shall not directly or indirectly create or permit to exist and shall promptly and at Lessee's expense discharge, any lien, charge, or encumbrance on the Equipment, except for any lien, charge, or encumbrance resulting solely from the acts of Equipment Solutions.

11. **LOSS, DAMAGE OR DESTRUCTION.** Lessee is responsible for loss, damage, theft, or destruction of or to the Equipment. If the Equipment becomes lost, stolen, destroyed, irreparably damaged, confiscated, requisitioned, or commandeered (herein called a "Loss"), Lessee shall promptly notify Equipment Solutions thereof in writing and: (a) On the Lease Payment date following the date of such Loss, Lessee shall pay Equipment Solutions all accrued and unpaid Lease Payments owing for the Equipment for all periods commencing prior to such date; and (b) Equipment Solutions and Lessee agree to keep each other informed of any reporting information relating to the Loss and shall cooperate with each other and insurers in the investigation of the Loss.

12. **INSURANCE.** Lessee's obligations as to insurance shall be as set forth in attached <u>Schedule B</u> ("Insurance").

13. **DEFAULT.** Lessee shall be in default under this Lease upon the happening of any of the following events or conditions (herein called "Events of Default"):

    a. Lessee fails to make any Lease Payment, or other obligations owed to Equipment Solutions by Lessee, within fourteen (14) days of the payment due date.

    b. Lessee fails to perform or observe any other covenant, obligation, or agreement under this Lease, and such failure continues for ten (10) days after written notice by Equipment Solutions to Lessee.

    c. Lessee makes an assignment for the benefit of creditors, or bankruptcy, arrangement, reorganization, liquidation, insolvency, receivership, or dissolution proceedings shall be instituted by or against Lessee, and if instituted against Lessee, shall be consented to or be pending and not dismissed for a period of 30 days.

    d. Lessee abandons the Equipment or the Equipment or any part thereof, is taken via foreclosure, levy, execution, attachment or other process of law or equity enforced against Lessee.

    e. If, in Equipment Solutions' sole, reasonable opinion, Lessee neglects, abuses or misuses the Equipment in any way, threatens to sell or take unlawful possession of the Equipment, or otherwise takes any other action which Equipment Solutions reasonably believes threatens Equipment Solutions' interest in the Equipment or this Lease.

    f. If, during the term of this Lease, Lessee's ICOA with the Carrier designated above or such similar agreement with a carrier later approved pursuant to this Lease is terminated prior to the expiration of its term, or expires without immediate renewal.

14. **REMEDIES OF EQUIPMENT SOLUTIONS.** Upon the occurrence of an Event of Default, Equipment Solutions, in its sole discretion, may exercise any one or more of the remedies set forth below:

    a. Terminate this Lease immediately, upon written notice to Lessee.

    b. Declare the entire amount of unpaid Rent, Lease Payments, or other obligations then accrued for the Equipment immediately due and payable.

    c. Cause Lessee, at their expense, to promptly return the Equipment at such place as Equipment Solutions designates. If Lessee does not return the Equipment as instructed, Equipment Solutions may, without liability, enter on the premises where the Equipment is located, and without notice or process, take immediate possession of the Equipment.

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

d.   Charge back to Lessee all accrued and unpaid Lease Payments or other obligations owing for the Equipment prior to the Event of Default.

   e.   Lessee will also be responsible for and pay to Equipment Solutions all expenses of any kind incurred by Equipment Solutions in enforcing its remedies, including reasonable attorney's fees, litigation expenses, and costs. All remedies hereunder are cumulative and are in addition to any other remedies provided for by law and may, to the extent permitted by law, be exercised concurrently or separately. The exercise of any one remedy shall not be deemed to be an election of such remedy or to preclude the exercise of any other remedy.

15. **FURTHER ASSURANCES.** Lessee shall promptly execute and deliver [including circumstances where Lessee changes Carrier] to Equipment Solutions any documents and take such further action as Equipment Solutions may reasonably request to effectively carry out this Lease and to protect the rights and remedies of Equipment Solutions hereunder. Lessee authorizes Equipment Solutions to sign and execute any and all necessary forms to protect Equipment Solutions' rights and remedies related to the Equipment, including, but not limited to insurance claims, financing statements under the Uniform Commercial Code, and appropriate consents and waivers.

16. **ASSIGNMENT.** The provisions of this Lease shall be binding upon, and shall inure to the benefit all of Equipment Solutions' assigns and successors, and any permitted successors and assigns of Lessee.

   a.   Without Equipment Solutions' prior written consent, Lessee shall not assign any of Lessee's rights hereunder or sublet or transfer the Equipment, which Equipment Solutions' consent shall be conditioned upon Lessee remaining liable for the full and faithful performance of all obligations of Lessee under this Lease. Lessee may sublease the Equipment, but only in accordance with this Lease.

   b.   Equipment Solutions may, at any time, with or without notice to Lessee, sell, transfer, assign, mortgage, and grant a security interest in this Lease, any Schedule, and the Equipment, in whole or in part, and in such event any such purchaser, transferee, assignee, or secured party will have the same rights as Equipment Solutions' hereunder. If any such sale, transfer, assignment, mortgage or security interest occurs, Lessee will still have the same rights and options, if any, in this Lease so long as no Event of Default then exists.

17. **NOTICES.** All notices required by this Lease shall be in writing and shall be deemed to have been given when delivered personally; when mailed with proper postage, for first class mail prepaid, addressed to Equipment Solutions or Lessee, as the case may be, at their respective addresses as set forth herein or at such other address as either of them shall designate in writing to the other, or in the case of Equipment Solutions' assigns, at the addresses designated by them in writing; when deposited with an overnight delivery company with the express charges prepaid and properly addressed to the other party at the foregoing addresses.

18. **LATE CHARGES.** If Lessee fails to pay any Lease Payment when the same becomes due, Lessee shall, upon written demand from Equipment Solutions, pay interest on such delinquent payment from the due date until paid (without regard to any grace period) at the lower of one and one-half percent (1-1/2%) per month or the maximum rate of interest permitted by law. If Lessee fails to pay on time and Equipment Solutions must refer Lessee's account to a third party for collection, a collection fee will be assessed by Equipment Solutions and will be due at the time of the referral to the third party. The fee will be calculated as a percentage of the amount due to the extent permitted, or not otherwise prohibited, by applicable law. Collection fees are intended to be a reasonable advance estimate of actual costs resulting from late payments and non-payments, which are not readily ascertainable and are difficult to predict.

19. **PURCHASE OF THE EQUIPMENT.** IF LESSEE IS NOT IN DEFAULT, LESSEE MAY PURCHASE THE EQUIPMENT AT THE EXPIRATION OF THE LEASE TERM FOR THE STIPULATED LOSS VALUE AT THE TIME, AS SHOWN ON <u>SCHEDULE A</u>, WHICH VALUE INCLUDES ADMINISTRATIVE-COST REIMBURSEMENTS AND MARKUPS BENEFITING EQUIPMENT SOLUTIONS. IN ADDITION, LESSEE MAY REQUEST TERMINATION OF THIS LEASE IN ORDER TO PURCHASE THE EQUIPMENT AT ANY TIME DURING THE LEASE. IF EQUIPMENT SOLUTIONS, IN ITS SOLE DISCRETION, GRANTS SUCH

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

REQUEST, SUCH TERMINATION SHALL BECOME EFFECTIVE, AND LESSEE SHALL RECEIVE TITLE TO THE EQUIPMENT, ONLY ON PAYMENT OF THE STIPULATED LOSS VALUE AT THE TIME AS SHOWN ON SCHEDULE A, WHICH VALUE INCLUDES ADMINISTRATIVE-COST REIMBURSEMENTS AND MARKUPS BENEFITING EQUIPMENT SOLUTIONS, PLUS ALL ACCRUED AND UNPAID LEASE PAYMENTS OWING FOR THE EQUIPMENT FOR ALL PERIODS COMMENCING PRIOR TO SUCH TERMINATION.

20. **RETURN OF EQUIPMENT.** Unless Lessee purchases the Equipment pursuant to this Lease, Lessee shall return the Equipment to Equipment Solutions, at Lessee's expense, at the expiration or termination of this Lease, to 3930 16th Avenue, SW, Cedar Rapids, Iowa or other location as instructed by Equipment Solutions, in the same Good Operating Condition as when leased, excepting only reasonable wear and tear from normal use, together with any license plates, registration certificates, or other equipment or documents, owned or in the name of Equipment Solutions, relating to the Equipment. Upon Lessee's request, Equipment Solutions may, in its sole discretion, allow Lessee to retain some or all of such license plates or other documents. Unless otherwise agreed by Equipment Solutions, Lessee shall give Equipment Solutions at least twenty (20) days' notice of the return of the Equipment. At the expiration of this Lease, Equipment Rent will continue to accrue until such time as the Equipment is returned to the designated location. In addition, if Lessee does not timely return the Equipment to the location as instructed by Equipment Solutions, Equipment Solutions may, but is not required to, retrieve the Equipment, in which case Lessee will be charged the fee incurred by Equipment Solutions to recover the Equipment. This recovery fee is not an exclusive remedy for Lessee's failure to return the Equipment in compliance with this Lease and does not preclude Equipment Solutions from enforcing other rights or recovering any other remedies to which Equipment Solutions is entitled under this Lease.

21. **MISCELLANEOUS.** This Lease (including all Schedules and addendums executed by Lessee and Equipment Solutions) constitutes the entire agreement between Equipment Solutions and Lessee with respect to the leasing of the Equipment, and fully replaces and supersedes all prior agreements and undertakings (including attachments), oral and written, express or implied, or practices between the parties, relating to the same subject matter. No provision of this Lease may be changed, waived, discharged or terminated except by a written document, signed by both parties, except that Equipment Solutions may insert the serial number of the Equipment on any Schedule. If any provision (including any sentence or part of a sentence) of this Lease is declared invalid for any reason, such provision shall be deemed ineffective without invalidating the other provisions hereof. If Lessee fails to perform any of their obligations under the Lease, Equipment Solutions may, but shall not be obligated to, perform the same without thereby waiving such default, and any amount paid or expense or liability incurred by Equipment Solutions in such performance shall be paid or reimbursed by Lessee upon Equipment Solutions' demand.

22. **GOVERNING LAW.** This Lease shall in all respects be governed by and construed in accordance with the laws of the United States and, except as otherwise provided herein, the State of Iowa, without regard to the choice-of-law rules of Iowa or any other jurisdiction. THE PARTIES AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS LEASE, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING LINN COUNTY, IOWA.  EQUIPMENT SOLUTIONS AND LESSEE HEREBY CONSENT TO THE JURISDICTION OF SUCH COURTS.

23. **PERSONAL PROPERTY**. Equipment Solutions is not liable for loss or damage to personal property that Lessee or anyone else carries or keeps in the Equipment. If Lessee or anyone else has personal property in the Equipment at the time Equipment Solutions secures possession of the Equipment under this Lease, Equipment Solutions shall not be liable for any damage to, loss of, or disposition of such property.

