UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, ANTHONY HICKS, DANIEL WECHE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL HOLDINGS LLC, CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., JOHN SMITH, an individual, and MICHAEL GANNON, an individual,<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**INDIVIDUAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 2 |
| | A. | The Parties and the alleged "Driving Opportunity" | 2 |
| | B. | Procedural history, claims, and class definition | 4 |
| III. | ARGUMENT | | 4 |
| | A. | Plaintiffs fail to plausibly allege that the individual Defendants, Gannon and Smith, materially aided in the alleged violations. | 4 |
| IV. | CONCLUSION | | 7 |

The individual Defendants, John Smith (Smith) and Michael Gannon (Gannon), respectfully submit this memorandum of points and authorities in support of their Motion to Dismiss.

## I. INTRODUCTION

Plaintiffs' First Amended Complaint attempts to convert a wide-ranging dispute about the lease purchase programs offered by CRST Expedited and CRST Specialized into a single statutory claim under Iowa's Business Opportunity Promotions Act ("BOPA"), Iowa Code ch. 551A. Plaintiffs allege that the programs constitute regulated "business opportunities," that Defendants failed to register and provide a BOPA-compliant disclosure document, and that Defendants made generalized, "fraudulent" promotional statements about earnings, turnover, and profitability. On those allegations, three former contractors—none of whom resides in Iowa, operates a business in Iowa, or alleges that any offer, acceptance, or relevant transaction occurred in Iowa—seek to certify a nationwide class of all drivers who leased trucks from Lincoln Sales and drove for CRST Expedited or CRST Specialized "in any week within the United States."

As to the individual Defendants, however, Plaintiffs' BOPA claims fail at the threshold.[1] BOPA does not impose personal liability on corporate officers or owners based on title or generalized "control." It extends liability beyond the seller only to specified affiliated persons "who materially aid[] in the act or transaction constituting the violation." Iowa Code § 551A.8(2). Plaintiffs do not plead facts showing that Smith or Gannon materially aided any particular alleged violation—such as a failure to register, a failure to provide a disclosure document, or a specific misrepresentation made to any Plaintiff in connection with any transaction. Instead, Plaintiffs rely

---

[1] Plaintiffs' claims against Smith and Gannon also fail for the same reasons discussed in Defendants CRST International Holdings, LLC, CRST Expedited, Inc, CRST Specialized Transportation, Inc., and CRST Lincoln Sales, Inc.'s separately filed Motion to Dismiss, ECF No. 120, and supporting papers. Smith and Gannon therefore incorporate those arguments by reference.

on conclusory, group-pleaded assertions that Smith and Gannon "formulated," "directed," or "controlled" the corporate defendants' conduct. That is precisely the sort of status-based pleading that Rule 8 does not permit and that courts construing materially-aids provisions in analogous franchise and business-opportunity statutes routinely reject. Because the Complaint does not plausibly allege the required "material aid" by either individual Defendant, the BOPA claim against Smith and Gannon should be dismissed.

## II. BACKGROUND

### A. The Parties and the alleged "Driving Opportunity"

Plaintiffs, Harley Kelchner, Anthony Hicks, and Daniel Weche, each alleges that he performed work as a "Driver" for "CRST Trucking" for a defined period and then stopped driving for Defendants well before filing the operative complaint. *Compl.*, ¶¶ 3, 12–14.

In their operative Complaint, Plaintiffs are suing a group of entities and two individual executives they collectively define as "CRST Trucking": CRST International Holdings, CRST Expedited, CRST Specialized, CRST Lincoln Sales, Smith, and Gannon. *Id.*, ¶ 1. CRST International Holdings is an Iowa limited liability company with its principal place of business in Cedar Rapids, Iowa; CRST Expedited is an Iowa corporation with its principal place of business in Cedar Rapids; CRST Specialized is an Indiana corporation with its principal place of business in Fort Wayne, Indiana; and Lincoln Sales is an Iowa corporation with its principal place of business in Cedar Rapids. *Id.*, ¶¶ 15–18. Plaintiffs allege that these "Corporate Defendants" are overseen by CRST International Holdings and operate "as an interrelated network of companies that have common ownership, control, officers, directors, members, managers, office locations, customer databases, and mailing addresses," and that "[e]ach Corporate Defendant is and has been an agent of the other in the acts and conduct alleged herein." *Id.*, ¶ 21.

