# EXHIBIT A

| | |
|---|---|
| HARLEY KELCHNER, an individual, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-00082-CJW-KEM |
| Plaintiffs, | Honorable Judge C.J. Williams |
| v. | |
| CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC., and JOHN SMITH, an individual, Defendants. | |

## SUPPLEMENTAL RESPONSES OF DEFENDANT, CRST SPECIALIZED TRANSPORTATION, INC., TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, CRST Specialized Transportation, Inc., pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and by agreement of the parties, submits its Supplemental Responses to Plaintiff's First Set of Interrogatories, including information designated as Confidential pursuant to Paragraph 2 of the Stipulated Protective Order (ECF No. 49-01) and Order Granting Motion for Protective Order (ECF No. 50) as follows:

## OBJECTIONS TO INSTRUCTIONS

Defendant objects to the Instructions contained in Plaintiff's First Set of Interrogatories as follows:

1.      Instruction No. 2 (Full Answer Under Oath). This instruction improperly requires Defendant to answer each interrogatory "fully under oath" without acknowledging the limitations imposed by Rule 33(a)(2) of the Federal Rules of Civil Procedure, which allows an answering party to object to any interrogatory that is overly broad, unduly burdensome, or calls for

speculation. Furthermore, Defendant objects to any implication that responses must be provided beyond the reasonable scope of Rule 26(b)(1), which limits discovery to relevant and proportional matters.

2.     Instruction No. 6 (Business Records Production). This instruction improperly expands the requirements of Rule 33(d) by mandating that Defendant produce business records with "sufficient detail" and "at the same time it provides its response." Rule 33(d) permits a responding party to identify and refer to business records in lieu of providing a written response, but it does not mandate simultaneous production. Furthermore, the requirement that production must adhere to Plaintiff's formatting instructions is unduly burdensome and not required by the Federal Rules.

3.     Instruction No. 13 (Availability of Information from Other Entities). This instruction improperly expands Defendant's discovery obligations by requiring Defendant to identify other CRST entities that may possess responsive information. Under Rule 33(a)(2), interrogatories must be limited to the knowledge, possession, custody, or control of the responding party. Defendant is not obligated to act as a records custodian for other entities not named in this lawsuit.

4.     Instruction No. 14 (Continuing Duty to Supplement). Defendant objects to this instruction to the extent that it misstates the supplementation requirements under Rule 26(e). Rule 26(e) requires supplementation only when a party learns that its prior response is incomplete or incorrect in a material way, not an ongoing duty to continually monitor and update responses absent such a trigger. This instruction is overly broad and unduly burdensome.

**OBJECTIONS TO DEFINITIONS**

Defendant objects to the definitions set forth in Plaintiff's First Set of Interrogatories on the following grounds:

1. Definition No. 3 ("Document"). Defendant objects to this definition to the extent that it exceeds the scope of Federal Rule of Civil Procedure 34(a) by requiring production of materials beyond what is permitted under the Federal Rules. The definition's inclusion of "post cards, post-it notes, telephone usage records or logs, messaging usage records or logs (including text or instant messaging), and all other written, graphic, or electronic materials of any nature whatsoever" is overly broad and unduly burdensome, as it may encompass irrelevant, privileged, or otherwise non-discoverable information.

2. Definition No. 4 ("Identify" with respect to persons). This definition improperly expands Defendant's obligations by requiring it to produce "the person's full name, present or last known physical and/or P.O. Box address, present or last known cellular and/or landline telephone number, present or last known physical and/or email address, and when referring to a natural person, additionally, the present or last known place of employment." This requirement is overly broad, unduly burdensome, and intrusive, particularly where the interrogatories may request information about individuals who are not parties to the litigation. Furthermore, requiring disclosure of individuals' last known contact information may implicate privacy concerns under federal and state laws.

3. Definition No. 5 ("Identify" with respect to documents). This definition imposes excessive burdens beyond what is required under Rule 33(d) and Rule 34(a) by demanding that Defendant "furnish a clear and legible copy" or describe documents with such specificity that a subpoena could be issued. The Federal Rules do not require this level of detail in response to

interrogatories, and this definition creates undue burdens by requiring extensive metadata (e.g., "the identity of the document's custodian," "the identity of the Person whose testimony could be used to authenticate each document") that may not be readily available.

