# EXHIBIT C

| | |
|---|---|
| HARLEY KELCHNER, ANTHONY HICKS, DANIEL WECHE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL HOLDINGS LLC, CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual, and MICHAEL GANNON, an individual,<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

## OBJECTIONS AND RESPONSES OF DEFENDANT, CRST INTERNATIONAL HOLDINGS, LLC, TO PLAINTIFFS' RULE 30(B)(6) NOTICE

Defendant, CRST International Holdings, LLC (CRST International Holdings), hereby objects to Plaintiffs' December 12, 2025 Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) and the accompanying request for documents. CRST International Holdings is a holding company that does not have operations of its own. Many of the topics in Plaintiffs' notice are directed to the operations of other defendants—CRST Expedited, Inc. (CRST Expedited), CRST Specialized Transportation, Inc. (CRST Specialized), and CRST Lincoln Sales, Inc. (CRST Lincoln Sales)—rather than to CRST International Holdings. To the extent a topic seeks information about or records of an entity other than CRST International Holdings, the topic is improperly directed to CRST International Holding. CRST International Holdings responds subject to the general objections below and without waiving any objections to Plaintiffs' discovery requests.

These objections are not intended to limit CRST International Holdings' ability to supplement, amend, or modify its objections or responses. CRST International Holdings expressly reserves all privileges and protections under the attorney-client privilege, the work-product doctrine, and any other applicable privilege or immunity.

## GENERAL OBJECTIONS

1. **Overbreadth, Burden, and Proportionality.** Many topics purport to require CRST International Holdings to provide "all ways" or "all" information about broad areas of operations and to cover "including but not limited to" sub-topics. Such wording renders the topics overly broad, unduly burdensome, and disproportional to the needs of this case. A Rule 30(b)(6) notice must designate "with painstaking specificity" particular subject areas intended to be questioned, which are also relevant to the issues in dispute. *See, e.g., Kalis v. Colgate-Palmolive Co.*, 241 F.3d 1049, 1057 n.5 (7th Cir. 2001).

2. **Vagueness and Ambiguity.** Terms such as "operations," "shared services," "all ways," "relating to," and "integrated" are vague and undefined. Ambiguous topics fail to describe the matters for examination with reasonable particularity as required by Rule 30(b)(6) and therefore are improper. *See, e.g., Shapiro v. American Credit Union*, 2013 WL 12310679, at *2 (W.D. Wash. May 31, 2013) (noting that overbroad topics subject deponents to an "impossible task").

3. **Irrelevance and Scope.** Plaintiffs' claims relate to the Lease Purchase Program administered by CRST Expedited, CRST Specialized, and CRST Lincoln Sales. Topics seeking information unrelated to the Lease Purchase Program or outside the August 23, 2021–present relevant period are not related to the issues in this case and are not proportional to the needs of the case. CRST International Holdings objects to producing testimony about matters (a) unrelated to

2

the Lease Purchase Program, (b) to the extent a topic seeks information predating August 23, 2021, or (c) unrelated to Plaintiffs' claims.

4.  **Wrong Defendant**. As a holding company, CRST International Holdings does not employ drivers, recruiters, or marketing personnel, does not operate websites, and does not manage the day-to-day operations of CRST Expedited, CRST Specialized, or CRST Lincoln Sales. Topics directed at the operations, policies, and personnel of these subsidiaries are misdirected. CRST International Holdings will not prepare a corporate representative to testify about matters solely within the knowledge of other Defendants. For topics incorrectly directed to CRST International Holdings, Plaintiffs should serve notices on the appropriate entity.

5.  **Privilege and Work-Product.** Plaintiffs request production of "[a]ll Documents used, referenced, created by, or otherwise relied upon by the witness to educate or prepare themselves to testify." CRST International Holdings objects to producing or identifying privileged attorney-client communications, attorney work product, or trial preparation materials. CRST International Holdings will identify only non-privileged materials used to prepare the witness that have been produced or will be produced in discovery.

