# EXHIBIT D

 Outlook

## RE: CRST by Kelchner | Joint Status Report, Objections and Responses to 30(b)(6) Notice

**From** Mike von Klemperer <mike@feganscott.com>

**Date** Tue 1/20/2026 3:06 PM

**To** Ireland, Andrew <aireland@scopelitis.com>; marty@sagwlaw.com <marty@sagwlaw.com>; Elizabeth Fegan <beth@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; rsb@boulter-law.com <rsb@boulter-law.com>; Katarina McClellan <katarina@feganscott.com>; Georgia Zacest <georgia@feganscott.com>

**Cc** Hanson, Jim <jhanson@scopelitis.com>; Cash, Angela <acash@scopelitis.com>; Thomas Wolle <twolle@sp.law>

Counsel,

Thank you for meeting and conferring concerning the Rule 30(b)(6) notice today. As discussed, throughout International's responses, International objects that it is the wrong entity to address the topic, that it can only respond at a high level, and that Plaintiffs should serve its wholly-owned subsidiary co-defendants to obtain additional information related to the topic. These objections are legally baseless.

International is under an obligation to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "This responsibility includes information held by third-party sources if that information is reasonably available to the organization." *Rouse v. H.B. Fuller Co.*, No. 22-cv-2173 (JMB/JFD), 2025 U.S. Dist. LEXIS 179568, at *24 (D. Minn. June 25, 2025) (citation omitted). Courts consistently hold that a parent company has knowledge of, and therefore must testify to, the operations of its wholly-owned subsidiaries. *See, e.g., id.* at **27-28; *Ethypharm SA France v. Abbott Labs.*, 271 F.R.D. 82, 96 (D. Del. 2010) (ordering parent to testify to information held by subsidiary where ownership, shared finances, and shared litigation counsel demonstrate parent's "ability to exert legal control over discoverable information held by" subsidiary); *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 509 (S.D. 2009) (compelling a corporate deponent to address information on four related corporate entities and discussing that, in providing such a deponent, the company may either prepare its own employee to be deposed or may designate a knowledgeable employee of one of its affiliates); *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 01 Civ. 3016 (AGS)(HBP), 2002 U.S. Dist. LEXIS 14682, at *14 (S.D.N.Y. Aug. 6, 2002) (parents that owns subsidiary must provide witness prepared with knowledge from subsidiary).

Here, there is no dispute that Expedited, Specialized, and Lincoln Sales are wholly-owned subsidiaries of International. *See, e.g.*, Corporate Disclosure Statements, (Dkt. Nos. 34, 36, 38). When I asked during our call whether there was any legal basis that prevented International from obtaining information from these entities, you responded that there was not.

Further, International's contention that it is a mere holding company is immaterial. "There is an important distinction between what [a defendant] *does* as a part of its operations and what [the defendant] *knows* or what information [the defendant] reasonably has access to, the latter being a much broader collection of information that includes *knowledge* about what it and its subsidiaries *do*." *Rouse*, 2025 U.S. Dist. LEXIS 179568, at *27-28. "The deponent in a Rule 30(b)(6) deposition has a responsibility to testify to both," and "cannot avoid testifying about the company's knowledge by responding that a question is related to business activities taken on by a subsidiary." *Id.*

Accordingly, we propose two possible paths forward: (1) International can withdraw all objections premised on the distinction between it and its wholly-owned co-defendant subsidiaries. We can then meet and confer on any remaining objections and promptly schedule the deposition.  Or, (2), Plaintiffs will agree to serve an amended notice that names all four corporate defendants provided Defendants agree (a) to defer briefing on the personal jurisdiction issue until the deposition is taken, (b) that the deposition of the four entities under the amended notice counts as one deposition, and (c) that Plaintiffs may still serve additional Rule 30(b)(6) notices on topics not encompassed within the amended notice. To be clear, the second option is proposed as a compromise. As the caselaw above makes clear, International is already obligated to testify to information available from its subsidiaries.

Please let us know by COB Thursday whether Defendants agree to either of these two proposals. If you agree to neither, by the same deadline, please provide your availability over the next two weeks for a conference with Judge Mahoney to address.

Thanks,

Mike von Klemperer | **Fegan Scott LLC** | 202.921.0002

**⌐ feganscott**

---

**From:** Ireland, Andrew <aireland@scopelitis.com>
**Sent:** Friday, January 16, 2026 5:17 PM
**To:** Mike von Klemperer <mike@feganscott.com>; marty@sagwlaw.com; Elizabeth Fegan <beth@feganscott.com>; Bart Goplerud <goplerud@sagwlaw.com>; rsb@boulter-law.com; Katarina McClellan <katarina@feganscott.com>; Georgia Zacest <georgia@feganscott.com>
**Cc:** Hanson, Jim <jhanson@scopelitis.com>; Cash, Angela <acash@scopelitis.com>; Thomas Wolle <twolle@sp.law>
**Subject:** CRST by Kelchner | Joint Status Report, Objections and Responses to 30(b)(6) Notice

Counsel,

As discussed, attached please find CRST International Holdings' objections and responses to Plaintiffs' 30(b)(6) notice. We look forward to conferring with you about these topics on Tuesday.

Also attached is a draft joint status report with Defendants' position statement.

Thanks,
Andrew

**Andrew Ireland,** *Attorney*
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400, Indianapolis, IN 46204
aireland@scopelitis.com | T: 317.637.1777

---

CONFIDENTIALITY NOTICE: This message is privileged and confidential for the addressee(s) named above. If you are not the intended recipient, you are prohibited from disseminating, using, or copying the contents and should notify the sender immediately that you received this message in error. The signature(s) within this email does not constitute any binding agreement.

ARTIFICIAL INTELLIGENCE NOTICE: Summaries of the Scopelitis Law Firm's legal opinions and guidance—whether delivered in writing or orally— generated by an Artificial Intelligence ("AI") platform, including AI-generated meeting or e-mail summaries, may contain errors or inaccuracies. You should

not rely on an AI-generated summary for any purpose and should always refer to the actual legal opinion or guidance. The Scopelitis Law Firm is not responsible for any misunderstanding or losses that may arise from your use of AI-generated summaries of our legal opinions or guidance.