| | |
|---|---|
| HARLEY KELCHNER, ANTHONY HICKS, DANIEL WECHE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL HOLDINGS LLC, CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual, and MICHAEL GANNON, an individual,<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**DEFENDANTS' RESISTANCE TO PLAINTIFF'S EXPEDITED MOTION TO STAY BRIEFING ON DEFENDANT CRST SPECIALIZED'S RENEWED MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION (ECF NO. 134)**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 2

    A.   The Court found that Kelchner did "not have the strongest argument under the minimum contacts analysis" but adopted his jurisdiction-by-consent theory. ........ 2

    B.   Plaintiffs pursued extensive discovery during certification and developed a substantial record. ................................................................................................ 3

    C.   Plaintiffs responded to CRST Specialized's renewed Rule 12(b)(2) motion by seeking a stay tied to three depositions. ................................................................ 3

III. ARGUMENT ...................................................................................................... 3

    A.   Plaintiffs have not shown good cause to halt briefing on CRST Specialized's renewed motion. ................................................................................................ 4

    B.   Plaintiffs identify no discrete, outcome-determinative jurisdictional fact that these depositions will likely establish. ............................................................. 6

    C.   The equities and sound case management also favor denying a stay. .................... 10

IV.  CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

## Cases

*1st Tech., LLC v. Digital Gaming Sols. S.A.*,
No. 4:08 CV 586 DDN, 2008 WL 4790347 (E.D. Mo. Oct. 31, 2008) .................................. 10

*Anderson v. Dassault Aviation*,
361 F.3d 449 (8th Cir. 2004) ................................................................................................. 7

*Arnold v. AT&T, Inc.*,
874 F.Supp.2d 825 (E.D. Mo. 2012) ..................................................................................... 8

*Clinton v. Jones*,
520 U.S. 681 (1997) ............................................................................................................... 3

*Covington v. Janssen Pharms., Inc.*,
No. 4:17-CV-1588 SNLJ, 2017 WL 3433611 (E.D. Mo. Aug. 10, 2017) ............................ 4

*Dakota Indus., Inc. v. Dakota Sportswear, Inc.*,
946 F.2d 1384 (8th Cir. 1991) ............................................................................................... 3

*Degnen v. Dental Fix RX LLC*,
No. 4:15-CV-1372 JAR, 2016 WL 4158888 (E.D. Mo. Aug. 5, 2016) .................................. 4

*Dever v. Hentzen Coatings, Inc.*,
380 F.3d 1070 (8th Cir. 2004) ............................................................................................... 4

*Eran Fin. Servs., LLC v. Eran Indus. Ltd.*,
No. 21-CIV-81386, 2022 WL 18705508 (S.D. Fla. Nov. 4, 2022) ........................................ 4

*First Nat. Equip. Fin. v. Cameron Ins. Companies*,
No. 8:10CV370, 2010 WL 5090837 (D. Neb. Dec. 6, 2010) ................................................. 10

*Gatte v. Ready 4 A Change, LLC*,
No. 2:11-CV-2083-PM-KK, 2013 WL 123613 (W.D. La. Jan. 9, 2013) ................................ 9

*Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S. Inc.*,
196 F.Supp.3d 985 (D. Minn. 2016) ..................................................................................... 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ............................................................................................................... 3

iii

*Law Offs. of Shimshon Wexler, P.C. v. AICOM Sols. LLC*,
   No. 1:17-cv-1084, 2017 WL 5047903 (N.D. Ga. Oct. 30, 2017) ................................................ 9

*Singleton v. PharmaTech, LLC*,
   No. CV 17-921, 2019 WL 3306522 (W.D. Pa. July 22, 2019) .................................................... 9

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co. KG*,
   646 F.3d 589 (8th Cir. 2011) ..................................................................................................... 3

*Wright v. Waste Pro USA Inc.*, No.,
   2:17-CV-02654, 2019 WL 3344040 (D.S.C. July 25, 2019) ...................................................... 7

