# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

HARLEY KELCHNER, et al.,

        Plaintiffs,

vs.

CRST EXPEDITED, INC., et al.,

        Defendants.

No. 24-CV-0082-CJW-KEM

**ORDER**

_____

Plaintiffs ask the court to stay briefing on the pending motion to dismiss filed by CRST Specialized Transportation, Inc. (Specialized), until the parties complete depositions that will touch on the issue of jurisdiction. Doc. 136. Specialized resists (Doc. 139), and the parties discussed the motion during a status conference held on February 4, 2026. Doc. 140.

The background of this case can be found in the parties' pleadings to this motion and their recent Joint Status Report (Doc. 133). Relevant to this motion, Specialized seeks dismissal in its pending renewed motion to dismiss for lack of personal jurisdiction. Doc. 134. Plaintiffs assert that Specialized and the other CRST entities work together as a common enterprise, under the umbrella of CRST International Holdings, LLC. Plaintiffs argue this court has personal jurisdiction over Specialized based on both the close, synergistic relationship of the entities and under an alter-ego theory. Plaintiffs also seem to look at the forum contact Specialized has with Iowa. Specialized opposes Plaintiffs' request to stay the motion to dismiss. Specialized argues Plaintiffs have failed to make a prima facie showing of personal jurisdiction, but this standard applies to the motion to dismiss—not as to whether the court should grant a stay or allow jurisdictional

discovery.[1]

The court may deny jurisdictional discovery "[w]hen a plaintiff offers only speculation or conclusory assertions" on jurisdiction.[2]

> Jurisdictional discovery is appropriate where the existing record is inadequate to support personal jurisdiction, but the plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery. Jurisdictional discovery is also appropriate where the parties dispute the relevant facts surrounding the jurisdictional issue, or where the parties have not made a satisfactory showing of the relevant facts. . . . . Although the plaintiff bears the burden of proving facts to support personal jurisdiction, courts should "assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous."[3]

Here, Plaintiffs provide more than mere speculation that Specialized had recruiting contacts in Iowa and of the relationship and control between Specialized and International. *See* Docs. 136-3 (identification and location of directors of CRST entities); 136-9 (head of recruiting Jenny Abernathy located in Iowa and reporting structure); 136-10 (recruiting email indicating sender located in Iowa). The depositions Plaintiffs seek to conduct before responding to the motion to dismiss include Specialized's recruiting manager,

---

[1] *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991) (noting nonmoving party must make prima facie showing to defeat motion to dismiss for lack of personal jurisdiction; court did not address party's discovery-related motion); *see also Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011); *Steinbuch v. Cutler*, 518 F.3d 580, 588-89 (8th Cir. 2008) (remanding for jurisdictional discovery when plaintiff offered documentary evidence, rather than merely speculations or conclusory allegations, but had not "adduced sufficient proof for a prima facie case.").

[2] *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004) (*quoting Carefirst of Maryland, Inc., v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)); *see also 1st Technology, LLC v. Digital Gaming Sols. S.A.*, No. 4:08 CV 586, 2008 WL 4790347, at \*6 (E.D. Mo. Oct. 31, 2008) ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." (*quoting Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

[3] *1st Technology,* 2008 WL 4790347, at \*6 (*quoting Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).

CRST's head of recruiting (Abernathy), and a corporate representative of International. The court finds Plaintiffs should be allowed to complete these depositions, to include obtaining jurisdictional discovery regarding Specialized, before responding to the motion to dismiss. As for the remaining arguments Specialized raises, the court notes: (1) the depositions at issue will proceed regardless of whether the court stays briefing on the motion to dismiss; (2) a short delay for the additional discovery would be minimal compared to the length of time this case has been pending; and (3) this case involves multiple CRST entities that have at least some relationship and not a single defendant seeking dismissal.

The court **GRANTS** Plaintiffs' Expedited Motion to Stay Briefing (Doc. 136) and stays the responsive briefing deadlines relating to the Renewed Motion to Dismiss for Lack of Jurisdiction (Doc. 134) until after Plaintiffs have completed the three noticed depositions. Plaintiffs must file a status report by February 27, 2026, and every two weeks after that, updating the court on the status of the depositions and proposed briefing schedule.

**SO ORDERED** on February 6, 2026.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

3