UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARLEY KELCHNER, ANTHONY HICKS, DANIEL WECHE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRST INTERNATIONAL HOLDINGS LLC, CRST EXPEDITED, INC., CRST SPECIALIZED TRANSPORTATION, INC., CRST LINCOLN SALES, INC. and JOHN SMITH, an individual, and MICHAEL GANNON, an individual,<br><br>Defendants. | Case No. 1:24-cv-00082-CJW-KEM<br><br>Honorable Judge C.J. Williams |

**REPLY OF INDIVIDUAL DEFENDANTS, JOHN SMITH AND MICHAEL GANNON, IN SUPPORT OF THEIR MOTION TO DISMISS (ECF NO. 121)**

The Individual Defendants, John Smith and Michael Gannon, respectfully submit this reply in support of their Motion to Dismiss (ECF No. 121):

## I. The "materially aids" requirement of Section 551A.8(2) limits each category in the series.

*The best textual reading applies the trailing qualifier "materially aids" across the entire series.* Section 551A.8(2) is a single integrated sentence: It identifies a set of secondary actors ("every [control person] … every partner … every [principal executive officer or director] … every person occupying a similar status … and every employee"), and then states the condition under which those secondary actors "[are] also liable jointly and severally"—namely, when they "materially aid[] in the act or transaction constituting the violation." Nothing in the text signals the Iowa legislature meant to impose a conduct requirement only on employees while imposing status-based strict exposure on everyone else. If the legislature had intended a sharp bifurcation—strict, status-based liability for control persons/officers/directors, but a conduct requirement only for employees—it could have drafted that explicitly (e.g., by separating the employee clause into a distinct sentence).[1] It did not.

Plaintiffs' reliance on the Eighth Circuit's *Lustgraaf v. Behrens*, 619 F.3d 867, 880 (8th Cir. 2010) is misplaced because the statutory structure that drove its reading is not present here. *Lustgraaf* construed a Nebraska statute's control-person provision (under Nebraska's caselaw on canons of construction) that (i) begins with an expressly "broad category" ("every person") subject to liability based solely on direct or indirect control, then (ii) uses the word "including" to introduce a nonexclusive illustrative list within that control-based category, and (iii) separately provides an "alternative means of liability" for certain actors (employees of a control person and specified regulated intermediaries) if there is proof of "material aid." 619 F.3d at 880–881. Consistent with that architecture, "the [Nebraska] statute begins" with the broad "every person" control category

---

[1] That is exactly how the joint and several liability provision is structured in Iowa Code § 502.509(7)—the same Iowa provision discussed in *Lustgraaf v. Behrens*, 619 F.3d 867 (8th Cir. 2010).

and therefore "permits liability against all persons who directly or indirectly control a primary violator, regardless of whether they provided material aid," with the "material aid" language operating only as a separate route to liability for specified persons, not as a universal modifier. *Id.*

By contrast, the BOPA sentence that Plaintiffs invoke here is drafted as a flat, serial list of covered relationships—"every person who directly or indirectly controls," "every partner," "every principal executive officer or director," "every person occupying a similar status," and "every employee"—followed immediately by the restrictive clause "who materially aids in the act or transaction," without the "including" structure, without a separate enumerated regulated-intermediary group, and without the subsection-based "general vs. specific" layout the Eighth Circuit also relied upon when it described Iowa's securities statute as containing a control-liability subsection "without reference to material aid" plus a distinct "material aid" subsection. In short, *Lustgraaf*'s "two ways" holding was a function of a materially different legislative design; it does not answer the distinct grammatical question presented here—whether, in a single continuous BOPA sentence, the trailing restrictive clause "who materially aids" is best read to modify the entire antecedent series (and, at minimum, does not foreclose that reading).

Contrary to *Lustgraaf*, the closest comparative to BOPA's unique joint and several liability language—the Illinois Securities Law of 1953 (815 ILCS 5/13)—has been interpreted to mean materially aids modifies each category. *In re Nat'l Century Fin. Enters., Inc.*, 846 F.Supp.2d 828, 908 (S.D. Ohio 2012) ("[S]econdary liability is limited to those who participate in or materially aid the sale and does not encompass all who assist in the overall fraud."). That makes good sense. Under the similar Illinois Franchise Act, one court reasoned that "[b]ecause under Illinois law knowing participation is generally required to impose liability on corporate officers, we read the 'materially aids' element as applicable to each category listed." *To-Am Equipment Co. v. Mitsubishi Caterpillar Forklift America*, 913 F.Supp. 1148, 1153–54 (N.D. Ill. 1995). The same is true for Iowa. *See Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751, 775 (Iowa 2009) ("To impose

individual liability [] the corporate officer must personally participate in the tortious conduct."). There is nothing to suggest that the Iowa legislature intended to so radically abrogate the traditional rule for other torts through Section 551A.8(2).[2]