24. **CONSENT TO CONDUCT BUSINESS USING ELECTRONIC METHODS**. Equipment Solutions and Lessee consent to conduct business using any method permitted by applicable law. This consent encompasses the use of electronic methods (including email correspondence) to transmit and effect the signature of any document related to or required by this Lease.  The parties agree that any document signed by facsimile, e-mail or other means of electronic transmission is deemed to have the same legal effect as delivery of an original paper document or handwritten signature.

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

**Lessee and Equipment Solutions hereby execute this Equipment Lease on , at <u>12: 01</u>  <u>a</u>.m.**

**BY SIGNING BELOW, LESSEE ACKNOWLEDGES THAT:**
- **VEHICLES SUITABLE FOR LESSEE'S PROVISION OF SERVICES UNDER INDEPENDENT CONTRACTOR OPERATING AGREEMENTS WITH CRST EXPEDITED, INC. d/b/a CRST THE TRANSPORTATION SOLUTION, INC., AND OTHER MOTOR CARRIERS ARE AVAILABLE FOR PURCHASE OR LEASE FROM NUMEROUS COMPANIES OTHER THAN CRST EQUIPMENT SOLUTIONS, INC.;**
- **LESSEE IS FREE TO LEASE A VEHICLE OBTAINED FROM ANOTHER SOURCE TO SUCH CARRIERS; AND**
- **LESSEE IS <u>NOT</u> REQUIRED TO SIGN THIS EQUIPMENT LEASE AS A CONDITION OF ENTERING INTO AN INDEPENDENT CONTRACTOR OPERATING AGREEMENT WITH ANY SUCH CARRIERS.**

**LESSEE**
By  X  *Anthony Hicks*  Title <u>Owner</u>  Date <u>01 / 22 / 2025</u>

Printed Name   Anthony Hicks

**EQUIPMENT SOLUTIONS**
By  /s/  *Michelle Witherspoon*  Date <u>01 / 21 / 2025</u>

Printed Name:   Michelle Witherspoon

**<u>PERSONAL</u> <u>GUARANTY</u>:  In consideration of Equipment Solutions' entering into the above Lease with Lessee and other good and valuable consideration, which is acknowledged to have been received, the undersigned jointly and severally unconditionally guarantee the due, regular, and punctual payment of all Lease Payments due and the prompt performance of all of Lessee's obligations and duties under the above Lease. Equipment Solutions shall not be required to exhaust its remedies against Lessee or the Equipment as a condition of recovery under this guaranty. The undersigned waives any right to notice or of consent to acceptance of this guaranty, or default, failure to perfect a security interest, amendment, release, settlement, extension, or compromise of the Lease, the Equipment, or Lessee. The obligations under this guaranty shall survive any initiation by or against Lessee of insolvency or bankruptcy proceedings. This guaranty is effective as of the earlier of the Start Date of the above Lease or the date of signature hereof by the undersigned.**

Guarantor's Signature _____     Guarantor's Signature_____

Printed Name  _____     Printed Name  _____

Street Address _____     Street Address _____

City, State, Zip Code_____     City, State, Zip Code_____

Date _____     Date_____

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

# CERTIFICATE OF ACCEPTANCE OF LEASED EQUIPMENT

Lessee certifies that the Equipment identified as follows:

| EQUIPMENT DESCRIPTION | | | | | |
|---|---|---|---|---|---|
| **YEAR** | 2022 | **MAKE** FRTL | **MODEL** CASCADIA | **ENGINE TYPE** | DD15 |
| **VIN** | | **MILEAGE** 541636 | **UNIT #** 104542 | | |

3AKJHHDR2NSNC1210

has been received by Lessee; that all necessary installations have been completed; that Lessee has inspected the Equipment before signing the Lease and found the Equipment to be in Good Operating Condition; that, in all respects, the Equipment is satisfactory to Lessee; and that the Equipment is accepted "as is" by Lessee for all purposes under the Lease. The Equipment is correctly described in this Lease, and Equipment Solutions is authorized to insert serial numbers on the Lease.

**LESSEE**

By **X**  *Anthony Hicks*

Printed Name   Anthony Hicks _____   Title _____

Date Accepted   01 / 22 / 2025 _____

Location Where Delivery of Equipment Was Made:   Carlisle _____ , PA _____.
City                                                State

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

**CRST Equipment Solutions, Inc.**
3930 16th Avenue, SW
Cedar Rapids, IA 52404
Phone: (319) 289-7850
lpc@crst.com

## <u>AUTHORIZATION AND ASSIGNMENT</u>

To: CRST Expedited, Inc. d/b/a CRST The Transportation Solution, Inc. ("Carrier")

1. The undersigned Lessee hereby authorizes and directs Carrier to pay CRST Equipment Solutions, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa 52404 ("Equipment Solutions"), the Equipment Rent, and all other items owed to Equipment Solutions under the Equipment Lease entered into by Lessee and Equipment Solutions on 01 / 21 / 2025 ("Lease") (Equipment Rent and all other items collectively referred to as "Lease Payments") in varying amounts communicated by Equipment Solutions to Carrier each week, and to deduct these amounts from Lessee's weekly settlement under Lessee's Independent Contractor Operating Agreement ("ICOA") with Carrier. The weekly deductions shall begin on the First Lease Payment Date shown on the page 1 of the Lease and weekly thereafter for 70 (__) consecutive weeks or until the balance due has been paid to Equipment Solutions.

2. If Lessee's ICOA with Carrier expires or is terminated for any reason and a subsequent carrier is not approved by Equipment Solutions, Carrier is hereby authorized and directed to use all final settlement compensation, escrow funds, or other amounts due Lessee under the ICOA, after deducting amounts due Carrier, to pay Equipment Solutions any Lease Payment amounts still owed by Lessee to Equipment Solutions, except as provided in herein, and only thereafter to pay the balance to Lessee.

3. At such time as Lessee's ICOA with Carrier expires or is terminated, Carrier is authorized and directed to immediately notify Equipment Solutions of the expiration or termination.

4. Carrier is authorized and directed to supply Equipment Solutions, upon request, a copy of Lessee's ICOA.

**LESSEE**

By **X** _Anthony Hicks_ Title _____ Date 01 / 22 / 2025

Printed Name _Anthony Hicks_

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

## STIPULATED LOSS VALUE SCHEDULE

The parties to this Agreement agree that the Stipulated Loss Value of the Equipment is the amount shown below for each payment period with an implied interest rate of  percent.

Truck #  104542

| No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/14/2025 | $ 56,618 | 53 | 2/13/2026 | $ 37,663 | 105 | | | 157 | | | 209 | | | | | |
| 2 | 2/21/2025 | $ 56,273 | 54 | 2/20/2026 | $ 37,277 | 106 | | | 158 | | | 210 | | | | | |
| 3 | 2/28/2025 | $ 55,927 | 55 | 2/27/2026 | $ 36,891 | 107 | | | 159 | | | 211 | | | | | |
| 4 | 3/7/2025 | $ 55,580 | 56 | 3/6/2026 | $ 36,504 | 108 | | | 160 | | | 212 | | | | | |
| 5 | 3/14/2025 | $ 55,233 | 57 | 3/13/2026 | $ 36,116 | 109 | | | 161 | | | 213 | | | | | |
| 6 | 3/21/2025 | $ 54,885 | 58 | 3/20/2026 | $ 35,728 | 110 | | | 162 | | | 214 | | | | | |
| 7 | 3/28/2025 | $ 54,536 | 59 | 3/27/2026 | $ 35,338 | 111 | | | 163 | | | 215 | | | | | |
| 8 | 4/4/2025 | $ 54,186 | 60 | 4/3/2026 | $ 34,948 | 112 | | | 164 | | | 216 | | | | | |
| 9 | 4/11/2025 | $ 53,836 | 61 | 4/10/2026 | $ 34,557 | 113 | | | 165 | | | 217 | | | | | |
| 10 | 4/18/2025 | $ 53,485 | 62 | 4/17/2026 | $ 34,165 | 114 | | | 166 | | | 218 | | | | | |
| 11 | 4/25/2025 | $ 53,133 | 63 | 4/24/2026 | $ 33,772 | 115 | | | 167 | | | 219 | | | | | |
| 12 | 5/2/2025 | $ 52,780 | 64 | 5/1/2026 | $ 33,379 | 116 | | | 168 | | | 220 | | | | | |
| 13 | 5/9/2025 | $ 52,427 | 65 | 5/8/2026 | $ 32,984 | 117 | | | 169 | | | 221 | | | | | |
| 14 | 5/16/2025 | $ 52,073 | 66 | 5/15/2026 | $ 32,589 | 118 | | | 170 | | | 222 | | | | | |
| 15 | 5/23/2025 | $ 51,718 | 67 | 5/22/2026 | $ 32,193 | 119 | | | 171 | | | 223 | | | | | |
| 16 | 5/30/2025 | $ 51,362 | 68 | 5/29/2026 | $ 31,796 | 120 | | | 172 | | | 224 | | | | | |
| 17 | 6/6/2025 | $ 51,006 | 69 | 6/5/2026 | $ 31,399 | 121 | | | 173 | | | 225 | | | | | |
| 18 | 6/13/2025 | $ 50,649 | 70 | 6/12/2026 | $ 31,000 | 122 | | | 174 | | | 226 | | | | | |
| 19 | 6/20/2025 | $ 50,291 | 71 | | | 123 | | | 175 | | | 227 | | | | | |
| 20 | 6/27/2025 | $ 49,932 | 72 | | | 124 | | | 176 | | | 228 | | | | | |
| 21 | 7/4/2025 | $ 49,573 | 73 | | | 125 | | | 177 | | | 229 | | | | | |
| 22 | 7/11/2025 | $ 49,213 | 74 | | | 126 | | | 178 | | | 230 | | | | | |
| 23 | 7/18/2025 | $ 48,852 | 75 | | | 127 | | | 179 | | | 231 | | | | | |
| 24 | 7/25/2025 | $ 48,490 | 76 | | | 128 | | | 180 | | | 232 | | | | | |
| 25 | 8/1/2025 | $ 48,128 | 77 | | | 129 | | | 181 | | | 233 | | | | | |
| 26 | 8/8/2025 | $ 47,765 | 78 | | | 130 | | | 182 | | | 234 | | | | | |
| 27 | 8/15/2025 | $ 47,401 | 79 | | | 131 | | | 183 | | | 235 | | | | | |
| 28 | 8/22/2025 | $ 47,036 | 80 | | | 132 | | | 184 | | | 236 | | | | | |
| 29 | 8/29/2025 | $ 46,670 | 81 | | | 133 | | | 185 | | | 237 | | | | | |
| 30 | 9/5/2025 | $ 46,304 | 82 | | | 134 | | | 186 | | | 238 | | | | | |
| 31 | 9/12/2025 | $ 45,937 | 83 | | | 135 | | | 187 | | | 239 | | | | | |
| 32 | 9/19/2025 | $ 45,569 | 84 | | | 136 | | | 188 | | | 240 | | | | | |
| 33 | 9/26/2025 | $ 45,201 | 85 | | | 137 | | | 189 | | | 241 | | | | | |
| 34 | 10/3/2025 | $ 44,831 | 86 | | | 138 | | | 190 | | | 242 | | | | | |
| 35 | 10/10/2025 | $ 44,461 | 87 | | | 139 | | | 191 | | | 243 | | | | | |
| 36 | 10/17/2025 | $ 44,090 | 88 | | | 140 | | | 192 | | | 244 | | | | | |
| 37 | 10/24/2025 | $ 43,718 | 89 | | | 141 | | | 193 | | | 245 | | | | | |
| 38 | 10/31/2025 | $ 43,346 | 90 | | | 142 | | | 194 | | | 246 | | | | | |
| 39 | 11/7/2025 | $ 42,973 | 91 | | | 143 | | | 195 | | | 247 | | | | | |
| 40 | 11/14/2025 | $ 42,599 | 92 | | | 144 | | | 196 | | | 248 | | | | | |
| 41 | 11/21/2025 | $ 42,224 | 93 | | | 145 | | | 197 | | | 249 | | | | | |
| 42 | 11/28/2025 | $ 41,848 | 94 | | | 146 | | | 198 | | | 250 | | | | | |
| 43 | 12/5/2025 | $ 41,471 | 95 | | | 147 | | | 199 | | | 251 | | | | | |
| 44 | 12/12/2025 | $ 41,094 | 96 | | | 148 | | | 200 | | | 252 | | | | | |
| 45 | 12/19/2025 | $ 40,716 | 97 | | | 149 | | | 201 | | | 253 | | | | | |
| 46 | 12/26/2025 | $ 40,337 | 98 | | | 150 | | | 202 | | | 254 | | | | | |
| 47 | 1/2/2026 | $ 39,958 | 99 | | | 151 | | | 203 | | | 255 | | | | | |
| 48 | 1/9/2026 | $ 39,577 | 100 | | | 152 | | | 204 | | | 256 | | | | | |
| 49 | 1/16/2026 | $ 39,196 | 101 | | | 153 | | | 205 | | | 257 | | | | | |
| 50 | 1/23/2026 | $ 38,814 | 102 | | | 154 | | | 206 | | | 258 | | | | | |
| 51 | 1/30/2026 | $ 38,431 | 103 | | | 155 | | | 207 | | | 259 | | | | | |
| 52 | 2/6/2026 | $ 38,047 | 104 | | | 156 | | | 208 | | | 260 | | | | | |