As to the individual defendants, Plaintiffs allege that Smith is an Iowa resident with his

primary place of business in Cedar Rapids, Iowa (without ever identifying or alleging what business he is in); that he is a partial owner and Chairman of the Board of CRST International and "the primary control person of all the corporate defendants"; and that, "[a]t all times material to this Complaint," he "has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the other Defendants, including the acts and practices set forth in this Complaint." *Id.*, ¶ 19. Plaintiffs similarly allege that Gannon is an Iowa resident with his primary place of business in Cedar Rapids (and, like Smith, without ever identifying or alleging what business he is in); that he is the President and Chief Executive Officer of CRST International Holdings; and that, "[a]t all times material to this Complaint," he too "has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the other Defendants, including the acts and practices set forth in this Complaint." *Id.*, ¶ 20.

At the core of the case is what Plaintiffs refer to as the "lease purchase business opportunity program" or "Driving Opportunity," under which certain drivers lease trucks from Lincoln Sales and "simultaneously agree[] to provide driving services to CRST Trucking utilizing such trucks." *Id.*, ¶ 1. Plaintiffs allege that drivers are licensed commercial drivers who operate commercial vehicles and transport Defendants' customers' cargo, and that the Driving Opportunity is implemented across multiple entities, including CRST Specialized and CRST Expedited. *Id.*, ¶¶ 1–2. Plaintiffs contend that the Driving Opportunity is a "business opportunity" under BOPA and that Defendants' lease-purchase program therefore must comply with BOPA's registration, disclosure, and anti-fraud provisions. *Id.*, ¶¶ 4–6, 96–103.

In particular, Plaintiffs allege that, "[i]n connection with the offer, sale, and/or operation of the Driving Opportunity," Defendants violated BOPA by: (1) failing to register the Driving Opportunity and file the required irrevocable consent with the Iowa Secretary of State; (2) failing to deliver a "fulsome disclosure statement" and related contracts to each driver candidate "ten days

3

in advance of signing contracts or paying consideration" for the Driving Opportunity; and (3) making untrue or misleading statements and omissions in advertising, recruiting, and contract-related communications about turnover, expected earnings, costs, and the viability of the Driving Opportunity as a way to start a business. *Id.*, ¶¶ 4–6, 96–103. Plaintiffs claim that Defendants' failure to provide the required disclosure document renders them "strictly liable" for restitution under BOPA, and that Defendants' alleged misrepresentations and omissions trigger BOPA's anti-fraud provisions. *Id.*, ¶¶ 5–6, 96–103. Plaintiffs further allege that, under BOPA's remedial scheme, "[p]urchasers injured by a violation of BOPA's anti-fraud provisions have access to a broad panoply of statutory remedies," and they seek the remedies afforded by Iowa Code § 551A.8, including "return of monies paid into the opportunity, damages, interest, equitable, and injunctive relief, as well as available attorneys' fees and costs" on behalf of themselves and the putative class. *Id.*, ¶¶ 4, 6, 8.

### B. Procedural history, claims, and class definition

Plaintiff Kelchner filed his original Complaint (ECF No. 1) in this action on August 23, 2024. On October 29, 2025, Plaintiffs filed their operative Amended Complaint, which added two additional named Plaintiffs, Weche and Hicks, and three additional named Defendants, CRST International Holdings, Smith, and Gannon. *Id.*, ¶ 1. Plaintiffs seek to pursue their BOPA claims on behalf of a nationwide class that includes "All current and former Drivers who leased trucks from CRST Lincoln Sales and drove for CRST Trucking in any week within the United States at any time during the period beginning three years prior to the filing of the Original Complaint (August 23, 2024), and continuing through the resolution of this action." *Id.*, ¶ 85.