4.      Definition No. 6 ("Identify" with respect to entities). Defendant objects to this definition to the extent that it requires information beyond what is necessary for identifying a legal entity. The requirement to provide "the legal form of the entity (whether it is a corporation, partnership, etc.), state of incorporation (if any), date of incorporation or the date the business relationship was established, address and telephone number of the headquarters, address and telephone number of the principal place of business, person designated for service process, and address designated for service of process" is overly broad, unduly burdensome, and not proportional to the needs of this case under Rule 26(b)(1).

5.      Definition No. 8 ("Driving Opportunity/Lease Purchase Program"). Defendant objects to this definition as vague, ambiguous, and overbroad because it lumps together multiple business programs and legal entities without proper differentiation. The definition includes "any of its subsidiaries/divisions/affiliates," which improperly suggests that Defendant has an obligation to provide discovery regarding separate legal entities that may not be parties to this litigation.

6.      Definition No. 10 ("Evidence"). Defendant objects to this definition as vague and ambiguous, as it seeks to define "evidence" broadly as "testimony, documents, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." This definition does not provide sufficient clarity as to whether it refers only to admissible evidence or whether it improperly seeks to include all potentially discoverable materials, some of which may be privileged or irrelevant.

4

7. Definition No. 11 ("Concern and Concerning"). Defendant objects to this definition as impermissibly broad and vague because it defines "concern[ing]" as "relating to, referring to, describing, evidencing or constituting." This expansive definition improperly broadens the scope of discovery by attempting to include documents and information that may be only tangentially related to the subject matter of the litigation. Such an overly broad definition fails to comply with the proportionality requirement of Rule 26(b)(1).

8. Definition No. 16 ("Defendant, You, and Your"). Defendant objects to this definition as overly broad and misleading because it seeks to define "Defendant," "you," and "your" as including "all of its divisions, subsidiaries, affiliated or related or predecessor companies." This improperly attempts to expand Defendant's discovery obligations to include information and documents in the possession of separate legal entities that are not parties to this action, in violation of Rule 33(a)(2) and Rule 34(a), which limit discovery to information within a party's knowledge, possession, custody, or control.

9. Definition No. 19 ("Class Period"). Defendant objects to this definition as overly broad and vague, as it defines "class period" as "between August 23, 2021, and the present time." This fails to account for whether the class definition is legally valid, whether the class has been certified, and whether all individuals within this time period are properly part of the class under Rule 23. Defendant further objects to any implication that it must treat all individuals within this time frame as class members without a court determination.

**INTERROGATORIES**

1. Identify all corporate officers and directors for each of the CRST Entities and for each, identify their tenure as officers or directors and their home and work addresses.

5

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly because it seeks identification of "all corporate officers and directors for each of the CRST Entities," a term that includes a non-party and seeks information that is in the knowledge, possession, custody, or control of entities other than Defendant; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). Moreover, this interrogatory improperly seeks the "home addresses" of individuals who are not parties to the litigation, which raises significant privacy and security concerns and implicates the protections afforded by federal and state privacy laws. Such personal information is not relevant to any claim or defense in this action and is not proportional to the needs of the case under Rule 26(b)(1). It is also irrelevant to the extent it seeks information on corporate officers and directors anytime subsequent to the filing of this case; the lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced.*" *Pholmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added). Any overlap of corporate officers or directors is also not relevant to Plaintiff's specific personal jurisdiction arguments. *See, e.g.*, *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman).

**RESPONSE:** Notwithstanding these objections and without waiving them, Defendant states that its officers and directors during the alleged class period are as follows:

| Name | Approx. Tenure | Principal Work Location |
|---|---|---|
| Andrew Hadland | 2012 to 2021 | Fort Wayne, Indiana |
| Tom McKerr | 2013 to present | Fort Wayne, Indiana |
| Mike Gannon | 2013 to present | Cedar Rapids, Iowa |
| David Souza | 2016 to 2021 | Cedar Rapids, Iowa |
| Hugh Ekberg | 2016 to 2024 | Cedar Rapids, Iowa |

6

| | | |
|---|---|---|
| Lisa Stephenson | 2016 to present | Cedar Rapids, Iowa |
| Bill Clement | 2018 to present | Fort Wayne, Indiana (until September 2024); Jacksonville, Florida (September 2024 to present) |
| Rick Burton | 2019 to 2023 | Fort Wayne, Indiana |
| Brent Mohasci | 2021 to present | Cedar Rapids, Iowa |