6.  **Identification of Individuals.** Several topics seek the identities, roles, and reporting lines of all personnel involved in various activities. This request is better addressed by interrogatories and is not appropriate for a Rule 30(b)(6) deposition. CRST International Holdings objects to providing granular personnel information for other defendants. To the extent a topic seeks the identity of individuals on CRST International Holdings' own disclosures, CRST International Holdings will direct Plaintiffs to its Rule 26(a)(1) disclosures.

7.  **Requests for Legal Conclusions.** Topics asking about the "process for defining" contractual terms or the roles and responsibilities of CRST International Holdings' General

3

Counsel call for privileged communications or legal conclusions. CRST International Holdings objects to these topics to the extent they seek privileged advice or mental impressions.

8. **Personal Jurisdiction.** The Court lacks both general and specific personal jurisdiction over CRST Specialized. It is undisputed that it is an Indiana corporation with its principal place of business in Indiana, and Plaintiffs have failed to show Iowa contacts relevant to their claims that are sufficient to exercise specific personal jurisdiction. Defendants object to the extent that Plaintiffs seek discovery as to specific personal jurisdiction. Even at the outset of a case when a jurisdictional challenge is ordinarily made, discovery is warranted only when the necessary facts "are either unknown or can be genuinely disputed." *Jesski v. Dakota, Minnesota & E. R.R. Corp.*, No. 19-CV-2070-CJW-MAR, 2020 WL 3913528, at *5 (N.D. Iowa July 10, 2020). "There is no requirement that jurisdictional discovery be permitted where a plaintiff merely suspects supportive facts might be revealed." *Goellner-Grant v. Platinum Equity LLC*, 341 F.Supp.3d 1022, 1030 (E.D. Mo. 2018). Nothing in these objections and responses or by the taking of this noticed deposition waives Defendants' personal jurisdiction defense or moots Defendants' motion to dismiss for want of personal jurisdiction.

9. **Continuing Objections.** CRST International Holdings' objections are ongoing. By responding to any topic, CRST International Holdings does not waive objections to the admissibility of testimony, documents, or information, and reserves the right to supplement or amend these objections.

<u>**OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST**</u>

No less than 2 business days before each witness designated by You in response to this deposition notice is scheduled to testify, produce or, if already produced, identify by Bates number, all Documents used, referenced, created by, or otherwise relied upon by the witness to educate or prepare themselves to testify or to refresh his or her recollection.

4

**OBJECTION & RESPONSE**: CRST International Holdings objects to this request to the extent it seeks attorney–client communications, work product, or other privileged materials. CRST International Holdings further objects to the extent the request is cumulative of Plaintiffs' prior discovery requests and disproportionate to the needs of the case. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8. Without waiving these objections, CRST International Holdings will, at least two business days before each designated witness is scheduled to testify, identify by Bates number any non-privileged documents used to prepare that witness that have been produced or will be produced in discovery.

## MATTERS FOR EXAMINATION

All ways in which the operations of the CRST Defendants are integrated, including, but not limited to, shared services, departments, governance and management, officers, personnel, facilities or real property, equipment, vendors, recruiters, suppliers, service providers, accounting, banking, policies, practices, resources, logos, branding, websites, intellectual property, and electronic systems.

**OBJECTIONS:** CRST International Holdings objects to Topic 1 because it is overly broad, unduly burdensome, not limited to the relevant time period, and seeks information beyond the scope of Plaintiffs' claims. The topic requests "all ways" in which the operations of the CRST Defendants are integrated and includes an expansive list of departments, services, and intangible assets. This open-ended language renders the topic improper and fails to describe the matter for examination with reasonable particularity. Moreover, the integration of operations relates primarily to the operating entities, not the holding company; CRST International Holdings has no employees and does not direct day-to-day operations of its subsidiaries. Defendants further object to the extent

5

Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to and without waiving these objections, CRST International Holdings will designate a corporate representative to testify at a high level only about the corporate structure of CRST International Holdings and its subsidiaries and the existence of certain shared services between the entities as those services relate to the Lease Purchase Program during the relevant period. CRST International Holdings' witness will not testify about operations unrelated to the Lease Purchase Program or matters solely within the control of other defendants.