## I.  INTRODUCTION

Plaintiffs ask for an extraordinary form of relief: A blanket halt to briefing on CRST Specialized's renewed Rule 12(b)(2) motion (ECF No. 134) until Plaintiffs complete three depositions, including a sweeping Rule 30(b)(6) notice served on CRST International Holdings, LLC (ECF No. 136). Plaintiffs do not identify any discrete, material jurisdictional fact they are currently unable to address—much less one likely to be established by the requested depositions and necessary to resolve specific personal jurisdiction. Instead, they offer generalized assertions that (i) jurisdictional facts are in Defendants' "exclusive control," (ii) issues are "genuinely disputed," and (iii) CRST Specialized engaged in "gamesmanship" by filing its renewed motion before Plaintiffs could complete depositions. ECF No. 136-1 at 1–2, 8–9. That is not good cause to suspend adjudication of a threshold constitutional question, which has been pending before this Court since October 17, 2024. *See* ECF No. 28.

The proper sequence is familiar and efficient. Plaintiffs must file a timely resistance on the existing record and make whatever prima facie showing they contend they can. If—and only if—Plaintiffs can identify a genuine dispute over a material jurisdictional fact that targeted discovery is likely to resolve, they may seek *narrowly* tailored jurisdictional discovery and, if appropriate, limited supplemental briefing. In fact, Plaintiffs argued a similar point in their resistance to CRST Specialized's original motion: "If the Court Determines Plaintiff has not Established a Prima Facie Case for the Existence of Personal Jurisdiction, Plaintiff Should be Permitted to Conduct Jurisdictional Discovery Prior to the Court's Ruling on the Defendant's Motion to Dismiss." ECF No. 40 at 21. However, now, Plaintiffs ask to invert that order. They seek an open-ended pause keyed to the "completion" of contested discovery (including the unscheduled and disputed

1

30(b)(6) deposition set for conference on February 4, 2026), rather than doing what every litigant must do when faced with a Rule 12(b)(2) motion: respond. *See* ECF No. 136-1 at 4, 10.

Plaintiffs' request is also inconsistent with their own admissions about the record. They concede they have "obtained some discovery to support their jurisdictional arguments," and they previously represented they had obtained "significant evidence" supporting those arguments—including from the more than 15,000 unique documents produced from targeted searches of a large ESI corpus. ECF No. 133 at 3, 6; ECF No. 136-1 at 1. That is a record to brief, not a record that warrants freezing briefing altogether.

Because Plaintiffs can—and must—respond now, and because they have not shown the requested depositions are necessary to resolve any material jurisdictional dispute, the Court should deny Plaintiffs' motion and order Plaintiffs to file their resistance by a date certain.

## II.   BACKGROUND

### A.   The Court found that Kelchner did "not have the strongest argument under the minimum contacts analysis" but adopted his jurisdiction-by-consent theory.

CRST Specialized challenged personal jurisdiction at the beginning of this case. The Court's earlier ruling addressed the then-dispositive issue whether CRST Specialized consented to general jurisdiction by registration and expressly declined to decide specific jurisdiction at that time; it "punted" on minimum contacts because Plaintiffs' specific-jurisdiction argument was weak. ECF No. 66 at 8. The Court certified the consent-by-registration question to the Iowa Supreme Court, and the Iowa Supreme Court has answered that question against Plaintiffs. *See id.*; *Kelchner v. CRST Expedited, Inc.*, Case No. 25-0607 (Iowa Dec. 19, 2025) (ECF No. 124). The only remaining personal-jurisdiction issue is specific personal jurisdiction over CRST Specialized on suit-related forum contacts.

2

**B.** **Plaintiffs pursued extensive discovery during certification and developed a substantial record.**

While the certified question was pending before the Iowa Supreme Court, Plaintiffs pursued wide-ranging discovery, including discovery they contend supports jurisdiction. ECF No. 133 at 3; ECF No. 136-1 at 1. Among other things, Plaintiffs obtained voluminous document production, served written discovery, and took depositions, including a full-day deposition of CRST Expedited's CEO, Michael Gannon. ECF No. 133 at 3.