_At minimum, the statute is ambiguous, and ambiguity must be resolved narrowly—especially given the chapter's penal consequences._ Iowa law is clear that, in the criminal context, "ambiguous statutes imposing criminal liability" are "strictly construed in favor of the defendant." _State v. Hearn_, 797 N.W.2d 577, 585 (Iowa 2011). That principle matters here because chapter 551A includes express criminal penalties. Iowa Code § 551A.10(1). The Court should therefore be particularly reluctant to extend the scope of personal joint-and-several liability through a doubtful, status-based construction when the legislature wrote an express conduct limiter ("materially aids") and placed it at the end of an integrated series. Instead, the Court should adopt the straightforward reading that "who materially aids in the act or transaction constituting the violation" limits every category in § 551A.8(2)'s list. At the very least, the competing plausible readings confirm ambiguity,[3] and the narrower construction—requiring material aid for any secondary actor to be jointly and severally liable—should control.

---

[2] Indeed, applying "materially aids" only to employees produces an implausible and internally inconsistent regime. Under Plaintiffs' reading, the statute would operate as a two-tier system: (i) control persons, partners, officers, directors, and functional equivalents would be liable "to the same extent" as the primary violator without any pleaded participation; while (ii) employees (which executives often would also be) would be liable only if they "materially aid[]" the violation. That asymmetry makes little sense as a matter of ordinary drafting and statutory design. The "materially aids" clause would cease to be the statute's general limiting principle and would instead become a narrow carve-out applicable only to the last item in the list—an unlikely legislative choice given the severity of the remedy (joint and several liability). The more coherent reading—consistent with the text's integrated structure—is that the statute targets persons who both (a) occupy one of the enumerated relationships to a liable seller and (b) materially assist the violative transaction. That construction gives the "materially aids" clause real work to do and avoids converting § 551A.8(2) into a status-based personal-liability trap.

[3] As Plaintiffs' own brief raises, Minnesota courts have split on a similar issue applying the liability provision in the Minnesota Franchise Act. _Compare, Randall v. Lady of America Franchise Corp._, 532 F.Supp.2d 1071, 1087–88 (D. Minn. 2007) (provision imposes joint and several liability on a principal executive officer who "materially aids in the act or transaction constituting the violation") (cited by Defendants), _with_, _Cherrington v. Wild Noodles Franchise Co._, No. 04-4572, 2006 U.S. Dist. LEXIS 39981, at *15 (D. Minn. June 15, 2006) (earlier case suggesting status as a control person alone is sufficient) (cited by Plaintiffs).

## II. Plaintiffs have not plausibly alleged that Smith or Gannon materially aided in the act or transaction constituting the violation.

Plaintiffs' allegations as to Gannon and Smith are untethered to any specific "act or transaction" involving the named Plaintiffs. Iowa Code § 551A.8(2) imposes secondary liability only on a person who "materially aid[s] in the act or transaction constituting the violation"—meaning, it is a transaction-linked, conduct-based standard that cannot be satisfied by allegations that senior executives merely "set strategy," oversaw enterprise recruiting, or attended meetings. Moreover, at minimum, because Plaintiffs' BOPA theory rests on alleged misrepresentations and omissions in recruiting materials, Rule 9(b) requires them to plead the "who, what, when, where, and how" as to each individual defendant. *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 917 (8th Cir. 2014). Yet Plaintiffs offer only generalized assertions that Smith and Gannon "approved" or "concealed" information—precisely the kind of conclusory labels that do not plausibly allege personal, transaction-level assistance.

Nor do Plaintiffs supply the sort of concrete, sale-specific participation that courts require to plead "material aid" against executives under analogous "materially aids" regimes. Courts applying materially-aids language have dismissed claims that rely on executive titles, generalized supervision, or "scheme-level" involvement untethered to the challenged transaction. ECF No. 121-1 at 8. And Plaintiffs' own authority only underscores the point: *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.* turned on executives' direct involvement in the franchise sales process—being "responsible for franchise sales" and "present during discussion of a possible franchise sale." 890 F.2d 165, 176 (9th Cir. 1989). Here, by contrast, Plaintiffs do not allege either Smith or Gannon drafted or approved any § 551A.3 disclosure, decided not to provide it, negotiated with any Plaintiff, attended any Plaintiff's onboarding, communicated any challenged statement to any Plaintiff, or otherwise participated in any Plaintiff's "act or transaction" beyond enterprise-level reporting lines. Under § 551A.8(2), that is not "material aid."