**This SCHEDULE A, which completely replaces and supersedes any earlier schedule, addendum, or other provision of this lease relating to the same subjects, is agreed by the undersigned parties as of the latest date set forth below:**

LESSEE *Anthony Hicks*

By: _____
         Signature

Anthony Hicks
Printed Name and Title

01 / 22 / 2025
Date

LESSOR: *Michelle Witherspoon*

By: _____
         Signature

Michelle Witherspoon
Printed Name and Title

01 / 21 / 2025
Date

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

**SCHEDULE B**

**INSURANCE**

1. **LESSEE'S INSURANCE OBLIGATIONS.** Lessee shall procure, carry, and maintain, at Lessee's sole expense, the following minimum insurance coverages during this Lease:

    a. **Non-Trucking (Bobtail) Liability Insurance.** Commercial automobile liability insurance which shall provide coverage to Lessee whenever the Equipment is not being operated on behalf of, or in the business, of a motor carrier (including, but not limited to, whenever the Equipment is being operated on behalf of Lessee alone) in a combined single limit of not less than one million dollars ($1,000,000), with a deductible no greater than one thousand dollars ($1,000), for injury or death to any person or for damages to property in any one occurrence. Such coverage shall be primary to any other insurance that may be available from Equipment Solutions. Lessee shall be responsible for all deductible amounts and for any loss or damage in excess of the policy limit. Lessee shall also provide Equipment Solutions with a certificate of insurance evidencing the foregoing insurance, and naming Equipment Solutions as additional insured.

    b. **Physical Damage Insurance.** Physical damage insurance that will provide coverage to Lessee at all times in a combined single limit of no less than the Stipulated Loss Value of the Equipment as shown in <u>Schedule A</u> for the next date after the occurrence, with a deductible no greater than two thousand five hundred dollars ($2,500), for physical loss or damage to the Equipment (including theft and collision for Equipment consisting of motor vehicles) in any one occurrence. Such coverage shall be primary to any other insurance that may be available from Equipment Solutions. Lessee shall be responsible for all deductible amounts and for any loss or damage in excess of the policy limit. Equipment Solutions shall be named as Loss Payee on Lessee's physical damage insurance.

    c. **Other Insurance.** In addition to the insurance coverages required under Sections 1(a)-(b) above, it is solely Lessee's responsibility to procure, carry, and maintain any other insurance coverage that Lessee may desire for the Equipment or for Lessee's health care or other needs. Lessee holds Equipment Solutions harmless with respect to loss of or damage to Lessee's Equipment, trailer, or other property, and Equipment Solutions has no responsibility to procure, carry, or maintain any insurance covering loss of or damage to Lessee's Equipment, trailer, or other property. Lessee acknowledges that Equipment Solutions may, and Lessee hereby authorizes Equipment Solutions to, waive, reject, or reduce no-fault, uninsured, and underinsured motorist coverage from Equipment Solutions' insurance policies to the extent allowed under applicable laws Equipment Solutions, and Lessee shall cooperate in the completion of all necessary documentation for such waiver, election, rejection, or reduction.

2. **REQUIREMENTS APPLICABLE TO ALL OF LESSEE'S INSURANCE COVERAGES.** Lessee shall procure insurance policies providing the above-described coverages solely from insurance carriers that are AM Best "A"-rated (or of equivalent financial strength in the commercially reasonable judgment of Equipment Solutions), and Lessee shall not operate the Equipment under this Lease unless and until Equipment Solutions has determined that the policies are acceptable (Equipment Solutions' approval shall not be unreasonably withheld). Lessee shall furnish to Equipment Solutions written certificates (and policies if requested by Equipment Solutions) obtained from Lessee's insurance carrier or carriers showing that all coverages required by this Lease have been procured from insurance carriers that are AM Best "A"-rated (or of equivalent financial strength in the commercially reasonable judgment of Equipment Solutions), that the coverages are being properly maintained, and that the premiums thereof are paid. Each insurance certificate shall specify the name of the insurance carrier, the policy number, the expiration date, list Equipment Solutions and Equipment Solutions' assigns as additional insureds with primary coverage, and show that written notice of cancellation or modification of the policy shall be given to Equipment Solutions and Equipment Solutions' assigns at least thirty (30) days prior to such cancellation or modification.

- Page B-1

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

3.  **LESSEE'S LIABILITY IF REQUIRED COVERAGES ARE NOT MAINTAINED.** In addition to Lessee's indemnity obligations to Equipment Solutions under this Lease, Lessee agrees to defend, indemnify, and hold Equipment Solutions harmless from any direct, indirect, or consequential loss, damage, fine, expense, including reasonable attorney fees, actions, claim for injury to persons, including death, and damage to property that Equipment Solutions may incur arising out of or in connection with Lessee's failure to maintain the insurance coverages required by this Lease. In addition, Lessee, on behalf of Lessee's insurer, expressly waives all subrogation rights against Equipment Solutions, and, in the event of a subrogation action brought by Lessee's insurer, Lessee agrees to defend, indemnify, and hold Equipment Solutions harmless from such claim.

This SCHEDULE B, which completely replaces and supersedes any earlier schedule, addendum, or other provisions of this Lease relating to the same subjects, is agreed to by the undersigned parties as of the latest date set forth below:

LESSEE

By: **X** _Anthony Hicks_
_____
Signature

Anthony Hicks
_____
Printed Name and Title

01 / 22 / 2025
_____
Date

EQUIPMENT SOLUTIONS: CRST Equipment Solutions, Inc.

_Michelle Witherspoon_
By: _____
Signature

01 / 21 / 2025
_____
Date

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

## SCHEDULE C

**Miscellaneous Overall Lease Payment Items**.  Lessee agrees to pay Equipment Solutions applicable Lease Payment items, including, but not limited to, the items set forth in the table below, in the next-following weekly Lease Payment. Where no dollar figure is listed in the table below, the amount will be computed as indicated in the column headed "Amount or Method of Computation."  Except as otherwise indicated in that column, (a) Equipment Solutions shall charge Lessee no administrative ("admin.") fee or markup and (b) Equipment Solutions shall credit Lessee with all rebates, discounts, credits, or refunds that correspond to particular charge-backs or deductions that Equipment Solutions receives while this Lease is in effect or, in the case of taxes and fees, even after this Lease is terminated.

| LEASE PAYMENT ITEM | AMOUNT OR METHOD OF COMPUTATION |
|---|---|
| **Changes, alterations, modifications, improvements** in the Equipment required by law, approved by Equipment Solutions, or removed at Lessee's expense because not approved by Equipment Solutions | Amount Equipment Solutions paid or otherwise incurred |
| **Claims, losses, damages, or expenses** (including reasonable attorneys' fees) under Lease | Amount Equipment Solutions paid or otherwise incurred, as further specified in Lease |
| **Equipment Purchase** | *See* Lease § 19 and Schedule A |
| **Equipment Rent** | *See* table on page 1 of Lease.  Equipment Rent payments include administrative-cost reimbursements and markups benefiting Equipment Solutions as well as interest and Mileage Charges |
| **Federal Heavy Highway Vehicle Use Tax** | $10.58 per week (the $550 annual tax divided by 52 weeks) |
| **Late Charges** on amount of Equipment Rent and other charges due under Lease § 18 | 1.5% per month (18% annually) or maximum lawful rate if less |
| **Licenses, permits, taxes, other operating expenses**, related levies, fines, penalties, liens, and encumbrances pursuant to Lease § 2 | Amount Equipment Solutions paid or otherwise incurred, including administrative-cost reimbursements and markups benefiting Equipment Solutions |
| **Termination-related expenses and losses - Equipment** Rent and all other amounts due under this Lease | Actual amount Equipment Solutions paid or otherwise incurred |

**Supporting Information**.  Equipment Solutions shall provide Lessee with a written explanation and itemization of any amounts owed pursuant to this Lease. With respect to all amounts in the table above, Equipment Solutions shall make available to Lessee, upon request, copies of those documents that are necessary to determine the validity of the amount.

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

**THIS SCHEDULE C, which completely replaces and supersedes any earlier schedule, addendum, or other provisions of this Lease relating to the same subjects, is agreed to by the undersigned parties as of the latest date set forth below.**

LESSEE

By: **X** _Anthony Hicks_

_____

Anthony Hicks

_____
Printed Name and Title

01 / 22 / 2025
_____
Date

EQUIPMENT SOLUTIONS: CRST Equipment Solutions, Inc.

_Michelle Witherspoon_

By:

_____

Michelle Witherspoon Lease Manager
_____
Printed Name and Title

01 / 21 / 2025
_____
Date

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

## SCHEDULE D

During the term of the Lease, Equipment Solutions shall furnish, at Equipment Solutions' expense, maintenance services for the Equipment subject to this Lease, at an operational level that is sufficient to perform in a safe and timely manner, the intended and customary functions of the Equipment in accordance with the maintenance schedules found at the following link:[1]

https://careers.crst.com/lease-intervals

---

[1] Maintenance schedules found at this link are subject to change based on manufacturer requirements and recommendations, or as required by ES policies and procedures or applicable law.