## III. ARGUMENT

### A. Plaintiffs fail to plausibly allege that the individual Defendants, Gannon and Smith, materially aided in the alleged violations.

Under Iowa Code § 551A.8(2), liability extends beyond the seller itself only to specified

affiliated persons "who materially aid[] in the act or transaction constituting the violation." However, the Complaint's allegations as to Smith and Gannon are purely structural and conclusory.

For Smith, Plaintiffs allege that he is a partial owner and Chairman of the Board of CRST International Holdings and label him "the primary control person of all the corporate defendants," followed by the bare assertion that, "[a]t all times material to this Complaint, acting alone or in concert with others, Smith has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the other Defendants." *Compl.*, ¶ 19. They make essentially identical allegations as to Gannon, alleging that he is the President and CEO of CRST International Holdings and that he "has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the other Defendants." *Id.*, ¶ 20. Elsewhere, Plaintiffs allege that the "Corporate Defendants—at the direction and under the control of CRST International [Holdings], its Board of Directors, and common officers and executives, including Gannon and Smith—"share services and move drivers among affiliates," and that "Defendants Smith and Gannon, together with the Corporate Defendants, have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise and the acts and practices at issue in this Complaint." *Id.*, ¶¶ 26–32.

None of these allegations identifies any concrete act by either Smith or Gannon that materially aided any specific BOPA violation, such as failing to register, failing to provide a disclosure document, or making a particular misrepresentation in connection with Plaintiffs' transactions. That sort of label-and-conclusion pleading is not enough. Article III and Rule 8 require Plaintiffs to plead how *each* defendant is personally liable for each claim; it is not sufficient to assert, in group fashion, that "Smith and Gannon" or "the Corporate Defendants—at the

5

direction and under the control of . . . Gannon and Smith" engaged in the challenged "scheme." *Cf. Murthy v. Missouri*, 603 U.S. 43, 61 (2024) (plaintiffs must establish standing and causation as to "each defendant" and "each claim").

Here, the Complaint does not allege that Smith or Gannon ever communicated with Plaintiffs, signed or approved any particular contractual document, drafted or approved any disclosure document, made any misrepresentation, or personally directed any act that violated BOPA's registration or disclosure provisions. At most, Plaintiffs plead that Smith and Gannon occupied high-level positions in a corporate group that allegedly engaged in a "fraudulent business opportunity scheme," and then invite the Court to infer "material aid" from that status alone.

Courts interpreting identical "materially aids" language in analogous franchise and business-opportunity statutes have rejected this kind of status-based, group pleading. In *Randall v. Lady of America Franchise Corp.*, for example, the court addressed a Minnesota Franchise Act provision that, like BOPA, imposes joint and several liability on a principal executive officer who "materially aids in the act or transaction constituting the violation." 532 F.Supp.2d 1071, 1087–88 (D. Minn. 2007). The court dismissed the franchise-law claim against the franchisor's president and CEO because the complaint "failed to set forth any facts showing that [he] materially aided in alleged [statutory] violations," holding that allegations of his executive status and general control were insufficient. Similarly, in *To-Am Equipment Co. v. Mitsubishi Caterpillar Forklift America*, the court, construing materially-aids language under the Illinois Franchise Disclosure Act, concluded that individual liability does not attach absent allegations that the officer "materially aids in the act or transaction constituting the violation," rejecting an interpretation that would impose strict vicarious liability on officers based solely on their titles or positions within the corporate hierarchy. 913 F.Supp. 1148, 1153 (N.D. Ill. 1995). The Court should dismiss the BOPA claims against Smith and Gannon for the same reasons.

## IV. CONCLUSION

For these reasons, the Court should dismiss Plaintiffs' claims against the individual Defendants, Smith and Gannon.

Dated: December 15, 2025

Respectfully submitted,

*/s/ James H. Hanson*
James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Thomas Wolle
SIMMONS PERRINE PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
twolle@sp.law

*Attorneys for Defendants,*
*John Smith and Michael Gannon*