Notwithstanding these objections and without waiving them, Defendant further states that it is overseen by the Board of Directors of its parent company, CRST International Holdings, LLC. During the class period, the Board of Directors for CRST International Holdings, LLC has consisted of the following individuals:

| Name | Approx. Tenure | State of Residence |
|---|---|---|
| John Smith | 1978 - Present | Iowa |
| Dyan Smith | 1997 - Present | |
| Ian Smith | 2015 - Present | |
| Tony Golobic | 2002 - Present | Not Iowa |
| Peter Latta | 2018 - Present | Not Iowa |
| John Larkin | 2013 - Present | Not Iowa |
| John Bowron | 2000 - Present | Not Iowa |
| Greg Swienton | 2020 - Present | |
| Tom Sanderson | 2022 - Present | Not Iowa |
| Terri Pizzuto | 2023 - Present | Not Iowa |
| Bob Lake | 2002 – 2022 | Not Iowa |
| Dave Kulik | 2014 – 2021 | Not Iowa |
| Henry Royer | 1994 – 2019 | |
| Dave Rush | | |

Investigation is ongoing, and Defendant intends to supplement this response with additional information about the missing tenure and residency of the board members when it becomes available.

**SUPPLEMENTAL RESPONSE**: Notwithstanding these objections and without waiving them, Defendant states that its officers and directors during the alleged class period are reflected in the document prepared by counsel produced as SPEC014658.

2.	Identify all board(s) of directors that manage Your operations in any capacity, and for each, list the date and location of each meeting of the board.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request to "identify all board(s) of directors that manage Your operations in any capacity" is vague and ambiguous, particularly as it fails to define the scope of "manage Your operations." To the extent this interrogatory seeks information outside of Defendant's knowledge, possession, custody, or control—particularly regarding other entities—it exceeds the permissible scope of discovery. Finally, a parent entity's contacts with the forum state is not relevant to Plaintiff's specific personal jurisdiction arguments. *See, e.g.*, *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent). It is also irrelevant to the extent it seeks information about boards of directors anytime subsequent to the filing of this case; the lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced*." *Pholmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added).

**RESPONSE:** Notwithstanding these objections and without waiving them, Defendant states that, in lieu of an annual meeting of its Board of Directors, resolutions have been adopted by consent during the alleged class period.

Notwithstanding these objections and without waiving them, Defendant further states that it is also overseen by the Board of Directors of its parent company, CRST International Holdings, LLC. During the alleged class period, the Board of Directors for CRST International Holdings, LLC has met at the following locations on the following dates:

- February 23rd & 24th 2022 – Naples, FL 34102
- May 11th & 12th 2022 – Milpitas, CA 95035 (11th) & American Canyon, CA 94503 (12th)
- August 17th & 18th 2022 – Cedar Rapids, IA
- December 14th & 15th 2022 - Naples, FL 34102
- March 8th & 9th 2023 – Naples, FL 34102
- May 24th & 25th 2023 – Birmingham, AL 35214
- August 23rd & 24th 2023 – Cedar Rapids, IA
- December 13th & 14th 2023 - Naples, FL 34102
- February 21st & 22nd 2024 – Naples, FL 34102
- May 15th & 16th 2024 – Amherst, NY 14228
- August 22nd & 23rd 2024 – Cedar Rapids, IA
- December 18th & 19th 2024 – Naples, FL 34102
- February 26th & 27th 2025 – Naples, FL 34102
- May 15th, 2025 – Cedar Rapids, IA
- August 20th & 21st, 2025 – Cedar Rapids, IA
- December 10th & 11th 2025 - Naples, FL 34102

3.      Identify by address and function (e.g. office building, warehouse) all real property You own, lease, or utilize in any capacity in Iowa, including real property shared with other CRST Entities.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request to "identify by address and function all real property You own, lease, or utilize in any capacity in Iowa" is vague and ambiguous, particularly because it seeks information regarding property that may be used only tangentially or incidentally in connection with Defendant's operations. Additionally, the request improperly seeks information about "real property shared with other CRST Entities," a term that includes a non-party and seeks information that is in the knowledge, possession, custody, or control of entities other than Defendant; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). Furthermore, to the extent the request seeks information about real property used solely by separate legal entities, such information is irrelevant to the claims and defenses in this action and is not proportional to the needs of the case. *See, e.g.,*

9

*Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent). The sought after information is also irrelevant to the extent it is unconnected to Plaintiff's Iowa BOPA claim. *See Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006) (specific personal jurisdiction inquiry turned on whether the plaintiff "felt the brunt of that harm in Iowa," "Iowa was [] the focal point of the tortuous activity," or the defendant "expressly aimed the alleged tortuous conduct at Iowa."); *see also In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases for the proposition that putative class members are not "parties" for jurisdictional purposes). It is also irrelevant to the extent it seeks information on "real property [] own[ed], lease[d], or utilize[d]" anytime subsequent to the filing of this case; the lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced*." *Pholmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added).