All ways in which CRST Specialized relies on personnel, departments, services, or infrastructure located in whole or in part in Iowa, including, but not limited to, the identities, roles, responsibilities, employer, reporting structure, work address, and home city of those personnel, the function and organizational structure of those departments, and the function and location of that infrastructure, and any ways in which those personnel, departments, services, or infrastructure are involved in supporting, directing, operating, managing, or otherwise assisting with the Lease Purchase Program, including the recruiting and management of Drivers.

**OBJECTIONS**: This topic seeks testimony about how CRST Specialized relies on personnel, departments, services, or infrastructure located in Iowa. CRST Specialized is a separate defendant; CRST International Holdings does not maintain or control CRST Specialized's personnel records, recruiting departments, or infrastructure. Accordingly, the topic is directed to the wrong defendant and is beyond the knowledge of CRST International Holdings. The topic is also overly broad and seeks granular information (identities, roles, addresses, and reporting structures) that is more appropriately obtained through written discovery directed to the proper defendant. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

6

**RESPONSE**: CRST International Holdings objects to Topic 2 and will not designate a witness to testify regarding CRST Specialized's operations. CRST International Holdings refers Plaintiffs to CRST Specialized for discovery regarding this topic.

CRST Specialized's Response to Interrogatory No. 6, including, for all the departments listed, the identities, roles, responsibilities, and location of all personnel who provide services to CRST Specialized (including, but not limited to, Laura Gawron, Chris Thomas, Lyndsay Perez, and Brooke McGivern), what specific services they provide, which CRST Defendant employs the person or houses the department, and the identities, roles, responsibilities, and location of the persons they report to.

**OBJECTIONS**: Topic 3 expressly references CRST Specialized's response to an interrogatory and seeks testimony on the identities, roles, responsibilities, and locations of personnel who provide services to CRST Specialized. As with Topic 2, this topic is directed to another defendant. CRST International Holdings does not employ the personnel in question and has no independent knowledge of their roles, responsibilities, or reporting lines. The topic is thus misdirected, overly broad, and disproportionate. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects and will not designate a witness for Topic 3. Plaintiffs should direct this topic to CRST Specialized.

The process by which the CRST Defendants are "integrated to create complete transportation and supply chain solutions and provide deep industry experience" (Michael Gannon Dep., Ex. 1 (May 29, 2025)), and the roles that each of the CRST Defendants plays in achieving this goal.

**OBJECTIONS**: This topic asks about the process by which the CRST Defendants are "integrated to create complete transportation and supply chain solutions and provide deep industry experience." The topic is based on marketing language from another witness's deposition and is overly broad and vague. It is not limited to the Lease Purchase Program or to the relevant time

7

period. To the extent the topic seeks information about the operating subsidiaries' integration unrelated to the Lease Purchase Program, it is irrelevant and unduly burdensome. Furthermore, CRST International Holdings does not operate the subsidiaries' businesses and has limited knowledge regarding operational integration. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to and without waiving its objections, CRST International Holdings will designate a corporate representative to testify generally about the organizational relationship among CRST International Holdings and its subsidiaries and about shared services relevant to the Lease Purchase Program during the relevant period. CRST International Holdings' witness will not provide marketing commentary or operational details unrelated to the Lease Purchase Program.

The role and responsibilities of CRST International (through its executives, Board of Directors, or otherwise) in managing, directing, or otherwise overseeing the Subsidiary Defendants, including but not limited to, with respect to the Lease Purchase Program, business strategy, objectives, goals, revenue, and operating income; how frequently the Subsidiary Defendants are required to report to the Board and what they are required to report; and which CRST Defendants (including the identities, roles, responsibilities, and location of specific persons) attend and/or present at Board meetings.