**C.** **Plaintiffs responded to CRST Specialized's renewed Rule 12(b)(2) motion by seeking a stay tied to three depositions.**

After the Iowa Supreme Court's decision, CRST Specialized filed its renewed Rule 12(b)(2) motion. ECF No. 134. Rather than file a resistance, Plaintiffs moved to stay briefing "until Plaintiffs complete three already-noticed depositions," including a broad 30(b)(6) notice to CRST Specialized's parent entity and two individual depositions (recruiting personnel) noticed for February 10 and February 19. ECF No. 136-1 at 1, 4. The Court temporarily stayed the resistance deadline pending resolution of Plaintiffs' stay motion. ECF No. 137.

**III.** **ARGUMENT**

A stay is "an extraordinary remedy." The party seeking to halt proceedings bears the burden to justify delaying adjudication, and where there is even a "fair possibility" of prejudice to the nonmovant, the movant must show a "clear case of hardship or inequity." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Clinton v. Jones*, 520 U.S. 681, 706–08 (1997). Those principles apply with particular force when the requested stay would postpone resolution of a threshold constitutional issue such as personal jurisdiction.

At this stage, Plaintiffs bear the burden to make a prima facie showing of personal jurisdiction. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co. KG*, 646 F.3d 589, 592 (8th Cir. 2011).

3

Although courts may permit *limited* jurisdictional discovery in appropriate circumstances, it is not automatic. The requesting party must identify a non-frivolous basis for jurisdiction and show the specific discovery sought is narrowly tailored to a material jurisdictional dispute and likely to yield facts that would affect the jurisdictional analysis—not simply provide additional merits discovery or broader "enterprise" evidence. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004); *Degnen v. Dental Fix RX LLC*, No. 4:15-CV-1372 JAR, 2016 WL 4158888, at *2 (E.D. Mo. Aug. 5, 2016).

Finally, a stay motion is not a substitute for a timely response to a pending motion and cannot be used to dictate sequencing or extend briefing deadlines by fiat. *Covington v. Janssen Pharms., Inc.*, No. 4:17-CV-1588 SNLJ, 2017 WL 3433611, at *3 (E.D. Mo. Aug. 10, 2017). Plaintiffs' motion fails under these principles.

**A.      Plaintiffs have not shown good cause to halt briefing on CRST Specialized's renewed motion.**

A stay motion is not a substitute for a resistance brief and cannot be used to dictate sequencing. Plaintiffs' motion is, at bottom, a sequencing device: Rather than respond to the renewed motion to dismiss, they seek to pause briefing while they pursue additional discovery. ECF No. 136 at 9. Courts reject that use of a stay motion. In *Covington v. Janssen Pharmaceuticals, Inc.*, for example, the court denied a stay filed in lieu of responding to a pending dismissal motion, emphasizing that "[a] motion to stay should not be abused by a party to dictate which motion is first addressed" and that filing a stay "does not act as a means to extend deadlines" for responding to outstanding motions. 2017 WL 3433611, at *3 (E.D. Mo. Aug. 10, 2017). The same principle applies here: Plaintiffs' preference to take more discovery before briefing does not entitle them to freeze the briefing schedule on a threshold jurisdictional motion. *See also Eran Fin. Servs., LLC v. Eran Indus. Ltd.*, No. 21-CIV-81386, 2022 WL 18705508, at *5 (S.D. Fla. Nov. 4, 2022)

4

(denying stay of briefing schedule to pursue belated discovery of jurisdictional facts plaintiff "was obligated to have had before filing" suit).

Even on Plaintiffs' own telling, this is not a record in which the relevant facts are locked away in Defendants' "exclusive control." Plaintiffs concede they have "obtained some discovery to support their jurisdictional arguments." ECF No. 136 at 1. In fact, in the Parties' Joint Status Report, Plaintiffs asserted that they "have obtained *significant* evidence over the past year supporting their jurisdictional arguments." ECF No. 133 at 6 (emphasis added). And to date, Plaintiffs have obtained more than 15,000 unique documents produced from searches run against nearly 5 million documents—including every email, message, and document for 23 key custodians for CRST Specialized and its Co-Defendants (including the individuals Plaintiffs seek to depose). ECF No. 133 at 3. Plaintiffs' stay motion itself relies on documents and record citations in arguing why they think personal jurisdiction exists (and why they think Defendants' declarations should not be credited). ECF No. 136 at 4–5, 8. That is the hallmark of a record that can be briefed—indeed, must be briefed—rather than a record requiring an indefinite pause.[1]