## III. The arguments from the Corporate Defendants' motion were properly incorporated.

Courts routinely permit a defendant—especially one similarly situated to a co-defendant—

to join, adopt, or incorporate by reference another party's already-filed arguments, and many do so expressly to avoid duplicative briefing and conserve judicial resources where the issues overlap and the plaintiff has notice of what is being adopted.[4] Plaintiffs' reliance on *In re Smitty's* is also misplaced. There, the defendants attempted to "incorporate by reference" briefing from prior motions to dismiss earlier iterations of consolidated complaints in multi-district litigation—an approach the court rejected because it would force the court to "play archaeologist with the record." *In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 4:20-MD-02936-SRB, 2022 WL 710192, at *33 (W.D. Mo. Mar. 9, 2022). Here, by contrast, the Court is asked only to consider a concurrently filed motion in the same case addressing the same operative pleading—so the concern animating *In re Smitty's* (a sprawling, backwards-looking scavenger hunt through superseded briefing) simply is not present.[5]

## II.    CONCLUSION

For these reasons, the Court should dismiss Plaintiffs' claims against the individual Defendants, Smith and Gannon.

---

[4] *See, e.g.*, *Source Cap. Funding, LLC v. Barrett Fin. Grp., LLC*, No. 2:23-cv-02113, slip op. at 6–7 (D. Ariz. Apr. 29, 2024) (rejecting procedural attack on adoption by reference and explaining that requiring repetitive briefing would "expend additional time and incur additional costs"); *Weinstein v. Cardis Enters. Int'l N.V.*, No. 15-cv-2568, 2017 WL 354191, at *3 (E.D.N.Y. Jan. 24, 2017) (declining to require duplicative briefing where the same arguments apply and recognizing efficiency concerns); *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F.Supp.3d 816, 822 (N.D. Cal. 2014) (noting individual defendants "join[ed] and incorporate[d] by reference" co-defendants' Rule 12 arguments and proceeding to resolve the motion on the merits); *Intercoast Cap. Co. v. Wailuku River Hydroelectric Ltd. P'ship*, No. 4:04-CV-40304, 2005 WL 290011, at *1 n.1 (S.D. Iowa Jan. 19, 2005) (noting alternative motion practice and addressing the issues on the existing briefing without procedural objection); *Berg v. INTL FC Stone, Inc.*, No. 4:18-cv-00465-RGE-HCA, 2019 WL 13301270, at *1 nn.1–2 (S.D. Iowa Aug. 6, 2019) (proceeding on renewed and overlapping requests and deciding the threshold issue without requiring redundant briefing); *Rennenger v. Aquawood, LLC*, No. 4:19-cv-00123-RGE-SBJ, 2022 WL 20854492, at **1, 4–5 (S.D. Iowa Mar. 29, 2022) (recognizing defendants "join in" and "incorporate by reference" co-defendants' motion-to-dismiss arguments and resolving the motions on the merits); *United States v. Dico, Inc.*, No. 4:10-cv-00503, 2013 WL 12084742, at *1 (S.D. Iowa June 7, 2013) (addressing related co-party filings together as fully submitted without procedural quibbling over cross-referenced arguments); *Montandon v. Farmland Indus., Inc.*, No. C 95-4064, 1996 WL 33578853, at *1 (N.D. Iowa Apr. 12, 1996), *aff'd*, 116 F.3d 355 (8th Cir. 1997) (noting individual defendants "incorporate by reference" arguments in the company defendant's summary-judgment brief).

[5] Plaintiffs' Resistance, notably, also includes its own incorporation by reference. ECF No. 129 at 7 ("This scheme, detailed in Plaintiffs' concurrently filed Resistance to Corporate Defendants' Motion to Dismiss Amended Complaint . . .").

5

Dated: February 9, 2026

Respectfully submitted,

*/s/ James H. Hanson*

James H. Hanson (*pro hac vice*)
Angela S. Cash (*pro hac vice*)
Andrew J. Ireland (*pro hac vice*)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-492-9205
F: 317-684-2414
jhanson@scopelitis.com
acash@scopelitis.com
aireland@scopelitis.com

Thomas D. Wolle
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
twolle@spmblaw.com

*Attorneys for Defendants,*
*John Smith and Michael Gannon*

6