Document Ref: XJUBH-STGJ7-RYKB3-ME3TO

# Signature Certificate

Reference number: XJUBH-STGJ7-RYKB3-ME3TO

| Signer | Timestamp | Signature |
|---|---|---|
| **Michelle Witherspoon**<br>Email: lpc1@crst.com | | |
| Sent: | 21 Jan 2025 21:10:57 UTC | |
| Signed: | 21 Jan 2025 21:10:57 UTC | |

IP address: 32.143.207.154
Location: Birmingham, United States

| | | |
|---|---|---|
| **Anthony Hicks**<br>Email: ███████████ | | |
| Sent: | 21 Jan 2025 21:10:57 UTC | |
| Viewed: | 22 Jan 2025 12:23:34 UTC | |
| Signed: | 22 Jan 2025 12:25:32 UTC | |
| **Recipient Verification:** | | |
| ✔ Email verified | 22 Jan 2025 12:23:34 UTC | |

IP address: ███████████
Location: Antioch, United States

Document completed by all parties on:

22 Jan 2025 12:25:32 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature solution trusted by 50,000+ companies worldwide.



# EXHIBIT C

# Weche's Equipment Lease

# Equipment Lease

**CRST Equipment Solutions, Inc.**
3930 16th Avenue, SW
Cedar Rapids, IA  52404
Phone: (319) 289-7850
lpc@crst.com

Lessee Business Name: **Daniel Weche**

DBA (If Applicable):

Street Address: **5134 Bernard Cir Apt 241**

City/State/Zip: **Tampa, FL 33617**

Contact/Principle Business Owner: Phone ▓▓▓▓▓ Email ▓▓▓▓▓▓▓▓

**OPERATION TYPE** (See Section 3 below regarding Team Operation obligations)   Check One:  [☑] **Solo** [ ] **Team**

| EQUIPMENT DESCRIPTION | | | | | | | |
|---|---|---|---|---|---|---|---|
| **YEAR** | 2022 | **MAKE** | FRTL | **MODEL** | CASCADIA | **ENGINE TYPE** | DD15 |
| **VIN** | 3AKJHHDR6NSND1416 | | | **MILEAGE** | 463838 | **UNIT #** | 104758 |

| LEASE TERMS | | |
|---|---|---|
| **START DATE** | **LENGTH (WEEKS)** | **BASE RENT\* (WEEKLY)** |
| 05 / 09 / 2025 | 121 | $465 |
| **FIRST LEASE PAYMENT DATE**<br>05 / 30 / 2025 | **SECURITY DEPOSIT**<br>$0.00 | **IMPLIED INTEREST RATE**<br>11% |
| **TOTAL LEASE PAYMENTS**<br><br>$56,265.00 | **PURCHASE PRICE/STIP LOSS VALUE**<br><br>$31,000 | **MILEAGE CHARGE\***<br>**[Check One]**<br>(●) ] **Flatbed**<br>$.20 per mile for all dispatched miles (loaded and empty) as included on Electronic On-Board Recorder (EOBR) dispatch information<br><br>( ) ] **Van**<br>$.16 per mile for all dispatched miles (loaded and empty) as included on EOBR dispatch information |
| **CARRIER\*\***<br>**CRST Expedited, Inc. d/b/a CRST The Transportation Solution, Inc.**<br>**MC#114273**<br>**1332 Edgewood Rd SW**<br>**Cedar Rapids, IA 52404** | | |

\*Base Rent and Mileage Charge payments include administrative cost reimbursements and markups benefiting CRST Equipment Solutions, Inc.

\*\* See also Section 2(e) below.

This **Equipment Lease (With Maintenance)**, including all attached Schedules and addendums (collectively "Lease") is entered into by and between Lessor, CRST Equipment Solutions, Inc., an Iowa corporation ("Equipment Solutions"), with its principal place of business at 3930 16th Avenue, SW, Cedar Rapids, IA 52406-0068, and the above-named Lessee.

1. **LEASE OF EQUIPMENT.** Equipment Solutions shall lease to Lessee the vehicle(s) described above, (the "Equipment"), on the terms and conditions in this Lease. **Lessee acknowledges Lessee is not required to enter into this Lease and could have, prior to entering this Lease with Equipment Solutions, chosen to lease similar equipment from another equipment leasing company**.

2. **LEASE TERMS AND PAYMENTS.**

   a. **Length.** The lease length is specified in the table above.

   b. **Lease Payments.** The Equipment rent shall consist of the weekly Base Rent Payments (including an implied interest assessment) and Mileage Charges (which is additional rent determined in Equipment Solutions' sole discretion based on wear and tear of the Equipment) (referred to as "Equipment Rent"), which includes administrative-cost reimbursements and markups benefiting Equipment Solutions. The Equipment Rent and all other items owed to Equipment Solutions under the Lease ("Lease Payments") shall be due and payable, starting on the First Lease Payment Date specified on the cover page above, and weekly thereafter. All Lease Payments shall be payable, without notice or demand, at the above address of Equipment Solutions or at such other place as Equipment Solutions designates in writing.

   c. **Additional Obligations.** In addition to the Lease Payments and except to the extent Carrier expressly assumes the following obligations through the ICOA (defined below), Lessee shall be responsible for acquiring and paying for any plates, licenses, or permits necessary to operate the Equipment and any federal, state, or local taxes and fees, including the Federal Heavy Vehicle Use Tax, registration fees, weight-distance taxes, state property taxes, sales taxes (including in connection with this Lease transaction), highway use taxes, ferry, bridge, tunnel, and road tolls, or other charges assessed against the Equipment arising from Lessee's use, as well as all fuel costs, fuel taxes, empty mileage, loading and unloading expenses, detention and accessorial charges, and any other costs of operating the Equipment. Lessee's liability for these taxes, fees, and other expenses shall survive the expiration of this Lease.

   d. **Method of Payment.** Lessee agrees to timely pay all Lease Payments to Equipment Solutions. Lessee may arrange for the motor carrier to which Lessee has leased the Equipment pursuant to a written agreement contemplated by 49 C.F.R. Part 376 (an Independent Contractor Operating Agreement, hereafter "ICOA") to deduct the Lease Payments from Lessee's earned and available settlement compensation and/or escrow fund balances under the ICOA ("ICOA Funds") and remit them to Equipment Solutions. **Notwithstanding anything to the contrary, if Lessee elects to have Carrier deduct and remit Lease Payments to Equipment Solutions on Lessee's behalf, Lessee remains responsible for all Lease Payments and, in the event Carrier fails to make timely payment of any Lease Payment, Lessee agrees to immediately make payment of such to Equipment Solutions**.

   e. **Portability**. The Equipment shall be operated under the proper licenses, permits and motor carrier authority by Lessee pursuant to an ICOA in effect between Lessee and a lawfully operating for-hire or private motor carrier with sufficient financial strength. In the event the ICOA between Lessee and the Carrier identified on the cover page of this Lease is no longer in effect, and Lessee signs an independent contractor agreement with another motor carrier, then Equipment Solutions may, in its sole discretion, approve Lessee's continued exclusive possession, control, and use of the Equipment as set forth herein, but such other motor carrier must have the capability and willingness to deduct Lessee's Lease Payments from Lessee's compensation under its agreement with the new motor carrier and remit them to Equipment Solutions as stated in the Authorization and Assignment attached hereto. For Equipment Solutions to approve Lessee's continued possession, control and use of the Equipment in these instances, the following conditions must also be satisfied.

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

      i.      Lessee does not owe Equipment Solutions any Lease Payments;

      ii.     The new motor carrier: (i) does not have, and has not had at any time within the preceding two (2) years, an "Unsatisfactory" or "Conditional" safety rating from the Federal Motor Carrier Safety Administration, the; and

      iii.    Lessee gives ten (10) days' written notice of Lessee's intention to change motor carriers.

**3.**    **OPERATION TYPE: TEAM OR SOLO.** Lessee agrees to operate the Equipment as Team or Solo as designated on the cover page above. If at any time during this Lease, Lessee desires to change Operation Type, Lessee must provide a written request to Equipment Solutions to change Operation Type, but Equipment Solutions may in its sole discretion approve or deny such request, and any change in Operation Type may require additional terms and conditions mutually agreeable to the parties. Unless and until Equipment Solutions approves a request, the terms and conditions of this Lease shall continue to apply; provided, however, that any Solo Operation that desires to change to a Team Operation will be responsible for any corresponding increase in Lease Payments associated with Team Operations from the date the Solo Operation brings on a team driver.

**4.**    **DELIVERY AND ACCEPTANCE.** Equipment Solutions will provide Lessee a choice of Equipment. Equipment Solutions is not responsible for any failure or delay in delivering the Equipment to Lessee. Upon delivery of the Equipment to Lessee, and before Lessee's acceptance of the Equipment, Lessee shall inspect the Equipment and, unless Lessee gives prompt written notice of any defect, including that the Equipment is not in Good Operating Condition (defined as roadworthy and meeting all applicable Federal and state regulatory requirements as to safety and equipment), Lessee shall sign and deliver to Equipment Solutions an Acceptance Certificate, in the attached form, covering the Equipment. Lessee's signing the Acceptance Certificate will establish that, as between Equipment Solutions and Lessee, Lessee has unconditionally accepted the Equipment as-is, including all modifications, options, added features and ancillary equipment, for all purposes of this Lease and has agreed that the Equipment is in Good Operating Condition.

**5.**    **NO OFFSET.** Lessee has no right to offset any Lease Payments for any claims Lessee may have against Equipment Solutions or any affiliate of Equipment Solutions, either now or in the future. All Lease Payments must be paid in full when due.

**6.**    **DISCLAIMER OF WARRANTIES.** Equipment Solutions is not the manufacturer or vendor of the Equipment and makes no representations or warranties of any kind regarding the Equipment, including, but not limited to, the design or condition of the Equipment, its merchantability or fitness for a particular purpose, or its capacity or durability, or the quality of the material or workmanship, or conformity of the Equipment to the provisions and specifications of any purchase order related to the Equipment, or any patent infringement or patent or latent defects. By signing this Lease, Lessee acknowledges the foregoing disclaimer by Equipment Solutions.

**7.**    **USE, MAINTENANCE, AND INSPECTION OF EQUIPMENT.**

    **a.**    **Use of Equipment.** Except as set forth otherwise in this Lease, Lessee shall use the Equipment exclusively in the operation of Carrier's transportation business and in compliance with all applicable laws (including all Federal Motor Carrier Safety Regulations ("FMCSRs"), and other highway safety, vehicle inspection, vehicle maintenance, traffic, road, truck size-and-weight, hazardous materials transportation, environmental, health, cargo security, or other laws and regulations) and applicable insurance policy conditions. Lessee agrees to ensure that all drivers or operators of the Equipment possess valid commercial driver's licenses and meet all applicable federal and state driver qualifications and motor vehicle safety requirements (including the FMCSRs). Lessee will be responsible for the payment of any fines or other penalties arising out of any violations of laws and regulations related to the Equipment during the term of this Lease. Lessee agrees to pay the cost of modifications to the Equipment required by applicable law as to place and nature of operations to which Equipment is subjected to during the term of this Lease. Nothing in this Lease authorizes Lessee, itself

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

or through any of its drivers, to operate the Equipment, or to incur any liability or obligation, on Equipment Solutions' behalf.