**RESPONSE:** Notwithstanding these objections and without waiving them, Defendant states that during the alleged class period, it has not owned or leased any real property in Iowa. CRST Specialized lease purchase contractors have the option of utilizing maintenance services at a facility leased by CRST Lincoln Sales, Inc. in Cedar Rapids, Iowa (among other facilities in other cities throughout the United States). Investigation is ongoing, and Defendant reserves the right to supplement this response if additional responsive information becomes available.

**SUPPLEMENTAL RESPONSE**: No additional responsive information was identified, and CRST Specialized's investigation is completed.

4. Identify all of Your officers, directors, and employees who live or work in Iowa.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request to "identify all of Your officers, directors, and employees who live or work in Iowa" is not limited by any relevant position or function and thus is not reasonably tailored to the claims or defenses in this action. Furthermore, this interrogatory improperly seeks personal information of individuals who are not parties to the litigation, raising significant privacy concerns and potentially implicating protections under federal and state privacy laws. Additionally, the request seeks information about officers, directors, or employees of other CRST Entities, a term that includes a non-party and seeks information that is in the knowledge, possession, custody, or control of entities other than Defendant; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). *See, e.g.*, *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent); *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman). The sought after information is also irrelevant to the extent it is unconnected to Plaintiff's Iowa BOPA claim. *See Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006) (specific personal jurisdiction inquiry turned on whether the plaintiff "felt the brunt of that harm in Iowa," "Iowa was [] the focal point of the tortuous activity," or the defendant "expressly aimed the alleged tortuous conduct at Iowa."); *see also In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases for the proposition that putative class members are not

11

"parties" for jurisdictional purposes). It is also irrelevant to the extent it seeks the identities of "officers, directors, and employees" for anytime subsequent to the filing of this case; the lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced*." *Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added).

**RESPONSE:** Notwithstanding these objections and without waiving them, Defendant states that during the alleged class period, it has only employed one individual in Iowa: Tonya Cornelius, the former CRST Specialized Supervisor of Incident Response (*i.e.*, accident team), from approximately 2021 until the first quarter of 2023. Investigation is ongoing, and Defendant reserves the right to supplement this response if additional responsive information becomes available.

**SUPPLEMENTAL RESPONSE**: No additional responsive information was identified, and CRST Specialized's investigation is completed.

5.     Identify by date and describe the purpose of each instance on which any of Your officers, directors, or employees have entered Iowa for business purposes.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request to "identify by date and describe the purpose of each instance on which any of Your officers, directors, or employees have entered Iowa for business purposes" is not limited in subject matter or relevance and thus improperly seeks an exhaustive and burdensome accounting of corporate activities that are not reasonably related to any claim or defense in this action. Furthermore, the request implicates privacy and security concerns, particularly as it seeks to track movements of individuals not parties

12

to this litigation. Additionally, to the extent this interrogatory seeks information outside of Defendant's knowledge, possession, custody, or control—particularly regarding activities of other CRST Entities—it exceeds the permissible scope of discovery under Rule 26(b)(1). *See, e.g.*, *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent); *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman). CRST Entities, as Plaintiff defines it, is a term that includes a non-party and seeks information that is in the knowledge, possession, custody, or control of entities other than Defendant; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). The sought after information is also irrelevant to the extent it is unconnected to Plaintiff's Iowa BOPA claim. *See Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006) (specific personal jurisdiction inquiry turned on whether the plaintiff "felt the brunt of that harm in Iowa," "Iowa was [] the focal point of the tortuous activity," or the defendant "expressly aimed the alleged tortuous conduct at Iowa."); *see also In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases for the proposition that putative class members are not "parties" for jurisdictional purposes). It is also irrelevant to the extent it seeks information on the travel of "officers, directors, or employees" subsequent to the filing of this case; the lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced*." *Pholmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added).

13

**RESPONSE:** Notwithstanding these objections and without waiving them, Defendant states that it does not maintain records reflecting each instance of entry into Iowa by officers, directors, and employees and therefore cannot provide a complete or precise list of dates and purposes. Investigation is ongoing, and Defendant reserves the right to supplement this response if additional responsive information becomes available.