**OBJECTIONS**: The topic is overly broad, not limited to the Lease Purchase Program, and seeks information about revenues, operating income, and other business units unrelated to Plaintiffs' claims. It also seeks the identities, roles, responsibilities, and locations of persons attending Board meetings, which is irrelevant and unduly burdensome. To the extent the topic seeks privileged communications or materials prepared for the Board, CRST International Holdings objects on privilege grounds. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to these objections, CRST International Holdings will only designate a corporate representative who can describe, at a high level, the oversight role that CRST International Holdings' executives and Board play with respect to the Lease Purchase Program during the relevant period. The witness will not testify regarding other business lines and will not divulge privileged Board communications.

The organization, make-up, and practices of the CRST International Board of Directors, including the name and purpose of all Board committees, the frequency, location, and conduct of Board meetings, the identity and general content of reports and presentations regularly provided to the Board and the names, roles, responsibilities, and location of the persons and departments involved in creating or presenting those reports and presentations, and what documents are created for or by the Board.

**OBJECTIONS**: The topic is overly broad, not limited to the Lease Purchase Program, and seeks information protected by the attorney–client privilege and work-product doctrine, such as Board presentations prepared by or for counsel. It also requests the identities and locations of persons involved in creating those documents, which is irrelevant to Plaintiffs' claims. Further, as a holding company, CRST International Holdings has limited day-to-day involvement in the operating subsidiaries.

**RESPONSE**: Subject to and without waiving these objections, CRST International Holdings will designate a corporate representative to testify generally about the existence of the CRST International Holdings Board of Directors, the fact that the Board meets periodically, and the general nature of Board oversight of the Lease Purchase Program. The witness will not testify about privileged communications, detailed Board deliberations, or matters unrelated to the Lease Purchase Program.

The process by which the CRST Defendants develop and implement strategy, goals, and objectives of the Lease Purchase Program, including, but not limited to, how the CRST Defendants coordinate during this process; the identities, roles, responsibilities, and location of each person and department responsible for developing and implementing the strategy, goals, and objectives; and what documents are created as part of this process.

9

**OBJECTIONS**: To the extent the topic seeks granular details of operating practices within CRST Expedited, CRST Specialized, or CRST Lincoln Sales, it is directed to the wrong defendants. It also requests the identities, roles, and locations of "each person and department responsible," which is overly broad and better addressed by interrogatory. The topic is vague and ambiguous as to what the terms "strategy" and "objectives" encompass. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to and without waiving these objections, CRST International Holdings will only produce a corporate representative to testify at a general level about CRST International Holdings' oversight role with respect to the Lease Purchase Program's strategic objectives during the relevant period. CRST International Holdings' witness will not testify about operational details or identify every individual involved in strategy development at the subsidiary level.

The financial relationship between CRST International and the Subsidiary Defendants, including, but not limited to, the role CRST International plays in capital expenditure decisions and/or budget approvals; the allocation of profits, losses, and tax liabilities; any financial reporting requirements imposed by CRST International; the process for transferring funds between CRST Specialized and the Subsidiary Defendants; and whether the Subsidiary Defendants and CRST International have separate or consolidated financial statements.

**OBJECTIONS**: The topic is overly broad and seeks information not limited to the Lease Purchase Program. It also requests details of inter-company transfers and tax allocations that are irrelevant to Plaintiffs' claims. CRST International Holdings further objects to disclosure of sensitive banking information and the identities of banking institutions. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

10

**RESPONSE**: Subject to and without waiving these objections, CRST International Holdings will only produce a corporate representative who can testify generally about the financial relationship between CRST International Holdings and its subsidiaries as it pertains to the Lease Purchase Program during the relevant period. The witness will not provide detailed financial data, tax allocations, or banking information unrelated to the claims, and will not identify banking institutions.