Notably, this is also not Plaintiffs' first attempt to treat jurisdictional discovery as a prerequisite to engaging with the personal-jurisdiction question. Earlier in the case, when personal jurisdiction was actively contested, Plaintiffs at least engaged the conventional framework—presenting their jurisdictional theory and pressing any alleged factual disputes in the posture of a response to a pending Rule 12(b)(2) challenge. Now, after a year of extensive discovery (including

---

[1] Plaintiffs also contend that Defendants rely on "self-serving" declarations and that contemporaneous documents contradict them. ECF No. 136 at 8. That argument is a merits argument against the motion—one Plaintiffs can and should make in their resistance brief. It is not a justification for halting briefing. The Rule 12(b)(2) process contemplates exactly this: Plaintiffs file a resistance marshaling their evidence and legal theories; Defendants reply; the Court resolves the motion. *Dakota Indus.*, 946 F.2d at 1387.

5

discovery Plaintiffs expressly describe as supporting their jurisdictional arguments), Plaintiffs claim they cannot be burdened with filing a resistance unless the Court first stays briefing for additional depositions. ECF No. 136 at 9. The Court should not endorse that inversion of burdens and sequence. *Cf.* ECF No. 40 at 21 (Plaintiffs arguing that "If the Court Determines Plaintiff has not Established a Prima Facie Case for the Existence of Personal Jurisdiction, Plaintiff Should be Permitted to Conduct Jurisdictional Discovery Prior to the Court's Ruling on the Defendant's Motion to Dismiss.").

The Court is now positioned to decide the only remaining jurisdictional issue—specific jurisdiction—on a developed record. The Court previously noted it had "punted" on specific jurisdiction and that "plaintiff did not have the strongest argument under the minimum contacts analysis." ECF No. 66 at 8. The certified-question detour is complete. Allowing Plaintiffs to postpone briefing until they complete additional depositions would delay a threshold constitutional determination without any showing that briefing cannot proceed or that the requested discovery is necessary to resolve a material jurisdictional dispute.

> **B.      Plaintiffs identify no discrete, outcome-determinative jurisdictional fact that these depositions will likely establish.**

Plaintiffs' stay motion fails for another reason: It never identifies a specific, material jurisdictional fact that is (i) genuinely disputed, (ii) necessary to resolve CRST Specialized's renewed Rule 12(b)(2) motion, and (iii) likely to be supplied by the three depositions Plaintiffs propose to take. Instead, Plaintiffs rely on generalized claims that jurisdictional facts are in Defendants' "exclusive control" and that discovery is "necessary" because Defendants filed "self-serving" declarations (in October 2024). ECF No. 136 at 1, 7–8. That is not the standard for jurisdictional discovery, and it does not justify staying briefing on a threshold jurisdictional motion.

6

Specific jurisdiction turns on whether the defendant purposefully directed suit-related conduct at the forum and whether the claims arise out of or relate to that forum-directed conduct. Yet Plaintiffs do not articulate which minimum-contacts element they cannot address without first taking these depositions, nor do they identify any discrete jurisdictional "unknown" that the depositions are likely to resolve. They simply assert, at a high level, that the depositions will "explore" disputed jurisdictional issues and will test Defendants' position. ECF No. 136 at 1, 4, 9. That is not a showing of materiality. The Rule 12(b)(2) framework requires Plaintiffs to marshal the record they already possess, articulate their jurisdictional theory, and then explain why any narrow discovery is necessary to resolve a particular jurisdictional fact dispute. *Dakota Indus., Inc.*, 946 F.2d at 1387; *Dever*, 380 F.3d at 1074.