**b.** **Maintenance and Repairs.**

    i. **Maintenance Furnished During Lease Term.** Except as otherwise set forth herein, during the term of the Lease, and only during that time, Equipment Solutions shall furnish, at Equipment Solutions' expense, maintenance services for the Equipment, at an operational level that is sufficient to perform in a safe and timely manner, the intended and customary functions of the Equipment (See Schedule D). Such maintenance services (including but not limited to all labor, parts and supplies) shall occur at the maintenance facilities of a provider specified or approved by Equipment Solutions.

    ii. Equipment Solutions shall maintain each unit of Equipment in compliance with all applicable original-equipment-manufacturer maintenance procedures and warranty policies, and the safety standards for over-the-road vehicles and emissions controls, and the Federal Motor Carrier Safety Act. Equipment Solutions will follow the applicable preventive maintenance schedule (See Schedule D) and Lessee shall cooperate by making the Equipment available for such scheduled maintenance in a timely manner.

    iii. <u>Lessee is responsible</u> for all repairs and/or replacements caused by loss of or damage to the Equipment or its systems or components (including, but not limited to its tires, brakes, glass, mattresses, fire extinguishers, and triangle kits), resulting from (1) a collision or other serious accident, whether or not caused by Lessee; (2) abusive or negligent handling of the Equipment by Lessee (including but not limited to using excessive speed downhill and causing rear-end failures through spin-outs); (3) theft or vandalism, whether or not caused by Lessee; (4) Lessee's fuel starvation of the Equipment; (5) Lessee's engaging of the power-divider incorrectly; (6) Lessee's failure to drain air tanks daily following each use; or (7) any other act or omission of Lessee where such loss or damage could reasonably have been prevented. Any such repairs shall be performed only with the consent of Equipment Solutions and as set forth in this Lease. Lessee shall keep the Equipment interior clean and free of debris to allow for proper accomplishment of services and repairs; and Lessee shall defer all non-safety-related maintenance requests until the Equipment's next scheduled servicing. Lessee may also be responsible for inverter installations and removals (but only with Equipment Solutions' prior approval).

    iv. Notwithstanding the foregoing, Equipment Solutions will provide road service (including towing) for Equipment mechanical and tire failures, caused by any failure on Equipment Solutions' part to perform, in a commercially reasonable manner, the maintenance and inspection services required by this Lease.

    v. Lessee shall return the Equipment to a maintenance facility as set forth herein for inspection, preventive maintenance and repair at scheduled times as agreed upon by the parties. Any concerns Lessee has with the condition of the Equipment shall be promptly reported to Equipment Solutions and Lessee shall follow Equipment Solutions' reasonable instructions regarding the Equipment. Any concern Lessee has regarding the safe operations of the Equipment as to third-party safety, Lessee safety or protection of the Equipment hereby obligates Lessee to safely cease operations of the Equipment and provide verbal followed by written notice of all safety issues to Equipment Solutions. To prevent damage, Lessee shall also conduct pre-trip inspections of the Equipment, including checking oil and coolant levels, tire pressure, and any DOT-specified in-service item. In addition, Lessee agrees to have a full annual inspection pursuant to 49 C.F.R. § 396.17 performed on the Equipment at least once every 365 days and to have any necessary maintenance or repairs identified during that process performed and completed as required by Equipment Solutions. Lessee agrees to provide Equipment Solutions with a copy of the annual inspection report, as well as promptly forwarding to Equipment Solutions all other inspection, maintenance, and repair records for the Equipment, upon completion of such inspection, maintenance, or repair. Upon Equipment Solutions' request, Lessee shall permit Equipment Solutions to have access to the Equipment at all reasonable

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

times for the purpose of inspection and examination, including the periodic inspections mandated by this Lease, including Schedule D.

vi.   Equipment Solutions shall have no responsibility for any repair or service to the Equipment away from its facilities or Equipment Solutions-approved facilities unless authorized by Equipment Solutions in writing and documented by a properly-receipted and itemized bill for such repairs or services, listing the Equipment Solutions' Unit Number for the Equipment. Lessee. Lessee at Lessee's expense, shall safely transport the Equipment to Equipment Solutions or the Equipment Solutions-approved facility for regular and emergency maintenance services.

vii.  Equipment Solutions shall not be obligated to provide substitute vehicles or to pay for Lessee's hotel/lodging, meals, or other incidental or operating expenses while maintenance or repairs are being performed on the Equipment.

c.   **Modifications to Equipment.** Lessee shall make no addition, improvement, or modification to the Equipment, or change or remove any item that is or will be affixed to the Equipment unless Equipment Solutions gives Lessee written permission in advance. When Lessee returns the Equipment to Equipment Solutions, any item Lessee affixed with Equipment Solutions' approval may be removed only if Equipment Solutions reasonably determines that removal will not damage or lessen the value of the Equipment and Lessee pays for any such removal. Any alteration Equipment Solutions does not approve in writing shall be removed at Lessee's expense or retained by Equipment Solutions as its property, at Equipment Solutions' discretion.

d.   **Inspection/Use of Equipment in California**. The Lessee of Equipment (if a heavy-duty tractor) understands that when using Equipment to pull a long box-type trailer on a highway within California, the Equipment must be compliant with sections 95300-95312, title 17, California Code of Regulations, and that it is the responsibility of the Lessee to ensure the Equipment is compliant. The regulations may require the Equipment to have low-rolling-resistance tires that are U.S. Environmental Protection Agency (U.S. EPA) SmartWay Verified Technologies prior to current or future use in California, or may entirely prohibit use of the Equipment in California if it is a model year 2011 or later and is not a U.S. EPA SmartWay Certified, if a Tractor. Cal. Code Regs. tit. 17, § 95302(a)(42)(B) (emphasis in original).

8.   **TITLE TO AND LOCATION OF EQUIPMENT.**  As between Equipment Solutions and Lessee, Lessee shall have exclusive possession, control, and use of the Equipment for the duration of this Lease, and shall assume complete responsibility for the operation of the Equipment. However, Lessee is not buying the Equipment during this Lease. This Lease constitutes a lease and Equipment Solutions is merely allowing Lessee to use the Equipment, with an option to purchase it at the successful completion of the Lease Term. The Equipment shall at all times be and remain property of Equipment Solutions, notwithstanding that any items may now or hereafter be affixed to the Equipment, and title thereto shall at all times during this Lease remain in Equipment Solutions. The relationship between Equipment Solutions and Lessee shall always be only that of lessor and lessee. Lessee agrees that Equipment Solutions is entitled to and shall have the right to claim the following tax benefits with respect to the Equipment: (a) depreciation deductions for Federal Income Tax purposes and depreciation or cost recovery deductions for Iowa and any other applicable state income tax purposes, and (b) all items of income and deduction relating to this Lease.  Upon Equipment Solutions' request, Lessee agrees to affix a tag, plate or stencil to the Equipment showing Equipment Solutions' right, interest or title thereto.  Provided that Lessee is not in default in any manner, and subject to the terms of this Lease, Equipment Solutions agrees that it will not interfere with Lessee's quiet enjoyment and use of the Equipment during the Lease.

9.   **INDEMNIFICATION.** Lessee shall indemnify, defend, and hold Equipment Solutions and its assigns harmless from and against any claim (including any for which Equipment Solutions is not indemnified by its insurance) of direct, indirect, or consequential loss, damage, delay, fine, civil penalty, or expense, including reasonable attorneys' fees and costs of litigation (together "Damages") that Equipment Solutions incurs arising out of Lessee's (including Lessee's agents' or employees') negligence, gross negligence, willful misconduct, or other culpable acts or omissions in inspecting, maintaining, or using the Equipment or otherwise performing, or failing to perform, Lessee's obligations under this Lease. Lessee hereby authorizes Equipment Solutions to charge Lessee back for all amounts

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

due Equipment Solutions under this Section. The parties' obligations under this Section shall survive the expiration or earlier termination of this Lease as to events that occurred, or obligations incurred during its term.

10. **LIENS AND ENCUMBRANCES.** Lessee shall not directly or indirectly create or permit to exist and shall promptly and at Lessee's expense discharge, any lien, charge, or encumbrance on the Equipment, except for any lien, charge, or encumbrance resulting solely from the acts of Equipment Solutions.

11. **LOSS, DAMAGE OR DESTRUCTION.** Lessee is responsible for loss, damage, theft, or destruction of or to the Equipment. If the Equipment becomes lost, stolen, destroyed, irreparably damaged, confiscated, requisitioned, or commandeered (herein called a "Loss"), Lessee shall promptly notify Equipment Solutions thereof in writing and: (a) On the Lease Payment date following the date of such Loss, Lessee shall pay Equipment Solutions all accrued and unpaid Lease Payments owing for the Equipment for all periods commencing prior to such date; and (b) Equipment Solutions and Lessee agree to keep each other informed of any reporting information relating to the Loss and shall cooperate with each other and insurers in the investigation of the Loss.

12. **INSURANCE.** Lessee's obligations as to insurance shall be as set forth in attached <u>Schedule B</u> ("Insurance").

13. **DEFAULT.** Lessee shall be in default under this Lease upon the happening of any of the following events or conditions (herein called "Events of Default"):

   a.  Lessee fails to make any Lease Payment, or other obligations owed to Equipment Solutions by Lessee, within fourteen (14) days of the payment due date.

   b.  Lessee fails to perform or observe any other covenant, obligation, or agreement under this Lease, and such failure continues for ten (10) days after written notice by Equipment Solutions to Lessee.

   c.  Lessee makes an assignment for the benefit of creditors, or bankruptcy, arrangement, reorganization, liquidation, insolvency, receivership, or dissolution proceedings shall be instituted by or against Lessee, and if instituted against Lessee, shall be consented to or be pending and not dismissed for a period of 30 days.

   d.  Lessee abandons the Equipment or the Equipment or any part thereof, is taken via foreclosure, levy, execution, attachment or other process of law or equity enforced against Lessee.

   e.  If, in Equipment Solutions' sole, reasonable opinion, Lessee neglects, abuses or misuses the Equipment in any way, threatens to sell or take unlawful possession of the Equipment, or otherwise takes any other action which Equipment Solutions reasonably believes threatens Equipment Solutions' interest in the Equipment or this Lease.

   f.  If, during the term of this Lease, Lessee's ICOA with the Carrier designated above or such similar agreement with a carrier later approved pursuant to this Lease is terminated prior to the expiration of its term, or expires without immediate renewal.