**SUPPLEMENTAL RESPONSE**: No additional responsive information was identified, and CRST Specialized's investigation is completed.

6.      Identify all shared employees, officers, directors, facilities, resources, departments, third-party vendors, and administrative services (e.g., marketing, legal, human resources, IT, billing, dispatch, customer service, recruiting) with any other /CRST Entity, including, for all individuals, their home and work address, and for all facilities, resources, departments, and services, their physical location(s).

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request to "identify all shared employees, officers, directors, facilities, resources, departments, third-party vendors, and administrative services" with any other CRST Entity, and to provide for all individuals their home and work addresses, is not limited by time, subject matter, or relevance. It improperly seeks an exhaustive accounting of internal business operations, including personal information about individuals who are not parties to this litigation, raising significant privacy concerns and implicating protections under federal and state privacy laws. Additionally, the request impermissibly seeks information about other CRST Entities, a term that includes a non-party, and seeks information that is in the knowledge, possession, custody, or control of entities other than

14

Defendant; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). This information is not relevant to the claims or defenses at issue, including Plaintiff's specific personal jurisdiction arguments. *See, e.g.*, *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent); *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman). The sought after information is also irrelevant to the extent it is unconnected to Plaintiff's Iowa BOPA claim. *See Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006) (specific personal jurisdiction inquiry turned on whether the plaintiff "felt the brunt of that harm in Iowa," "Iowa was [] the focal point of the tortuous activity," or the defendant "expressly aimed the alleged tortuous conduct at Iowa."); *see also In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases for the proposition that putative class members are not "parties" for jurisdictional purposes). It is also irrelevant to the extent it seeks information on "shared employees, officers, directors, facilities, resources, departments, third-party vendors, and administrative services" subsequent to the filing of this case; the lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced*." *Pholmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added). To the extent this request seeks information that is proprietary, confidential, or protected by trade secret or other privileges, Defendant further objects.

15

**RESPONSE:** Notwithstanding these objections and without waiving them, Defendant states that during the alleged class period, billing, collections, dispatching, and customer service is handled by CRST Specialized personnel. Defendant has shared certain limited administrative services with other entities under the common ownership of its parent company, CRST International Holdings, LLC. These shared services include the following, the costs of which are generally allocated across the supported entities:

- Legal: Legal personnel are generally based in Cedar Rapids, Iowa; however, some staff work remotely from other states. Associated costs are allocated across supported entities.

- Human Resources: Human resources support for staff (*i.e.*, not contractors) is a shared service, and CRST Specialized's primary human resources contact, Laura Gawron, operates out of Buffalo, New York. Previously, there was an HR representative on-site in Fort Wayne, Indiana. Associated costs are allocated across supported entities.

- Marketing & Advertising: Some marketing and advertising services are generally performed on an enterprise basis, including most recruiting-related marketing and advertising with input from personnel from the operating entities. Enterprise-wide advertising is currently led by Chris Thomas who works remotely from Louisville, Kentucky. Associated costs are allocated across supported entities. However, Julie Eck, a CRST Specialized employee who works out of Fort Wayne, Indiana, is also responsible for coordinating various marketing initiatives specific to CRST Specialized including website updates on behalf of CRST Specialized along with marketing efforts directed toward CRST Specialized customers and agents.

- Information Technology (IT): During the class period, some IT personnel have been dedicated to CRST Specialized, including for maintaining legacy systems and electronic

16

data interchange functions specific to CRST Specialized; however, other IT infrastructure and support is shared with other CRST entities. Associated costs for shared IT support and infrastructure are allocated across supported entities.

- Recruiting: Recruiting is done by CRST Specialized's Manager of Recruiting, Lyndsay Perez, who works out of its Fort Wayne, Indiana office and Brooke McGivern, who works remotely out of her home in North Carolina (and was the recruiter who spoke with Mr. Kelchner). However, other recruiters affiliated with other CRST entities are also educated on contracting opportunities with CRST Specialized and therefore may also work with prospective drivers who express interest in those opportunities. Associated costs for shared recruiting services are allocated across supported entities.

- Safety: Specialized has 4 safety employees that it employs and carries on its P&L. It also receives support from a Safety Director and other safety resources that are located in Cedar Rapids, Iowa and an employee who works remotely from his home in Memphis, Tennessee.

Investigation is ongoing, and Defendant reserves the right to supplement this response if additional responsive information becomes available.

**SUPPLEMENTAL RESPONSE**: No additional responsive information was identified, and CRST Specialized's investigation is completed.