The process by which the CRST website (https://www.crst.com/) and webpages associated with the Lease Purchase Program, including job postings on https://crstrecruiter.crst.com/jobs, are operated, including, but not limited to, the process for drafting, publishing, editing, or removing the website and/or webpages; whether back-ups of this website and/or webpages are stored and/or consulted; and the identities, roles, responsibilities, and location of each person and department involved in the process (including which CRST Defendant employs the person or houses the department).

**OBJECTIONS**: CRST International Holdings does not own or operate the public-facing website; those activities are performed primarily by CRST Expedited's marketing department. Accordingly, this topic is directed to the wrong defendant. The requests for back-ups and the identity and location of each person involved are overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects to Topic 9 and will not designate a witness to testify regarding the operation of CRST websites or webpages. Plaintiffs should direct this topic to CRST Expedited and CRST Specialized, the operating entities responsible for marketing and website operations. To the extent CRST International Holdings possesses any high-level information about the existence of a shared services marketing function, such information will be addressed in response to Topic 1.

The process by which CRST drafts, publishes, edits, or removes web postings and/or advertisements for the Lease Purchase Program on third party systems (e.g., LinkedIn, Indeed, Glassdoor, Zip Recruiter), including, but not limited to, whether backups of these web postings and/or advertisements are stored and/or consulted; and the identities, roles, responsibilities, and location of each person and department involved in the process (including which CRST Defendant employs the person or houses the department).

**OBJECTIONS**: As with Topic 9, these marketing activities are conducted by CRST Expedited and CRST Specialized. CRST International Holdings does not control or manage third-party advertisements and therefore lacks personal knowledge. The topic is also overly broad and unduly burdensome in requesting the identities and locations of each person involved. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects and will not designate a witness for Topic 10. Plaintiffs should pursue this information from CRST Expedited or CRST Specialized. Any testimony CRST International Holdings provides about shared marketing services will be within the scope of Topic 1.

The process by which the CRST Defendants draft, revise, and validate or verify the factual representations in its Lease Purchase Program advertisements, Driver orientation materials (such as presentations given, scripts, talking points), and recruiting materials (such as the Lease Purchase Information Packet), including, but not limited to, what data and information is used and/or relied upon in the process; whether these factual representations are updated for accuracy and, if so, how frequently; what documents exist to support these factual validations; and the identities, roles, responsibilities, and location of all personnel and departments involved in the process (including which CRST Defendant employs the person or houses the department).

**OBJECTIONS**: The topic is overly broad and is directed to operating entities whose recruiting and marketing functions are separate from CRST International Holdings. It also requests every piece of data used to validate statements and the identities and locations of all involved personnel, which is overly burdensome and disproportionate to the needs of the case. To the extent the topic seeks to compel production of documents supporting advertising statements, CRST

12

International Holdings further objects to the request as improper under Rule 30(b)(6). Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to and without waiving these objections, CRST International Holdings will only produce a corporate representative to testify at a general level regarding CRST International Holdings' oversight of marketing communications for the Lease Purchase Program. The witness will not testify about drafting or validating factual representations at the subsidiary level or identify individual recruiters or marketing personnel; such matters should be directed to CRST Expedited or CRST Specialized.

The process by which each CRST Defendant approves marketing and advertising materials, including the identities, roles, responsibilities, and location of those personnel and departments involved (including which CRST Defendant employs the person or houses the department) and whether marketing, advertising, and/or branding is controlled by or integrated with CRST International's or any other CRST Defendants' marketing, advertising, and/or branding.

**OBJECTIONS**: The topic is vague, ambiguous, overly broad, and not limited to the Lease Purchase Program. CRST International Holdings does not approve day-to-day marketing content; that responsibility resides with the operating subsidiaries. The topic's request for the identity and location of each person involved is unduly burdensome and misdirected. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to and without waiving its objections, CRST International Holdings will only designate a corporate representative to testify generally about the existence of a shared services marketing function and the limited role, if any, that CRST International Holdings plays in reviewing or approving Lease Purchase Program marketing materials. CRST International

13

Holdings will not identify every individual involved in marketing approvals or testify about approval processes unrelated to the Lease Purchase Program.