Plaintiffs' discovery request is also not narrowly tailored to jurisdiction; it is enterprise discovery aimed at corporate "relationships," not suit-related forum contacts. Plaintiffs' stay motion frames the supposed need for additional discovery primarily in terms of the "relationship between Specialized and its Iowa-based corporate parent and sisters." ECF No. 136 at 1. That emphasis reveals the problem: Plaintiffs are not targeting a particular forum-directed act by CRST Specialized that is material to the claims; they are pursuing broader enterprise and corporate-structure topics in hopes of building a jurisdiction theory through corporate affiliation. But as CRST Specialized explained in its renewed motion, these theories hold no water. Indeed, "the weight of the authority . . . has determined that the [single integrated enterprise] theory applies only to liability and cannot be relied upon to create personal jurisdiction." *Wright v. Waste Pro USA Inc.*, No. 2:17-CV-02654, 2019 WL 3344040, at *11 (D.S.C. July 25, 2019) (collecting cases). The Eighth Circuit has also disclaimed Plaintiffs' primary case, *Anderson v. Dassault Aviation*, 361 F.3d 449, 452–53 (8th Cir. 2004), finding that a relationship between a foreign corporation

7

and its in-state subsidiary does not transfer the subsidiary's contacts to the parent; instead, it is relevant to whether the *parent* has its own contacts with the forum. *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 596 (8th Cir. 2011); *see also Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S. Inc.*, 196 F.Supp.3d 985, 991 (D. Minn. 2016) ("The Eighth Circuit has cautioned against overreliance on *Anderson*."); *Arnold v. AT&T, Inc.*, 874 F.Supp.2d 825, 835 (E.D. Mo. 2012) (same).

Whatever the merit of their theories, however, jurisdictional discovery must be narrowly tailored to material facts that bear on the minimum-contacts analysis—not a vehicle for wide-ranging exploration of corporate relationships. *See Degnen*, 2016 WL 4158888, at *2 (E.D. Mo. Aug. 5, 2016) (denying jurisdictional discovery where plaintiff's jurisdictional assertions were "attenuated" and rested on "bare allegations in the face of specific denials"). Plaintiffs' request—staying briefing until they complete multiple depositions of corporate witnesses—does not meet that threshold.

Likewise, Plaintiffs' claimed need to "test" Defendants' declarations is especially unpersuasive given their litigation choices: They have not even sought to depose the actual declarants from CRST Specialized's original and renewed motions to dismiss for lack of personal jurisdiction (Tom McKerr, Lee Coblentz, John Smith). Plaintiffs contend Defendants rely on "self-serving" declarations and that contemporaneous documents contradict them. ECF No. 136 at 8. If that were truly the problem—and if Plaintiffs truly needed discovery to resolve a discrete factual dispute—the obvious, tailored step would have been to notice the declarants for deposition. Yet after extensive discovery over more than a year (including jurisdiction-relevant discovery by Plaintiffs' own account), Plaintiffs have not sought to depose the declarants whose testimony they now claim must be tested. Instead, they ask the Court to stop briefing while they pursue broad

8

depositions directed at corporate relationships and structure. That is not a showing of necessity; it is a request to search for improved facts and a better jurisdictional theory.

Courts deny jurisdictional discovery where the request amounts to a fishing expedition or where the proposed discovery is not likely to supply jurisdictional facts that would affect the outcome. *See, e.g.*, *Singleton v. PharmaTech, LLC*, No. CV 17-921, 2019 WL 3306522, at *2 (W.D. Pa. July 22, 2019) (denying stay where discovery request "amounts to a fishing expedition" and "could not result" in a finding of personal jurisdiction); *Law Offs. of Shimshon Wexler, P.C. v. AICOM Sols. LLC*, No. 1:17-cv-1084, 2017 WL 5047903, at **3–4 (N.D. Ga. Oct. 30, 2017) (denying jurisdictional discovery where information sought would not advance plaintiff's jurisdictional position); *Gatte v. Ready 4 A Change, LLC*, No. 2:11-CV-2083-PM-KK, 2013 WL 123613, at *12 (W.D. La. Jan. 9, 2013) (denying motion to stay briefing to conduct jurisdictional discovery as "futile" after finding no personal jurisdiction).