14. **REMEDIES OF EQUIPMENT SOLUTIONS.** Upon the occurrence of an Event of Default, Equipment Solutions, in its sole discretion, may exercise any one or more of the remedies set forth below:

   a.  Terminate this Lease immediately, upon written notice to Lessee.

   b.  Declare the entire amount of unpaid Rent, Lease Payments, or other obligations then accrued for the Equipment immediately due and payable.

   c.  Cause Lessee, at their expense, to promptly return the Equipment at such place as Equipment Solutions designates. If Lessee does not return the Equipment as instructed, Equipment Solutions may, without liability, enter on the premises where the Equipment is located, and without notice or process, take immediate possession of the Equipment.

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

    **d.**    Charge back to Lessee all accrued and unpaid Lease Payments or other obligations owing for the Equipment prior to the Event of Default.

    **e.**    Lessee will also be responsible for and pay to Equipment Solutions all expenses of any kind incurred by Equipment Solutions in enforcing its remedies, including reasonable attorney's fees, litigation expenses, and costs. All remedies hereunder are cumulative and are in addition to any other remedies provided for by law and may, to the extent permitted by law, be exercised concurrently or separately. The exercise of any one remedy shall not be deemed to be an election of such remedy or to preclude the exercise of any other remedy.

**15. FURTHER ASSURANCES.** Lessee shall promptly execute and deliver [including circumstances where Lessee changes Carrier] to Equipment Solutions any documents and take such further action as Equipment Solutions may reasonably request to effectively carry out this Lease and to protect the rights and remedies of Equipment Solutions hereunder. Lessee authorizes Equipment Solutions to sign and execute any and all necessary forms to protect Equipment Solutions' rights and remedies related to the Equipment, including, but not limited to insurance claims, financing statements under the Uniform Commercial Code, and appropriate consents and waivers.

**16. ASSIGNMENT.** The provisions of this Lease shall be binding upon, and shall inure to the benefit all of Equipment Solutions' assigns and successors, and any permitted successors and assigns of Lessee.

    **a.**    Without Equipment Solutions' prior written consent, Lessee shall not assign any of Lessee's rights hereunder or sublet or transfer the Equipment, which Equipment Solutions' consent shall be conditioned upon Lessee remaining liable for the full and faithful performance of all obligations of Lessee under this Lease. Lessee may sublease the Equipment, but only in accordance with this Lease.

    **b.**    Equipment Solutions may, at any time, with or without notice to Lessee, sell, transfer, assign, mortgage, and grant a security interest in this Lease, any Schedule, and the Equipment, in whole or in part, and in such event any such purchaser, transferee, assignee, or secured party will have the same rights as Equipment Solutions' hereunder. If any such sale, transfer, assignment, mortgage or security interest occurs, Lessee will still have the same rights and options, if any, in this Lease so long as no Event of Default then exists.

**17. NOTICES.** All notices required by this Lease shall be in writing and shall be deemed to have been given when delivered personally; when mailed with proper postage, for first class mail prepaid, addressed to Equipment Solutions or Lessee, as the case may be, at their respective addresses as set forth herein or at such other address as either of them shall designate in writing to the other, or in the case of Equipment Solutions' assigns, at the addresses designated by them in writing; when deposited with an overnight delivery company with the express charges prepaid and properly addressed to the other party at the foregoing addresses.

**18. LATE CHARGES.** If Lessee fails to pay any Lease Payment when the same becomes due, Lessee shall, upon written demand from Equipment Solutions, pay interest on such delinquent payment from the due date until paid (without regard to any grace period) at the lower of one and one-half percent (1-1/2%) per month or the maximum rate of interest permitted by law. If Lessee fails to pay on time and Equipment Solutions must refer Lessee's account to a third party for collection, a collection fee will be assessed by Equipment Solutions and will be due at the time of the referral to the third party. The fee will be calculated as a percentage of the amount due to the extent permitted, or not otherwise prohibited, by applicable law. Collection fees are intended to be a reasonable advance estimate of actual costs resulting from late payments and non-payments, which are not readily ascertainable and are difficult to predict.

**19. PURCHASE OF THE EQUIPMENT.** IF LESSEE IS NOT IN DEFAULT, LESSEE MAY PURCHASE THE EQUIPMENT AT THE EXPIRATION OF THE LEASE TERM FOR THE STIPULATED LOSS VALUE AT THE TIME, AS SHOWN ON SCHEDULE A, WHICH VALUE INCLUDES ADMINISTRATIVE-COST REIMBURSEMENTS AND MARKUPS BENEFITING EQUIPMENT SOLUTIONS. IN ADDITION, LESSEE MAY REQUEST TERMINATION OF THIS LEASE IN ORDER TO PURCHASE THE EQUIPMENT AT ANY TIME DURING THE LEASE. IF EQUIPMENT SOLUTIONS, IN ITS SOLE DISCRETION, GRANTS SUCH

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

REQUEST, SUCH TERMINATION SHALL BECOME EFFECTIVE, AND LESSEE SHALL RECEIVE TITLE TO THE EQUIPMENT, ONLY ON PAYMENT OF THE STIPULATED LOSS VALUE AT THE TIME AS SHOWN ON SCHEDULE A, WHICH VALUE INCLUDES ADMINISTRATIVE-COST REIMBURSEMENTS AND MARKUPS BENEFITING EQUIPMENT SOLUTIONS, PLUS ALL ACCRUED AND UNPAID LEASE PAYMENTS OWING FOR THE EQUIPMENT FOR ALL PERIODS COMMENCING PRIOR TO SUCH TERMINATION.

20. **RETURN OF EQUIPMENT.** Unless Lessee purchases the Equipment pursuant to this Lease, Lessee shall return the Equipment to Equipment Solutions, at Lessee's expense, at the expiration or termination of this Lease, to 3930 16th Avenue, SW, Cedar Rapids, Iowa or other location as instructed by Equipment Solutions, in the same Good Operating Condition as when leased, excepting only reasonable wear and tear from normal use, together with any license plates, registration certificates, or other equipment or documents, owned or in the name of Equipment Solutions, relating to the Equipment. Upon Lessee's request, Equipment Solutions may, in its sole discretion, allow Lessee to retain some or all of such license plates or other documents. Unless otherwise agreed by Equipment Solutions, Lessee shall give Equipment Solutions at least twenty (20) days' notice of the return of the Equipment. At the expiration of this Lease, Equipment Rent will continue to accrue until such time as the Equipment is returned to the designated location. In addition, if Lessee does not timely return the Equipment to the location as instructed by Equipment Solutions, Equipment Solutions may, but is not required to, retrieve the Equipment, in which case Lessee will be charged the fee incurred by Equipment Solutions to recover the Equipment. This recovery fee is not an exclusive remedy for Lessee's failure to return the Equipment in compliance with this Lease and does not preclude Equipment Solutions from enforcing other rights or recovering any other remedies to which Equipment Solutions is entitled under this Lease.

21. **MISCELLANEOUS.** This Lease (including all Schedules and addendums executed by Lessee and Equipment Solutions) constitutes the entire agreement between Equipment Solutions and Lessee with respect to the leasing of the Equipment, and fully replaces and supersedes all prior agreements and undertakings (including attachments), oral and written, express or implied, or practices between the parties, relating to the same subject matter. No provision of this Lease may be changed, waived, discharged or terminated except by a written document, signed by both parties, except that Equipment Solutions may insert the serial number of the Equipment on any Schedule. If any provision (including any sentence or part of a sentence) of this Lease is declared invalid for any reason, such provision shall be deemed ineffective without invalidating the other provisions hereof. If Lessee fails to perform any of their obligations under the Lease, Equipment Solutions may, but shall not be obligated to, perform the same without thereby waiving such default, and any amount paid or expense or liability incurred by Equipment Solutions in such performance shall be paid or reimbursed by Lessee upon Equipment Solutions' demand.

22. **GOVERNING LAW.** This Lease shall in all respects be governed by and construed in accordance with the laws of the United States and, except as otherwise provided herein, the State of Iowa, without regard to the choice-of-law rules of Iowa or any other jurisdiction. THE PARTIES AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS LEASE, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING LINN COUNTY, IOWA. EQUIPMENT SOLUTIONS AND LESSEE HEREBY CONSENT TO THE JURISDICTION OF SUCH COURTS.

23. **PERSONAL PROPERTY**. Equipment Solutions is not liable for loss or damage to personal property that Lessee or anyone else carries or keeps in the Equipment. If Lessee or anyone else has personal property in the Equipment at the time Equipment Solutions secures possession of the Equipment under this Lease, Equipment Solutions shall not be liable for any damage to, loss of, or disposition of such property.

24. **CONSENT TO CONDUCT BUSINESS USING ELECTRONIC METHODS**. Equipment Solutions and Lessee consent to conduct business using any method permitted by applicable law. This consent encompasses the use of electronic methods (including email correspondence) to transmit and effect the signature of any document related to or required by this Lease. The parties agree that any document signed by facsimile, e-mail or other means of electronic transmission is deemed to have the same legal effect as delivery of an original paper document or handwritten signature.

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

Lessee and Equipment Solutions hereby execute this Equipment Lease on , at <u>12: 01</u>   <u>a</u>.m.

**BY SIGNING BELOW, LESSEE ACKNOWLEDGES THAT:**
- **VEHICLES SUITABLE FOR LESSEE'S PROVISION OF SERVICES UNDER INDEPENDENT CONTRACTOR OPERATING AGREEMENTS WITH CRST EXPEDITED, INC. d/b/a CRST THE TRANSPORTATION SOLUTION, INC., AND OTHER MOTOR CARRIERS ARE AVAILABLE FOR PURCHASE OR LEASE FROM NUMEROUS COMPANIES OTHER THAN CRST EQUIPMENT SOLUTIONS, INC.;**
- **LESSEE IS FREE TO LEASE A VEHICLE OBTAINED FROM ANOTHER SOURCE TO SUCH CARRIERS; AND**
- **LESSEE IS <u>NOT</u> REQUIRED TO SIGN THIS EQUIPMENT LEASE AS A CONDITION OF ENTERING INTO AN INDEPENDENT CONTRACTOR OPERATING AGREEMENT WITH ANY SUCH CARRIERS.**

**LESSEE**

By **X** _Daniel Weche_          Title <u>Owner</u>          Date 05 / 09 / 2025

Printed Name   Daniel Weche

**EQUIPMENT SOLUTIONS**
By _/s/_          _Michelle Witherspoon_          Date 05 / 08 / 2025

Printed Name:   Michelle Witherspoon

**<u>PERSONAL</u> <u>GUARANTY</u>:  In consideration of Equipment Solutions' entering into the above Lease with Lessee and other good and valuable consideration, which is acknowledged to have been received, the undersigned jointly and severally unconditionally guarantee the due, regular, and punctual payment of all Lease Payments due and the prompt performance of all of Lessee's obligations and duties under the above Lease. Equipment Solutions shall not be required to exhaust its remedies against Lessee or the Equipment as a condition of recovery under this guaranty. The undersigned waives any right to notice or of consent to acceptance of this guaranty, or default, failure to perfect a security interest, amendment, release, settlement, extension, or compromise of the Lease, the Equipment, or Lessee. The obligations under this guaranty shall survive any initiation by or against Lessee of insolvency or bankruptcy proceedings. This guaranty is effective as of the earlier of the Start Date of the above Lease or the date of signature hereof by the undersigned.**

Guarantor's Signature _____     Guarantor's Signature_____

Printed Name _____     Printed Name _____

Street Address _____     Street Address _____

City, State, Zip Code_____     City, State, Zip Code_____

Date _____     Date_____

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

# CERTIFICATE OF ACCEPTANCE OF LEASED EQUIPMENT

Lessee certifies that the Equipment identified as follows:

| EQUIPMENT DESCRIPTION | | | | | |
|---|---|---|---|---|---|
| **YEAR** | 2022 | **MAKE** | FRTL | **MODEL** | CASCADIA | **ENGINE TYPE** | DD15 |
| **VIN** | | **MILEAGE** | 464064 | **UNIT #** | 104758 | | |

3AKJHHDR6NSND1416

has been received by Lessee; that all necessary installations have been completed; that Lessee has inspected the Equipment before signing the Lease and found the Equipment to be in Good Operating Condition; that, in all respects, the Equipment is satisfactory to Lessee; and that the Equipment is accepted "as is" by Lessee for all purposes under the Lease. The Equipment is correctly described in this Lease, and Equipment Solutions is authorized to insert serial numbers on the Lease.