7. State and describe whether you maintain or have ever maintained any licenses, permits, registrations, or have filed taxes in Iowa.

**OBJECTIONS:** Defendant objects to this interrogatory to the extent it is overly broad and not proportional to the needs of the case. The request to "state and describe whether you maintain

17

or have ever maintained any licenses, permits, registrations, or have filed taxes in Iowa" is not limited by time or subject matter, and seeks information that is not relevant to any claim or defense in this action. To the extent the request seeks information about licenses, permits, registrations, or taxes for activities unrelated to the allegations in this lawsuit, it exceeds the permissible scope of discovery under Rule 26(b)(1). Additionally, Defendant objects to the extent this interrogatory seeks information beyond its own knowledge, possession, custody, or control, particularly regarding activities of other CRST entities, a term that includes a non-party and the Co-Defendants; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). *See, e.g.*, *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent); *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman). The sought after information is also irrelevant to the extent it is unconnected to Plaintiff's Iowa BOPA claim. *See Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006) (specific personal jurisdiction inquiry turned on whether the plaintiff "felt the brunt of that harm in Iowa," "Iowa was [] the focal point of the tortuous activity," or the defendant "expressly aimed the alleged tortuous conduct at Iowa."); *see also In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases for the proposition that putative class members are not "parties" for jurisdictional purposes). It is also irrelevant to the extent it seeks information on "licenses, permits, registrations, or … taxes" subsequent to the filing of this case; the lodestone of the specific personal jurisdiction analysis is whether "the trial court

18

has jurisdiction over the person of a defendant *at the time the suit is commenced*." *Pholmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added).

**RESPONSE:** Notwithstanding these objections and without waiving them, Defendant states that it is registered as a foreign corporation with the Iowa Secretary of State and that it has filed taxes in Iowa, including (1) International Fuel Tax Agreement (IFTA) taxes, in connection contractors' activities in the state and (2) payroll taxes for the one employee identified in Defendant's response to Interrogatory No. 4. Investigation is ongoing, and Defendant reserves the right to supplement this response if additional responsive information becomes available.

**SUPPLEMENTAL RESPONSE**: No additional responsive information was identified, and CRST Specialized's investigation is completed.

8.  Identify all business activities you have conducted in Iowa, including the nature of the activity, the dates conducted, and the persons or entities involved.

**OBJECTIONS:** Defendant objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The phrase "business activities" is undefined, lacks reasonable specificity, and could be interpreted to encompass every time a truck operating under Defendant's authority traveled in Iowa, regardless of relevance to the claims or defenses in this lawsuit. Additionally, the request to "identify the nature of the activity, the dates conducted, and the persons or entities involved" improperly seeks an exhaustive and burdensome accounting of all business activity in Iowa, without limitation as to time, scope, or relevance. The interrogatory also appears to improperly call for a legal conclusion regarding what constitutes a "business activity," which is not a proper subject for an interrogatory under Rule 33(a)(2). It is also improper to the extent the request seeks information about other CRST entities,

19

a term that Plaintiff defines to include a non-party and seeks information that is in the knowledge, possession, custody, or control of entities other than Defendant; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). *See, e.g.*, *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent); *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman). The sought after information is also irrelevant to the extent it is unconnected to Plaintiff's Iowa BOPA claim. *See Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006) (specific personal jurisdiction inquiry turned on whether the plaintiff "felt the brunt of that harm in Iowa," "Iowa was [] the focal point of the tortuous activity," or the defendant "expressly aimed the alleged tortuous conduct at Iowa."); *see also In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases for the proposition that putative class members are not "parties" for jurisdictional purposes). It is also irrelevant to the extent it seeks information about "business activities" subsequent to the filing of the case; the lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced*." *Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added).

**RESPONSE:** Given the vague, ambiguous, and overbroad nature of this interrogatory, Defendant is unable to provide a response without further clarification or narrowing by Plaintiff. Defendant reserves all rights to supplement or amend this response if additional information

becomes available or if the scope of the interrogatory is narrowed to reasonably relate to the issues in this action.