The policies, practices, procedures, and processes for recruiting Drivers for the Lease Purchase Program via 3rd party recruiters, including, but not limited to, the identities, roles, responsibilities, and location of those persons responsible for coordinating 3rd party recruiting efforts and which CRST Defendant they are employed by/report to; what training and/or instructions are provided to 3rd party recruiters and by whom; which CRST Defendant the 3rd party recruiters work for and/or report to; and what documents are created as a part of this process.

**OBJECTIONS**: Recruiting functions are performed by CRST Expedited or CRST Specialized; CRST International Holdings has no employees or recruiters. The topic is therefore directed to the wrong defendant, and the level of detail requested is overly broad and unduly burdensome. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects and will not designate a witness to testify about third-party recruiting practices. Plaintiffs should direct this topic to CRST Expedited or CRST Specialized, which manage recruiting for the Lease Purchase Program.

The policies, practices, procedures, and processes for recruiting Drivers for the Lease Purchase Program via in-house recruiters, including, but not limited to, the identities, roles, responsibilities, and location of those persons and departments responsible for recruiting efforts and which CRST Defendant they are employed by/report to; what training and/or instructions are provided to in-house recruiters and by whom; which CRST Defendant the in-house recruiters work for and/or report to; whether customer leads are generated on an enterprise-wide basis; what documents are created as a part of this process.

**OBJECTIONS**: As with Topic 13, this topic relates to recruiting functions performed by CRST Expedited and/or CRST Specialized, not CRST International Holdings. The topic is overly broad, seeks irrelevant information beyond the Lease Purchase Program, and is directed at the wrong defendant. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects and will not designate a witness for Topic 14. Plaintiffs should direct this topic to the appropriate operating entity.

The process by which the IOCA, lease agreements, and any other written agreement and/or contracts entered into with Drivers are drafted, revised, or enforced, including which CRST Defendants are involved in the process and the identities, roles, responsibilities, and location of each person and department involved in the process.

**OBJECTIONS**: The topic is overly broad and seeks legal conclusions and privileged information about contract drafting and revisions. It is also directed to the wrong defendants—CRST Expedited, CRST Specialized, and CRST Lincoln Sales negotiate and administer the driver agreements. The request for identities and locations of individuals involved in drafting or enforcement is unduly burdensome and better suited to written discovery. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to and without waiving these objections, CRST International Holdings will only designate a corporate representative to testify, at a general level, about CRST International Holdings' limited involvement, if any, in approving the form of the ICOA and lease agreements for the Lease Purchase Program. The witness will not testify about privileged communications or the identities of attorneys or other individuals involved in drafting or enforcing agreements and will refer Plaintiffs to the appropriate operating entities for details.

The process for defining (and modifying the definitions of) gross revenue, adjusted gross revenue, and gross compensation, as those terms are used in the IOCA, including the identities, roles, responsibilities, and location of those persons responsible for such definitions and which CRST Defendant they work for and/or report to.

**OBJECTIONS**: Topic 16 asks for the process for defining and modifying the definitions of "gross revenue," "adjusted gross revenue," and "gross compensation" as used in the ICOA, including the identities, roles, responsibilities, and locations of persons responsible. The

definitions of these terms are set forth in the ICOA itself; any modification would involve legal advice and privileged communications. The topic thus calls for privileged information and legal conclusions. It is also directed to the operating entities that draft and negotiate driver contracts, not to CRST International Holdings. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects on privilege and relevance grounds and will not designate a witness to testify about the process of defining or modifying contractual terms. Plaintiffs should look to the ICOA for the operative definitions and pursue any further information, if appropriate, through written discovery directed to the operating entities.

The policies, practices, procedures, and processes for setting and changing compensation rates for Drivers, including charges and deductions outlined on Settlement Statements, which CRST Defendants are involved in this process, and the identities, roles, responsibilities, and location of each person and department involved in this process.