Plaintiffs cite a familiar line of cases recognizing that jurisdictional discovery may be appropriate when jurisdictional facts are genuinely disputed or unclear. But those cases do not endorse the sweeping relief Plaintiffs seek here, especially since Plaintiffs have not identified what facts they dispute. *Doshier* illustrates the limiting principle: jurisdictional discovery is denied where there is no genuine dispute of material jurisdictional fact and discovery would not establish jurisdiction. Plaintiffs' reliance on broad language about "unknown" facts ignores the way courts apply the standard—denying discovery where it would not change the minimum-contacts analysis. *First National Equipment Financing* and *1st Technology* likewise do not support Plaintiffs' request. Those cases permit limited discovery only where the record presents a concrete ambiguity that discovery can resolve—typically where documentary evidence conflicts with jurisdictional affidavits or where specific record statements suggest the defendant may have the relevant forum

9

contacts. *See First Nat. Equip. Fin. v. Cameron Ins. Companies*, No. 8:10CV370, 2010 WL 5090837, at \*1 (D. Neb. Dec. 6, 2010) (jurisdictional discovery appropriate where "the record [was] at least unclear" and discovery could resolve an ambiguity); *1st Tech., LLC v. Digital Gaming Sols. S.A.*, No. 4:08 CV 586 DDN, 2008 WL 4790347, at \*6 (E.D. Mo. Oct. 31, 2008) (emphasizing discovery is not warranted where jurisdictional assertions are "attenuated" or based on "bare allegations" in the face of "specific denials," and allowing discovery only to resolve a concrete ambiguity about who operated the allegedly infringing platform). Plaintiffs do not identify any comparable record ambiguity here—much less one that requires staying briefing entirely.

In short, Plaintiffs' authorities, properly understood, do not support the extraordinary remedy they seek. They reinforce the opposite: Discovery must be targeted to a material jurisdictional ambiguity that is likely to affect the outcome; otherwise, the plaintiff must respond and the Court should decide jurisdiction on the record.

### C. The equities and sound case management also favor denying a stay.

Plaintiffs seek to postpone a threshold constitutional determination—personal jurisdiction—based on an asserted preference for more discovery, not a demonstrated inability to brief the issue. That request is inconsistent with efficient case management and imposes concrete prejudice on Defendants and the Court. Because Plaintiffs have not shown that a stay is necessary to resolve any material jurisdictional dispute, the Court should deny Plaintiffs' motion and proceed on a prompt briefing schedule.

Judicial economy favors prompt resolution of personal jurisdiction on the developed record. Personal jurisdiction is a gateway issue. Staying briefing delays an antecedent constitutional determination and risks inefficiency by prolonging uncertainty over whether the Court may exercise jurisdiction over CRST Specialized at all. Plaintiffs' proposed approach— pausing the briefing on a pending Rule 12(b)(2) motion until completion of additional

10

depositions—would defer decision on the threshold question and invite further litigation activity before the Court confirms it may proceed. The law disfavors such delay absent a compelling showing. *Landis*, 299 U.S. at 254–55. That concern is particularly acute here because the Court is now positioned to address the only remaining jurisdictional issue—specific jurisdiction—after the certified consent-by-registration theory was resolved. A stay would simply extend an already-protracted jurisdictional dispute without any showing that briefing cannot proceed.

Plaintiffs' asserted prejudice does not justify postponing a constitutional inquiry. Plaintiffs claim prejudice from the possibility that proceedings may be "split[]" between different forums. ECF No. 136 at 9. But that is not a cognizable reason to delay deciding personal jurisdiction. If the Court lacks personal jurisdiction over CRST Specialized, the Constitution requires dismissal regardless of any practical inconvenience to Plaintiffs. And if Plaintiffs believe jurisdiction exists, they can make that showing now in a resistance brief. Likewise, while Plaintiffs characterize their requested stay as short, their requested relief is tethered to "completion" of three depositions, including a Rule 30(b)(6) deposition that is the subject of a discovery dispute and conference and that has not even been scheduled. *Id.* A stay keyed to contested discovery is, by definition, not time-certain. That uncertainty underscores why Plaintiffs must follow the ordinary procedure: respond now and then seek only narrowly tailored discovery if they can identify a specific material issue that cannot be resolved on the existing record.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Expedited Motion to Stay Briefing (ECF No. 136) and order Plaintiffs to timely file their resistance to CRST Specialized's renewed motion to dismiss for want of personal jurisdiction (ECF No. 134).

Dated: February 3, 2026

Respectfully submitted,

*/s/ James H. Hanson*

James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Thomas D. Wolle
SIMMONS PERRINE PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-896-4007
F: 319-366-1917
twolle@sp.law

*Attorneys for Defendant*
*CRST Specialized Transportation, Inc.*

12