**LESSEE**

By **X** *Daniel Weche*

Printed Name ___Daniel Weche_____ Title _____

Date Accepted ___05 / 09 / 2025___

Location Where Delivery of Equipment Was Made: ___Birmingham___, ___AL___.
                                                              City                State

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

**CRST Equipment Solutions, Inc.**

3930 16th Avenue, SW
Cedar Rapids, IA 52404
Phone: (319) 289-7850
lpc@crst.com

# <u>AUTHORIZATION AND ASSIGNMENT</u>

To: CRST Expedited, Inc. d/b/a CRST The Transportation Solution, Inc. ("Carrier")

1.  The undersigned Lessee hereby authorizes and directs Carrier to pay CRST Equipment Solutions, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa 52404 ("Equipment Solutions"), the Equipment Rent, and all other items owed to Equipment Solutions under the Equipment Lease entered into by Lessee and Equipment Solutions on 05 / 09 / 2025 ("Lease") (Equipment Rent and all other items collectively referred to as "Lease Payments") in varying amounts communicated by Equipment Solutions to Carrier each week, and to deduct these amounts from Lessee's weekly settlement under Lessee's Independent Contractor Operating Agreement ("ICOA") with Carrier. The weekly deductions shall begin on the First Lease Payment Date shown on the page 1 of the Lease and weekly thereafter for 121 (__) consecutive weeks or until the balance due has been paid to Equipment Solutions.

2.  If Lessee's ICOA with Carrier expires or is terminated for any reason and a subsequent carrier is not approved by Equipment Solutions, Carrier is hereby authorized and directed to use all final settlement compensation, escrow funds, or other amounts due Lessee under the ICOA, after deducting amounts due Carrier, to pay Equipment Solutions any Lease Payment amounts still owed by Lessee to Equipment Solutions, except as provided in herein, and only thereafter to pay the balance to Lessee.

3.  At such time as Lessee's ICOA with Carrier expires or is terminated, Carrier is authorized and directed to immediately notify Equipment Solutions of the expiration or termination.

4.  Carrier is authorized and directed to supply Equipment Solutions, upon request, a copy of Lessee's ICOA.

**LESSEE**

By **X** _Daniel Weche_ Title _____ Date 05 / 09 / 2025

Printed Name _Daniel Weche_

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

**STIPULATED LOSS VALUE SCHEDULE**

The parties to this Agreement agree that the Stipulated Loss Value of the Equipment is the amount shown below for each payment period with an implied interest rate of  percent.

Truck #  104758

| No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value | No. | Payment Date | Stipulated Loss Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 5/30/2025 | $ 73,292 | 53 | 5/29/2026 | $ 56,273 | 105 | 5/28/2027 | $ 37,277 | 157 | | | 209 | | |
| 2 | 6/6/2025 | $ 72,982 | 54 | 6/5/2026 | $ 55,927 | 106 | 6/4/2027 | $ 36,891 | 158 | | | 210 | | |
| 3 | 6/13/2025 | $ 72,671 | 55 | 6/12/2026 | $ 55,580 | 107 | 6/11/2027 | $ 36,504 | 159 | | | 211 | | |
| 4 | 6/20/2025 | $ 72,360 | 56 | 6/19/2026 | $ 55,233 | 108 | 6/18/2027 | $ 36,116 | 160 | | | 212 | | |
| 5 | 6/27/2025 | $ 72,048 | 57 | 6/26/2026 | $ 54,885 | 109 | 6/25/2027 | $ 35,728 | 161 | | | 213 | | |
| 6 | 7/4/2025 | $ 71,735 | 58 | 7/3/2026 | $ 54,536 | 110 | 7/2/2027 | $ 35,338 | 162 | | | 214 | | |
| 7 | 7/11/2025 | $ 71,422 | 59 | 7/10/2026 | $ 54,186 | 111 | 7/9/2027 | $ 34,948 | 163 | | | 215 | | |
| 8 | 7/18/2025 | $ 71,108 | 60 | 7/17/2026 | $ 53,836 | 112 | 7/16/2027 | $ 34,557 | 164 | | | 216 | | |
| 9 | 7/25/2025 | $ 70,794 | 61 | 7/24/2026 | $ 53,485 | 113 | 7/23/2027 | $ 34,165 | 165 | | | 217 | | |
| 10 | 8/1/2025 | $ 70,478 | 62 | 7/31/2026 | $ 53,133 | 114 | 7/30/2027 | $ 33,772 | 166 | | | 218 | | |
| 11 | 8/8/2025 | $ 70,162 | 63 | 8/7/2026 | $ 52,780 | 115 | 8/6/2027 | $ 33,379 | 167 | | | 219 | | |
| 12 | 8/15/2025 | $ 69,846 | 64 | 8/14/2026 | $ 52,427 | 116 | 8/13/2027 | $ 32,984 | 168 | | | 220 | | |
| 13 | 8/22/2025 | $ 69,529 | 65 | 8/21/2026 | $ 52,073 | 117 | 8/20/2027 | $ 32,589 | 169 | | | 221 | | |
| 14 | 8/29/2025 | $ 69,211 | 66 | 8/28/2026 | $ 51,718 | 118 | 8/27/2027 | $ 32,193 | 170 | | | 222 | | |
| 15 | 9/5/2025 | $ 68,892 | 67 | 9/4/2026 | $ 51,362 | 119 | 9/3/2027 | $ 31,796 | 171 | | | 223 | | |
| 16 | 9/12/2025 | $ 68,573 | 68 | 9/11/2026 | $ 51,006 | 120 | 9/10/2027 | $ 31,399 | 172 | | | 224 | | |
| 17 | 9/19/2025 | $ 68,253 | 69 | 9/18/2026 | $ 50,649 | 121 | 9/17/2027 | $ 31,000 | 173 | | | 225 | | |
| 18 | 9/26/2025 | $ 67,932 | 70 | 9/25/2026 | $ 50,291 | 122 | | | 174 | | | 226 | | |
| 19 | 10/3/2025 | $ 67,611 | 71 | 10/2/2026 | $ 49,932 | 123 | | | 175 | | | 227 | | |
| 20 | 10/10/2025 | $ 67,289 | 72 | 10/9/2026 | $ 49,573 | 124 | | | 176 | | | 228 | | |
| 21 | 10/17/2025 | $ 66,966 | 73 | 10/16/2026 | $ 49,213 | 125 | | | 177 | | | 229 | | |
| 22 | 10/24/2025 | $ 66,643 | 74 | 10/23/2026 | $ 48,852 | 126 | | | 178 | | | 230 | | |
| 23 | 10/31/2025 | $ 66,319 | 75 | 10/30/2026 | $ 48,490 | 127 | | | 179 | | | 231 | | |
| 24 | 11/7/2025 | $ 65,994 | 76 | 11/6/2026 | $ 48,128 | 128 | | | 180 | | | 232 | | |
| 25 | 11/14/2025 | $ 65,669 | 77 | 11/13/2026 | $ 47,765 | 129 | | | 181 | | | 233 | | |
| 26 | 11/21/2025 | $ 65,343 | 78 | 11/20/2026 | $ 47,401 | 130 | | | 182 | | | 234 | | |
| 27 | 11/28/2025 | $ 65,016 | 79 | 11/27/2026 | $ 47,036 | 131 | | | 183 | | | 235 | | |
| 28 | 12/5/2025 | $ 64,688 | 80 | 12/4/2026 | $ 46,670 | 132 | | | 184 | | | 236 | | |
| 29 | 12/12/2025 | $ 64,360 | 81 | 12/11/2026 | $ 46,304 | 133 | | | 185 | | | 237 | | |
| 30 | 12/19/2025 | $ 64,031 | 82 | 12/18/2026 | $ 45,937 | 134 | | | 186 | | | 238 | | |
| 31 | 12/26/2025 | $ 63,702 | 83 | 12/25/2026 | $ 45,569 | 135 | | | 187 | | | 239 | | |
| 32 | 1/2/2026 | $ 63,372 | 84 | 1/1/2027 | $ 45,201 | 136 | | | 188 | | | 240 | | |
| 33 | 1/9/2026 | $ 63,041 | 85 | 1/8/2027 | $ 44,831 | 137 | | | 189 | | | 241 | | |
| 34 | 1/16/2026 | $ 62,709 | 86 | 1/15/2027 | $ 44,461 | 138 | | | 190 | | | 242 | | |
| 35 | 1/23/2026 | $ 62,377 | 87 | 1/22/2027 | $ 44,090 | 139 | | | 191 | | | 243 | | |
| 36 | 1/30/2026 | $ 62,044 | 88 | 1/29/2027 | $ 43,718 | 140 | | | 192 | | | 244 | | |
| 37 | 2/6/2026 | $ 61,710 | 89 | 2/5/2027 | $ 43,346 | 141 | | | 193 | | | 245 | | |
| 38 | 2/13/2026 | $ 61,375 | 90 | 2/12/2027 | $ 42,973 | 142 | | | 194 | | | 246 | | |
| 39 | 2/20/2026 | $ 61,040 | 91 | 2/19/2027 | $ 42,598 | 143 | | | 195 | | | 247 | | |
| 40 | 2/27/2026 | $ 60,704 | 92 | 2/26/2027 | $ 42,224 | 144 | | | 196 | | | 248 | | |
| 41 | 3/6/2026 | $ 60,368 | 93 | 3/5/2027 | $ 41,848 | 145 | | | 197 | | | 249 | | |
| 42 | 3/13/2026 | $ 60,031 | 94 | 3/12/2027 | $ 41,471 | 146 | | | 198 | | | 250 | | |
| 43 | 3/20/2026 | $ 59,693 | 95 | 3/19/2027 | $ 41,094 | 147 | | | 199 | | | 251 | | |
| 44 | 3/27/2026 | $ 59,354 | 96 | 3/26/2027 | $ 40,716 | 148 | | | 200 | | | 252 | | |
| 45 | 4/3/2026 | $ 59,014 | 97 | 4/2/2027 | $ 40,337 | 149 | | | 201 | | | 253 | | |
| 46 | 4/10/2026 | $ 58,674 | 98 | 4/9/2027 | $ 39,958 | 150 | | | 202 | | | 254 | | |
| 47 | 4/17/2026 | $ 58,333 | 99 | 4/16/2027 | $ 39,577 | 151 | | | 203 | | | 255 | | |
| 48 | 4/24/2026 | $ 57,992 | 100 | 4/23/2027 | $ 39,196 | 152 | | | 204 | | | 256 | | |
| 49 | 5/1/2026 | $ 57,649 | 101 | 4/30/2027 | $ 38,814 | 153 | | | 205 | | | 257 | | |
| 50 | 5/8/2026 | $ 57,306 | 102 | 5/7/2027 | $ 38,431 | 154 | | | 206 | | | 258 | | |
| 51 | 5/15/2026 | $ 56,963 | 103 | 5/14/2027 | $ 38,047 | 155 | | | 207 | | | 259 | | |
| 52 | 5/22/2026 | $ 56,618 | 104 | 5/21/2027 | $ 37,663 | 156 | | | 208 | | | 260 | | |

This SCHEDULE A, which completely replaces and supersedes any earlier schedule, addendum, or other provision of this lease relating to the same subjects, is agreed to by the undersigned parties as of the latest date set forth below:

LESSEE *Daniel Weche*

By: _____
           Signature

Daniel Weche

05 / 09 / 2025
         Printed Name and Title

         Date

LESSOR: CRST Lincoln Sales, Inc.