9.   Identify all contracts or agreements entered into with any person or entity located in Iowa, or that contain an Iowa choice of law of forum selection clause.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request to "identify all contracts or agreements entered into with any person or entity who may have a location in Iowa, or that contain an Iowa choice of law or forum selection clause" is not limited by time, subject matter, or relevance to the specific claims or defenses in this action. Defendant is a trucking company that conducts business nationwide, and this interrogatory seeks an exhaustive identification of contracts and agreements—many of which have no bearing on the issues raised by Plaintiff's claims. The request imposes an undue burden and would require Defendant to engage in an expansive search, review, and disclosure of voluminous business records that are not reasonably proportional to the needs of this case under Rule 26(b)(1). Additionally, to the extent the request seeks information about contracts or agreements involving other CRST entities, it is improper. Plaintiff defines that term to includes a non-party and also seeks information that is in the knowledge, possession, custody, or control of entities other than Defendant; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). That information is also irrelevant to Plaintiff's specific personal jurisdiction arguments. *See, e.g.*, *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent); *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6

(E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman). The sought after information is also irrelevant to the extent it is unconnected to Plaintiff's Iowa BOPA claim. *See Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006) (specific personal jurisdiction inquiry turned on whether the plaintiff "felt the brunt of that harm in Iowa," "Iowa was [] the focal point of the tortuous activity," or the defendant "expressly aimed the alleged tortuous conduct at Iowa."); *see also In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases for the proposition that putative class members are not "parties" for jurisdictional purposes). It is also irrelevant to the extent it seeks contracts or agreements not in effect on the date the case was filed; the lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced*." *Pholmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added). Finally, to the extent this interrogatory seeks information about confidential, proprietary, or privileged contracts, Defendant objects on the basis that such disclosure is inappropriate absent further demonstration of relevance and necessity.

**RESPONSE:** Given the vague, overbroad, and burdensome nature of this interrogatory, Defendant is unable to provide a response without further clarification or narrowing by Plaintiff. Defendant reserves all rights to supplement or amend this response if the scope of the interrogatory is properly narrowed to reasonably relate to the issues in this action.

**SUPPLEMENTAL RESPONSE**: In his July 22, 2025 letter, Plaintiff agreed to narrow his overbroad interrogatory to "formal written contracts" and to "eliminate[] the word 'agreement.'" Subject to that limitation, in-house counsel for CRST Specialized is searching for

responsive formally written contracts and will produce those documents on or before December 5, 2025.

10.     Identify and describe any litigation in which You have been a party in Iowa federal or state courts within the past ten (10) years, including Your role (e.g., plaintiff, defendant), the case name, court name, case number, nature of the dispute, outcome, and whether you contested personal jurisdiction, and, if so, the result.

**OBJECTIONS:** Defendant objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The request to "identify and describe any litigation in which You have been a party in Iowa federal or state courts within the past ten (10) years," including whether Defendant contested personal jurisdiction, seeks information that is irrelevant to the claims and defenses in this case. Caselaw establishes that whether a party contested personal jurisdiction in other, unrelated cases is not relevant to the question of specific personal jurisdiction or waiver in the instant matter. *See, e.g.*, *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 50 n.5 (2d Cir.1991) ("A party's consent to jurisdiction in one case . . . extends to that case alone."); *Magee v. Fla. Marine, LLC*, 711 F.Supp.3d 614, 627 (E.D. La. 2024) ("Florida Marine has not cited to, nor is this Court aware of, any law that would permit the Court to find that McNational waived it's right to object to the Court's exercise of personal jurisdiction over it in this case by failing to raise the objection in a prior, unrelated case."); *Seagen Inc. v. Daiichi Sankyo Co.*, 546 F.Supp.3d 515, 530 (E.D. Tex. 2021) ("In general, consent to suit in one instance does not operate as a waiver of jurisdiction forevermore."); *Simpson v. Wright Med. Grp., Inc.*, No. 5:17-CV-00062-KGB, 2018 WL 1570795, at *6 (E.D. Ark. Mar. 30, 2018) ("Consent to a forum's personal