**OBJECTIONS**: Driver compensation decisions are made by CRST Expedited and CRST Specialized, not by CRST International Holdings. The topic is therefore directed to the wrong defendant. It is also overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent the topic seeks information beyond the Lease Purchase Program, it is irrelevant. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects to and will not designate a witness for Topic 17. Plaintiffs should direct this topic to CRST Expedited and CRST Specialized.

The policies, practices, procedures, and processes for receiving and documenting Driver complaints (such as by the Retention Department), including, but not limited to, which CRST Defendants are involved in the process, the identities, roles, responsibilities, and location of each person and department involved, and what documents are created as part of this process.

**OBJECTIONS**: The handling of driver complaints is performed by CRST Expedited and CRST Specialized for the drivers they hire or with which they contract. CRST International Holdings does not administer complaint processes and lacks employees to do so. The topic is therefore misdirected, overly broad, and not limited to the Lease Purchase Program. The request to identify every person involved in complaint processes is unduly burdensome. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects to and will not designate a witness for Topic 18. Plaintiffs should direct this topic to CRST Expedited, Inc.

The role that each individual identified on each CRST Defendants' initial disclosures plays in the Lease Purchase Program, if any.

**OBJECTIONS**: This topic is overbroad and unduly burdensome, as it encompasses individuals identified by other defendants and asks CRST International Holdings to speak to roles in other entities. It is also vague as to which disclosures and individuals are encompassed. Information about roles and responsibilities is more appropriately obtained through interrogatories directed to the defendant who disclosed each individual. CRST International Holdings' Rule 26 disclosures identify no individuals with personal knowledge of the facts, so the topic is moot as to CRST International Holdings. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects to and will not designate a witness for Topic 19. Plaintiffs should direct inquiries about individuals identified by other defendants to those defendants.

17

Your relationship and interactions with American Trucking Business Services ("ATBS") including, but not limited to, points of contact, contracts you have had in place with ATBS, the subject matter of such contracts, types and contents of reports to and/or from ATBS, ATBS services provided to Drivers, and all efforts/activities to provide information to Drivers about ABTS and its services.

**OBJECTIONS**: CRST International Holdings is not a party to any ATBS agreement and does not interact with ATBS; any ATBS relationship is between ATBS and CRST Expedited, CRST Specialized, or CRST Lincoln Sales. The topic is therefore directed to the wrong defendant. The request for "all efforts/activities to provide information to drivers" is also overly broad and not limited to the Lease Purchase Program. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to and without waiving its objections, CRST International Holdings will only designate a corporate representative to testify that CRST International Holdings has no contractual relationship with ATBS. For information regarding the operating entities' relationship with ATBS, Plaintiffs should direct discovery to CRST Expedited, CRST Specialized, and CRST Lincoln Sales.

The policies, practices, procedures, and methods by which the purchase price for lease vehicles are determined, including whether and how depreciation claimed by CRST Lincoln Sales is factored into purchase price, which CRST Defendants are involved in this process, and the identities, roles, responsibilities, and location of each person involved in this process.

**OBJECTIONS**: Determining vehicle purchase price is a function of CRST Lincoln Sales, not CRST International Holdings. The topic is therefore misdirected. It is also overly broad and seeks confidential commercial information (pricing methodology) that is irrelevant to Plaintiffs' claims. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

18

**RESPONSE**: CRST International Holdings objects to Topic 21 and will not designate a witness to testify on this topic. Plaintiffs should pursue this subject with CRST Lincoln Sales.

The process by which money flows to and from CRST Lincoln Sales for lease and maintenance payments, including the accounting of the same and the banking institutions handling such transactions, in addition to which CRST Defendants are involved in this process, and the identities, roles, responsibilities, and location of each person and department involved in this process.