*Michelle Witherspoon*

By: _____
           Signature

Michelle Witherspoon

05 / 09 / 2025
         Printed Name and Title

         Date

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

## SCHEDULE B

## INSURANCE

1. **LESSEE'S INSURANCE OBLIGATIONS.** Lessee shall procure, carry, and maintain, at Lessee's sole expense, the following minimum insurance coverages during this Lease:

   a. **Non-Trucking (Bobtail) Liability Insurance.** Commercial automobile liability insurance which shall provide coverage to Lessee whenever the Equipment is not being operated on behalf of, or in the business, of a motor carrier (including, but not limited to, whenever the Equipment is being operated on behalf of Lessee alone) in a combined single limit of not less than one million dollars ($1,000,000), with a deductible no greater than one thousand dollars ($1,000), for injury or death to any person or for damages to property in any one occurrence. Such coverage shall be primary to any other insurance that may be available from Equipment Solutions. Lessee shall be responsible for all deductible amounts and for any loss or damage in excess of the policy limit. Lessee shall also provide Equipment Solutions with a certificate of insurance evidencing the foregoing insurance, and naming Equipment Solutions as additional insured.

   b. **Physical Damage Insurance.** Physical damage insurance that will provide coverage to Lessee at all times in a combined single limit of no less than the Stipulated Loss Value of the Equipment as shown in <u>Schedule A</u> for the next date after the occurrence, with a deductible no greater than two thousand five hundred dollars ($2,500), for physical loss or damage to the Equipment (including theft and collision for Equipment consisting of motor vehicles) in any one occurrence. Such coverage shall be primary to any other insurance that may be available from Equipment Solutions. Lessee shall be responsible for all deductible amounts and for any loss or damage in excess of the policy limit. Equipment Solutions shall be named as Loss Payee on Lessee's physical damage insurance.

   c. **Other Insurance.** In addition to the insurance coverages required under Sections 1(a)-(b) above, it is solely Lessee's responsibility to procure, carry, and maintain any other insurance coverage that Lessee may desire for the Equipment or for Lessee's health care or other needs. Lessee holds Equipment Solutions harmless with respect to loss of or damage to Lessee's Equipment, trailer, or other property, and Equipment Solutions has no responsibility to procure, carry, or maintain any insurance covering loss of or damage to Lessee's Equipment, trailer, or other property. Lessee acknowledges that Equipment Solutions may, and Lessee hereby authorizes Equipment Solutions to, waive, reject, or reduce no-fault, uninsured, and underinsured motorist coverage from Equipment Solutions' insurance policies to the extent allowed under applicable laws Equipment Solutions, and Lessee shall cooperate in the completion of all necessary documentation for such waiver, election, rejection, or reduction.

2. **REQUIREMENTS APPLICABLE TO ALL OF LESSEE'S INSURANCE COVERAGES.** Lessee shall procure insurance policies providing the above-described coverages solely from insurance carriers that are AM Best "A"-rated (or of equivalent financial strength in the commercially reasonable judgment of Equipment Solutions), and Lessee shall not operate the Equipment under this Lease unless and until Equipment Solutions has determined that the policies are acceptable (Equipment Solutions' approval shall not be unreasonably withheld). Lessee shall furnish to Equipment Solutions written certificates (and policies if requested by Equipment Solutions) obtained from Lessee's insurance carrier or carriers showing that all coverages required by this Lease have been procured from insurance carriers that are AM Best "A"-rated (or of equivalent financial strength in the commercially reasonable judgment of Equipment Solutions), that the coverages are being properly maintained, and that the premiums thereof are paid. Each insurance certificate shall specify the name of the insurance carrier, the policy number, the expiration date, list Equipment Solutions and Equipment Solutions' assigns as additional insureds with primary coverage, and show that written notice of cancellation or modification of the policy shall be given to Equipment Solutions and Equipment Solutions' assigns at least thirty (30) days prior to such cancellation or modification.

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

3. **LESSEE'S LIABILITY IF REQUIRED COVERAGES ARE NOT MAINTAINED.** In addition to Lessee's indemnity obligations to Equipment Solutions under this Lease, Lessee agrees to defend, indemnify, and hold Equipment Solutions harmless from any direct, indirect, or consequential loss, damage, fine, expense, including reasonable attorney fees, actions, claim for injury to persons, including death, and damage to property that Equipment Solutions may incur arising out of or in connection with Lessee's failure to maintain the insurance coverages required by this Lease. In addition, Lessee, on behalf of Lessee's insurer, expressly waives all subrogation rights against Equipment Solutions, and, in the event of a subrogation action brought by Lessee's insurer, Lessee agrees to defend, indemnify, and hold Equipment Solutions harmless from such claim.

This SCHEDULE B, which completely replaces and supersedes any earlier schedule, addendum, or other provisions of this Lease relating to the same subjects, is agreed to by the undersigned parties as of the latest date set forth below:

| LESSEE | EQUIPMENT SOLUTIONS: CRST Equipment Solutions, Inc. |
|---|---|
| By: **X** _Daniel Weche_ | By: _Michelle Witherpoon_ |
| Signature | Signature |
| Daniel Weche | 05 / 08 / 2025 |
| Printed Name and Title | Date |
| 05 / 09 / 2025 | |
| Date | |

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

# SCHEDULE C

**Miscellaneous Overall Lease Payment Items**.  Lessee agrees to pay Equipment Solutions applicable Lease Payment items, including, but not limited to, the items set forth in the table below, in the next-following weekly Lease Payment. Where no dollar figure is listed in the table below, the amount will be computed as indicated in the column headed "Amount or Method of Computation."  Except as otherwise indicated in that column, (a) Equipment Solutions shall charge Lessee no administrative ("admin.") fee or markup and (b) Equipment Solutions shall credit Lessee with all rebates, discounts, credits, or refunds that correspond to particular charge-backs or deductions that Equipment Solutions receives while this Lease is in effect or, in the case of taxes and fees, even after this Lease is terminated.

| LEASE PAYMENT ITEM | AMOUNT OR METHOD OF COMPUTATION |
|---|---|
| **Changes, alterations, modifications, improvements** in the Equipment required by law, approved by Equipment Solutions, or removed at Lessee's expense because not approved by Equipment Solutions | Amount Equipment Solutions paid or otherwise incurred |
| **Claims, losses, damages, or expenses** (including reasonable attorneys' fees) under Lease | Amount Equipment Solutions paid or otherwise incurred, as further specified in Lease |
| **Equipment Purchase** | *See* Lease § 19 and Schedule A |
| **Equipment Rent** | *See* table on page 1 of Lease.  Equipment Rent payments include administrative-cost reimbursements and markups benefiting Equipment Solutions as well as interest and Mileage Charges |
| **Federal Heavy Highway Vehicle Use Tax** | $10.58 per week (the $550 annual tax divided by 52 weeks) |
| **Late Charges** on amount of Equipment Rent and other charges due under Lease § 18 | 1.5% per month (18% annually) or maximum lawful rate if less |
| **Licenses, permits, taxes, other operating expenses**, related levies, fines, penalties, liens, and encumbrances pursuant to Lease § 2 | Amount Equipment Solutions paid or otherwise incurred, including administrative-cost reimbursements and markups benefiting Equipment Solutions |
| **Termination-related expenses and losses - Equipment** Rent and all other amounts due under this Lease | Actual amount Equipment Solutions paid or otherwise incurred |

**Supporting Information**.  Equipment Solutions shall provide Lessee with a written explanation and itemization of any amounts owed pursuant to this Lease. With respect to all amounts in the table above, Equipment Solutions shall make available to Lessee, upon request, copies of those documents that are necessary to determine the validity of the amount.

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

**THIS SCHEDULE C, which completely replaces and supersedes any earlier schedule, addendum, or other provisions of this Lease relating to the same subjects, is agreed to by the undersigned parties as of the latest date set forth below.**

LESSEE

By: **X** *Daniel Weche*

Daniel Weche
_____
Printed Name and Title

05 / 09 / 2025
_____
Date

EQUIPMENT SOLUTIONS: CRST Equipment Solutions, Inc.

By: *Michelle Witherspoon*

Michelle Witherspoon Lease Manager
_____
Printed Name and Title

05 / 08 / 2025
_____
Date

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

**<u>SCHEDULE D</u>**

During the term of the Lease, Equipment Solutions shall furnish, at Equipment Solutions' expense, maintenance services for the Equipment subject to this Lease, at an operational level that is sufficient to perform in a safe and timely manner, the intended and customary functions of the Equipment in accordance with the maintenance schedules found at the following link:[1]

https://careers.crst.com/lease-intervals

---

[1] Maintenance schedules found at this link are subject to change based on manufacturer requirements and recommendations, or as required by ES policies and procedures or applicable law.

- Page D-1

Document Ref: E4HEU-W4ZUH-PXRE7-FX8MI

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
E4HEU-W4ZUH-PXRE7-FX8MI

DOCUMENT COMPLETED BY ALL PARTIES ON
10 MAY 2025 03:40:51 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**MICHELLE WITHERSPOON**

EMAIL
LPC1@CRST.COM

SENT
08 MAY 2025 15:43:37 UTC

SIGNED
08 MAY 2025 15:43:38 UTC

*Michelle Witherspoon*

IP ADDRESS
32.143.207.154

LOCATION
HOOVER, UNITED STATES

---

**DANIEL WECHE**

EMAIL
████████████████

SENT
08 MAY 2025 15:43:37 UTC

VIEWED
10 MAY 2025 03:36:26 UTC

SIGNED
10 MAY 2025 03:40:51 UTC

*Daniel Weche*

IP ADDRESS
████████████████

LOCATION
GADSDEN, UNITED STATES

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
10 MAY 2025 03:36:26 UTC