23

jurisdiction in a prior case does not, by itself, constitute indefinite consent to be haled into court in that jurisdiction."); *Torrent Pharms. Ltd. v. Daiichi Sankyo, Inc.*, 196 F.Supp.3d 871, 877 (N.D. Ill. 2016) (same). The lodestone of the specific personal jurisdiction analysis is whether "the trial court has jurisdiction over the person of a defendant *at the time the suit is commenced.*" *Pholmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (emphasis added). Meaning, any litigation position prior or subsequent to the filing of this case is irrelevant. Additionally, this information is equally available to Plaintiff through publicly accessible court records and does not justify imposing an undue burden on Defendant to compile, review, and produce it. The request also lacks reasonable limitations on subject matter or relevance, further compounding the undue burden. To the extent the request seeks information about other CRST entities not named as parties in this lawsuit, it is not within the scope of permissible discovery under Rule 26(b)(1) and is improper. *See, e.g.*, *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011) (relationship between a foreign corporation and its in-state subsidiary does not transfer the subsidiary's contacts to the parent); *Cepia, L.L.C. v. Alibaba Grp. Holding Ltd.*, No. 4:11-CV-273 SNLJ, 2011 WL 5374747, at *6 (E.D. Mo. Nov. 8, 2011) (plaintiff "failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding" despite the same name, logo and chairman). CRST entities, as Plaintiff defines the term, includes a non-party and seeks information that is in the knowledge, possession, custody, or control of entities other than Defendant; Defendant is not required to respond beyond its knowledge, possession, custody, or control under Rule 33(a)(2). The sought after information is also irrelevant to the extent it is unconnected to Plaintiff's Iowa BOPA claim. *See Mitchell v. Jefferson Pilot Fin.*, No. 4:05-CV-575 JEG-TJS, 2006 WL 8436577, at *8 (S.D. Iowa May 23, 2006) (specific personal jurisdiction inquiry turned on whether the plaintiff "felt the brunt of that harm in Iowa," "Iowa was [] the focal

24

point of the tortuous activity," or the defendant "expressly aimed the alleged tortuous conduct at Iowa."); *see also In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *5 (W.D. Mo. Dec. 28, 2021) (collecting cases for the proposition that putative class members are not "parties" for jurisdictional purposes). Defendant further objects to the extent this interrogatory seeks information about confidential or privileged aspects of litigation strategy, including Defendant's litigation positions in prior, unrelated cases.

**RESPONSE:** Given the vague, irrelevant, and unduly burdensome nature of this interrogatory, Defendant declines to provide a response. Defendant reserves all rights to supplement or amend this response if the scope of the interrogatory is properly narrowed to reasonably relate to the claims and defenses in this action.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving these objections, Defendant states that after its investigation the following two matters were filed against it (among other defendants):

- In *Cheatham v. CRST International Holdings, LLC*, No. 1:24-cv-00109-MAR (N.D. Iowa), CRST Specialized was among the named defendants in the initial complaint. However, prior to answering, Plaintiff's counsel stipulated to dismiss CRST Specialized from the case. *Cheatham*, ECF No. 33.

- In *Conway v. CRST Expedited, Inc.*, No. LACE134791 (Scott Co.), filed in 2022, CRST Specialized was named among several sister entities in a personal-injury case arising from a vehicle accident. The case settled out-of-court and was dismissed with prejudice on or about June 12, 2023.

Because of the litigation posture of the two cases, CRST Specialized did not formally contest personal jurisdiction in either matter.

25

**SIGNATURE AS TO RESPONSES TO INTERROGATORIES**

I affirm, under the penalties of perjury that I have read the Supplemental Responses of Defendant, CRST Specialized Transportation, Inc., to Plaintiff's First Set of Interrogatories, know its contents, and am informed and believe that the foregoing responses are true based on my knowledge, on information reflected in documents and on information supplied by others.

CRST SPECIALIZED TRANSPORTATION, INC.

By: _____

Printed: Tom McKerr

Dated: 11/25/25


AS TO OBJECTIONS


*/s/ Angela S. Cash*
Angela S. Cash

26

Dated: December 1, 2025

Respectfully submitted,

*/s/   Angela S. Cash*
James H. Hanson (admitted pro hac vice)
Angela S. Cash (admitted pro hac vice)
Andrew J. Ireland (admitted pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Thomas Wolle
SIMMONS PERRINE MOYER BERGMAN PLC
115 3rd Street SE, Suite 1
Cedar Rapids, IA 52401
twolle@sp.law

*Attorneys for Defendant,*
*CRST Specialized Transportation, Inc.*

27

**CERTIFICATE OF SERVICE**

I certify that on December 1, 2025, I served a true and correct copy of the forgoing

document to the following via e-mail to the following counsel of record:

J. Barton Goplerud,
Brian O. Marty
SHINDLER, ANDERSON, GOPLERUD
& WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
goplerud@sagwlaw.com
marty@sagwlaw.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
beth@feganscott.com

Georgia J. Zacest
FEGAN SCOTT LLC
708 Main Street, 10th Floor
Houston, TX 77002
georgia@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Avenue #310
San Rafael, CA 94901
rsb@boulter-law.com

Michael von Klemperer
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
mike@feganscott.com

*/s/ Angela S. Cash*
Angela S. Cash