**OBJECTIONS**: Accounting for lease and maintenance payments is handled by CRST Lincoln Sales, CRST Expedited, and CRST Specialized, not CRST International Holdings. The topic is misdirected and overly broad. The request for banking institution identities and locations implicates sensitive information and is disproportionate to the needs of the case. To the extent the topic seeks details about inter-company cash transfers, such information is irrelevant to Plaintiffs' claims. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: Subject to and without waiving its objections, CRST International Holdings will only produce a corporate representative to testify generally about the high-level flow of funds as it pertains to the Lease Purchase Program. The witness will not disclose confidential banking information or details beyond what is relevant to the Lease Purchase Program. For further detail, Plaintiffs should pursue discovery from CRST Lincoln Sales.

The roles and responsibilities of Lisa Stevenson as to each CRST Defendant, including, but not limited to, as Secretary of CRST Expedited, CRST Lincoln Sales, and CRST Specialized; Chief Risk Officer of CRST Expedited; and General Counsel of CRST Expedited and CRST International.

**OBJECTIONS**: Topic 23 requests testimony about the roles and responsibilities of Lisa Stevenson as to each CRST Defendant, including her positions as Secretary, Chief Risk Officer, and General Counsel. The topic is overbroad, intrusive, and seeks information protected by the attorney-client privilege and work-product doctrine, particularly with respect to Ms. Stevenson's

19

role as General Counsel. Her roles within other defendants are outside CRST International Holdings' control and knowledge. The topic is also not limited to the Lease Purchase Program or the relevant time period and therefore seeks information irrelevant to the claims. Moreover, a Rule 30(b)(6) deposition is not an appropriate vehicle for obtaining personal employment information or legal advice of counsel. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects to Topic 23 and will not designate a witness to testify regarding Ms. Stevenson's roles and responsibilities. To the extent that publicly available corporate records reflect her official titles, such records speak for themselves. CRST International Holdings will not provide testimony about Ms. Stevenson's legal duties or privileged communications.

The identity of the person(s) most knowledgeable concerning the CRST Defendants' shared marketing and advertising practices and services; recruiting practices; legal personnel; human resources infrastructure and support; information technology infrastructure and support; safety resources; document management system; record keeping and retention; and facilities or real property.

**OBJECTIONS**: This topic does not describe matters for examination as required by Rule 30(b)(6); instead, it is a disguised contention interrogatory seeking the identification of individuals. CRST International Holdings objects on that basis. The topic is also overly broad, not limited to the Lease Purchase Program, and directed to the wrong defendant. Identifying individuals across all CRST entities and subject areas is unduly burdensome and not proportional to the needs of the case. Defendants further object to the extent Plaintiffs seek discovery related to specific personal jurisdiction over CRST Specialized for the reasons stated in General Objection 8.

**RESPONSE**: CRST International Holdings objects and will not designate a witness to testify about Topic 24. To the extent Plaintiffs seek the identities of individuals knowledgeable about specific subject areas, they should serve interrogatories on the appropriate defendant.

### CONCLUSION

CRST International Holdings stands ready to produce a corporate representative for properly limited topics within its knowledge and control and relevant to the Lease Purchase Program.

Dated: January 16, 2026

Respectfully submitted,

/s/ Angela S. Cash
James H. Hanson (admitted pro hac vice)
Angela S. Cash (admitted pro hac vice)
Andrew J. Ireland (admitted pro hac vice)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Thomas D. Wolle
SIMMONS PERRINE PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-896-4007
F: 319-366-1917
twolle@sp.law

*Attorneys for Defendants*

21

# CERTIFICATE OF SERVICE

I certify that on January 16, 2026, I served a true and correct copy of the forgoing document

to the following via e-mail to the following counsel of record:

J. Barton Goplerud,
Brian O. Marty
SHINDLER, ANDERSON, GOPLERUD
& WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
goplerud@sagwlaw.com
marty@sagwlaw.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
beth@feganscott.com

Robert S. Boulter
LAW OFFICES OF ROBERT S. BOULTER
1101 5th Avenue #310
San Rafael, CA 94901
rsb@boulter-law.com

Michael von Klemperer
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
mike@feganscott.com

*/s/ Angela S. Cash*
Angela S. Cash

4896-8360-6408, v. 1

22